UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent of Eva Asensio, a minor child,

                        Plaintiffs,
   -against-

Janet DiFiore, Chief Judge of New York State; Barbara Underwood, Attorney General of New York State Andrew M. Cuomo, Governor of New York State; Adetokunbo O. Fasanya, New York County Family Court Magistrate; and Emilie Marie Bosak, individually,

                        Defendants.

18-CV-10933

R.A., Justice

**AFFIDAVIT IN SUPPORT OF MOTION 1**

**CIVIL RIGHTS COMPLAINT**

**JURY TRIAL DEMANDED**

---

1. I, Jason P. LaVardera, being duly sworn, deposes and says, that I am over the age of 18 years old, preside at the undersigned address and that I am the affiant in this Affidavit dated December 13, 2018. I solemnly swear under the pain and penalty of perjury that all statements made in this affidavit are true and complete to the best of my knowledge. I further swear that as to any matters stated upon personal information and belief that I have considered all facts, factors and circumstances entitled of consideration and believe these to be true.

2. This affidavit is based upon my firsthand experiences and observations as a witness to the proceedings before the New York State Justices and Magistrates identified herein since becoming a Director of RightABigWrong.org, a nonpartisan non-profit organization, on October 20, 2017. I observed acts of misconduct and dishonesty by these state adjudicators, as well as by the state officials and attorneys who appeared against the Plaintiff in these proceedings, Manuel P. Asensio. Where I report non-firsthand facts for the sake of narrative, I have made every attempt to make a clear distinction between the two. Finally, this affidavit also contains my opinions.

3. This affidavit confirms that I personally witnessed certain of Mr. Asensio's court appearances before the following New York State Judges and Magistrates:

    i.) The Hon. Justice Laura E. Drager, New York County Supreme Court, Matrimonial Part
    ii.) The Hon. Justice Nancy M. Bannon, New York County Supreme Court, Civil Part
    iii.) The Hon. Justice Paul A. Goetz, New York County Supreme Court, Civil Part

    iv.) The Hon. Justice Lynn R. Kotler, New York County Supreme Court, Civil Part

    v.) Support Magistrate Serena Rosario, Queens County Family Court

4.  This affidavit further confirms that I personally witnessed certain of Mr. Asensio's attorney, Mitchell Cantor, appearances before the following New York State Magistrates:

    i.) Magistrate Adetokunbo O. Fasanya, New York County Family Court

    ii.) Support Magistrate Serena Rosario, Queens County Family Court

5.  As a Director of RightABigWrong.org, I assisted Mr. Asensio in his investigation that has uncovered over one-hundred-and-twenty (120) state officials who are being individually influenced by one another to deliberately, and in this case, maliciously, not act on Mr. Asensio's complaints, reports, or issues raised to them in their official capacities. I organized and analyzed the sixty-three (63) legal orders that all effectively denied him access to his daughter. None of the adjudicators nor state officials that I have witnessed have shown any interest in hearing, let alone considering, Mr. Asensio's pleadings, nor made an unbiased, unprejudiced or record driven decision in Mr. Asensio's complaints and legal actions, including those he made against the prohibited and impermissible processes being used against him and his daughter, since he filed a complaint on May 15, 2014 against Adetokunbo O. Fasanya.

6.  The state's Office of Court Administration, acknowledging Mr. Asensio's serious concerns of the conduct of Adetokunbo O. Fasanya and certain administrative judges, pointed Mr. Asensio to appellate practice through the Appellate Division for the First Department to remedy judicial misconduct. In my opinion, it is confusing how a citizen can appeal misconduct, especially when there is a state commission on judicial conduct, which I would have thought the Office of Court Administration knows about.

7.  The Appellate Division for the First Department pointed Mr. Asensio back to Family Court on every appeal without mentioning any of the facts of Mr. Asensio's pleadings, and denied Mr. Asensio's prayers to the Court through Special Proceedings to stop the actions of Adetokunbo O. Fasanya.

8.  I witnessed Assistant Attorney General James Cooney, who has defended Adetokunbo O. Fasanya against Mr. Asensio's allegations of gross misconduct **that includes gross misconduct**

**against a minor**, sarcastically declare to New York County Supreme Court Civil Part Justice Paul A. Goetz in Court, that Mr. Asensio was wasting tax payer dollars and that Mr. Asensio has to succumb to Adetokunbo O. Fasanya's will. I watched as Mr. Cooney walked side-by-side past me with Siobhan Stewart, an attorney for Ms. Bosak, making fun of the amount of work Mr. Asensio has done to see his daughter. Mr. Asensio has made it clear that his daughter is his life by fighting for her so extensively, yet the state attorney general and his ex-wife's attorney mock him together.

9. The State's Commission on Judicial Conduct declined to take jurisdiction over Mr. Asensio's ongoing case against a Family Court Judge. In fact, Mr. Asensio's complaint fell into a pattern of complaints dismissed by the Commission. In researching the Commission's 2018 Annual Report, I came across the following statistics:

> i.) The 127 full-time Family Court Judges in New York State received 266 complaints against them. That is an average of over 2 complaints _per_ judge. The Commission investigated 10 of the complaints, and disciplined 0.
>
> ii.) Of the 7 levels of solely full-time judges in New York State that the Commission has jurisdiction over, the 266 complaints against Family Court Judges was the second highest behind the 344 complaints against the 462 full-time Supreme Court Justices.

10. I witnessed legal representatives of the state's Governor direct Mr. Asensio back to the State's Commission on Judicial Conduct, who they already knew had declined jurisdiction, despite the Governor having exclusive power to present to the state senate an adjudicator to be removed from the bench. Further, I would have believed that the Office of Court Administration, who sent Mr. Asensio to the Appellate Division for the First Department, and the Governor's Office, who sent Mr. Asensio to the State's Commission on Judicial Conduct, would advise a citizen of the same procedure to remedy judicial conduct. This immediately raises red flags in my opinion.

11. The Unified Court System's Inspector General declined to investigate Mr. Asensio's allegations, and the State's Inspector General declined Jurisdiction because the Unified Court System has an internal Inspector General.

12. In New York County Family Court, I watched court clerks and deputies sardonic toward Mr. Asensio's name every time it was mentioned.

13. I witnessed Susan Moss, an attorney for Ms. Bosak, pass a hand-written note to New York County Supreme Court Matrimonial Part Justice Laura E. Drager's law clerk, Janice Young, watched both of them nod at each other, and then watched Ms. Young hand the note to Justice Drager. Upon calling Mr. Asensio and Ms. Bosak next, Justice Drager arbitrarily advised Mr. Asensio that there was an issue. Mr. Asensio immediately objected to Justice Drager's statement. I immediately wondered how Justice Drager herself could arbitrarily claim bad service when their litigation was on-going and both parties were there sitting in the Court.

14. I witnessed a dialogue where Lawrence Goldberg, the law clerk for New York County Supreme Court Justice Nancy M. Bannon, advised Mr. Asensio that no judge will be put on the stand in Justice Bannon's court room.

15. I have been working extensively on promoting this cause to the media, as well as with state and federal elected representatives as a Director of RightABigWrong.org.

I do so swear:

_Jason P. LaVardera_
Jason P. LaVardera
50 Murray Street, #708
New York, NY 10007
jlavardera@gmail.com
203-482-0991

Sworn to before me this the 13th Day of December 2018

_____
Notary Public

SAMUEL T RICHMAN
Notary Public, State of New York
No. 01RI6339167
Qualified in Kings County
Commission Expires March 28, 2020