

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

December 14, 2018

Writer's Direct Dial: (212) 416-8108

*By ECF*

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Asensio v. Judge DiFiore, et al.*, No. 1:18-cv-10933-RA

Dear Judge Abrams:

    This Office represents the State defendants—Chief Judge Janet DiFiore, Attorney General Barbara D. Underwood, Governor Andrew M. Cuomo, and Judge Adetokunbo O. Fasanya—in the above-referenced action. In accordance with Section 1.D. of Your Honor's Individual Rules & Practices in Civil Cases, we write to respectfully request an extension until January 31, 2019, of the defendants' time to respond to the complaint in this action.

    On November 26, 2018, Plaintiff *pro se* Manuel Asensio served his Complaint (ECF No. 1) on the defendants in this action. Under Federal Rules of Civil Procedure 12(a)(1)(B), the defendants' response to the complaint is due on December 17, 2018. We respectfully request that the defendants be given an additional 45 days to respond to the complaint, until January 31, 2019. This is the defendants' first request for an extension of this deadline. The requested extension will not affect any other scheduled dates in this action. I emailed Asensio twice asking whether he consented to this request. He initially responded that he needed further information concerning my communications with my clients "[i]n order to promptly consider [the] request," and later informed me that he intended to move for "expedited review and parental access."

    Given Asensio's extensive litigation history, as well as the numerous grounds militating dismissal of this action, we respectfully seek this additional time to prepare a motion to dismiss on behalf of the State Defendants.

*Plaintiff's Allegations*

This lawsuit emanates from an acrimonious post-divorce custody proceeding pending between Asensio and his (now) ex-wife in New York City Family Court. *See Bosak v. Asensio*, Docket No. F-31461/14A/14B/14C/16D (N.Y. Fam. Ct. N.Y. Cnty.). Over the course of this custody proceeding, the Family Court, the Honorable Adetokunbo Fasanya has issued a number of interlocutory orders directing Asensio to pay child-support and attorneys' fees, and—after Asensio refused to pay those fees—sanctioning him for defying court orders. Asensio has brought numerous lawsuits in state court challenging their legality, none of which has been successful.

While Asensio raises the same claims here as he did in those prior lawsuits, his list of grievances has grown in scope and complexity. Indeed, what began as a lawsuit challenging judicial orders in New York City Family Court has transformed into a full-throated repudiation of New York's entire judicial system, complete with allegations of a vast conspiracy implicating the highest echelons of New York's executive and judicial branches. Asensio alleges that Governor Cuomo, Attorney General Underwood, and Chief Judge DiFiore have conspired with *119* New York judges to violate his constitutional rights by failing to vacate certain judicial orders in his Family Court proceeding. As remuneration, Asensio seeks—in addition to a stay of his underlying custody proceeding—an order awarding him approximately $195,000,000 in compensatory and punitive damages. *See* Compl. ¶¶ 62–65.

Although this appears to be his first action filed in the federal courts, Asensio has a long history with the New York State court system. In the last two years, Asensio "has commenced at least eight separate actions and proceedings challenging the underlying Family Court proceedings," *Matter of Asensio v. Magistrate Rosario*, Index No. 158837/2017 (Sup. Ct. N.Y. Cnty. June 8, 2018). All were dismissed on the merits, and all of his appeals have been unsuccessful.[1]

Indeed, due to Asensio's numerous meritless filings, on June 8, 2018, the Supreme Court of New York issued an order barring Asensio from bringing any further litigation challenging his underlying Family Court proceeding without prior permission. *Id.* Stymied by the filing injunction at the state level, Asensio has decided to switch forums, and now seeks recourse here.

But he will fare no better in this Court. Notwithstanding his hyperbolic language, Asensio fails to state a claim. The facts and the law show that the claims reasserted here are just as meritless as those dismissed by numerous other courts and, indeed, are barred by the dismissal of those claims.

*State Defendants' Anticipated Motion to Dismiss*

In light of these allegations, Defendants anticipate moving to dismiss on numerous

---

[1] By Asensio's own count, he has (unsuccessfully) petitioned the Appellate Division 21 times since December 2016 to stay the underlying Family Court proceedings. *See, e.g.*, Aff. of James Cooney Ex. A ¶ 8, NYSCEF Doc. No. 95, *Asensio v. Fasanya*, Index No. 158833/2017 (Sup. Ct. N.Y. Cnty). *See also*, *Asensio v. Bannon*, 30 N.Y.3d 1094 (N.Y. 2018); *Asensio v. Marks*, 30 N.Y.3d 1095 (N.Y. 2018); *Asensio v. Fasanya*, 30 N.Y.3d 1095 (N.Y. 2018); *Asensio v. Bannon*, 30 N.Y.3d 912 (N.Y. 2018); *Asensio v. Marks*, 157 A.D.3d 456 (1st Dep't 2018); *Asensio v. Bannon*, 155 A.D.3d 565 (1st Dep't 2017).

grounds, including Asensio's failure to meet the pleading standard set forth in *Iqbal/Twombly*. Further, the complaint is riddled with substantive and procedural deficiencies warranting dismissal, including:

- Asensio's claims against all the defendants are barred under the domestic-relations exception. *Hamilton v. Hamilton-Grinols*, 363 F. App'x 767, 769 (2d Cir. 2010) (recognizing that the domestic-relations exception divests federal courts of jurisdiction in cases involving divorce, alimony, and child custody).

- Asensio's claims against all of the defendants are barred under the *Rooker–Feldman* doctrine. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2015) (the *Rooker–Feldman* doctrine stands for the "clear principle that federal courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.").

- Asensio's claims against all of the defendants are barred under the *Younger* abstention doctrine. *See, e.g.*, *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) ("a federal district court has no power to intervene in the internal procedures of the state courts").

- Asensio's claims against all of the defendants are barred by issue preclusion. *See, e.g.*, *Latino Officers Assoc. v. City of N.Y.*, 253 F. Supp. 2d 771, 783 (S.D.N.Y. 2003) (under New York law, parties cannot relitigate in a later action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party).

- Asensio's claims for money damages against the State defendants are barred by the Eleventh Amendment. *See* U.S. Const., amend. XI; *N.Y. State Court Clerks Ass'n v. Unified Court Sys.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014).

- Asensio's claims against Chief Judge DiFiore and Judge Fasanya are barred by absolute judicial immunity. *See, e.g.*, *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

- Asensio's claims for injunctive relief against Judge Fasanya are barred under the Federal Courts Improvement Act of 1996. *See Federal Courts Improvement Act of 1996*, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983 to give immunity to judges acting in their official capacity).

In light of the foregoing, we respectfully seek a 45-day extension of the deadline to file a motion to dismiss.

Respectfully submitted,

/s/
Jonathan D. Conley
Assistant Attorney General

cc (*by ECF*):   Manuel Asensio