**Manuel P. Asensio**
400 East 54th Street, Apt. 29B
New York, New York 10022
O: 212-702-8001   C: 917-515-5200
mpa@asensio.com

December 17, 2018

*VIA ECF*

The Hon. Justice Ronnie Abrams
US District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom: 1506
New York, NY 10007

**Re:**   *Asensio, et al.* v. *DiFiore, et al.,* No. 1:18-cv-10933-RA
Objections and Opposition to the State Defendants' and Defendant Bosak's Request for Extension of Time and failure to consider the Plaintiffs' Motion for Conducting a Pretrial Conference and Scheduling Order under Federal Rules of Civil Procedures 16(a)(2)(4) and Rule 78(a).

Honorable Justice Abrams:

This complaint presented first impression matters and legal ethical issues without precedent in the federal courts. They have not been studied by legal scholars, covered by the press or been widely discussed in our civil society. The complaint concerns official and judicial governing over private matters solely through the power of their ill will.

The Plaintiff's investigation produced evidence that shocks the conscious and that should greatly concern this court. The evidence clearly supports the need for expedited review, an order either to the Governor to appoint a special prosecutor or the State Attorney General to cease his defense and investigate of the matters raised by the Plaintiff under the threat of a referral to the US District Attorney if they fail to do so. The fact is that federal courts share responsibility for the Plaintiffs' harms as a result of their past disclaimer of their Article III jurisdiction over domestic relations matters, which is a base right of US citizenship. There is an inherent duty of the State Attorney General to investigate the Plaintiff's findings and allegations. This creates a conflict in jointly representing herself and the Governor who have the state's exclusive constitutional duties and obligations to regulate the subject the state's chief judge and magistrate and who should rightly, legally, morally, reasonably and normally be acting on behalf of the Plaintiff and his daughter, not against them. This creates serious legal and financial issues. By allowing the state

to use a state official and state funds to defend the four individuals who have absolute control over the matter, and the raw power to maliciously and deliberately act based solely on their ill will against a citizen acting as a parent and his minor child, the federal courts have created an office that sanctifies itself. The Defendants are free to act with a complete lack of inhibition or restraint and without fear of being exposed by the press or a state judge or state official and in reliance on being protected in the federal courts.

The New York State Governor, State Attorney General, and Chief Judge ("State Political Leaders") and the other two defendants are statutorily required to file their replies to the Plaintiffs' complaint on or before December 17, 2018, and to file their reply to the Plaintiffs' Motion for Conducting a Pretrial Conference and Scheduling Order under Federal Rules of Civil Procedures 16(a)(2)(4) and Rule 78(a) on or before January 11, 2019.  The motion requests, among other prayers, an order prohibiting the Defendants from using the federal courts' disclaimer of their Article III subject matter jurisdiction over domestic relations matters ("DRE") and their official positions to protect themselves;  to alleged the DRE is applicable in this case or that they acted as officials and are entitled to official and judicial immunity in order to argue for a dismissal; an expedited trial date; and an order granting the Plaintiff access to his daughter.

On Friday, December 14, 2018, the State Political Leaders completely ignored all of the above, and shamelessly filed a request for an extension of the Monday, December 17, 2018, deadline. This request must be denied for the reasons explained below:

1. The request is based on material and substantial factual misrepresentations. These false allegations are directly opposed by factual allegations contained in the complaint and sworn evidence filed in support of the complaint and the Pre-Trial Conference Motion. These controversies are exactly the facts that must be tried and decided by a jury.

2. The State Political Leaders deliberately and maliciously misrepresented the extensive pre-filing and post-filing proceedings that have occurred. They and their senior staff members, who are identified in the complaint, have had advance copies since August 2018, have refused to hear the Plaintiff's complaint in the State's courts and all other processes. Finally, they have refused to grant the Plaintiff leave to file the complaint in federal court.

3. The State Political Leaders failed to disclose the reason the Plaintiff refused to consent to their request for an extension. The reason is that they have denied him access to his daughter without any cause or reason and refused to provide the Plaintiff with any access to a process to seek redress in reliance on protection from federal court jurisdiction. Attached as Exhibit 1 is a copy of the Plaintiff's May 2017 Supreme Court custody petition that is also an exhibit to the Pre-Trial Conference Motion, which demonstrates the serious domestic relations' issues the State Political Leaders are deliberately concealing through ill will from the federal courts.

4. The determination of whether the State Political Leaders' acts out of ill will and maliciously and deliberately are in clear absence of jurisdiction or whether their acts are permitted as state or judicial functions requires factual study that must be tried and decided by a jury.

There is evidence in the record demonstrating that the Chief Judge lied to the Plaintiff and the Administrative Board of the Courts and Court of Appeals, and that Governor and the State Attorney General are covering up the Chief Judge's dishonesty. This matter involves ongoing harm and a minor child whose religious faith, morals and belief in her father is being affected by the State Political Leaders' cover-up. It is therefore imperative that this case be treated as a matter in which time is of the essence.

The State Political Leaders' December 14, 2018, letter of application serves as evidence of their shameless lack of concern and apprehension, their dishonesty even before this court, and of their malice. Their gross and deliberate misrepresentation of the record is evidence of a dishonest and malicious act that is part of what needs to be heard by a jury. The present and former Chief Judge and Governor has been deliberately and maliciously concealing the evidence of the matters underlying the complaint since May 15, 2014.

Adetokunbo O. Fasanya's acts against the Plaintiff and his family underlying this case are violations of New York State Penal Code and are considered criminal under widely held societal norms. The fact that Defendant Fasanya was politically appointed by New York City Mayor Bill de Blasio to be a Magistrate in a limited jurisdiction court that is inferior to New York State Supreme Court is irrelevant to this complaint and is not a legal defense for his individual culpability for use of ill will and malicious actions and the harm he has caused and is causing on an ongoing basis. However, without the intervention of the Chief Judge Defendant Fasanya would

not have the protection of the Governor and State Attorney General. Their acts have nothing to do with any judicial or state function and are the antithesis of the purpose of this have been elected or appointment. There is undeniable evidence requiring that Defendant Fasanya to be removed from the bench and for the New York County District Attorney to prosecute him for his offenses against the Plaintiffs, yet the Governor, State Attorney General, and Chief Judge are actually defending Defendant Fasanya and themselves in this case that involves the enforcement of a simple, routine, normal post-divorce judgment of child custody without any complication but those created by them.

The State Political Leaders have been delaying and obstructing this case since May 15, 2014. The evidence demonstrates that the Chief Judge is operating a system of organized judicial misconduct that is costing citizens over $350,000,000 a year, one that she used to deliberately and maliciously manufacture false charges and evidence; to fabricate counterfeit punitive child custody and fee orders; and to ban any fact, factor, or circumstance concerning the entire matter to be heard, answered, tried or appealed in New York State.

Federal courts have no power, right, or constitutional or statutory authority to fabricate an exception to their Article III jurisdiction that can allow ill will to be used in post-divorce judgment custody enforcement actions to obstruct truthful honest communications and civil processes. This is the case regardless of whether the federal or state courts view judicial misconduct as a justifiable remedy for alleged past discrimination against females or determine that some reconfiguration of the male–female relationship is in their view socially acceptable. This case clearly demonstrates the serious harm to justice, society, and innocent citizens, that occurs when federal courts look the other way and refuse to allow deliberate and malicious judicial misconduct in domestic relations cases to go to trial for political reasons. This has allowed the State Political Leaders to create a post-divorce judgment custody enforcement process based entirely on a criminal indifference to civil rights.

Post-divorce judgement in normal, simple, and uncomplicated custody enforcement cases involves plain, straightforward, and simple rules and regulations, common sense, and civility. This case is about the State Political Leaders' malicious and deliberate conduct that has caused disturbance, disruption, agitation, and aggravation in the Plaintiff's post-divorce family by maliciously interfering with the relationships among the Plaintiff, his daughter, and the Plaintiff's former spouse. This is a case named State Political Leaders in the captions, not the 120senior state

officials identified in the complaint or even the state's individual so called "private-paid" political agents, who are central to the Chief Judge's undisclosed and impermissible financial scheme evidenced in the complaint.[1] This case is focused on the New York State Governor, State Attorney General, and Chief Judge, the parties who have bonded together to deliberately neglect their inherent constitutional duties and obligations knowing full well that they can conceal their actions from the press and overwhelm the Plaintiff by misappropriating state resources and relying on the DRE and bold-faced claims of official immunity .

I pray the court will grant the Plaintiff's Motion for Conducting a Pretrial Conference and Scheduling Order under Federal Rules of Civil Procedures 16(a)(2)(4) and Rule 78(a) in its entirety and deny the State Political Leaders their request for an extension.

I do so swear,

Manuel P. Asensio

**cc:** Jonathan Conley, Assistant State Attorney General. Attorney for the State Defendants.

Rachel Ambats, Attorney for Defendant Emilie Bosak.

---

[1] The agents in this case are Carmen Restivo, who is an integral part of the PIDRP's pay-to-play 18-b scheme in New York County and Richard Spitzer, who operates a pay-to-play social service scheme in New York County.