**MOTION SEQUENCE NUMBER 3**
**OCTOBER 10, 2017**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
-------------------------------------------------------------------x

EMILIE BOSAK

                   Plaintiff,           INDEX NO.
                                            300417/2011

    -against-

                                         NOTICE OF MOTION

MANUEL P. ASENSIO,

                   Defendant.

-------------------------------------------------------------------x

        **PLEASE TAKE NOTICE** that upon the annexed affidavit of

Manuel P. Asensio, dated and sworn to on October 10, 2017, and all of the

papers and proceedings had herein, the undersigned will move this Court, at

the Motion Support Office at the Courthouse located at 60 Centre Street,

Room 130, on October 27, 2017 pursuant to C.P.L.R.2214[b] at 9:30 o'clock

in the forenoon of that day, or as soon thereafter as the parties and/or their

counsel can be heard for an order pursuant to C.P.L.R. 3215 granting the

following:

   a. For an order entering a default judgment against Plaintiff Emilie

      Bosak ["Mother"] on Defendant Manuel P. Asensio's ["Father"]

      September 21, 2017 Notice of Motion; and

b.  A Finding of Fact that the Mother violated the April 30, 2013

Stipulation of Settlement by committing perjury on January 15, 2016

for the purpose of effectively terminating Father's parental rights

without evidence, reason or hearing since that date; and


c.  Restoring the Father's Parental Rights; and

such other and further relief as this Court deems just and proper.


Pursuant to C.P.L.R. Section 2214(b), answering affidavits, if any, are

required to be served upon the undersigned at least seven days before the

return date of this motion.

I swear the above is my true motion:

_____

Manuel P. Asensio
Defendant
400 East 54th Street, Apartment 29B
New York, New York 10022
917-515-5200

New York, New York
October 10, 2017

TO:   Emilie Marie Bosak
355 East 72st Street, Apartment 17C
New York, NY 10021
(917) 579-1413 emilie.bosak@gmail.com

**MOTION SEQUENCE NUMBER 3**
**OCTOBER 10, 2017**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
-------------------------------------------------------------------x

EMILIE BOSAK

                         Plaintiff,                 INDEX NO.  300417/2011

      -against-

                                            <u>**AFFIDAVIT IN SUPPORT**</u>
                                            <u>**OF MOTION TO DEFAULT**</u>
                                            <u>**FACT FINDING AND**</u>
                                            <u>**RESTORING FATHER'S**</u>
                                            <u>**PARENTAL RIGHTS**</u>

MANUEL P. ASENSIO,

                              Defendant.

-------------------------------------------------------------------x

STATE OF NEW YORK      )
                                 ) ss:
COUNTY OF NEW YORK     )

MANUEL P. ASENSIO, being duly sworn, deposes and says:

     I am the Defendant ["Father"] in the above referenced matter. The Father is
fully familiar with the facts and documents of this action.  The Father makes this
affidavit from personal knowledge under pain of perjury in support of the entry of a
default order pursuant to C.P.L.R. 3215 for her intentional and deliberate failure to

1

reply to the Father's September 21, 2017 Notice of Motion and affidavit in support that is Annex 1 hereto.

The Father submits the within affidavit pursuant to his  legally protected natural right to enjoy the companionship, provide parental control and guidance, and protect and secure the best interest of his daughter, Eva Asensio.

The Father submits this affidavit under the authority of the Constitution of the State New York Article 6 Section 7 [a] that provides that "the supreme court shall have general original jurisdiction in law and equity" and Section 13 [d] of the Constitution's same Article 7 stating the Family Court "shall in no way limit or impair the jurisdiction of the supreme court as set forth in Section Seven of this Article."

This motion is also filed pursuant to the Supreme Court's August 13, 2013 Judgment of Divorce ["JOD"] ordering that this Court retain jurisdiction concurrently with the Family Court for enforcing the terms of its JOD "as iT finds appropriate under the circumstances existing at the time application for that purpose is made to it."

The Father submits this affidavit in support of an order granting the following:

a. an order entering a default judgment against Plaintiff Emilie Bosak ["Mother"] on Defendant Manuel P. Asensio September 21, 2017 Notice of Motion; and

b. A Finding of Fact that the Mother violated the April 30, 2013 Stipulation of Settlement by committing perjury on January 15, 2016 for the purpose of effectively terminating Father's parental rights without  evidence, reason or hearing since that date; and

c. Restoring the Father's Parental Rights; and

Such other and further relief as the Supreme Court deems just and proper.

## THE SUPREME COURT SHOULD NOT HAVE SUMMARILY DENIED THE FATHER A HEARING ON HIS MAY 10, 2017 MOTION

The two attached Notices of Motion and supporting papers rely on actions containing evidence against a recent politically appointed official. He is a Magistrate under the New York State Family Court Act. The New York County Family Court demoted the official and assigned him its juvenile delinquency part. This Court is a limited jurisdiction court inferior to Supreme Court and its judges are under the jurisdiction of the Supreme Court and not of similar rank nor co-equals with Supreme Court Justices.

As shown in the attached Motions and as briefly outlined below, the Father has filed civil and Special Proceedings actions against this official. The official faces evidence and factual allegations that he colluded with the Mother. They planned the collusion to justify suspending the Father. However, the official performed no judicial function to enter the suspension and has no such discretion over the Father's rights under this Court's JOD. Thus, the official deliberately acted in clear absence of jurisdiction and without authority and without the least possible reason. The official and mother acted based on a plan to force the Father to see his daughter under supervision and then colluded the supervisor to harass the Father and his daughter. The Official allowed the Mother, the supervisor and the attorney for the child to speak to the innocent child in his name. The speech reduced the Father in the child's eyes. It was in opposition of the Father's lifetime of parental guidance.

Further, the official faces evidence and factual allegations that he deliberately illegally processed and committed the Father twice and that he lied to the Supreme Justice Hon. Barbara Jaffe as part of his plan to execute the second illegal commitment. Further, that the official enters financial orders against the Father without his consent and while ignoring court filings verified by him and his attorney that he had withdrawn his Petition due to the official's conscious wrongdoing in

4

entering these orders and his refusal to hearing the Father's applications based on his conscious wrongdoing.

The detailed and documented evidence affects the legality of the entire Family Court case, which commenced in July 2013. It is extraordinary overwhelming and undeniable.   The official's motive is typical to avoid enforcing this Court's orders.

The conduct above is utterly intolerable but is particularly illegal in this case.  The Father's case is against a mother devoted her to partying with unsavory characters, traveling, the glorification of public displays of illicit sexual conduct and drug use and is anti-religion, anti-family, anti-work ethic and anti-education. This mother exposes the child to drug use and as shown herein seriously dangerous behavior that the child has copied. This on top of committing perjury to interfere in the relationship between the Father and his daughter.

In this case, the prima facie evidence shows that mother has totally blocked ALL contact between the Father and his daughter. This obligates that she lost custody and had acted in ways that make the mother an unfit parent.  The court may and should order a change in custody by default. The Mother has defaulted in the current petition. Meanwhile she has appeared with counsel in the Family Court and brought

an application to dismiss the Father's May 10, 2017 petition. This confers personal

jurisdiction. C.P.L.R. Rule 320.

The mother's conduct justifies a change in custody without a further hearing. There

is no need for a hearing.  The mother has flaunted her want and desire to exclude the

father, shamelessly colluding with Respondent Fasanya's conscious wrongdoing and

his judicial appointees, the attorney for the child and supervisor. There is undisputed

proof the Mother engaged in fraud to make her want and desire to exclude the Father

a reality.

This Court must be cognizant of the rule that custodial parent's interference with a

child's relationship with the non-custodial parent is "so inconsistent with the best

interests of the child as to *per se* raise a strong probability that the offending party is

unfit to act as custodial parent."

There is no "real question" whether the mother has colluded with the official and

maliciously plotted and committed perjury to interfere and attempt to alienate the

child from her Father.  The Father has not had any visitation or custody or any form

of normal contact with his daughter children since January 15, 2016 exclusively

because of the Mother's fraudulent and malicious conduct.

## THE SUPREME COURT'S SUMMARY DENIAL WAS MADE IN CONTRAVENTION OF REASON AND LAW

The Supreme Court failed to consider the law and facts presented by Counsel in the Affirmation and Reply Affirmation in support of the Father's May 10, 2017 motion in its June 26, 2017 denial of a hearing. The Hon. Supreme Court Justice Laura E. Drager issued the denial orally from the bench based on de hors information she obtained about certain Family Court proceedings addressed below.

A transcript of this directive is attached at Exhibit 1 to the Father's September 21, 2017 Motion. This motion and the Father's Reply to the Mother's motion to dismiss is **EXHIBIT 1** hereto. The Mother failed to file a response to the Father's May 10, 2017 motion made returnable by Notice of Motion on October 5, 2007. The Father has repeatedly communicated with the Mother's former counsel about the Mother's default. They have ignored the Father, as is typical conduct by them.

The transcript shows the Justice prohibiting the Father from testifying about the Family Court proceedings. In fact, as shown below, the testimony would have evidenced the Mother's collusion with the presiding judge and his utterly intolerable,

7

conscious wrongdoings and the impact they have had on legality of the entire Family Court proceedings.

Most importantly, this Court failed to consider the risk for harm to Eva. A still shot from a video that the Mother posted of herself on Instagram shows her recklessly walking back and forth while holding her topless breasts on a ledge of a high-rise rooftop. This evidence on page 6 of Exhibit 4 to the Father's May 10, 2017 motion attached as Exhibit 1. Pages 1 through 6 in **ANNEX 2** are photos posted to Instagram by the Mother, Eva and her friend, showing Eva engaging in these same reckless behaviors of posing, walking, and sitting on the ledge of a high-rise rooftop. This is a clear imitation of the Mother, as seen on page 2 of the ANNEX 2 showing photos side by side of the Mother and Eva sitting on a rooftop ledge on the outside side of the railing with their legs hanging over the ledge. The Mother has failed to inform the Father about these activities. She will not take corrective actions since she herself glorifies and promotes these obviously unacceptable dangerous behaviors.

The Father is the Petitioner in two Supreme Court Article 78 Petitions seeking Writs of Prohibition ["Writs"] against New York County Family Court Magistrate Adetokunbo O. Fasanya's ["Respondent Fasanya"] conscious wrongdoing in the case captioned Manuel P. Asensio, Petitioner against Emilie Marie Bosak,

Respondent, Family Court of the County of New York, Docket No. V-43839-13/13A and the Mother's Family Court case in Docket No. V-38917-15/15A. Hereinafter these two cases are the "Family Court Cases."

The Writs contain factual allegations and other evidence pertaining to the Respondent Fasanya's illegal, unauthorized, administrative not judicial, actions, which he deliberately took outside of his jurisdiction in collusion with the Mother and his judicial appointees. These are actions deliberately taken by Respondent Fasanya are not factual or legal errors made while engaged in a judicial function. They are not in the nature of judicial or official duties to act upon a normal custody dispute over this Court's JOV between two to fit parents, especially in consideration of the facts and laws applicable to the Family Court Case. The Writs address actions Respondent Fasanya took that are not within his discretion or authority and that are not judicial functions.

The Writs contain factual allegations and other evidence demonstrating beyond reasonable doubt that Respondent Fasanya intervened in the private life of the Father and his daughter for the malicious purpose of creating facts himself and

9

in collusion with the Mother and his judicial appointees to reach a Final Disposition that is not legally reviewable.

The Respondent Fasanya has failed to answer the Article 78s and failed to comply with the Father's discovery demands.    Further, the Hon. Supreme Court Justice Nancy M. Bannon who is presiding over the Article 78s denied the Father's motions for a Temporary Restraining Order ["TRO"] against Respondent Fasanya in his motion's seeking a Stay of the Family Court Cases and made the motion returnable on January 24, 2018. The obvious make the Stay ineffectual and academic.  The Appellate Division denied the Father's application to issue the TRO but granted the Father the right to appeal. Respondent Fasanya obtained two adjournments. He is presently in default.


## THE MOTHER'S COURT RECORD SHOWS BEYOND DOUBT THAT SHE IS A DANGEROUS PERSON AND UNFIT TO BE EVA ASENSIO'S CUSTODIAL PARENT

The Mother is the moneyed, more affluent parent and former spouse. She has an undeniable 6-year-record (commencing August 2011) of constantly using one of New York County's most aggressive and expensive divorce attorneys, Chemtob Moss  & Forman, LLP, to assist her in committing perjury in support of fraudulent Supreme Court and then Family Court filings in order to interfere with the Father's

natural and Supreme Court ordered parenting rights.  In Supreme Court the Mother committed these acts first to interfere with the Supreme Court's March 28, 2011 Preliminary Conference Order stipulating to equal, 50-50 time sharing and co-custody **[EXHIBIT 2]** and then the Supreme Court's April 30, 2013 order Stipulation of Settlement. Finally, this Court's JOD.

Before creating the above record (commencing on September 13, 2010), the Mother established a record of colluding with the notorious Stefano "Fashion Cafe" Chitis, her financier, and his family's New York $1,000 an hour criminal attorney, Judd Burstein, P.C. **[EXHIBIT 3]** to committing perjury in order to interfere with the parties' February 15, 2007 divorce and custody agreement.  **EXHIBIT 4** is an affidavit pertaining to the Father's defense of the Mother's second act of perjury in a police report in order to use in this Court's custody case. This evidence of the Mother's perjury is recorded as Number 5 on the Father's October 8, 2015 Request for the Production of Documents by the Mother attached hereto as **EXHIBIT 5**.

The Mother and Father conceived their child under a 2003 contractual arrangement that reflects their lack of want or desire and lack of interest in joining their lives together financially, romantically or emotionally. Under the agreement the Father motivated, support and assisted the Mother in obtaining a high school

11

equivalence diploma and college education, and provided for her post-graduate course work and a U.S. residence and Citizenship.  Further, the Father provided the mother with peace, stability security to help her overcome her abusive drug and alcohol habit.

The Court record proves that Mother rejected the values of education and peace, stability security and used Mr. Chitis money to avoid work and education and waste her time doing drugs and engaging in a lascivious, solipsistic and meretricious lifestyle.

The above is undeniably in contradiction to the Father's lifestyle and teachings and belief.  The Mother's perjury committed in other to interefere with the Father's Parental Control and guidance has caused grave and serious damage to his daughter. This includes a sudden, unexplained end to Eva's religious education and attack on Eva's beliefs, cultural and self-identity, her family relations, academic performance and interest in academic achievement, morals, and manners by Respondent Fasanya and his appointees as wanted, desired and applied for by the Mother under her perjury.

## ALL FACTS AND LAW RELATED TO THIS APPLICATION ARE PRESENTLY BEING LITIGATED IN THE SUPREME COURT AND ITS APPELLATE DIVISION

Respondent Fasanya is responsible for effectively terminating Father's parental rights without a hearing in complete derogation of law by blithely signing the Mother's hearsay orders to show cause seeking the Father's January 15, 2017 suspension and thereafter refusing to enter a decision on the Father's first-in-time Petition to Violate the Mother, his cross motion to vacate the illegal suspension. He then adjourned hearing after hearing on the allegations supporting the order to show cause.  This action constitutes an egregious violation of the Father's most basic parenting rights and constitute the law and facts that are on trial in the Article 78s.

The Article 78s contain evidence of Respondent Fasanya's collusion with the Mother and granting her full and complete custody over the child. Respondent Fasanya has acted as her surrogate, colluding with her to create false evidence and then adopting her position against the Father in every dispute between the parents and using court procedure to silence the Father's applications and attempts to present his side of any issue.

Respondent Fasanya is acting in clear and obvious legal violation of Judiciary Law 100 and taking discretions with the Father's rights illegally by using his general