powers under Judiciary Law 2b-3, which cannot be legally or lawfully used to take any action that could affect the Final Disposition.  **ANNEX 3** contains a record of the Father's complaint to Respondent Fasanya's supervisor of this illegal conduct.

This court has an obligation to enforce its orders and, based on the circumstances present in this case, this court can—and should—grant a default order of custody because the mother has failed to file an opposition to the Father's May 10, 2017 motion and otherwise engaged in contemptuous conduct. She has committing perjury in order to exclude the Father from his daughter's live and hence, he is entitled to a change in custody. As clearly set forth in Father's May 10, 2017 motion.

No previous application has been made to this or any other Court in connection with the issues raised herein.  I certify that the present application is not frivolous.

_____<br>
MANUEL P. ASENSIO<br>
Father-Defendant

October 10, 2017

MOTION SEQUENCE NUMBER 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
-----------------------------------------------------------------x
EMILIE BOSAK

                            Plaintiff-Defendant,     INDEX NO. 300417/2011

   -against-

                                               **VERIFICATION**

MANUEL P. ASENSIO,

                            Defendant-Plaintiff.

-----------------------------------------------------------------x

**VERIFICATION OF MOTION SEEKING DEFAULT**

STATE OF NEW YORK     )
                                 ) ss:
COUNTY OF NEW YORK   )

I, Manuel P. Asensio, swear that I am the Defendant-Plaintiff in the above captioned matter that I am fully familiar with the facts and record of this action that the statements I made in support that the Defendant-Plaintiff's Notice of Motion for a default custody judgement captioned matter of the and Affidavit in Support of the motion to default, both dated October 10, 2017, are complete and true to the best of my own personal knowledge, except as to matters stated upon information and belief and on those matters I swear solemnly that I believe them to be true.

                                                       I do so swear:

                                                       _____
                                                       Manuel P. Asensio
                                                       Defendant-Plaintiff

Sworn to before me this the 10th Day of October 2017

_____
Notary Public

Reg. No. 02CA6085486
Qualified in New York County
My Commission expires April 8, 2019

1

MOTION SEQUENCE NUMBER 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
-------------------------------------------------------------------x
EMILIE BOSAK

                        Plaintiff-Defendant,        INDEX NO. 300417/2011

-against-

                                                    **AFFIDAVIT OF SERVICE**

MANUEL P. ASENSIO,

                        Defendant-Plaintiff.

-------------------------------------------------------------------x

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

I, Antonio Toriola, the undersigned server and mailer, being of sound mind and under no duress, do hereby, attest and affirm that the following facts are true and correct. I am over 18 years of age and that on Wednesday, October 11, 2017 that I physically served a copy of the Defendant-Plantiff's Notice of Motion for a default custody judgement and an Affidavit in Support dated October 10, 2017 on Emilie Bosak at her residence located at 355 East 72st Street, Apartment 17C, New York, NY 10021 by hand delivery to her doorman and by placing a copy of the Notice and its Affidavit in the U.S. Mail addressed to this same residential address and being duly sworn, say this statement is complete and true to the best of my own personal knowledge, except as to matters stated upon information and belief and on those matters I swear solemnly that I believe them to be true.

                                                          I do so swear:

                                                          Antonio Torialo

Sworn to before me this the 12th Day of October 2017

_____
Notary Public
Registration No 02CA6085486
Qualified in New York County
My Commission expires April 8, 2019

1

# ANNEX 1

MOTION SEQUENCE NUMBER ~~2~~

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
-----------------------------------------------------------------x

EMILIE BOSAK

                    Plaintiff,             INDEX NO.
                                                  300417/2011

  -against-

MANUEL P. ASENSIO,             NOTICE OF MOTION

                    Defendant.

-----------------------------------------------------------------x

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Manuel P. Asensio, dated and sworn to on September 21, 2017, and all of the papers and proceedings had herein, the undersigned will move this Court, at the Motion Support Office at the Courthouse located at 60 Centre Street, Room 130, on October 5, 2017 at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard for an order granting the following:

(a) Acknowledge the transfer of <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, Docket Number V-43839-13/13A to New York County Supreme Court; and

(b) Recognize the Plaintiff Mother's leading central Respondent role in two Prohibition Petitions filed in New York County Supreme Court

`1

under Index Numbers 155883/2017 concerning Richard Spitzer and under Index Number 156692/2017 concerning Carmen Restivo against New York County Family Court Judge Adetokunbo O. Fasanya; and

(c) Address the grave problems caused by the Plaintiff Mother's filing of a false sworn affidavit in support of an Emergency Suspension of the Defendant's ["Father"] custody on January 15, 2016 and her collusion with Richard Spitzer to deprived the Father of custody Eva Asensio, his daughter, and Eva of her lifelong recreational activities, family ties, cultural and political routines, and importantly her religious and academic programs; and

(d)   To avoid any use of judicial appointees and forge an understanding with the Mother [if the court is unwilling to make order against Mother] of her duties and responsibilities to cease her abuse of the divorce system against the child and Father; and

(e)   To change legal custody for her use of the Child in her collusion with Richard Spitzer in the event the Mother refuses to acknowledge the seriousness of her wrongdoing with Richard Spitzer and grant the Father a majority of parenting time and sole decision-making authority as to matters concerning the Child's health, religion and

education in the event that the mother refuses to relent her abuse of the divorce system; and

(f) to acknowledge the concerns raised by the Mother's "glorification of sluts" attitude, the dangers to the child of her more affluent, moneyed spouse status along with the indiscriminate sex biases in the Divorce system to make it impossible to modulate the Mother's behavior, her association with persons focused on sexually-related and drug and alcohol recreation and non-productive endeavors, abuses that have contributed to her ability to lower herself to collude with Richard Spitzer and not be a concerned parent and a trustworthy custodial parent; and

(g) to consider a temporary suspension of the Plaintiff from contact with the Child in light of the Plaintiff's material interference with Defendant's relationship with the Child and Plaintiff's lascivious, solipsistic and meretricious lifestyle that has negatively affected the Child's welfare, and

such other and further relief as this Court deems just and proper.

Pursuant to CPLR Section 2214(b), answering affidavits, if any, are required to be served upon the undersigned at least seven days before the return date of this motion.

`3

Dated: New York, New York
September 21, 2017

I swear the above is my true motion:

_____
Manuel P. Asensio
Cross Plaintiff/Defendant
400 East 54th Street, Apartment 29B
New York, New York 10022
917-515-5200

STATE OF NEW YORK      )
                                         ) ss:
COUNTY OF NEW YORK  )

Sworn to before me this the 21th day of September 2017

_____
Notary Public

MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6299565
Qualified in New York County
Commission Expires March 24, 2018

TO:   Emilie Marie Bosak
         355 East 72st Street, Apartment 17C
         New York, NY 10021
         (917) 579-1413 emilie.bosak@gmail.com


         Hon. Adetokunbo O. Fasanya
         60 Lafayette Street, Part 5, 10th Floor
         New York, NY 10013 New York County Family Court
         (646) 386-5285 bdewire@nycourts.gov

MOTION SEQUENCE NUMBER 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
------------------------------------------------------------------x

EMILIE BOSAK

                Plaintiff,           INDEX NO. 300417/2011

  -against-

                                                                       **AFFIDAVIT IN SUPPORT OF MOTION**

MANUEL P. ASENSIO,

                Defendant.

------------------------------------------------------------------x

STATE OF NEW YORK      )
                                  ) ss:
COUNTY OF NEW YORK  )

        MANUEL P. ASENSIO, being duly sworn, deposes and says:

1.    I am the Defendant in the above referenced matter. I am fully familiar with the facts and documents of this action. I make this affidavit from personal knowledge under pain of perjury. I submit the within affidavit in support my Notice of Motion sworn to on September 21, 2017 on Motion Sequence 2 to address the Honorable Justice Laura Drager's Supreme Court Decision and Order entered from the bench on June 26th, 2017, a transcription of the Court's ruling is attached as **Exhibit 1**, and to seeks the relief sought therein. This motion seeks relief from the Supreme Court Matrimonial Part of the extraordinary irregularities occurring in New York County

1

Family Court. Judge Adetokunbo O. Fasanya has created extremely dangerous conditions in his courtroom in the matters captioned <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, Docket Number V-43839-13/13A and <u>Bosak v. Asensio</u> Docket Number V-38917-15/15A ["Family Court Cases"].

2.   I recently filed two Special Proceeding under Article 78 in New York County Supreme Court under Index Numbers 155883/2017 and Index Number 156692/2017. Motion Sequence 2 in the Index Number 155833/2017 seeks to consolidate the Family Court Cases into Supreme Court. The Petitions and Motion Sequence Number 2 are available online. The Petitions pertain to Judge Fasanya's conscious wrongdoing in colluding with <u>Carmen Restivo and Richard Spitzer.</u> The collusion involves Judge Fasanya's deliberate and malicious collaboration with the Mother to retaliate against the Father. The motive is to punishment for seeking redress from the Mother's material interferences and egregious parenting. The relief is sought in the first-in-time 2013 action captioned <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, Docket Number V-43839-13/13A. I have attempt to obtain a stay against Judge Fasanya proceeding in <u>Bosak v. Asensio</u> Docket Number V-38917-15/15A.

3.  Judge Fasanya granted my application for him to surrender jurisdiction of <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, Docket Number V-43839-13/13A and to not compel me to appear in his courtroom. I have been advised by James Cooney the New York State Assistant Attorney who represents Judge Fasanya that he served a subpoena on the Family Court to transfer the Court's file under <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, Docket Number V-43839-13/13A to New York County Supreme Court.

4.  On June 26, 2017, Judge Drager presided over an on-the-record inquest under Motion Sequence Number 1 into what had happen in the case since she had declared the Stipulation on April 30, 2013 and entered the Judgment of Divorce on August 2013. Judge Drager did allow my attorney, Mitch Cantor, to reply. I asked to be allowed to speak and was denied. Judge Drager adjourned until after lunch. When we reconvened, Judge Drager had spoken to some one that told her Judge Fasanya's canned story about me being at fault for his deliberate calendaring 100% one-sided orders since 2013 and made the ruling attached as Exhibit 1.

5.  I fully realized the extent to which Judge Fasanya had entrapped me in a delay and create fees endless loop on July 2014 when he actually admitted on the record

3

knowing that AFC Carmen Restivo and Susan Moss committed a fraud on the court, which is also on the record, on May 2014. He did nothing about it. He is now shamelessly denying it happened. The information that Judge Drager received did not contain the fact that in FOUR YEARS all Judge Fasanya has simply done is appoint Ms. Restivo in a on the spot Sua Sponte by Susan Moss. He appointed Ms. Restivo without hearing my refusal to consent and notice to withdraw and objections, refused to allow discovery or hold a hearing on financials and repeatedly sequenced Ms. Restivo's fees motion after fee motion. He did absolutely nothing else for four year but order a custody trial in my favor on November 2014 and suspended me in January 2016. Suffice to say that Judge Fasanya authorized Ms. Restivo to churn over 80% of her fees.

6. The most important and astonishing fact is that in four years Judge Fasanya has Sua Sponte **CHANGED HIS OWN DECISION ON MOTIONS TO DISMISS AND TRIAL MATTERS 13 TIMES**. Going for order that I have the first in time privilege and the right to sever and sequencing the trial by individual violation petitions to marking them all withdrawn. The setting of trial was meaningless because I did not consent and never consented to any fees. However, he refused to commence a trial and focused only fees for four years. He will say differently. I the full record shows the truth. He did use 10 minutes to take Ms. Bosak's testimony about the incident that he used to suspend me 22 months ago. This

was back on March 13, 2016. Embarrassingly the judge agreed to strike Ms. Bosak's entire account of the allegation he had used to enter the suspension. Proving he had to suspend me without evidence and that Ms. Bosak had filed a false affidavit. This did not phase the judge one bit.

7. To answer Judge Drager and to address the problem I filed two Article 78 Petitions. These Petitions and their exhibits, and the documents filed in support of discovery demands tell a gruesome story of Judge Fasanya's conscious wrong doings. I live for my family life. I have sacrificed my career to defend my custody rights to raise my daughter to practice her life-long Judeo Christian faith and strive to achieve her highest academic accomplishment and prepare herself for a productive life guided by principals of hard work and spiritual fellowship. It is utterly intolerable for Judge Fasanya to have done this to Eva simply because I did not consent and challenged his authority to charge parents fees. He could simply have allowed me to withdraw not create this extraordinary mess in a private life single handedly and then create a bigger mess with the use of a suspension as punishment for not consenting to his capricious AFC fees.

8. Judge Drager must know some of the tactics used in Family Court to punish non-custodial parents who dare defend their rights. The moneyed Ms. Bosak's loose

parenting and use of drug and alcohol and sexual exhibition have drastically increased since Judge Drager entered her judgment. No discovery is necessary. It is fully chronicled on social media and her passports. She had embroiled the child and father in vile and vicious litigation with hogwash. Judge Fasayna's deliberate and malicious collision with Restivo and then Richard Spitzer is fully documented in the Petitions. These cannot be used to excuse the mother who deliberately and consciously worked with Ms. Moss to stage everything for the willing judge's consumption.

9. The mother has used her towering status as the free cash flow moneyed spouse to purchase the influence of Susan Moss on a star-crossed brand new family court judge who quickly became the subject of complaints because of his anger problem. Whether due to those complaints or others reasons detailed online or simply because he was a low man on the totem pole, Judge Fasanya ended up in juvenile delinquency and so did my unknowing daughter.

10. I pray for mercy for my daughter. My physical and emotional resources drained with no financial resources left after the back-to-back divorce case and the FINRA bar forced me to plead for mercy. Judge Fasanya will stop at nothing. The shallow Ms. Bosak is incapable of empathy or understanding the responsibly of parenting. Judge Fasanya's malicious acts have the effect of steroids on Ms. Bosak's

self-absorbed ego. I am willing to cooperate with Judge Drager or a newly assigned Justice in the Supreme Court's Matrimonial Part to stop the endless fees. Anything would be more acceptable than continuing to suffer under a reckless Family Court judge who has no interest in limits of judicial intervention in a child's family life or law or facts, a very different set of moral apprehensions than those I pray for my daughter to guide her.

11. I have not made an application for the relief sought in the Notice of Motion sworn to on September 21, 2017 on Motion Sequence 2 previous or with any other Court.

_____
MANUEL P. ASENSIO

Sworn to before me this
21st day of September 2017

_____
Notary Public

MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6299565
Qualified in New York County
Commission Expires March 24, 2018