# EXHIBIT 1

```
 1
 2   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK - CIVIL TERM - PART 31
 3   ------------------------------------------X
     MARIE EMILIE BOSAK,
 4
                                   Plaintiff,
 5
                 -against-
 6
     MANUEL P. ASENSIO-GARCIA,
 7
                                   Defendant.
 8   ------------------------------------------X
     Index No. 300417/11           71 Thomas Street
 9   EXCERPT: DECISION              New York, N.Y.
     (Not paginated)                June 26, 2017
10

11   B E F O R E:

12      HONORABLE LAURA E. DRAGER,
                              Justice
13

14   A P P E A R A N C E S:

15      ALEXANDRIA LIPTON, ESQ.
        Attorney for the Plaintiff
16      192 Lexington Avenue, Suite 224
        New York, N.Y. 10016
17

18      THE LAW OFFICES OF MITCHELL CANTOR
        Attorneys for the Defendant
19      355 Lexington Avenue, Suite 401
        New York, N.Y. 10017
20           BY:  MITCHELL CANTOR, ESQ.

21
        Also Present (post-recess):  MANUEL P. ASENSIO-GARCIA
22

23

24
                              ALAN F. BOWIN, CSR, RMR, CRR
25                            Official Court Reporter

26
```

*ALAN F. BOWIN, CSR, RMR, CRR*

```
1                         Decision
2           THE COURT:  Thank you.
3           All right.  Over the lunch break, I have
4   looked over, in detail, the papers that are part of
5   this motion as well as the history of this case.
6           The father filed a petition in Family Court
7   for a violation of the custody order on July 5, 2013,
8   shortly after the parties entered into the custody
9   agreement.  He then filed, on November 21st, 2013, a
10  petition to increase his access time.  In December of
11  2013, he filed at least five family-offense petitions
12  and an order to show cause in Family Court on various
13  complaints against the mother, partly as a result of
14  him possibly being arrested.  But, ultimately, at the
15  end of the day, in March of 2014, after he had retained
16  counsel, he withdrew all of his applications in Family
17  Court.
18          Then, in April 2014, he filed yet another
19  petition, seeking to modify custody, and that action
20  proceeded.  Judge Fasanya -- I'm not sure if I'm saying
21  that correctly -- had ordered that case to proceed but,
22  not surprisingly, required the appointment of an
23  attorney for the child and determined that the parties
24  should pay for this attorney and that the husband --
25  the father -- would pay 90 percent of the cost and the
26  mother would pay ten percent of the cost.
```

Decision

While it is true that there was a delay in the custody action proceeding forward, that was all because the father failed to timely pay his share of the costs for the attorney for the child and a substantial amount of time was taken up with various motions, including contempt -- to hold the father in contempt -- for his failure to pay the attorney for the child. So, given that this was the father's application, if there was delay in this case, the delay, quite frankly, was caused by the father in failing to pay for the attorney for the child.

I would note that during these proceedings, the father, at least from what I have made out from the records that are before me, including a decision by Judge Fasanya from January 21st, 2016 -- that at various times, the father was represented by his own attorney or chose not to be represented by his own attorney, but he has had a number of attorneys representing him, on various occasions, in the Family Court proceedings.

Eventually, what happened is that in -- I believe it was in July 2015 -- the mother then filed for a modification of the father's access time because of some events that caused her concern about her parenting capability -- his parenting capabilities. I

4

|    | Decision |
|----|----------|
| 1  |          |

```
 2    believe, for some period of time, the father's access
 3    time with the child was suspended but then supervised
 4    visitation was put in place, and that took up more time
 5    for the -- causing the court not to proceed with the --
 6    a revisiting of the custody provisions of the agreement
 7    and judgment of divorce.
 8             Ultimately, the trial, at least according to
 9    the papers that I have seen, began in some fashion on
10    March 13, 2017 and yet, and the same time, also in
11    March 2017, the father again withdrew his applications,
12    including his petition for custody; so that, in fact,
13    once it was determined that the father had ultimately
14    paid the attorney for the child, the case did proceed
15    to trial, or was proceeding to trial, and it's my
16    understanding that the trial was to continue today and
17    that the parties, in fact, are to be in Family Court at
18    3:30.
19             While the father claims that the Family Court
20    proceedings are fraught with irregularities and delay,
21    I don't see any irregularities that occurred, from the
22    papers that are before me, and much of the delay that
23    has occurred here has been caused by the father, who
24    has brought multiple applications and then has
25    withdrawn those applications and then again brings
26    further applications and withdraws those applications.
```

*ALAN F. BOWIN, CSR, RMR, CRR*

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| 1   | Decision                                                        |
| 2   | In any event, the real issue is whether this                    |
| 3   | Court, as Mr. Cantor raised -- is whether this Court,           |
| 4   | as the Supreme Court, should be taking over the                 |
| 5   | proceedings from Family Court, and there is no basis            |
| 6   | for this Court to do that.                                      |
| 7   | (Whereupon, Mr. Asensio-Garcia stood.)                          |
| 8   | THE COURT: Please be seated, sir. This is                       |
| 9   | the Court speaking and I am not asking you to speak, so         |
| 10  | please be seated.                                               |
| 11  | MR. ASENSIO-GARCIA: Will I have a chance to                     |
| 12  | respond, your Honor?                                            |
| 13  | THE COURT: Excuse me. Excuse me.                                |
| 14  | COURT OFFICER: Have a seat.                                     |
| 15  | MR. ASENSIO-GARCIA: Will I have an                              |
| 16  | opportunity to be heard, your Honor?                            |
| 17  | THE COURT: I would note a few issues that                       |
| 18  | are relevant here.                                              |
| 19  | MR. ASENSIO-GARCIA: No hearing, your Honor?                     |
| 20  | THE COURT: I would --                                           |
| 21  | MR. ASENSIO-GARCIA: No hearing by me?                           |
| 22  | THE COURT: Excuse me.                                           |
| 23  | MR. ASENSIO-GARCIA: No hearing, your Honor?                     |
| 24  | THE COURT: Please be seated.                                    |
| 25  | MR. ASENSIO-GARCIA: I'd like to be heard,                       |
| 26  | your Honor.                                                     |

ALAN F. BOWIN, CSR, RMR, CRR

```
 1                       Decision
 2          (Whereupon, Mr. Asensio-Garcia was seated.)
 3          THE COURT:  No, you may not.
 4          Section 467 of the Family Court Act clearly
 5  makes evident that Family Court may have jurisdiction
 6  over custody proceedings to the same extent as the
 7  Supreme Court, and that is also found in Family Court
 8  Act section 652.
 9          Moreover and even more important is the
10  parties' judgment of divorce, which states that with
11  respect to custody issues -- or, actually, with respect
12  to issues including custody -- that while this Court
13  retains -- that this Court retains jurisdiction of this
14  matter concurrently with Family Court for the purposes
15  of specifically enforcing certain provisions of the
16  parties' separation agreement, to the extent permitted
17  by law, with regard to various issues, including
18  custody and/or visitation.
19          Thus, Family Court has the same
20  jurisdictional authority as this Court in resolving
21  ongoing custody issues arising from this divorce
22  proceeding.
23          I would note that Family Court has been
24  heavily involved in this action for about four years;
25  that there is an attorney for the child who has had, at
26  this point, a long-term relationship with the child of
```

|    |    |
|----|----|
| 1  | Decision |
| 2  | the marriage; that there have been issues in which the |
| 3  | Family Court has found it appropriate to suspend the |
| 4  | father's access; and then, more important in some ways |
| 5  | because a suspension may or may not have validity, but, |
| 6  | more importantly, felt it appropriate to impose |
| 7  | supervised visitation based on the reports that were |
| 8  | filed by Comprehensive Family Services. |
| 9  | So, for all of these reasons, I am satisfied |
| 10 | that it is appropriate for the custody matters that are |
| 11 | before the Family Court -- |
| 12 | And, by the way, in addition to custody |
| 13 | matters, I think there was some child-support issue |
| 14 | that was also -- had been raised in Family Court.  But |
| 15 | the issue that I'm really focused on now is custody. |
| 16 | For all of these reasons, I do believe it is |
| 17 | appropriate that Family Court retain jurisdiction. |
| 18 | This is, for all intents and purposes, a |
| 19 | court of concurrent jurisdiction; this is not an |
| 20 | appellate court.  There is an aspect here of what could |
| 21 | be considered forum shopping, to the extent that |
| 22 | Mr. Asensio is not happy with how things are proceeding |
| 23 | in Family Court, to think that he can come to another |
| 24 | court.  If he felt that there were issues, rulings that |
| 25 | were made by the Family Court that he felt were wrong, |
| 26 | then his response would be to file an appeal of those |

8

|   |   |
|---|---|
| 1 | Decision |
| 2 | Family Court orders, not to seek to start the |
| 3 | proceedings over in another court. |
| 4 | Therefore, for all of these reasons, this |
| 5 | motion is denied.  I will so-order the transcript of |
| 6 | this decision. |
| 7 | Thank you. |
| 8 | You are to -- |
| 9 | MR. ASENSIO-GARCIA:  Your Honor, may I make a |
| 10 | closing statement? |
| 11 | THE COURT:   -- appear in Family Court at |
| 12 | 3:30. |
| 13 | Thank you. |
| 14 | Thank you. |
| 15 | COURT OFFICER:   Please step out. |
| 16 | THE COURT:   Please step out. |
| 17 | MR. ASENSIO-GARCIA:   We'll have to be back |
| 18 | before this Court soon, your Honor, as you know. |
| 19 | COURT OFFICER:   Parties, step back. |
| 20 | MR. ASENSIO-GARCIA:   There is no right to |
| 21 | appeal under Article 1112, and I have not prolonged the |
| 22 | case. |
| 23 | COURT OFFICER:   Here you go (indicating). |
| 24 | Step out, please. |
| 25 | MR. ASENSIO-GARCIA:   Thank you, your Honor. |
| 26 | I look forward to seeing you again. |

*ALAN F. BOWIN, CSR, RMR, CRR*

```
 1                         Decision
 2        Good afternoon.
 3                    *    *    *
 4        CERTIFIED to be a true and accurate excerpt
     transcript of the proceedings.
 5
 6                                    _____
 7                                    ALAN F. BOWIN, CSR, RMR, CRR
                                      Official Court Reporter
 8
```

*ALAN F. BOWIN, CSR, RMR, CRR*

MOTION SEQUENCE NUMBER 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
------------------------------------------------------------------x

EMILIE BOSAK

                        Plaintiff,                INDEX NO. 300417/2011

    -against-                                      **AFFIDAVIT OF SERVICE**

MANUEL P. ASENSIO,

                        Defendant.

------------------------------------------------------------------x

STATE OF NEW YORK   )
                              ) ss:
COUNTY OF NEW YORK )

I, Antonio Toriola, the undersigned server and mailer, being of sound mind and under no duress, do hereby, attest and affirm that the following facts are true and correct. I am over 18 years of age and that on September 21th, 2017 that I served a copy of the Defendant's Notice of Motion and its Affidavit in Support dated September 21th, 2017 on Emilie Marie Bosak, 355 East 72st Street, Apartment 17C, New York, NY and Hon. Adetokunbo O. Fasanya 60 Lafayette Street, Part 5, 10th Floor, New York, NY 10013 New York County Family Court and being duly sworn, say this statement is complete and true to the best of my own personal knowledge, except as to matters stated upon information and belief and on those matters I swear solemnly that I believe them to be true.

                                                            I do so swear:

                                                            Antonio Torialo

Sworn to before me this the
21th Day of September 2017

_____
Notary Public

```
MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6299565
Qualified in New York County
Commission Expires March 24, 2018
```

1

# ANNEX 2

**missbosak**



**eva.asensio_**



**missbosak**



**eva.asensio_**









❤ 48 likes

**eva.asensio_** This proves furthermore that @flowerjuiceprincess is and awesome photographer

**flowerjuiceprincess** Thanks

missbosak



eva.asensio_







