







19 likes

# ANNEX 3

**Manuel P. Asensio**
**400 East 54th Street, Apartment 29B**
**New York, New York 10022**

January 23, 2017

Via Email manhattanfamilycourt@nycourts.gov and Via FedEx

Brian Kelly
The New York County Family Court
Clerk of Court
60 Lafayette Street, NY 10013

**Asensio v. Bosak Numbered V-43839/13/13A Exclusionary Rule and OCA Record**

Dear Chief Clerk Kelly:

As you know, Judge Fasanya has refused to issue a decision on my motion to eliminate his rule in the above case that prohibits me from filing motions with this Court. This order is illegal. It severely inhibits my ability to defend myself against Judge Fasanya's own misconduct. It violates the Administrative Rules of the Unified Court System & Uniform Rules of the Trial Courts Uniform Rules for N.Y.S. Trial Courts. PART 205. Uniform Rules for the Family Court Section 205.8 and numerous other laws under Judiciary Law 100. ["Exclusionary Rule"]

The Exclusionary Rule allows Judge Fasanya to controls the Court's record of my Orders to Show Cause. He has either denied without any due process or reviewable decision-making, or simply ignored all of these. This conduct is a material and important part of the Court's record that is out of the Court's control because of Judge Fasanya's own Exclusionary Rule.

Enclosed are the original and two [2] verified copies of the Petitioner's "Reply and Answer to the State's Commission on Judicial Conduct legal review dated January 6, 2017" filed with the Office of Court Administration, Pursuant to Section 212 of Judiciary Law in relation to the OCA's examination of Judge Fasanya's misconduct. Judge Fasanya also maintains record in the OCA matter in his courtroom under his Exclusionary Rule. Thus, the OCA record that contains evidence related to his disqualification and possible removal from the bench, such as the Richard Spitzer matter that is highly damaging to Judge Fasanya, is also outside of Court's protective custody and control.

Kindly enter this filing in the Court's record in further support of my <u>Order to Show Cause dated January 19, 2017</u> delivered to Judge Fasanya under his Exclusionary Rule.

Very truly yours,

Manuel P. Asensio
Father-Petitioner

**Present:**
Hon. Karen Lupuloff, Supervising Judge
Hon. Adetokunbo O. Fasanya, Presiding Judge
Respondent's counsel and Carmen Restivo, Esq.

**Manuel P. Asensio**
400 East 54th Street, Apartment 29B
New York, New York 10022

January 29, 2017

Via manhattanfamilycourt@nycourts.gov and FedEx

Brian Kelly
Clerk of Court
New York County Family Court
60 Lafayette Street, New York, NY 10013

**Asensio v. Bosak Numbered V-43839/13/13A-Exclusionary Rule**

Dear Chief Clerk Kelly:

I have not received any communication concerning Judge Fasanya's refusal to issue a decision on my motion to rescind his rule in the above case denying me my as of right to file motions with this Court [referred herein as the "Exclusionary Rule"]. This matter is urgent. Judge Fasanya's control of applications to the Court by the use of this Exclusionary Rule has effectively prevented my access to judicial redress in a manner that renders appellate review of it impossible. As I have demonstrated to you this order is illegal. It severely inhibits my ability to defend myself against Judge Fasanya's own misconduct. It violates the Administrative Rules of the Unified Court System & Uniform Rules of the Trial Courts Uniform Rules for N.Y.S. Trial Courts. PART 205. Uniform Rules for the Family Court Section 205.8

Judge Fasanya does not accept **ANY** communications from me. I request that you obtain his determination of my Order to Show Cause dated January 19, 2017 seeking Rescission of his Exclusionary Rule just as you have previously done in connection prior applications that I have submitted to him.

Very truly yours,
Manuel P. Asensio
Father-Petitioner

**Present:**
Hon. Karen Lupuloff, Supervising Judge
Hon. Adetokunbo O. Fasanya, Presiding Judge
Alexis Wolf, Respondent's counsel and Carmen Restivo, Esq.

Manuel P. Asensio<br>
400 East 54th Street, Apartment 29B<br>
New York, New York 10022

January 31, 2017

Via Email manhattanfamilycourt@nycourts.gov and Via FedEx

Brian Kelly
Chief Clerk of Court
New York County Family Court
60 Lafayette Street, Fifth Floor
New York, New York 10013

       **Asensio v. Bosak Numbered V-43839/13/13A**
       **Judge Adetokunbo O. Fasanya's Exclusionary Rule**
       **Physical Custody of Court Case Record and Office of Court Administration ["OCA"] Record**

Dear Chief Court Clerk Kelly:

I am the petitioner in the above case. I swear that this statement is accurate and true to the best of my knowledge under penalty of perjury and say the following.

We have discussed in person Judge Fasanya's rule in the above case that prohibits me from filing motions with this Court [defined as "Fasanya's Exclusionary Rule"]. After we met, you advised me that you were going to meet with New York County Supervising Judge Hon. Karen Lupuloff to discuss this rule. After your meeting with Judge Lupuloff, you advised that the rule remained in place. I asked for a document showing Judge Lupuloff's decision. You advised me that you did not have anything in writing.

Fasanya's Exclusionary Rule severely inhibits my ability to defend myself against his use of Judiciary Law 2-b to engage in judicial misconduct. In the absence of Judge Lupuloff's refusal to conduct an open investigation into the matters contained in the OCA record of Judge Fasanya's misconduct to take action to address it, my only possible but remote defense is to make a record. In fact, Judge Fasanya implemented the Fasanya's Exclusionary Rule to a series of motion I filed February 23, 2016 and March 17, 2016 when discovered incriminating evidence against him and filed motion to make a record.

Fasanya's Exclusionary Rule violates the Administrative Rules of the Unified Court System & Uniform Rules of the Trial Courts Uniform Rules for N.Y.S. Trial Courts. PART 205. Uniform Rules for the Family Court Section 205.8 and numerous other laws under Judiciary Law 100 that govern judicial conduct.

Fasanya's Exclusionary Rule allows Judge Fasanya to control the Court's record of my Orders to Show Cause without supervision. He has either denied my orders to show cause without any due process or reviewable decision-making, or simply ignored them. Sometimes he has signed them and then ignored them. Sometimes he has claimed to have signed them and not provided me with notice. This is a material and important part of the record in this case and it is out of the Court's control due to Fasanya's Exclusionary Rule.

On January 23, 2017 **VIA FEDEX** I delivered to you the original and two [2] verified copies of my latest filing with in the OCA record titled "Reply and Answer to the New York State Commission on Judicial Conduct legal review dated January 6, 2017." The Reply is on file with the OCA, Pursuant to Section 212 of Judiciary Law in relation to the OCA's examination of Judge Fasanya's judicial misconduct.

Judge Fasanya also maintains the entire record in the OCA file and other records in his courtroom under his Exclusionary Rule. Thus, the OCA record that contains evidence related to his disqualification, and possible removal from the bench or prosecution under Penal Code 195 is also outside of Court's protective custody and control.

The OCA record is extensive. It consist of 32 documents as of today. Entry No. 14 is an administrative application to remove and disqualify Judge Fasanya from this case for cause not simply bias or prejudice dated August 30, 2016. Entry Nos. 24 to 27 relate to the matter coming out of necessity to the State's two Chief Judiciary Judges under the control of the Chief Judge. The OCA record is central to this case. It is indispensable to justice. This is particularly certain given the conflict created between the Chief Judiciary Judges December 5, 2016 Determination, which is Entry No. 28, and the Hon. Karen Lupuloff's refusal to regulate Judge Fasanya as the New York Family Court County's Supervising Judge.

Judge Fasanya's denial of my <u>Order to Show Cause dated January 19, 2017</u> seeking the elimination in part to his Exclusionary Rule. Judge Fasanya combines the Fasanya's Exclusionary Rule with a refusal to make decisions on the motion I was able to file before he imposed his Fasanya's Exclusionary Rule. An example is Judge

Fasanya's decisions refusing to disqualify himself and the attorney for the child. These decisions are entirely devoid of reference to the facts and law contained in the record, making them a mere additional burden and impossible to meaningfully review. This is an example of willful malicious use Judiciary Law 2-b.

I object to the above and request a written decision from the County Supervisor responsible of regulating Judge Fasanya's conduct.

I do so declare:

_____
Manuel P. Asensio
Father-Petitioner

Hon. Karen Lupuloff, Supervising Judge
Hon. Adetokunbo O. Fasanya, Presiding Judge
Alexis Wolf, Esq. Respondent's counsel'
Carmen Restivo, Esq. Judge Fasanya's Attorney for the Child

## VERIFICATION

STATE OF NEW YORK         )
                          ) ss:
COUNTY OF NEW YORK        )

Manuel P. Asensio, duly sworn, says that he is the Father-Petitioner in the above-captioned child custody proceedings and the affiant the above and swears the above is complete and true to the best of my own personal knowledge, except as to matters stated upon information and belief and on those matters I swear solemnly that I believe them to be true.

I DO SO SWEAR:

_____
Manuel P. Asensio, Petitioner

Sworn to before me this the 31th Day of January 2017

_____ Notary Public

MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6299565
Qualified in New York County
Commission Expires March 24, 2018

Manuel P. Asensio<br>
400 East 54th Street, Apartment 29B<br>
New York, New York 10022

February 3, 2017

**DELIVERED TO CHIEF CLERK OF THE COURT**

Hon. Karen Lupuloff
Supervising Administrative Judge
New York County Family Court
60 Lafayette Street, Fifth Floor
New York, New York 10013

**Asensio v. Bosak Numbered V-43839/13/13A; EMERGENCY DEMAND TO STAY PROCEEDING.** Appellate Decision's dismissal of my appeals of Judge Adetokunbo O. Fasanya's legal fee orders on procedural grounds makes a stay necessary due to malicious use of his powers under Section 2–b(3) of the Judiciary Law to issue financial orders. These powers are strictly and definitively restricted to "nondiscretionary and nonjudgmental" acts. The judge combines these acts with malicious illegal violations of Judiciary Law 100 in order to issue financial orders used by him to deny my access to this Court.

Dear Supervising Judge Lupuloff:

I am the Petitioner in this almost four-year-old case seeking to enforce the existing New York State Supreme Court Judgment of Divorce ["JOD"] against the mother. In November 2014 Judge Fasanya ruled that the mother's violations were sufficiently material and that there had been a change in circumstances that merited a hearing to take custody and parenting time away from the mother. He has ordered a trial in my favor eight times. However, instead of proceeding under law since making this decision Judge Fasanya has used purely ministerial acts that are strictly limited by law to matters that can only be "nondiscretionary and nonjudgmental" to render unreviewable judgments and to take discretions with my property, daughter and rights. I have exhausted my administrative remedies and been denied redress.

Judge Fasanya has intentionally denied my right to a fair hearing throughout this case while creating undue financial orders further burdening me. He has a standing order to Chief Clerk Brian Kelly that denies my right to file motions, which directly violates all related FCA statues. He spend the first 925 days of this case using purely

1

ministerial, administrative acts to avoid punishing the mother for her violations and creating undue financial burdens on me with the AFC order. Then 386 days ago, on January 15, 2016, he used a purely administrative act to create a suspension order and exponentially increase the undue financial burdens on me by virtue of his January 21, 2016 interim/sanctions legal fee order.

As a matter of common reasoning and the Appellate Division for the First Department ["AD"] law, Judge Fasanya's right to perform **ANY** administrative act is strictly limited to matters that are "so clear as not to admit a reasonable doubt or controversy" that they are "nondiscretionary and nonjudgmental" acts.

In order to exhaust my administrative remedies, I filed formal verified complaints with Judge Fasanya's County, City and State administrative supervising judges and in the Court's record of this case. On December 5, 2016, NY State's two chief judges, its Chief Judge and its Chief Administrative Judge, advised me that they had decided that I had no recourse through "administrative action by the Chief Judge, Chief Administrative Judge, or other administrative judge." They asserted that the matter be administered "through the normal channels of appellate practice" based on an unstated Unified Court System "fundamental principle of court operations." Unfortunately, the AD declined on procedural grounds to review the merits of my appeals related to Judge Fasanya's financial orders that have as their root intentional and malice judicial misconduct.

The AD rendered two technical decisions not based not on a merit review of Judge Fasanya's financial orders. The AD acknowledged that Judge Fasanya's $33,701.50 order of January 21, 2016 was a "hybrid" interim counsel fee order in the form of sanctions. It also determined that the order was "non-dispositional." Judge Fasanya's legal fee order is purely a ministerial act that must be "nondiscretionary and nonjudgmental." It is a financial order made without legal authority or financial fact-finding in contravention of the case record and a long line of established New York State decisional law. It is also outside of the limited record of the motion that gives rise to the legal fee order, a motion decided in my favor yet used two years later to charge me, the winner of the motion, with fees to pay the loser and the accused violator. A simple reading of Judge Fasanya's decision shows it to be a perfect example of the worse form of judicial misconduct: a de hors judgment.

2