Further, Judge Fasanya made the decision knowing it violates explicit law in this case barring his jurisdiction over legal fees. The AD's second decision relates to the attorney for my child ["AFC] fees. The AD did not reach the fact that Judge Fasanya harassed a pro se father seeking help with a mother's violations with <u>10 summary arrest orders</u> to provide the AFC with $40,880.62 in cash. He did this without legal authority or fact-finding in contravention of the case record and established law knowing he lacked authority under the FCA and Constitution to do so. <u>He not only violated case law without facts using administrative acts, which must be unquestionably "nondiscretionary and nonjudgmental," but in both the AFC and legal fees determination he did so without legal authority</u>.

No citizen is safe or secure before a jurist that has generated unwarranted, undue financial liabilities through unregulated administrative acts that must be clearly <u>"nondiscretionary and nonjudgmental."</u>

Judge Fasanya will not grant a stay, he does not even allow me to file motions and refuses to allow me to examine the Respondent or the AFC under oath. I have been actively seeking to have Judge Fasanya removed or restrained since October 2015. He declined to recuse himself in a decision that avoids addressing the issue making a review impossible. These are illegal malicious fee orders, deliberately intended to cause me harm and deny my access to justice. Therefore, under no circumstance, irrespective of what is before Judge Fasanya, can I appear before him without protection from his use of administrative acts to cause me further financial harm. I respectfully request that you stay these proceedings and open an investigation.

Sincerely,

*[signature]*
Manuel P. Asensio

**Served on**:
Hon. Chief Judge Janet Di Fiore
Hon. Judge Adetokunbo O. Fasanya
Alexis Wolf, Esq., Respondent's Counsel
Carmen Restivo, Esq., Attorney for the Child
Brian Kelly, New York County Family Court Chief Clerk

# VERIFICATION

STATE OF NEW YORK      )
                                              ) ss:
COUNTY OF NEW YORK  )

Manuel P. Asensio, duly sworn, says that he is the Father-Petitioner in the above-captioned child custody proceedings titled Asensio v. Bosak Numbered V-43839/13/13A and the affiant the annexed letter of February 3, 2017 constituting a **demand for an open investigation of the subject justice, Adetokunbo O. Fasanya, a judicial official under the supervision of the Hon. Karen Lupuloff, Supervising Administrative Judge of New York County Family Court** related to her refusal to regulate the subject judge's personal and administrative conduct in light of the State of New York's Chief Judicial Officer and Chief Administrative Judicial Officer of December 5, 2016 determination and swears the above is complete and true to the best of my own personal knowledge, except as to matters stated upon information and belief and on those matters I swear solemnly that I believe them to be true.

I DO SO SWEAR:

_____
Manuel P. Asensio, Petitioner

Sworn to before me this the 3rd Day of February 2017

_____ Notary Public

11

MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6299565
Qualified in New York County
Commission Expires March 24, 2018

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
EMILIE BOSAK,

                Plaintiff,                Index No. 300417/11

    -against-                          REPLY AFFIRMATION

MANUEL ASENSIO,                  AND IN FURTHER

                                                               <u>SUPPORT</u>

                Defendant.
------------------------------------------------------------------------x

        Mitchell Cantor, an attorney duly admitted to practice law before the Courts of the State of New York and aware of the penalties for perjury, affirms as follows:

        1.    I am the attorney for the Defendant in the above referenced matter and I make this affirmation in reply to Plaintiff's Affirmation in opposition to and in further support of Defendant's motion to modify this Court's August 13th, 2013 Judgment of Divorce ("JOD") that incorporated, not merged, Defendant's Stipulation of Settlement dated April 30, 2013 (henceforth the "Stipulation") so as to grant Defendant: (a) immediate visitation as per the Stipulation notwithstanding any orders to the contrary; (b) legal custody of his daughter Eva Asensio (henceforth the "Child"); (c) sole decision-making authority as to matters concerning the Child's health, religion and education; (d) an order requiring immediate drug and alcohol testing of Plaintiff; (e) suspension of the Plaintiff

from contact with the Child in light of the Plaintiff's material interference with Defendant's relationship with the Child and her lascivious, solipsistic and meretricious lifestyle that has negatively affected the Child's welfare and (f) such other and further relief as this Court deems just and proper.

2. Plaintiff's opposition to Defendant's motion is unresponsive to the merits of this motion. Under the guise of recounting the history of the case, Plaintiff's attorney repeats allegations about Defendant of which she has no firsthand knowledge and which are irrelevant to the motion before the Court. These include the allegations in paragraph 3 of her June 6, 2017 affirmation where counsel accuses Defendant of delaying proceedings in Family Court, in paragraph 4 of that affirmation where she repeats the groundless accusation that Defendant physically assaulted her client's mother and in paragraph 5 of her affirmation where she makes reference to "disturbing incidents" of which she knows nothing. Counsel does not represent her client in Family Court and knows nothing about the alleged incident involving the Defendant and Plaintiff's mother. The Court should note at the outset that there is no affidavit in opposition from Plaintiff herself nor is there an affirmation in opposition from any of the various attorneys who have represented Plaintiff in Family Court.

3. Plaintiff also incorrectly and disingenuously accuses Defendant of forum shopping and uses that argument as a rationale as to why the present motion

should not be granted. This is a specious argument. The present matter was commenced by the Plaintiff, not the Defendant, in 2011. Defendant initially filed petitions in Family Court, all of which have now been withdrawn, in 2013 and in 2014, well after commencement of the present case. He could well have filed them under the present index number. The Family Court Petition for Modification and Enforcement of Custody filed by Plaintiff, to which her counsel refers and which she attaches as her "Exhibit G," was only filed on July 10, 2015, some four years after the commencement of the present action. Therefore, Plaintiff's argument that the present action is somehow duplicative of pending Family Court litigation is disingenuous.

4. Furthermore, the relief sought by Defendant in the present motion is different from the relief sought by Plaintiff in her petition in Family Court. While both Plaintiff and Defendant seek custody of their daughter, Defendant is also seeking visitation, sole decision-making authority as to matters concerning the Child's health, religion and education, drug and alcohol testing of Plaintiff and suspension of Plaintiff from contact with her daughter based on Plaintiff's solipsistic lifestyle. These issues are not before the Family Court on Plaintiff's Petition.

5. Plaintiff furthermore incorrectly relies on CPLR Section 3211(a)(4) as statutory support for her opposition to Defendant's motion. CPLR Section

3321l(a)(4) allows a party to move to dismiss a pending action on the grounds that there is another action pending between the parties on the same cause of action. The present action was filed by Plaintiff in 2011 and she has filed no motion or cross motion to have it dismissed. Therefore her reliance on CPLR Section 3211(a)(4) is completely misplaced. CPLR Section 3211(a)(4) addresses the dismissal of duplicative actions, not motions, even assuming arguendo that the present motion seeks relief similar to the petition filed by Plaintiff in Family Court, a point which Defendant emphatically does not concede. There is nothing in CPLR Section 3211(a)(4) that grants a litigant the right to oppose an application in an action that was never duplicative of any other action on the grounds that such application may in part seek relief similar to that being sought in another action. In short, CPLR Section 3211(a)(4) is a sword, not a shield. Plaintiff's reliance on A.M. v. A.V. 2014 NY Slip Op 51180(U) is similarly misplaced. First, A.M. v. A.V. is an opinion of the Supreme, Court, Kings County, and has such as no authority over the Supreme Court, New York County. Secondly, it was decided against the movant because that movant argued that the Supreme Court, rather than the Family Court, had exclusive jurisdiction under the Stipulation between her and her child's father, an argument that was never made by Defendant herein. Finally, to the extent that the Supreme Court, Kings County, in A.M. v. A.V. rejected the movant's application for consolidation, it did so after movant had previously made

just such an application to the Court which had previously been rejected. On the contrary, Defendant herein is not even seeking consolidation with the matters still pending in Family Court but is seeking the concurrent jurisdiction of the Supreme Court to address and determine not only competing claims to custody but issues such as the child's health, education and religion and the Plaintiff's drug and alcohol abuse which have never been fully litigated, if at all, in the Family Court.

6. Plaintiff cannot merely deprecate Defendant and argue that the present motion should be denied as duplicative on the basis of CPLR Section 3211(a)(4) which gives the Court the option to dismiss duplicative actions, not applications which contain numerous prayers for relief, some of which may be similar to requests made in other fora while others are clearly different. Finally, there is nothing in the case law cited by Plaintiff that stands for the proposition that Family Court has exclusive jurisdiction. That is not the meaning of El-Sheemy v. El-Sheemy, 35 A.D.3d 738, 739 (2nd Dept. 2006) or of Matter of Borggreen v. Borggreen, 13 A.D.3d 756, 757 (3rd Dept. 2004). Plaintiff's opposition to Defendant's motion is defective and must be denied. Defendant has the right as a matter of law to have the Court address this motion decided on its merits.

Dated: New York, New York  
       June 13, 2017

_____  
MITCHELL CANTOR

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

EMILIE BOSAK

                Plaintiff,        INDEX NO. 300417/11

-against-

                                   NOTICE OF MOTION

MANUEL P. ASENSIO,

                Defendant.

------------------------------------------------------------------x

PLEASE TAKE NOTICE that upon the annexed affidavit of the Defendant, Manuel P. Asensio, sworn to on May 10, 2017, the annexed affirmation of Mitchell Cantor, Esq., dated May 10, 2017 and all of the papers and proceedings had herein, the undersigned will move this Court, at the Motion Support Office at the Courthouse located at 60 Centre Street, Room 130, on May 24, 2017 at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard for an order granting Defendant:

(a) immediate visitation as per the Stipulation notwithstanding any orders to the contrary;

(b) legal custody of his daughter Eva Asensio (henceforth the "Child");

(c) sole decision-making authority as to matters concerning the Child's health, religion and education;

(d) immediate drug and alcohol testing of Plaintiff;

(e) suspension of the Plaintiff from contact with the Child in light of the Plaintiff's material interference with Defendant's relationship with the Child and Plaintiff's lascivious, solipsistic and meretricious lifestyle that has negatively affected the Child's welfare, and

(f) such other and further relief as this Court deems just and proper.

Pursuant to CPLR Section 2214(b), answering affidavits, if any, are required to be served upon the undersigned at least seven days before the return date of this motion.

Dated: New York, New York
       May 10, 2017

                              LAW OFFICES OF MITCHELL CANTOR

                              By_____
                              Mitchell Cantor
                              355 Lexington Avenue, Suite 401
                              New York, NY 10017
                              (212) 679-7820
                              Attorneys for Defendant

TO:  Chemtob Moss & Foreman LLP
      3 E. 54th Street, 16th Floor
      New York, NY 10022
      (212) 317-1717
      Attorneys for Plaintiff