SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

-----------------------------------------------------------------x

EMILIE BOSAK,

                Plaintiff,                  Index No. 300417/11

    -against-                                AFFIRMATION IN

MANUEL P. ASENSIO,                    SUPPORT

                Defendant.

-----------------------------------------------------------------x

      Mitchell Cantor, an attorney duly admitted to practice law before the Courts of the State of New York and aware of the penalties for perjury, affirms as follows:

      1.    I am the attorney for the Defendant in the above referenced matter and I make this affirmation in support of Defendant's motion to modify this Court's August 13th, 2013 Judgment of Divorce ("JOD") that incorporated, not merged, Defendant's Stipulation of Settlement dated April 30, 2013 (henceforth the "Stipulation") so as to grant Defendant: (a) immediate visitation as per the Stipulation notwithstanding any orders to the contrary; (b) legal custody of his daughter Eva Asensio (henceforth the "Child"); (c) sole decision-making authority as to matters concerning the Child's health, religion and education; (d) an order requiring immediate drug and alcohol testing of Plaintiff; (e) suspension of the Plaintiff from contact with the Child in light of the Plaintiff's material interference with Defendant's relationship with the Child and her lascivious, solipsistic and meretricious lifestyle that has negatively affected the Child's welfare and (f) such other and further relief as this Court deems just and proper.

      2.    This action was initially commenced by Plaintiff seeking a judgment of divorce. Plaintiff and Defendant executed a Stipulation on April 30, 2013 which was incorporated, not merged, into the JOD on August 13, 2013.

      3.    Defendant initially filed a Family Violation Petition in the Family Court of the State of New York on or about July 5, 2013 based on Plaintiff's violation of the Stipulation even before the JOD was signed. He filed a further

petition in Family Court on November 21 2013 and amended petition on April 13, 2014. Plaintiff filed her own Petition for upward modification of custody on or about July 2015. Defendant withdrew all of his applications in Family Court on March 13, 2017. Only the Plaintiff's Petition and her two orders to show cause seeking to suspend Defendant from contact with the Child remain pending in Family Court.

4. Defendant has made it abundantly clear in his affidavit in support of this motion that the Family Court has ignored numerous examples of Plaintiff's egregious parenting and her disregard for the Child's welfare, Plaintiff's repeated and groundless interference with Defendant's relationship with his daughter, Defendant's repeated attempts to obtain redress from that Court and the clear evidence demonstrating that Plaintiff is the moneyed spouse who receives almost unlimited financing from her wealthy paramour.

5. Pursuant to Article VI, entitled "Judiciary" of The Constitution of the State of New York, Section 7, the Supreme Court has general original jurisdiction in law and equity notwithstanding the creation of the family court of the state of New York pursuant to Section 12 a. thereof.

6. New York Courts have repeatedly held that the Family Court's exercise of jurisdiction does not preclude the Supreme Court from exercising its jurisdiction in turn. Johns v. Johns, 156 A.D.2d, 777, 778, 549 N.Y.S.2d 200, Arlene R. v. Stephen R., 152 Misc. 2d 980, 982, 579 N.Y.S.2d 304). Dunn v. Dunn, 224 A.D.2d 888, 889, 638 N.Y.S.2d 238, 239 (1996). The Supreme Court is a court of general jurisdiction. The Legislature cannot deprive it of its jurisdiction, derived from the Constitution, although concurrent jurisdiction may also be granted to some other court. Matter of Malloy's Estate, 278 N.Y. 429, 17 N.E.2d 108. Lazzarini v. Trapani, 10 Misc. 2d 985, 988, 172 N.Y.S.2d 614, 616 (Sup. Ct. 1958).

7. Thus, it is clear that this Court has the jurisdiction to entertain the present motion, notwithstanding Plaintiff's pending petition in Family Court. Furthermore, Plaintiff has filed two related cases in this Court. The first of these, Asensio v. Spitzer, Supreme Court of the State of New York, County of New York, Index No. 159812/16 is an action against the supervisor appointed by the Family Court on the basis of two disputes between that supervisor and the

Defendant. The second action, <u>Asensio v. Bosak</u>, Supreme Court of the State of New York, County of New York, Index No. 153776/17 is a breach of contract action brought by Defendant herein against Plaintiff for breach of the Stipulation. It is Defendant's intention to move to consolidate both of these related actions with the case at bar. Thus it is clearly in the interest of judicial economy that the Supreme Court take jurisdiction of the Defendant's application in the present action and adjudicate all of these various and related matters together.

8. Furthermore, it is established law that where parts of a separation agreement are incorporated into but not merged within a divorce decree, as is so in the matter at bar, the separation agreement continues in effect as a separate and independent contractual agreement between the parties and the Family Court, which is a court of limited jurisdiction, will have no power to modify it. <u>Kleila v. Kleila,</u> 50 N.Y.2d 277, 428 N.Y.S. 896, 406 N.E.2d 753 (1980). That is the reason why Defendant filed his breach of contract action against Plaintiff in Supreme Court and yet another reason why the present motion, which also seeks to modify the Stipulation, must be entertained by this Court.

9. Defendant's affidavit describes a litany of egregiously poor parenting on the part of Plaintiff ranging from sexual improprieties, blatant exhibitionism and brazen alcohol use to complete disregard for the Child's health, welfare, emotional, spiritual and academic development. What emerges is a portrait of the Plaintiff as a parent who is way more interested in self-promotion and in spitefully opposing Defendant than in nurturing her Child and caring for her appropriately. Parenting of this nature is in no child's best interest.

10. A custodial parent's interference with a non-custodial parent's contact with the Child in and of itself has been determined to be so inimical to the best interests of the child as to, per se, raise a strong probability that the interfering parent is unfit to act as a custodial parent. <u>Finn v. Finn,</u> 176 A.D.2d 1132, 1133, 575 N.Y.S.2d 591 (3rd Dept. 1991), <u>Young v. Young,</u> 212 A.D.2d 114, 124, 628 N.Y.S.2d 957 (2nd Dept. 1995). Plaintiff herein has repeatedly interfered with Defendant's contact with his daughter. This interference alone would support the relief Defendant has requested.

11. In <u>Mandelberg v. Mandelberg,</u> 260 A.D.2d 533, 688 N.Y.S.2d 622 (2nd Dept. 1999), the Court upheld a transfer of custody from the mother to the

father on the basis on the mother's spurious allegations against the father of sexual abuse which resulted in that father's suspension. In the case at bar, Defendant has been suspended for much less, and on the basis of nothing other than hearsay. The present Plaintiff's repeated filing of applications to suspend the Defendant's visitation when Plaintiff admittedly has no firsthand knowledge of the facts supporting her applications presents a similar situation to that before the Court in Mandelberg. Custody should be awarded to Defendant because, in the words of the Mandelberg, Plaintiff has demonstrated "her failure to place the best interests of the child before her own interests". King v. King, 225 A.D. 679, 639 N.Y.S.2d 465 (2nd Dept. 1996); Maloney v. Maloney, 208 A.D. 603, 617 N.Y.S.2d 190 (2nd Dept. 1994).

12. New York Courts have repeatedly held that in determining whether a custody agreement should be modified, the paramount issue before the court is whether the totality of the circumstances warrants modification in the best interest of the child. Friederwitzer v. Friederwitzer, 55 N.Y.2d 89, 94, 447 N.Y.S.2d 893, 432 N.E.2d 765 (1982); Teuschler v. Teuschler, 242 A.D.2d 289, 660 N.Y.S.2d 744 (2nd Dept. 1997); King v. King, 225 A.D. 679, 639 N.Y.S.2d 465 (2nd Dept. 1996). In the case at bar, the current custodial parent, Plaintiff herein, is a blatant exhibitionist who flaunts her body and her sexuality on the internet, inappropriately sexualizes the pre-teenage Child by allowing the Child unfettered access to these hyper-sexualized postings, introduces unsavory company to the Child, revels on the internet in alcohol and drug use, ignores the Child when she suffers a broken arm and demonstrates absolutely no concern for the child's spiritual or academic development, going so far as to withdraw the Child from tutoring sessions which the Child desperately requires to maintain mathematics proficiency at grade level and to advance. It is clear that under the standards set by Friederwitzer, Teuschler and King that the Defendant should be awarded legal custody of the Child and sole decision making authority over the Child's health, religion and education.

13. Defendant is also entitled as a matter of law to sole decision making authority as to matters concerning the Child's health, education and religion. Plaintiff has abused her authority, in particular in connection with health, education and religion, by ignoring the Child when she broke her arm, withdrawing the Child from Kumon classes, testing and tutoring and in interrupting the Child's religious education, church attendance and spiritual practices. She has abused her authority

in these areas as a matter of law and should have no further ability to make decisions on these matters. Chamberlain v. Chamberlain, 24 A.D.3d 589, 808 N.Y.S.2d 352 (2nd Dept. 2005).

14. Notwithstanding the foregoing, at the very least Defendant's visitation as provided in the Stipulation should be immediately restored. According to New York law, the relationship between a parent and a child is even more precious than property rights and cannot be denied absent a showing of exceptional circumstances. Levande v. Levande, 308 A.D.2d 450, 764 N.Y.S.2d 123 (2nd Dept. 2003). Even the fact that a father is incarcerated will not render visitation inappropriate in and of itself. Edward S. v. Moon, 7 A.D.3d 834, 776 N.Y.S.2d 363 (3rd Dept. 2004). Moreover, even when the circumstances are particularly egregious, as when one parent is incarcerated for sexually assaulting the other, a hearing is necessary to determine whether visitation is in the best interest of the child. Edward S. v. Kelly S., 18 A.D.3d 976, 795 N.Y.S. 364 (3rd Dept. 2005). No such hearing was ever held in Family Court.

15. Defendant is a mature, Ivy League educated individual and there has been absolutely no evidence adduced indicating that unrestricted visitation is not in the best interest of this Child. Yet, contrary to law and without any fact finding the Court initially suspended petitioner's visitation on January 15, 2016 on the basis of a hearsay affidavit from Plaintiff and a hearsay affirmation from her attorney. The Family Court thereafter made Defendant's visitation subject to the supervision of the social worker with whom Defendant had a disagreement on September 17, 2016, and since September 23, 2016 Defendant has once again been suspended entirely on the basis of a hearsay affidavit from Plaintiff and a hearsay affirmation from her attorney, neither of whom witnessed the incident in question. The Family Court itself recognized its error in relying on the hearsay testimony of Defendant during its hearing on March 13, 2017 by striking Defendant's testimony as to events she had not personally witnessed even though it had initially suspended Defendant on the basis of nothing other than this very hearsay and suspended him again on September 23, 2017 based on similar hearsay allegations. This is unconscionable. Defendant is entitled as a matter of law to see his Child on a regular basis.

16. Finally, the record clearly demonstrates that Plaintiff regularly and brazenly uses alcohol and may well be using drugs, thereby putting the Child in danger. Plaintiff proudly posts on the internet photographs of herself guzzling alcohol accompanied by a sarcastic remark about 'rehab" as well as a photograph which appears to indicate she is using marijuana. This evidence is indisputable. Plaintiff should be ordered to undergo immediate alcohol and drug testing.

17. In light of the foregoing, it is respectfully submitted that this Court grant Defendant: (a) immediate visitation as per the Stipulation notwithstanding any orders to the contrary; (b) legal custody of the Child; (c) sole decision-making authority as to matters concerning the Child's health, religion and education; (d) an order requiring immediate drug and alcohol testing of Plaintiff; (e) suspension of the Plaintiff from contact with the Child in light of the Plaintiff's material interference with Defendant's relationship with the Child and her lascivious, solipsistic and meretricious lifestyle that has negatively affected the Child's welfare and (f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 10, 2017

_____
MITCHELL CANTOR

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

EMILIE BOSAK,

               Plaintiff,               Index No. 300417/11

   -against-                             AFFIDAVIT IN

MANUEL P. ASENSIO,               SUPPORT

               Defendant.

------------------------------------------------------------------x

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK  )

MANUEL P. ASENSIO, being duly sworn, deposes and says:

1.    I am the Defendant in the above captioned action. I make this affidavit in support of my motion to modify this Court's August 13th, 2013 Judgement of Divorce ["JOD"] that incorporated not merged the parties Stipulation of Settlement dated April 30, 2013 (henceforth the "Stipulation") to grant me the follow:

        [a] immediate visitation with my daughter Eva Asensio [henceforth the "Child"] notwithstanding any orders of Family Court to the contrary;
        [b] legal custody of the Child;
        [c] sole decision-making authority as to matters concerning the Child's health, religion and education;
        [d] immediate drug and alcohol testing of Plaintiff;
        [e] suspension of the Plaintiff from contact with the Child in light of the Plaintiff's material interference with Defendant's relationship with the Child and her lascivious,

1

solipsistic and meretricious lifestyle that has negatively affected the child's welfare, and

[f] such other and further relief as this Court deems just and proper.

## HISTORY OF THESE AND RELATED PROCEEDINGS

2. Plaintiff and I executed a Prenuptial Agreement on March 18, 2003 and an amendment to the Prenuptial Agreement on May 12, 2003 ["Prenuptial Agreements"] that were both individually incorporated not merged into the JOD.

3. Plaintiff and I were married in a civil ceremony in New York, New York on May 16, 2003.

4. The Child, Eva Asensio, was born on October 14, 2004.

5. Plaintiff commenced the present action by the filing of a Summons and Complaint on or about January 11, 2011. A copy of the Summons herein is annexed hereto as **"Exhibit 1"**.

6. Plaintiff and I executed the Stipulation in a good faith attempt to definitively resolve all outstanding issues between us in connection with our marriage, including but not limited to: (a) ratification of our Prenuptial Agreements that dealt with property and spousal support; (b) child support, and (c) custody, parental rights and responsibilities and parenting time with the Child. The Stipulation incorporated the Prenuptial Agreements provisions by which Plaintiff waived all rights to seek legal fees from Defendant. The Plaintiff immediately violated the Stipulation and ignored pleadings for her to comply and formal Notices of Violations.

7. On or about July 5th, 2013 I filed my first custody violation petitions against Plaintiff in New York County Family Court ("Family Court") because Plaintiff took the Child to a Caribbean resort island in violation of the Stipulation without even informing me she had done so.

2

8. On or about November 21, 2013 I filed a petition in Family Court seeking an upward modification in custody and visitation from those provisions as set forth in the Stipulation in light of Plaintiff's material interferences and repeated violations. A copy of this petition captioned <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, Docket No. V-29044-13/13A is annexed hereto as **"Exhibit 2."**

9. I filed a Family Offense Petition on the basis of Plaintiff's misuse of police to groundlessly attempt to have me arrested at the child's school on Wednesday, December 5, 2013. All of Plaintiff's charges were dismissed in the interest of justice.

10. On or about April 14, 2014, I filed an amended petition for modification of custody and visitation. A copy of this petition, captioned <u>Asensio v. Bosak</u>, Family Court of the State of New York, Count of New York, Docket No. V-42839-13/13A is annexed hereto as **"Exhibit 3"**.

11. In June 2015, I filed a motion to hold Plaintiff in contempt for her violation of the Stipulation for interfering with my parenting time by sending the child away for the weekend without notifying me or requesting my permission as the Stipulation required. The Child broke her arm while away at the home of third parties. The Family Court scheduled a hearing on this motion but subsequently adjourned it. No hearing has yet been held on this or any other matter raised by me.

12. On or about July 14, 2015 Plaintiff in turn had filed a new Petition in the Family Court seeking a modification of custody terms of the JOD reducing my custody and parenting time.

13. The proceedings in Family Court have been fraught with irregularities and roadblocks. I was pro se in the Family Court although I have had counsel therein from time to time on a limited basis. In contrast, at all relevant times since my filing of the petition for modification of custody Plaintiff has been represented by the prestigious matrimonial law firm of Chemtob Moss & Forman, LLP.

3

## PLAINTIFF'S EGREGIOUS PARENTING AND SUBSTANCE ABUSE

14.     The Family Court has never permitted me to present evidence of Plaintiff's violations or egregious parenting. Examples of Plaintiff's egregious parenting and abominable judgment are legion and include her taking the Child into bars, introducing the Child to unsavory individuals who share Plaintiff's hedonistic lifestyle, including a male underwear model and a bisexual female whose modeling career has been based on her modeling of adult toys, Plaintiff allowing the Child to be prematurely and inappropriately sexualized through access to Plaintiff's own inappropriate content on the internet and the Plaintiff's blatant, brazen exhibitionism, demonstrated by her posting of lewd, lascivious and immoral photographs and videos on the internet of herself. These photographs consist, inter alia, of Plaintiff guzzling alcohol from a bottle dressed in what appears to be sexual fetish garb while at a purported arts festival in the desert known as "Burning Man" which is notorious for illegal drug use; Plaintiff smoking what appears to be a marijuana cigarette lighted by an unseen male; Plaintiff posing naked in photographs, including a photograph of Plaintiff naked on the family dining room table which she has posted to a website named "Mind the Crack;" Plaintiff posing in the apartment she shares with the Child in a thong bottom which she pulls down to lewdly expose her pubic area and Plaintiff engaged in a blatantly sexual kiss with another woman. Plaintiff has also inappropriately posted on social media a photograph of a note from the Child to her across which Plaintiff has scrawled "F… you Asensio" to demonstrate in as filthy a manner as possible that she views the Child's demonstrations of affection. The Plaintiff actually instructed camp administrators to have the child write her summer camp administration for her as nothing more than a means to spite me. Copies of these photographs are annexed hereto as **"Exhibit 4"**.

15.     Furthermore, the Family Court has never permitted me to present evidence of Plaintiff's sexualized video postings to the internet, including a video where Plaintiff walks the parapet of what appears to be the roof of a building while topless as she shakes and shimmies provocatively and another where the Plaintiff and an unseen male take turns spanking Plaintiff's bare buttocks. Plaintiff is an unrepentant exhibitionist at best.

16.     It is therefore essential that this Court order immediate alcohol and drug testing of the Plaintiff since she has admitted in the very photographs she posts to the internet that she uses both. I am concerned that Plaintiff's admitted alcohol and