FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------x
In the Matter of a Custody/Visitation Proceeding    File #:      128425
                                                    Docket#:    V-42873-10

EMILIE BOSAK,
        Petitioner,

-against-                                           **AFFIDAVIT**

MANUEL P. ASENSIO,
        Respondent.
----------------------------------------------------------x
SATE OF NEW YORK    }
COUNTY OF NEW YORK  } ss:

GEETA POOLSINGH, being duly sworn, deposes and says the following in support of the present motion:

1. I have worked for Manuel Asensio and Emilie Bosak since 2003, a year before their daughter Eva's birth.

2. As stated in all my letters I do not want to be part of this litigation. My only concern in this matter is Eva's best interest.

3. Emilie has not been sleeping in the same room as Manuel since early 2007. They have been separated for the past four (4) years since then.

4. In 2008 I witnessed Manuel suffer from depression due to his business. Emilie was indifferent towards Manuel.

5. Emilie had Manuel wrongfully arrested on September 13, 2010. From my experience of working with the family for seven and half years I have never witnessed any form of physical or verbal abuse from Manuel towards Emilie or Eva.

6. Manuel has strong family values which have created some differences between Manuel and Emilie in the marriage. Emilie wanted to do fashion

design. However, Manuel opposed it because he needed her help to save the family business. Emilie refused to provide him with any assistance.

7. Emilie should have not gone to court to get an Order to remove Manuel's visitation rights with Eva. Eva was in Florida with her Father and not in any danger. Eva was on vacation from school so Manuel took her to visit her sick grandmother and her two elderly relatives in Miami. I do not agree that Manuel cannot see his daughter until further Court Order.

8. Last Friday evening, on February 18, 2011, I met Manuel and Eva in front of 747 Third Avenue, New York, New York. I took Eva with me to 62 Cooper Square, apartment 10B at approximately 7:40p.m. I left Eva at home with Emilie. To my knowledge Eva is currently with her mother.

Wherefore, I ask that the Order to Show Cause issued on February 15, 2011 and the underlying Order of February 16, 2011 on which it is based, also be vacated.

_____
GEETA POOLSINGH

Sworn to before me on this
22nd day of February, 2011.

_____
NOTARY PUBLIC

JOHN P. KEIL
Notary Public, State of New York
No. 02KE6057479
Qualified in King County
Commission Expires 06/08/2011

# EXHIBIT 5

FAMILY COURT OF THE COUNTY OF NEW YORK
COUNTY OF NEW YORK

File #: 128425

Docket #: V-43839-13/13A

MANUEL P. ASENSIO,

                      Plaintiff

-against-

EMILIE BOSAK,

                      Defendant.

**PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS BY DEFENDANT**

      **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules, Plaintiff Manuel P. Asensio ("Asensio") hereby requests that defendant Emilie Bosak ("Bosak") produce for inspection and copying the documents described below (the "Document Requests") at the offices of Manuel P. Asensio, 400 East 54th Street, New York, New York 10022 on or before October 15th, 2015 at 10:00 a.m.

## DEFINITIONS

For the purpose of these demands, the following terms shall be defined as follows:

1.    "Settlement" means all papers related to the parties July 21, 2010 divorce agreement up through their last agreement on September 7th, 2010 before the first arrest on September 13, 2010

2.    "Asensio" means Manuel P. Asensio-Garcia.

3.    "Documents" include, without limitation, the originals and each and every written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent, received or neither, including originals, all copies, and all drafts and both sides thereof, and including, but not limited to: papers; books, handwritten notes; publications; book entries; letters; correspondence; telegrams; cables; telex messages; memoranda (whether formal, informal, to the file, otherwise), notes; notations; interviews; notes of interviews; bulletins; notices; announcements; minutes; folios; transcripts;

affidavits; statements; summaries; opinions; court pleadings; stenographic notes; indices; analyses; questionnaires; answer to questionnaires; telephone logs; lists; minutes of meetings and other minutes; test reports; performance reports; other reports; recording of telephone conversations; interviews; conferences, meetings; or other conversations; contracts, agreements; invoices; checks; bills; receipts; desk calendars; appointment books; photographs; microfilms; communiques; computer printouts; data processing input and output; e-mail; any retrievable data whether in computer storage, carded, taped, coded, or stored electrostatically, electromagnetically or otherwise, and all transcripts thereof; programming instructions and other material necessary to understand the above-mentioned computer-related items; all other records kept by electronic, photographic or mechanical means; all other writings; and all things similar to any of the foregoing, regardless of their author or origin, however denominated. The word "document" also includes voice recordings and reproductions, film impressions of any of the aforementioned writings as well as copies of documents of which the originals are not in the possession, custody or control of Bosak.

4. The terms "concerning," "relating to," "referring to," "pertaining to," "reflecting," evidencing," and "constituting" are used, for purposes of these Document Requests, as equivalent terms, each including the others.

5. The terms "any," "all," "each," and "every" shall each be construed as meaning any, all, each, and every.

6. The term "including," shall mean including without limitation.

7. The singular includes the plural and vice-versa.

8. The terms "and" as well as "or" shall be construed both conjunctively and disjunctively as necessary in order to bring within the scope of the Document Requests all responses which might otherwise be construed outside its scope.

9. All words, terms and phrases not specifically defined in these Document Requests are to be given their normal and customary meaning in the context in which they are used in these document requests herein.

## INSTRUCTIONS

1. Unless otherwise specified, the requests shall require the production of all responsive documents, for the period February 2007 to the present, inclusive, pertaining to the events described in Exhibit A hereto titled "List of 16 Events and Dates referred to in Request of Production."

2. The requests which follow are to be regarded as continuing in nature, so that further, more complete and supplemental responses must be served immediately if Bosak obtains further, more complete, or new information or documents prior to the

final disposition of this matter.

3. Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

4. Each request for documents calls for the production of all responsive documents in Bosak's possession, custody or control or available to Bosak, or other persons acting on Bosak's behalf, in Bosak's employment, or under its direction and/or control of Bosak's agents or representatives.

5. All documents produced pursuant to these requests must be produced. Bosak is to indicate the paragraph or subparagraph of the particular request in response to which each document is produced.

6. Where a document is not produced because of a claim of privilege, the following information must be supplied for each such document:

    a) the nature of the privilege being claimed (if work product, identify the case or matter for which the document was created);
    b) the type of document;
    c) the general subject matter of the document;
    d) the date of the document; and
    e) such other information as is sufficient to identify the document, including, where appropriate, the author(s) of the document, the addressee(s) of the document, the identity of any person the document was sent to or reviewed by, or any person who had an opportunity to review such document and, where not apparent, the relationship of the author and the addressee to each other.

7. If any portion of any document is responsive to any Document Request, the entire document must be produced.

8. If any of these Document Requests cannot be satisfied in full, Bosak is to produce documents to the extent possible, specifying the reason for their inability to produce further documents, and stating what knowledge, information or belief Bosak has concerning the un-produced portion.

9. If a document that is responsive to a Document Request was, but is not now, in Bosak's possession, custody or control, Bosak must provide a statement with following information:

    a) Whether the document is still in existence, and if so, the name and address of each person in whose custody a copy of the document can be found;
    b) Whether the document has been lost or destroyed, and if so, why and by

        whom;

    c) Whether the document has been otherwise disposed of, stating who disposed of it, and the date and manner if disposition; and

    d) A description of the contents of the document, the names of the author(s) and addressee(s) of the document and any other person who the document was sent to, reviewed by or had an opportunity to review such document, and the date the document was created.

10. All documents are to be produced in the form and in the same order within each file which they existed prior to production, and the file folders, boxes or other containers or bindings in which such documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box or other binding container.

11. All documents which cannot be legibly copied must be produced in their original form.

12. With respect to any documents stored in a computer data base, including electronic mail and or text messages, Bosak must provide both a hard copy printout of the document, as well as a copy of the computer or electronic tape, disc or other electronic medium on which the document is stored, including all backups and archives of such computer or telephone database.

## DOCUMENT REQUEST

1. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***first false arrest of Asensio on September 13, 2010 and his removal from his place of residence***. If any oral statement was made, indicate:

    a)    the date of the oral statement;
    b)    the name, title and description of the individual making the statement;
    c)    the location where the statement was made;
    d)    the name, address and the title of the individual who heard the oral statement; and
    e)    the substance of the oral statement.

2. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***first use of false arrest of Asensio in Family Court on December 8, 2010***. If any oral statement was made, indicate:

    a)    the date of the oral statement;

       b)    the name, title and description of the individual making the statement;
       c)    the location where the statement was made;
       d)    the name, address and the title of the individual who heard the oral statement; and
       e)    the substance of the oral statement.

3. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to ***the first case of fraudulently obtaining arrest warrant and visitation suspension in Ex Parte Filing against Asensio on February 15, 2011 during the school winter break***. If any oral statement was made, indicate:

       a)    the date of the oral statement;
       b)    the name, title and description of the individual making the statement;
       c)    the location where the statement was made;
       d)    the name, address and the title of the individual who heard the oral statement; and
       e)    the substance of the oral statement.

4. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***second use of false arrest of Asensio in Family Court on March 29, 2011***. If any oral statement was made, indicate:

       a)    the date of the oral statement;
       b)    the name, title and description of the individual making the statement;
       c)    the location where the statement was made;
       d)    the name, address and the title of the individual who heard the oral statement; and
       e)    the substance of the oral statement.

5. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***second false arrest of Asensio on May 12, 2011***. If any oral statement was made, indicate:

       a)    the date of the oral statement;

      b)     the name, title and description of the individual making the statement;
      c)     the location where the statement was made;
      d)     the name, address and the title of the individual who heard the oral statement; and
      e)     the substance of the oral statement.

6. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to ***the second false arrest warrant against Asensio on June 19, 2011 during Father's Day***. If any oral statement was made, indicate:

      a)     the date of the oral statement;
      b)     the name, title and description of the individual making the statement;
      c)     the location where the statement was made;
      d)     the name, address and the title of the individual who heard the oral statement; and
      e)     the substance of the oral statement.

7. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to ***the filing of a false police report against Asensio in an attempt to obtain a second arrest warrant and perjury in Court filing alleging imminent arrest on September 5, 2011***. If any oral statement was made, indicate:

      a)     the date of the oral statement;
      b)     the name, title and description of the individual making the statement;
      c)     the location where the statement was made;
      d)     the name, address and the title of the individual who heard the oral statement; and
      e)     the substance of the oral statement.

8. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***fourth use of false police report in Family Court of Asensio***. If any oral statement was made, indicate:

      a)     the date of the oral statement;
      b)     the name, title and description of the individual making the statement;
      c)     the location where the statement was made;
      d)     the name, address and the title of the individual who heard the oral statement; and
      e)     the substance of the oral statement.

9. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to ***the second case of fraudulent visitation suspension in Ex Parte meeting without filing against Asensio on September 8, 2011***. If any oral statement was made, indicate:

      a)     the date of the oral statement;
      b)     the name, title and description of the individual making the statement;
      c)     the location where the statement was made;
      d)     the name, address and the title of the individual who heard the oral statement; and
      e)     the substance of the oral statement.

10. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to ***third false police report executed at child's school on Asensio on December 5, 2013 (as retaliation to Custody Petition)***. If any oral statement was made, indicate:

      a)     the date of the oral statement;
      b)     the name, title and description of the individual making the statement;
      c)     the location where the statement was made;
      d)     the name, address and the title of the individual who heard the oral statement; and
      e)     the substance of the oral statement.

11. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***third false arrest of Asensio on March 12, 2014***. If any oral statement was made, indicate:

      a)    the date of the oral statement;
      b)    the name, title and description of the individual making the statement;
      c)    the location where the statement was made;
      d)    the name, address and the title of the individual who heard the oral statement; and
      e)    the substance of the oral statement.

12. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***fourth use of false arrest in Family Court of Asensio on March 24, 2014***. If any oral statement was made, indicate:

      f)    the date of the oral statement;
      g)    the name, title and description of the individual making the statement;
      h)    the location where the statement was made;
      i)    the name, address and the title of the individual who heard the oral statement; and
      j)    the substance of the oral statement.

13. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***fourth false police report on Asensio on May 11, 2014, Mother's Day (for use in Family Court presentation)***. If any oral statement was made, indicate:

      a)    the date of the oral statement;
      b)    the name, title and description of the individual making the statement;
      c)    the location where the statement was made;
      d)    the name, address and the title of the individual who heard the oral statement; and
      e)    the substance of the oral statement.

14. Each and every statement, signed or unsigned, or any recorded statement made by or taken from any party, servants and employees, now in your possession, custody or control, or in the possession, custody or control of any of your agents, or in the possession of any other person, if such statement bears in any manner on the issues in this action, including, but not limited to, any alleged admissions of the events that led to the ***fifth false police report on Asensio of Frenchwoods on July 10, 2015***. If any oral statement was made, indicate:

      a)    the date of the oral statement;
      b)    the name, title and description of the individual making the statement;
      c)    the location where the statement was made;
      d)    the name, address and the title of the individual who heard the oral statement; and
      e)    the substance of the oral statement.

15. To the extent not already demanded, the Documents that Bosak will rely on at trial *to* establish each and every affirmative defense.

16. To the extent not already demanded, the Documents that Bosak will rely on at trial to establish its defense against Asensio.

17. To the extent not already demanded, all Documents that Bosak intends to introduce at trial.

Dated: October 8, 2015

*(signature)*
Manuel P. Asensio
Plaintiff, Pro Se
400 East 54th Street, 29B
New York, New York 10022
(212) 702-8801

TO:
Carmen Restivo
299 Broadway Ste 1415
New York, NY 10007
(718) 767-3798

**PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS BY DEFENDANTS**

**LIST OF 17 EVENTS AND DATES REFERRED TO IN REQUEST FOR THE PRODUCTION**

1. Stalking and physically violent attack by Defendant, Father's Day 2010
2. Separation and Final Settlement, February 2007 to September 7th, 2010
3. First **False Arrest**, September 13, 2010
4. First **Use for false police reports** and arrest in Family Court, December 8th, 2010
5. First Case of **fraudulently obtaining arrest warrant and visitation suspension** in Ex Parte filing, Easter Break, 2011
6. Second **Use for false arrest** in Family Court, March 29, 2011
7. Second **False Police report** and **False Arrest**, May 2011 (retaliation for order to vacate alleged martial property)
8. Second Case of **false police report** to **fraudulently obtaining arrest warrant**. Father's Day 2011
9. Third filing of **false police report** in fraudulently attempt to obtain second arrest warrant and perjury in court filing alleging imminent arrest, September 5th, 2011
10. Fourth **Use for false police report** and arrest in Family Court, September 6th, 2011
11. Second Case of **fraudulent visitation suspension** in Ex Parte meeting without filing, September 8th, 2011
12. Third **false police report** executed at child's school in retaliation to filing of Custody Petition, December 5th, 2013
13. Third **False Arrest**, March 12, 2014
14. Fifth **false police report**, Mother's Day 2014 (for use in Family Court presentation)
15. Fourth **Use for false police reports** and arrest in Family Court, March 24, 2014
16. Fifth **false police report**, Frenchwoods Two, July 10, 2015.

**MOTION SEQUENCE NUMBER 3**
October 10, 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, MATRIMONIAL PART
---------------------------------------------------------------------x

EMILIE BOSAK

                Plaintiff,        INDEX NO.
                                                300417/2011

    -against-

MANUEL P. ASENSIO,

                Defendant.

---------------------------------------------------------------------x

Manuel P. Asensio
Defendant
400 East 54th Street, Apartment 29B
New York, New York 10022
917-515-5200
mpa@asensio.com


Emilie Marie Bosak
Plaintiff
355 East 72st Street, Apartment 17C
New York, NY 10021
(917) 579-1413
emilie.bosak@gmail.com

`1