THE COURT OF APPEALS
NEW YORK STATE
-------------------------------------------------x
MANUEL P. ASENSIO,
        Petitioner-Appellant

-against-

Hon. Nancy M. Bannon
New York State Supreme Court Justice,
New York County,

        Respondent-Respondent
-------------------------------------------------x
STATE OF NEW YORK   )
                              ) ss:
COUNTY OF NEW YORK  )

APL No. 2017-00246
[A.D. No. O.P. 125/2017]

**MOTION FOR AN ORDER TO SHOW CAUSE FOR AN EMERGENCY STAY**

    **UPON READING** the affidavit of the Petitioner-Appellant, Manuel P. Asensio, duly verified and sworn to on the 16th day of January, 2018, and the supporting papers thereto, let the Hon. Nancy M. Bannon, the above-named Respondent-Respondent, show cause before the Court of Appeals at _____ on___ day of _____, 2018, or as soon thereafter as counsel can be heard why an order should not be issued as follows:

1. Staying all proceedings upon such terms as may be just in the matter captioned <u>Manuel P. Asensio v. Emilie Bosak</u>, Family Court of the State of New York, County of New York, File No. 128425, Docket No. V-43839-13/13A and the matter captioned <u>Emilie Bosak v. Manuel P. Asensio</u>, Family Court of the State of New York, County of New York, File No. 128425, Docket No. V-38917-15/15A over which Magistrate Adetokunbo O. Fasanya is presiding, and

2. For such other and further relief as this Court deems just and proper.

Sufficient reason appears therefore,

**IT IS ORDERED** that the matter captioned <u>Manuel P. Asensio v. Emilie Bosak</u>, Family Court of the State of New York, County of New York, File No. 128425, Docket No. V-43839-13/13A and <u>Emilie Bosak v. Manuel P. Asensio,</u> Family Court of the State of New York, County of New York, File No. 128425, Docket No. V-38917-15/15A over which Magistrate Adetokunbo O. Fasanya is presiding be **<u>Stayed</u>** pending hearing and determination of the present appeal of Original Proceeding Article 78 Petition Number 125/2017, and the Petitions pursuant to Article 78 filed under Index Numbers 155833/2017 and 156692/2017 presided over by the Respondent-Respondent Hon. Nancy M. Bannon; and

**IT IS ORDERED** that in the event this Order to Show Cause is denied said written decision and order must state a finding of facts, reasoning and application of law for the denial. The factual allegations and legal issues pertaining to Magistrate Adetokunbo O. Fasanya's conscious wrongdoing by way of administrative orders and deliberate and malicious non-judicial acts, which the Supreme Court, Appellate Division, First Department has declined to review, which are contained in present Article 78 Original Proceeding 125/2017 being appealed at the Court of Appeals and the Petitions pursuant to Article 78 filed under Index Number 155833/2017 and 156692/2017 and alleged to have been executed personally by Magistrate Adetokunbo O. Fasanya in the matters captioned <u>Manuel P. Asensio v. Emilie Bosak</u>, Family Court of the State of New York, County of New York, File No. 128425, Docket No. V-43839-13/13A and <u>Emilie Bosak v. Manuel P. Asensio,</u> Family Court of the State of New York, County of New York, File No. 128425, Docket No. V-38917-15/15A.

**IT IS FURTHER ORDERED** that service of a copy of this executed Order to Show Cause and the papers upon which it is based be made by overnight FedEx delivery on Respondent-Respondent Hon. Nancy M. Bannon and her Counsel, and on Hon. Adetokunbo O. Fasanya ___ day of _____, 2018 and be deemed sufficient service.

ENTER,

_____
J. C. A.

Manuel P. Asensio
400 E. 54th Street, Apt. 29B
New York, NY  10022
917-515-5200
mpa@asensio.com

Petitioner-Appellant signature pursuant to Sec. 130-1.1 of the Rules of the Chief Administrator, (22 NYCRR)

_/s/ Manuel P. Asensio_____

THE COURT OF APPEALS
NEW YORK STATE
---------------------------------------------------x
MANUEL P. ASENSIO,

          Petitioner-Appellant

      -against-

Hon. Nancy M. Bannon
New York State Supreme Court Justice,
New York County,

          Respondent-Respondent
---------------------------------------------------x

APL No. 2017-00246

[A.D. No. O.P. 125/2017]

**VERIFICATION**

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

    I, Manuel P. Asensio, swear that I am the Petitioner-Appellant in the above captioned matter that I am fully familiar with the facts and record of this action and that the statements I made in the **MOTION FOR AN ORDER TO SHOW CAUSE FOR AN EMERGENCY STAY** dated January 16, 2018 are complete and true to the best of my own personal knowledge, except as to matters stated upon information and belief and on those matters I swear solemnly that I believe them to be true to the utmost of my knowledge and belief.

                                              I do so swear:

                                              _____
                                              Manuel P. Asensio

Sworn to before me this the 16th day of January 2018:

_____
Notary Public

SAMUEL T RICHMAN
Notary Public, State of New York
No. 01RI6339167
Qualified in Kings County
Commission Expires March 28, 2020

**THE COURT OF APPEALS**
**NEW YORK STATE**

---------------------------------------------x
MANUEL P. ASENSIO,
           Petitioner-Appellant

-against-

Hon. Nancy M. Bannon
New York State Supreme Court Justice,
New York County,

           Respondent-Respondent
---------------------------------------------x

APL No. 2017-00246
[A.D. No. O.P. 125/2017]

**AFFIDAVIT IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE FOR AN EMERGENCY STAY**

STATE OF NEW YORK  )
                         ) ss:
COUNTY OF NEW YORK  )

1. I swear that I am Manuel P. Asensio the Petitioner-Appellant in the above-titled proceeding. I swear that I am familiar with the statutes and common law, factors, facts and circumstances related to this action and that the statements I make below are true and complete to the best of my knowledge. Further, I swear that I have taken into account all law, factors, facts and circumstances entitled of consideration before I make any statement in this affidavit based on information and belief.

2. This is an Affidavit in Support of an Order to Show Cause for an Emergency Stay of New York County Family Court Magistrate Adetokunbo O. Fasanya's proceedings in the Family Court Cases titled Manuel P. Asensio v. Emilie Marie

Bosak under Docket Number V-43839-13/13A and Bosak v. Asensio under Docket Number V-38917-15/15A ("Family Court Cases"). The Affidavit and Order to Show Cause are filed under the Petitioner-Appellant's Motion for Leave to Appeal to the Court of Appeal from the Appellate Division for the First Department ("A.D.")'s November 28, 2017 Denial and Dismissal of the Petitioner-Appellant's Original Proceeding Numbered 125/2017.

3. The Petitioner-Appellant has filed a "Notice of Motion for a Stay" and a "Memorandum of Law and Affidavit in Support of Motion for a Stay" to the Court of Appeal under **APL No. 2017-00246**. The Motion centers on the unconstitutional use of the Office of Court Administration's ["O.C.A."] executive powers to ignore the Petitioner-Appellant's reports against Magistrate Fasanya.

4. The Petitioner-Appellant never consented and objected for specific factual and legal reasons to Magistrate Fasanya's May 14, 2014 judicial appointment of a private attorney, Carmen Restivo, as a private-pay compensation. On April 21, 2015, after 11 months of constant litigation over Ms. Restivo's compensation and conduct, the Petitioner-Appellant's counsel advised Magistrate Fasanya, "if the attorney for the child's fees were to continue, then [the Petitioner-Appellant] has to withdraw, Judge." Magistrate Fasanya ruled, "as long as this case continues, Ms. Restivo remains on the case, my order continues, that's not changing." **Exhibit 2**

shows the Petitioner-Appellant and his counsel's clear and unequivocal formal withdrawal on April 21, 2015, which was filed with the Chief Clerk of New York County Family Court. In November 2015 and 2016, and March 2017, Magistrate Fasanya confirmed that the Petitioner-Appellant's "presence in this courtroom is a voluntary one.... There's no compulsion for [Petitioner-Appellant] to be present in this courtroom…. I will not…(repeat) I will not take any steps to compel [the Petitioner-Appellant] to come to court…. [Petitioner-Appellant is] free not to come to court" and that "All of [Petitioner-Appellant's] petitions are marked withdrawn."

5. Now the entire record and all of the parties, facts and legal matters related to Family Court Cases are at the Supreme Court in its Matrimonial Part and in Civil Part in action against Magistrate Fasanya. Yet Magistrate Fasanya is threatening to proceed without the Petitioner-Appellant and his petition that are in Supreme Court in Family Court.

**UCS'S UNCONSCITIONAL GRANT OF POWER AND IMUNITY FROM FACTUAL AND LEGAL REVIEW TO MAGISTRATE FASANYA**

6. the Motion for Leave to Appeal filed in the Court of Appeal's has allowed Magistrate Fasanya to act against the Plaintiff-Petitioner without performing any judicial function. The acts are in clear violation of personal and subject matter jurisdiction and violate clear statutory mandates and well-established common law standards. The acts violate Judiciary Law 100's civil rules of conduct, reason and

truth.

7. Any reasonable person familiar with the fact who possesses ordinary intelligence who reads the O.C.A. claim absolute immunity from factual review and legal error review by the A.D. and immunity from investigate for violations of Judiciary Law 100 and under the State's Penal Code.

8. This has allowed Magistrate Fasanya to deliberately prolonged a normal custody case for over four and half years left his actions in violation of his clear statutory mandates and case law including those governing fees and parental suspensions and Judiciary Law 100 unviewed for four and half years.

9. The Petitioner-Appellant has four Notices of Appeals ("N.O.A.") pending in the New York State Court of Appeals from five decisions of the A.D. There is an existing Emergency Motion for a Stay filed under APL No. 2017-00244 and APL 2017-00246 set for January 3, 2017. These appeals concern the A.D.'s denial of two Original Proceedings ("O.P.") Petitions for Writs of Mandamus against a New York County Supreme Court Judge Nancy M. Bannon to compel the judge to enter a decision on the Petitioner-Appellant's Motion for a Stay.

10. The Stay is necessary because the Judge has deliberately delayed the Special Proceedings for Writs of Prohibition. The Writs are against Magistrate Fasanya to

address his violations of his clear statutory mandates and fraudulent conduct in two cases The Judge also refused to enter decisions on the motions to default Mag. Fasanya for failing to enter his answer and file a record months after he was legally obligated to do so.

11. There is no doubt that a Stay of Family Court Cases on an Emergency basis is required. The facts and law are the same in the Family Court Cases and the Article 78s. The Supreme Court is obligated to develop the facts and hear evidence against Mag. Fasanya that he has refused to hear. The Supreme Court is obligated to supervise the Magistrate's administrative acts. Mag. Fasanya allowed the Petitioner-Appellant to withdraw his petitions. The Petitioner-Appellant has re-filed his petitions in Supreme Court as motions in its Matrimonial Part. The Motions contain constitutional issues that need a hearing in Supreme Court and charges against the Magistrate that the Magistrate refused to hear. The Stay will prejudice no party. The stay will preserve law, order, and the proper sequence of cases. Most importantly, it will protect the child who is Mag. Fasanya's real victim. Eva does not comprehend that Mag. Fasanya is not her moral, religious or academic instructor and is not a person who should affect her personal and emotional relationship with her father much less that Mag. Fasanya has acted and been allowed to act in direct violation of law and standards without the Petitioner-Appellant having as of right for a review.

12. In New York State, the Chief Judge holds four titles simultaneously and is the head of the Unified Court System's ["U.C.S."] administrative and legal function. The Chief Judge is the Chief Judge of the State, the Chief Judge of Court of Appeals, and the Chair of the Administrative Board of the Courts and as the establisher of the Office of Court Administration ["O.C.A."] appoints its Chief Executive Officer. The Chief Judge has authority to appoint and remove the O.C.A.'s deputies, assistants, counsel and employees, as deemed necessary including fixing their salaries. The Chief Judge is the State's sole and exclusive investigator of the state's judges with authority to intervene to regulate administrative off-the-record conduct while they are conducting proceedings. In this case, the Chief Judge not only declined to investigate and regulate Mag. Fasanya's conduct but also sanctioned it and wrongfully proclaimed that the A.D. would regulate Mag. Fasanya under the A.D.'s "normal channels of appellate practice." The A.D.'s 20 denials of all 20 of the Petitioner-Appellant's Motions to address Mag. Fasanya's violations of strict statutory mandates and well-established standards and in its allowance of fraudulent conduct even with regards to the most strongly worded judiciary limits reserved to control contempt powers under Judiciary Law 770. Instead, the A.D. allowed Mag. Fasanya to prolong the case for **4 and half years** proving the Chief Judge's proclamation to be unconstitutional.

13. This is an extraordinary case where the record proves beyond any doubt that the A.D. and two Supreme Court Judges have knowingly acted deliberately and unlawfully against the Petitioner-Appellant and his daughter and the fundamental intent of the Family Court Act and Mag. Fasanya's judicial purpose.

14. **Exhibit 1** is the Petitioner-Appellant's transmittal letter for the Emergency Motion to Stay dated December 27, 2017 under APL No. 2017-00244 and APL 2017-00246. This letter contains evidence demonstrating that the A.D. has used a complete and utter disregard of truth, reason, fairness, law, facts, factors and circumstances 20 times. Specifically, the Supreme Court judges and the A.D. have allowed a Magistrate in a limited jurisdiction inferior court to violate the Magistrate's clear statutory mandates and to prolong a simple plain-vanilla normal custody case between 2 fit parents for 4 and half years.

15. The A.D. and the two Supreme Court Judges have even ignored the Magistrate holding the Petitioner-Appellant in contempt in violation of reason and all statutes governing the judiciary in contempt proceedings. This includes as stated above Mag. Fasanya's violation of his obligations under Judiciary Law 770 to enter a written order identifying the party that has a right that the Petitioner-Appellant defeated, impaired, impeded or prejudiced, and how the Petitioner-Appellant violated the

party's right and showing evidence that alleged act was calculated to violate the party's rights.

16. In addition, at all times relevant to the contempt proceedings Mag. Fasanya had already released any personal or subject matter jurisdiction over the Petitioner-Appellant.

17. This case is supposed to be solely and exclusively a process to resolve real custody issues between two normal fit parents. The A.D.'s conduct proves beyond a reasonable doubt that it has undisclosed unspecified policies and standards that allow Magistrate Fasanya to violate clear judicial mandates and Judiciary Law 100 and to use his ministerial powers under Judiciary Law 2b-3 to falsify records. This case is unique because the Petitioner-Appellant is a father that took his case to the Chief Judge under a verified record at the OCA, which reveals the origins of the A.D.'s undisclosed unspecified policies and standards.

18. The A.D. and New York County Supreme Court Civil Part Judge Nancy M. Bannon and New York County Supreme Court Matrimonial Part Judge Laura E. Drager, and to a far lesser extent, New York County Supreme Court Civil Part Judge Lynn R. Kotler conduct in this case demonstrates the promulgation of the undisclosed unspecified policies and standards.

19. Together, the A.D. and two of these Supreme Court Judges, Judge Bannon and Judge Drager, are deliberately using their general ministerial powers under Judiciary Law 2b-3 to protect Magistrate Fasanya and deny the Petitioner-Appellant all of his rights. All are denying the Petitioner-Appellant his rights to access justice against Magistrate Fasanya and are denying the Petitioner-Appellant's parental right to educate his daughter and enjoy her companionship who is the purpose of the Petitioner-Appellant's life and all three are executing a two-step scheme.

20. The first step is to deny the Petitioner-Appellant a hearing on the unauthorized prejudicial and severely emotionally and financially damaging administrative acts that Magistrate Fasanya has orchestrated against him over the last <u>four and half years</u> and to allow Mag. Fasanya to enter a Final Disposition without opposition.

21. The Second step is to focus only on the Final Disposition. This will allow the U.C.S. to continue to ignore the Petitioner-Appellant's case. This case is at the Supreme Court in paper filings in the Matrimonial Part under motions and e-filed in the Civil Part under the Article 78 Petitions and in an Intentional Tort Case against Richard Spitzer, one of Magistrate Fasanya's judicial appointee that is discussed below.

22. There can be no doubt about what the U.C.S. will do after Magistrate Fasanya issues his Final Disposition. It will simply ratify Mag. Fasanya's findings without

the slightest consideration of truth, reason, fairness, law, facts, factors or circumstances including the Petitioner-Appellant's Custody Petitions and Petitions against Mag. Fasanya. This is what the A.D. and the Supreme Court have done and there is no reasonable basis to believe that their conduct will change after Magistrate Fasanya issues his Final Disposition.  The A.D. and Supreme Court have proven that the U.C.S. unidentified unpublished ideological policies are that the Petitioner-Appellant has no rights at all related to his own child or to hearings or fair decisions.

23.     Judge Bannon and Judge Drager are denying the Petitioner-Appellant's rights for decisions on his Motions for a Stay, to Consolidate, to Sequence cases and for Discovery to prove his case against Magistrate Fasanya. Judge Bannon is allowing Magistrate Fasanya to default and then deny the Petitioner-Appellant a decision on his motions for default.  Judge Drager is allowing the Mother to default on the Petitioner-Appellant's Motions and then deny the Petitioner-Appellant a decision on his motions for default.

24.     Judge Bannon is denying the Petitioner-Appellant a decision on his motion opposing the Chief Judge's finding that it is in the State's interest for the State Attorney General ("AG") to defend Magistrate Fasanya. The Chief Judge did not investigate the Petitioner-Appellant's allegations against Mag. Fasanya in the two Article 78s against Magistrate Fasanya. This includes Mag. Fasanya issuing interim

fee orders in favor of his judicial appointee without the Petitioner-Appellant's consent and over his strong objections and in direct violation of Mag. Fasanya's statutory mandates and well-established case law. It also includes Mag. Fasanya's custody suspension orders that he entered without a hearing or evidence and refused to render a decision on the Petitioner-Appellant's Motion to Vacate.

25. The most serious and most well documented evidence of Mag. Fasanya's fraudulent conduct is contained in the Article 78 showing Mag. Fasanya's undeniable collusion with Richard Spitzer to harass the Petitioner-Appellant in front his own blameless daughter. Mag. Fasanya actually charged the Petitioner-Appellant's attorney with contempt for accusing him of colluding with Mr. Spitzer. Faced with the facts Mag. Fasanya withdrew his charges.

26. Finally, the AD is withholding a decision on an Article 78 O.P. filed under Article 10 under O.P. 130. This Petition addresses the Chief Judge's decision to use undisclosed unspecified policies and standards in this case to defend Mag. Fasanya. The Petition also addresses the material conflicts of interest and constitutional issues of the O.C.A.'s policies and its defense of Mag. Fasanya.

27. The Petitioner-Appellant is an untenable position of having to oppose the entire U.C.S.' enforcement of undefined unpublished ideological policies and standards against the Petitioner-Appellant that has destroyed his ability to perform