**Manuel P. Asensio**
400 East 54th St., Apt. 29B
New York, NY 10022
Office: 212-702-8001 Cellular: 917-515-5200
mpa@asensio.com

**EMERGENCY**

January 8, 2019

*VIA ECF and Email to Abrams_NYSDChambers@nysd.uscourts.gov*

The Honorable Justice Ronnie Abrams
US District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom: 1506
New York, NY 10007

**Re:** *Asensio et al. v. DiFiore et al.,* **no. 1:18-cv-10933-RA**
Vacating the three So Orders ("So Orders") that contain an unauthorized endorsement, termination and stay that Your Honor entered on December 17 and 18, 2018, against the Plaintiffs' December 14, 2018, Motion for a Pretrial Conference and Scheduling Order under the Federal Rules of Civil Procedure 16 (a) (2) and (4) and Rule 78 (a) and the Plaintiffs' Objections and Opposition to the Defendants' Request for an Extension of Time of the Defendants' deadline to answer of December 17, 2018 ("Plaintiffs' Motion 1 and Opposition"), interim relief or in the alternative for Your Honor to recuse herself.

Dear Judge Abrams:

1.  This complaint[1] is based on an investigation of New York State Chief Judge Janet M. DiFiore's actions against the Plaintiffs that she executed outside of the law and includes her cover-up of her actions, actions that only she is responsible for executing. The Plaintiffs have demanded their right to confront Defendant DiFiore before a federal jury trial, not Your Honor, and have challenged the authority of a state attorney general to defend a state chief judge in such a case. The complaint presents a prima facie case of deliberate and malicious government acts, executed in clear absence of any government jurisdiction and outside of the law, against unalienable personal rights, which rights are untouchable under ancient, English, and US constitutional and supreme law by Defendant DiFiore. "Justice delayed is justice denied" is especially true in post-divorce judgment enforcement actions in child custody cases. Immediate interim relief is demanded.

---

[1] The Plaintiffs have proven the allegations against Defendant DiFiore through evidence obtained during an in-depth four-year investigation. The information obtained in the investigation verifies that Defendant DiFiore directed, authorized, instructed, coordinated, advised, and ordered over 120 senior state officials to take actions outside of their jurisdiction and outside of the law to protect Defendant Fasanya against the Plaintiffs' actions and to allow Defendant Fasanya to retaliate against the Plaintiffs. The Plaintiff simultaneously commenced his investigation and actions against Defendant Fasanya on May 15, 2014, and was forced to withdraw the case before Defendant Fasanya against Emilie Marie Bosak as a direct and immediate result of Defendant DiFiore's malicious and deliberate outside-of-the-law interferences.

2. A copy of the Plaintiffs' December 26, 2016 request and the cover page of the complaint is attached herein. The cover page serves to establish the gravity of Defendant DiFiore's individual actions against the Plaintiffs' life and liberty that need Your Honor's attention on an emergency basis before this case goes to a federal jury. This is a simple prima facie case of exalted government actions that should not be prolonged. Rather than endorse a motion to dismiss based on a disclaimer of federal jurisdiction and official immunity that cannot be apply to avoid federal judicial authority, Your Honor should be no less, and rightly more so, concerned with the Plaintiffs' ongoing damages.

3. In entering the So Orders, Your Honor has used her jurisdiction to act against all processes that are implicit in concepts of orderly justice and liberty in the same manner as the State Defendants by departed from all accepted ethical legal principles and courses of action in judicial proceedings. Your Honor acted outside of law, violated US constitutional law and US Supreme Court law, defying the fundamental premises found in the Magna Carta and in the English courts that preceded the Magna Carta, which have been incorporated in US Supreme Court law. Your Honor effectively endorsed the State Defendants' own departures from law and then directed the Clerk of the Court to "terminate" the pending Motion 1 with the So Orders. Your Honor has created the appearance of having (i) no intention of allowing this matter to proceed to trial by a federal jury; (ii) no intention of protecting the Plaintiffs' rights, life, and liberty; and (iii) no intention of allowing a hearing of the facts, factors, and circumstances that constitute the Plaintiffs' cause of action. The basic facts to be judges by a jury are self-evident. The Plaintiffs commenced this action against Magistrate Adetokunbo O. Fasanya on May 15, 2014. Defendant DiFiore banned the Plaintiffs' actions and allowed Defendant Fasanya to retaliate against the Plaintiffs' unalienable rights.

4. It is the Plaintiffs' position that Your Honor went to the extent to "terminate" the Motion 1 and Opposition to avoid addressing the legal questions arising from the governor and state attorney's decision to ignore their inherent official duties to investigate the Plaintiffs' allegations against Defendant DiFiore. It is irrational and absurd to allow such a concentration of absolute power to be used against the Plaintiffs' unalienable private rights without serious review upfront, as a first order of business. Allowing the state attorney general, who acted outside of the law and without conducting due diligence while representing Defendant DiFiore and Defendant Fasanya in New York State, to now jointly represent herself, the governor, Defendant DiFiore, and Defendant Fasanya in federal court still without complying with her inherent official duties would create an enormous conflict of interest and issue of fact that a federal jury should decide—not Your Honor.

5. *Asensio et al. v. DiFiore et al.* is the first federal lawsuit filed seeking relief and redress from past and ongoing damages caused by a state chief judge, namely New York State Chief Judge Janet M. DiFiore, who has engaged in deliberate, malicious misconduct outside of the law in domestic relations cases[2] under the protection of the federal courts. The questions of federal law

---

[2] This case concerns Defendant DiFiore's interference in a post-divorce judgment enforcement case. It concerns state interference in child-rearing issues involving freedom of speech, religion, and political expression, and judgments related to morals such as sexual behavior, drug use, work, and education ethics and the honoring of family heritage and unity. These matters cannot be adjudicated by government-set standards or neutral principles.

that should be settled by Your Honor before jury trial are raised by the Plaintiffs in the Motion 1 and Opposition, not the Defendants. Your Honor has wrongfully and summarily dismissed these questions without process, comment, or consideration and endorsed the State Defendants' "memo," which is the term Your Honor placed upon the State Defendants' brief letter filled with conclusions of fact presented without the statement of specific supporting evidence.

6.  The extent of Defendant DiFiore's official misconduct is proven by her intervention in 17 legal and administrative proceedings to protect Defendant Fasanya and at the same time protect, preserve, and perpetuate her outside-of-the-law domestic relations scheme. Defendant DiFiore is acting the same way before Your Honor as she did in the state proceedings. Therefore, the Plaintiffs must be straightforward and open with Your Honor in setting forth the reasons behind the urgent need to vacate the So Orders and deal with the ongoing damages forthwith.

7.  The implied judgments and decisions in Your Honor's So Orders directly contradict and conflict with the most basic principles of every relevant US Supreme Court domestic relations decision made in child custody cases and those involving the exalted state government acts that are the Plaintiffs' cause of action. This case must be heard by a federal jury, with the obvious need for strict independence from the comity between state and federal government in general and specifically state-federal judicial-comity bias. Only a federal jury can afford this protection. It would not be appropriate for comity, politics, or the state's financial interests to affect the judgment of a New York State federal judge assigned to this case against the New York State chief judge, governor, and the state attorney general, not the state legislatures or the People or New York State. The Plaintiffs, state citizens and legislative representative are blameless.

8.  For the reasons shown below, Your Honor's So Orders must be vacated. Alternatively, the Plaintiffs respectfully pray that Your Honor recuse herself. Your Honor should know and understand that she has wrongfully failed to consider the unique inherent national interest of this case, one which examines private citizens' absolute and most protected rights versus the State Defendants' exalted government actions, which actions were executed by commandeering a state's government by the individual acts of three individuals outside of law. Defendants DiFiore's response to the Plaintiffs' investigation is illegal and has been callous, brutal, and ferocious. Knowing the extent of the damages that the Plaintiffs have suffered, the So Orders clearly demonstrate wanton carelessness and ill will toward the Plaintiffs. Defendant DiFiore has mercilessly harmed the Plaintiffs, and this ongoing harm must not be prolonged as if these damages had no import.

9.  The So Orders create the appearance that Your Honor has deployed a strategy to exhaust the Plaintiffs' resources and take improper and unauthorized control of the contested facts central to the Plaintiffs' right to a jury trial under Rule 38. Your Honor has been assigned to this groundbreaking judicial corruption case not to try the facts and consider what is damaging to Defendant DiFiore, but to conduct a speedy hearing before a federal jury. Your Honor does not have any legal or political power, authority, right, privilege, or discretion to use her assigned jurisdiction to enter the substantial and material judgments that are concealed in the purportedly ministerial So Orders. Neither does Your Honor have any right to use the So Orders to directly contradict the Plaintiffs' factual allegations, which this Court must take to be true. The Plaintiffs' facts are certainly not to be considered any less than those of the State Defendants for any

legitimate reason. By summarily and deliberately (i) concealing Your Honor's judgments against the Plaintiffs, (ii) acting counterfactually against the heart of the complaint and the basic reasons for this case, (iii) concealing the factual allegations against the State Defendants, (iv) mercilessly prolonging the serious harm Defendant DiFiore is causing to the Plaintiffs while ignoring the Plaintiffs' prayers for interim relief and a conference call, and (v) "terminating" the Motion 1 and Opposition, thereby protecting the State Defendants from having to reply, and (vi) entering a Sua Sponte stay of the proceedings, Your Honor has created the appearance that she is ready, willing, and able to act outside of the law based on her personal concerns and political prejudices against the Plaintiffs.

10.    What is even more disturbing is that Defendant DiFiore has admitted that she believes herself to be operating under the protection of federal authority from under Article III jurisdiction. Defendant DiFiore cannot assume that the Plaintiffs' allegations against her of ongoing illegal, deliberate, and malicious conduct outside of law and any authorized official function are either true and then pray Your Honor use an already controversial disclaimer of jurisdiction over cases that formerly would have belonged to ecclesiastical courts protects her. This is the so-called domestic relations exception ("DRE")[3] that is at the heart of the Plaintiffs' complaint. Furthermore, this ecclesiastical reasoning begs one obvious question: If federal judges disclaim jurisdiction, how could New York State substitute the former ecclesiastical process for a process that is outside of the law?

11.    The fact is that the federal courts' Article III disclaimer is the proximate cause of the Plaintiffs' damages. If not for the protection afforded to Defendant DiFiore, the Plaintiffs would not have suffered damages. If not for the fact that New York State's judges have unilaterally abrogated the explicit statute, grant parents the explicit right to a cause of action against judges in family court (FCA 145) and the DRE, Defendant DiFiore would not be able to boldly exhibit her shameless contempt for law and reason and lack of apprehension before Your Honor. This also protects Defendant DiFiore from fear of public scrutiny, which would normally act as a deterrent. The DRE has allowed Defendant DiFiore to create outside-of-the-law processes that do not exist and cannot exist in the state's legal texts. Such conduct is prohibited and cannot be permitted under the DRE as a matter of fact and reason or under any ethical legal principles or widely held social norms. It is therefore entirely outside of the law and illegal and criminal under the laws governing state official conduct. It is particularly and utterly intolerable in domestic relations matters involving US citizens' most private freedoms and rights, which, according to US Supreme Court law, are more precious than property rights.

12.    The factors, facts, and circumstances and fact triable issues in this case include the following twelve: (1) the training of family court judges to direct and disturb proceedings for the purpose of violating constitutional rights in the Unified Court System's judicial institute, and the training and miseducation of court officers to enforce this illegal conduct by judges; (2) the use of

---

[3] The DRE has been widely criticized by legal scholars as an unfounded and unauthorized prejudicial denial of US citizenship rights that is linked to political ideology, which in reality means it is outside of the law and therefore impermissible. If anything, the DRE serves the Plaintiffs. All US courts, not just federal courts, must refuse to decide questions that cannot be judged through an application of neutral principles. Nonetheless, the DRE cannot be used to grant immunity to the illegal, deliberate, and malicious use of official and judicial ill will in domestic relations cases.

a committee of judges to render ethics opinions to protect deliberate and malicious judicial misconduct in family court; (3) securing the private undisclosed consent of the above concealed system for the governor and state attorney; (4) cooperating with and allowing favored parties to fabricate serial false domestic violence allegations without punishment or sanctions after they are dismissed; (5) fabricating unauthorized and impermissible so-called "interim" child custody suspensions; (6) using the chief judge's political power in all 17 state processes intended to protect the public from judicial corruption to actually protect judicial corruption; (7) fabricating unauthorized and impermissible so-called "supervised visitation" orders based on fabricated unauthorized and impermissible so-called "interim" child custody suspensions; (8) using concealed political rules to interfere with parent–child open communications; (9) unauthorized, deliberate, and malicious acts outside of any authorized jurisdiction or legitimate state purpose under the alleged justification of to remediate alleged past discrimination; (10) use of DRE and immunity claims to allege unconditional unlimited protection from all federal claims (including theft of $225,668.22 as part of Defendant DiFiore's illegal, prohibited, and impermissible domestic relations process, which costs New York State citizens over an estimated $350,000,000 annually); (11) alleged power to obligate the Plaintiffs to participate in Defendant DiFiore's scheme with her political rules and agents; and (12) the funneling of ill-gotten private funds into the Family Court's 18-b system to support political operatives who provide the family court with services in her public cases.

13.   The federal courts have thus far ignored the systematic miseducation of judges and court officers, the fabrication of charges, and fees, and processes, in domestic relations that do not exist in law–all of which are acts outside of the law and contemptuous of the US Supreme Court law's most protected and privileged individual rights and freedoms. The fact is that Defendant DiFiore has abused the DRE by using her raw will to deliberately and maliciously fabricate *confrontation, conflict, agitation, aggravation, disturbance, and disruption* in families. She regularly converts straightforward, plain, simple, routine, normal post-divorce judgment child custody enforcement cases in New York State into state-manufactured conflicts that do not exist in any legal text. Defendant DiFiore is deliberately using her raw will to create conflicts over questions of religion, morals, and personal preferences and prejudices that cannot be adjudicated through standards or neutral principles and that do not exist in any state law text.

14.   This case should go to trial on a time-is-of-the-essence basis. However, the Plaintiffs must be freed from Defendant DiFiore's vicious fabrications that she has deliberately and maliciously created in their private lives. The Plaintiffs pray that Your Honor vacate the So Orders and grant the Plaintiffs' interim relief or, alternatively, that she recuse herself.

I DO SO SWEAR TO BE TRUE,

_____
Manuel P. Asensio
Plaintiff

Sworn to before me this the 8th Day of January, 2019

_____
Notary Public

LING L WU
Notary Public - State of New York
No. 01WU6382499
Qualified in Kings County
My Commission Expires Oct. 29, 2022

5

Distribution:

Emilie Marie Bosak

The Honorable New York State Attorney General Letitia James, Chief of Staff and Deputy State Attorney General Attorney, Brian K. Mahanna, tasha.bartlett@ag.ny.gov

The Honorable Governor Andrew M. Cuomo, Governor's Chief Counsel and Principal Legal Advisor, Alphonso David, alphonso.david@exec.ny.gov

The Honorable Chief Judge Janet M. DiFiore, ucs-correspondence@nycourts.gov, Head of the Office of Court Administration, John W. McConnell, lcgreen@nycourts.gov

Jonathan D. Conley, Esq., jonathan.conley@ag.ny.gov

Rachel Ambats, Esq., rachel.ambats.esq@gmail.com