**Manuel P. Asensio**
400 East 54th St., Apt. 29B
New York, NY 10022
Office: 212-702-8001 Cellular: 917-515-5200
mpa@asensio.com

**<u>EMERGENCY</u>**

January 15, 2019

*VIA ECF and Email to Abrams_NYSDChambers@nysd.uscourts.gov*

The Honorable Justice Ronnie Abrams
US District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom: 1506
New York, NY 10007

**Re:**     *Asensio et al. v. DiFiore et al.,* **no. 1:18-cv-10933-RA**
          Pending Letter Motion to vacate three So Orders ("So Orders") and reaffirmation of
          Motion 1 for Interim Relief, Due Diligence on DiFiore-Fasanya Investigation and Article
          III jurisdiction, or in the alternative, for Your Honor to recuse herself.

          Third anniversary of Fasanya's January 15, 2016 illegal, baseless and retaliatory
          parenting suspension order against the Plaintiffs' unalienable rights and US Supreme and
          New York State laws (See Exhibits 1 and 2).

Dear Judge Abrams:

1.      Today marks the third anniversary of Fasanya's January 15, 2016 so called "interim"
parenting suspension order, which DiFiore has and continues to this day defend through private
acts that are outside-of-law. This complaint is supported by an attorney's fact-based legal opinion
finding that this so called "interim" order is "illegal."  This order was created entirely outside-of-
law through acts that no state official or judge is authorized to execute. Fasanya's outside-of-law
acts are not and cannot be authorized by statute or other legal text, by general ethical legal principle
or precedent. His "interim" order is diametrically the opposite of widely shared social goals for
family law and justice. This order has deeply and adversely affected the most private parts of
Plaintiffs' religious and personal lives and family matters. These are matters that are outside of
government's jurisdiction to regulate because they cannot be adjudicated through the application
of a neutral principle under New York State and US Supreme law. This order was entered without
authority, evidence, a trustworthy record, a hearing or fact-finding, and without any reasoning or
basis. Fasanya entered this order solely through his raw will based on his own interest, desires and
preferences, and deliberately and maliciously knowing that the order was unreviewable and
unappealable.

2.      Fasanya entered his January 15, 2016 so called "interim" parenting suspension order on a
"short order form."  The order was set to expire on January 27, 2016. This was the return date on

1  Bosak's motion seeking the suspension, which was actually entered in the Plaintiff's case against
2  Bosak.  On the January 27, 2016 return date the Plaintiff appeared for a hearing based on his first-
3  in-time violation petition, which Fasanya had ignored, and his reply and cross-motion to vacate
4  the suspension, and seeking sanctions against Bosak.  Fasanya ignored the return date and denied
5  the Plaintiff's repeated demands for a hearing. However, the hearing would have been futile since
6  Fasanya was Bosak's collaborator and the conscious wrongdoer, and since Fasanya controlled
7  what could occur in the courtroom through his and court officers' malicious inferences, and since
8  Fasanya was the finder of facts.   On February 8th, 2016 Fasanya continued to deny the Plaintiffs'
9  demand for a hearing and refused to give the Plaintiff any reason for the suspension.  On that day,
10 Fasanya said "no" to a hearing, and shamelessly added "you may ask [why I suspended you], but
11 I am not responding" to any questions about the so called "interim" suspension.

12

13 3.      Fasanya fabricated the January 15, 2016 "interim" parenting suspension against the
14 Plaintiffs, a father and daughter, after the Plaintiff had withdrawn on April 21, 2015 based on
15 Fasanya's gross misconduct on May 15, 2014. May 15, 2014 is the commencement date of the
16 Plaintiff's actions against Fasanya and the Plaintiff's investigation into New York County Family
17 Court's corrupt and unauthorized use years-long delays follows by "interim" suspensions against
18 non-custodial parents in post-divorce judgement enforcement actions. This investigation led to the
19 Plaintiff's investigation of DiFiore's policies of training, directing, authorizing, instructing,
20 coordinating, and advising over 120 senior state officials that operate a prohibited and
21 impermissible outside-of-law domestic relations process in New York State, which the Plaintiff
22 defines by using the acronym "PIDRP" in this complaint. DiFiore's outside-of-law sanctioning
23 and protection of Fasanya's January 15, 2016 "interim" parenting suspension led to this action.

24

25 4.      DiFiore has acted clearly outside-of-law against the Plaintiffs to abrogate the principles
26 and polices deeply embedded in US society and US law protecting family privacy, and parent-
27 child rights.  DiFiore's actions are plain malicious acts of retaliation for challenging the PIDRP
28 and for working to expose an estimated $350 million a year pay-to-play fee scheme that is in direct
29 violation of explicit law and based entirely deliberate and malicious violations of rights that are
30 precious and *more significant than other essential constitutional rights*. DiFiore has acted with
31 criminal indifference by violating a long line of US Supreme Court and the New York State's
32 Court of Appeal law honoring the right of a child to be raised without government intrusion by
33 both parents and finding that neither decisional rule nor statute can displace a parent, that courts
34 and law are powerless to supplant a parent and that plainly incorporate US Supreme Court law
35 holding parental rights to be essential liberty rights that should have protected the Plaintiffs from
36 government tyranny.

37

38 5.      Federal courts have no power or right, no constitutional or statutory authority, to disclaim
39 their Article III jurisdiction over the above rights and factual allegations against DiFiore.  Your
40 Honor's So Orders are counter-factual and a direct obstruction of truthful honest communications
41 and civil processes. Therefore, on this undeniably most important anniversary, the Plaintiffs
42 respectfully re-affirm their request that Your Honor vacate her So Orders and grant the Plaintiffs'
43 interim relief and a speedy trial, or in the alternative that Your Honor recuse herself.

44

45                                          I do so swear the above to be true,

46                                          _____
47                                          Manuel P. Asensio, Plaintiff

2

1    Distribution:
2
3    Emilie Marie Bosak
4
5    The Honorable New York State Attorney General Letitia James, Chief of Staff and Deputy State
6            Attorney General Attorney, Brian K. Mahanna, tasha.bartlett@ag.ny.gov
7
8    The Honorable Governor Andrew M. Cuomo, Governor's Chief Counsel and Principal Legal
9            Advisor, Alphonso David, alphonso.david@exec.ny.gov
10
11   The Honorable Chief Judge Janet M. DiFiore, ucs-correspondence@nycourts.gov, Head of the
12           Office of Court Administration, John W. McConnell, lcgreen@nycourts.gov
13
14   Jonathan D. Conley, Esq., jonathan.conley@ag.ny.gov
15
16   Rachel Ambats, Esq., rachel.ambats.esq@gmail.com