```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL P. ASENSIO, *individually and as the parent of E.A., a minor child,*

　　　　　　　　Plaintiffs,

v.

JANET DIFIORE, *Chief Judge of New York State*, BARBARA UNDERWOOD, *Attorney General of New York State*, ANDREW M. CUOMO, *Governor of New York State*, ADETOKUNBO O. FASANYA, *New York County Family Court Magistrate*, EMILIE MARIE BOSAK,

　　　　　　　　Defendants.

No.　18-CV-10933 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

　　On December 14, 2018, Plaintiff Manual P. Asensio, proceeding *pro se*, filed a letter requesting, among other things, that the Court schedule a pre-trial conference and hold oral argument on Defendants' anticipated motions to dismiss. On the same day, Defendants Janet DiFiore, Barbara Underwood, Andrew Cuomo, and Adetokunbo Fasanya requested an extension of time to respond to the Complaint. Defendant Bosak made the same request on December 17, 2018. Plaintiff subsequently filed two letter replies to Defendant Bosak's request for an extension, and another letter requesting a conference and an expedited briefing schedule. The Court granted Defendants' requests for an extension and set a briefing schedule for the motions to dismiss. The Court denied Plaintiff's request for a pre-trial conference and stayed the case pending resolution of the motions to dismiss.

On January 9, 2019, Plaintiff filed a letter motion requesting that the Court vacate its previous orders, hold a pre-trial conference, or alternatively recuse itself. On January 15, 2019, Plaintiff filed another letter motion seeking the same relief, to which the State Defendants responded.

Plaintiff's motions to vacate the Court's previous orders are denied. It is the Court's customary practice to grant a defendant's request for an extension of time to respond to a complaint when a credible basis for the request is articulated. The Court may also stay a proceeding in the interests of justice and judicial efficiency. *See Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time"); *S.E.C. v. Chestman*, 861 F.2d 49, 49 (2d Cir. 1988) (recognizing a district court can stay proceedings *sua sponte*). It is thus not uncommon for this Court to stay a case pending resolution of a motion to dismiss where, as here, subject matter jurisdiction is contested. *See, e.g., Tanvir v. Lynch*, No. 13-CV-6951 (RA), Dkt. 93 (S.D.N.Y. June 10, 2015) (order staying certain claims for which the Court's subject matter jurisdiction was in dispute). The Court will address the pending motions when they are fully briefed, prior to which no conferences will be held in light of the stay.

Plaintiff's motion for recusal has no basis in law or fact. Under 28 U.S.C. § 455, a federal judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Plaintiff's disagreement with the Court's prior orders has no bearing on whether the Court's impartiality can reasonably be questioned in this case. *See Devine v. United States*, No. 12 Civ. 2236(ALC)(DF), 2012 WL 4320608, at *1 (S.D.N.Y. Sept. 20, 2012) (citing *U.S. v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000)). Because "[a] judge is obligated not to

recuse h[er]self where grounds for recusal do not exist," Plaintiff's motion for recusal is denied. *United States v. Int'l Broth. of Teamsters*, 831 F. Supp. 278, 285 (S.D.N.Y. 1993).

Finally, the Court notes that Plaintiff has called—and attempted to visit—chambers, seeking in part to discuss the merits of this case. Plaintiff has been told repeatedly that such *ex parte* communications with the Court are not permitted. *See Leybinsky v. Innacone*, 2000 WL 863957, at *3 (E.D.N.Y. June 21, 2000) ("It is axiomatic that ex parte communications" concerning the merits of a case "are not permitted"). In addition, pursuant to the Court's Rules & Practices in Civil *Pro Se* Cases, all communications with the Court by a *pro se* party must be made through the *Pro Se* Intake Unit. Although the Court has authorized Plaintiff to file documents on ECF, this rule is still applicable to all other forms of communication. For the foregoing reasons, it is hereby ordered that Plaintiff cease calling chambers.

SO ORDERED.

Dated:   January 18, 2019
         New York, New York

Ronnie Abrams
United States District Judge

3