# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
: Index No. 153776/2017

EMILIE BOSAK,

      Plaintiff,        NOTICE OF CROSS MOTION TO
                    DISMISS AND OPPOSITION TO
                    PLAINTIFF'S MOTION

  - against -

MANUEL P. ASENSIO,

      Defendant.
-----------------------------------------------------------------X

PLEASE TAKE NOTICE that upon the annexed affirmation of Alexandria Lipton, Esq., dated October 18, 2017, in OPPOSITION TO PLAINTIFF'S MOTION AND IN SUPPORT OF CROSS MOTION the undersigned will cross move this Court at part 42, before the Honorable Nancy M. Bannon at 111 Centre Street, New York, New York on the 19th day of October 2017 or as soon thereafter as counsel can be heard for an order: (1) denying Plaintiff's motion declaring Defendant in default based on said failure to appear and answer; (2) permitting Defendant to serve an answer herein; (3) granting Defendant's motion to dismiss; (4) awarding Defendant counsel fees; and (5) such other and further relief as the Court may deem just and proper.

PLEASE TAKE NOTICE that pursuant to CPLR 2214(b), answering affidavits, if any are required to be served upon the undersigned at least seven (7) days before the return date of this motion.

Dated: Brooklyn
   October 18, 2017

                               _____
                               ALEXANDRIA LIPTON, ESQ.
                               192 Lexington Ave., Ste. 224
                               New York, NY 10016
                               917.902.0317
                               aliptonesq@gmail.com

TO:

MITCHELL CANTOR, ESQ.
Attorney for Plaintiff
355 Lexington Avenue, Ste. 401
New York, NY 10017

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
                                              :   Index No. 153776/2017
EMILIE BOSAK,                                 :
                                              :   MOTION TO DISMISS
                       Plaintiff,             :   AND REPLY
                                              :
       - against -                            :
                                              :
MANUEL P. ASENSIO,                            :
                                              :
                                              :
                       Defendant.             :
-----------------------------------------------------------------X

**ALEXANDRIA LIPTON**, an attorney duly admitted to practice law in the State of New York, affirms that the following is true under penalty of perjury:

1. I am the attorney for the Defendant, Emilie Bosak, in the above-captioned action and I am fully familiar with the facts and circumstances contained herein.

2. I submit this affirmation in this motion to deny Plaintiff's request for an order entering a default judgment against Defendant and to

3. dismiss Plaintiff's complaint against Defendant for breach of contract, which defendant submitted to this Court *one month following* his withdrawal of all of his pending petitions and motions before the Family Court and the Supreme Court, wherein he sought identical relief.

4. Plaintiff's instant complaint is simply the most recent example of his pattern of wasteful and frivolous abuse of both the plaintiff and the judicial system and it should be summarily dismissed. As aptly stated by the Honorable Adetokunbo O. Fasanya in his January, 2016 Decision wherein he granted Defendant's request for counsel fees pursuant to 22 NYCRR 130-1.1:

> "The only purpose this Court can find for the filing of multiple frivolous dockets and motions in this matter by Mr. Asensio is to harass the other party...Further, Mr. Asensio's withdrawal of all dockets, support the assertion that Mr. Asensio's intentions in filing these petitions and motions were to harass Ms. Bosak...this Court must conclude that Mr. Asensio's conduct...has been undertaken primarily to delay and/or prolong the resolution of the litigation, or in the alternative, to harass or maliciously injure Ms. Bosak. The Court finds that Mr. Asensio's conduct before this Court...has been patently frivolous...See Exhibit A.

4. The Plaintiff has continued his harassment of the Defendant and abuse of the justice system with yet another, new filing. After Judge Fasanya's ruling was entered, the Plaintiff withdrew his Family Court petitions in entirety. One month later, Plaintiff *filed two* motions in Supreme Court for the same exact relief sought in the Family Court. One was sought under the prior divorce docket number 30041/2011. The other, the instant complaint, was also initiated, though never properly served. After submission of a motion to dismiss the initial action, the Honorable Laura E. Drager, in her June 26, 2017 Decision where she granted the Defendant's motion to dismiss Plaintiff's motion, stated:

> *This is, for all intents and purposes, a Court of concurrent jurisdiction; this is not an Appellate Court. There is an aspect here of what could be forum shopping, to the extent that Mr. Asensio is not happy with how things are proceeding in Family Court, to think that he can come to another Court. If he felt that there were issues, rulings that were made by the Family Court that he felt were wrong, then his response would be to file an appeal of those Family Court Orders, not to seek to start the proceedings over in another Court...*

Regarding the Family Court proceedings, the Court noted that:

> *Ultimately, the trial...began in some fashion March 13, 2017 and yet...also in March 2017 the father again withdrew his applications, including his petition for custody; so that, in fact...the case did proceed to trial, or was proceeding to trial and it's my understanding that the trial was to continue today and that the parties, in fact, are to be in Family Court at 3:30... See* Exhibit B

## Brief Background

5. The parties entered into a separation agreement on April 30, 2013, after a multi-day custody trial. The Court granted the parties a judgment of divorce in August 2013, which incorporated the parties' agreement. *See* Exhibit C. This agreement granted primary residential custody of the Child to Defendant subject to Plaintiff's parenting time on alternate weekends and Wednesday evenings. The Agreement also provided Defendant with final decision-making on decisions for the Child after consultation with Plaintiff. *See id.*

6. Apparently unsatisfied with the agreed-upon custody arrangement as soon as the ink was dry, Plaintiff initiated a *pro se* petition in Family Court (Docket No. V-43839-13/13A) on November 20, 2013, a mere three (3) months after this Court signed the Judgment of Divorce, seeking 50/50 custody of the Child and sole decision-making on issues of education and religion[1]. Notably, the Plaintiff could have initiated his application in Supreme Court but did not, choosing to file in Family Court.

7. In the four (4) years that Plaintiff's post-judgment matter has been pending before Judge Fasanya in Family Court, Plaintiff has filed numerous additional frivolous motions to the Family Court and made spurious allegations against the Court, the Attorney for the Child, the Court-Appointed Supervisor, Rick Spitzer, and counsel[2]. Plaintiff's incessant motion practice ultimately led to the Court granting Defendant's request that permission be granted by the Court

---

[1] In addition to the above petition, from December 16, 2013 to December 24, 2013, a period of only eight (8) days, the Defendant filed five (5) family offense petitions (O-44317-13; O-44290-13; O-44324-13; O-44359-13; O-51787-13) and an Order to Show Cause alleging various baseless claims against Plaintiff. On December 17, 2013, Referee Tamar Schwartz dismissed docket O-44324-13 and Judge Sosa-Lintner dismissed docket O-44359-13. On December 24, 2013, Judge Adetokunbo O. Fasanya dismissed docket O-51787-13. On March 24, 2014, Defendant withdrew the remaining family offense dockets (O-44317-13 and O-44290-13) and sought to amend the underlying custody petition (V-43839-13/13A), which was granted. *See* Exhibit A.
[2] This does not even include the several applications that Defendant has made to the Appellate Division.

prior to filing any application. In addition to the delays that have resulted due to Plaintiff's incessant motion filing, Plaintiff has furthermore delayed the now four (4) year-long case by outright refusing to compensate the Attorney for the Child during the entirety of her appointment [since May 2014], requiring the Attorney for the Child to engage in motion practice in order to obtain payment. A detailed summary of his behavior is set forth in the Family Court's decision awarding Plaintiff counsel fees. *See* Exhibit A.

8. Finally, after many delays caused by the Plaintiff, on March 13, 2017, the same day that trial hearings were to commence, Plaintiff withdrew his pending modification petition and all other petitions and motions before the Family Court, stating on the record his intention to re-file the same case in Supreme Court! *See* Exhibit D. And barely one month later, Plaintiff did as he said, and filed the instant case, in addition to a motion for the same relief under a different docket. The Plaintiff's actions are evidence in themselves of an ongoing pattern of malicious and relentless harassment with the clear intent to injure the Defendant and prolong litigation.

## Jurisdiction

9. The complaint and motion should be dismissed pursuant to CPLR 5015(a)(4) and 308(1) on the grounds that the Court lacks jurisdiction because neither the complaint nor motion were properly served on the Defendant; or, if the Court finds jurisdiction, pursuant to CPLR 317, 3215, and 5015(a)(1), opening the default and allowing the Defendant Emilie Marie Bosak to defend on the merits in that she seeks a motion to dismiss the complaint pursuant to CPLR 3211 (a)(2), (4), (5), and (7).

10. It is settled law that CPLR 308 demands strict adherence and on its' face, Plaintiff's Affidavit of Service creates insurmountable jurisdictional defects. The affidavit states that the second service attempt was made on April 30, 2017 at 12:00pm and a third attempt to serve the Defendant was made on April 30, at 2:00pm. This does not constitute an appropriate attempt at

a different time of day. Furthermore, the affidavit itself states that the papers were left with the door attendant but does not name said person. Finally, the affidavit states that the papers were mailed but fails to state that the package was properly labeled "personal and confidential."

### Vacate Default

11. If the Court should find jurisdiction, then the Court should vacate any default and allow the Defendant to present a meritorious action pursuant to CPLR 317, which permits a defaulting party to defend an action on merits on a showing that it did not receive personal service in time to defend the action and that it has a meritorious defense. *Brooke Bond India, Ltd v. Gel Spice Co.,* 192 A.D.2d 458, 596 N.Y.S.2d 406 (1st Dept 1993). It is within the Court's discretion to set aside default to allow the Defendant to appear and answer. *Ladd v. Stevenson,* 112 N.Y. 325, 19 N.E. 842 (1889).

12. The Court may relieve a defaulting party "as may be just." In this case, Defendant's counsel on another case happened to discover that, many months after the filing of Plaintiff's complaint, Plaintiff filed a Request for Judicial Intervention and a Court date was set. Defendant's counsel immediately notified me. I, after executing a retainer agreement with Ms. Bosak, notified the Court and counsel of my intention to appear and answer the complaint and the need to adjourn the Court date in order to appear. Counsel stated that he did not file the RJI, was unaware of eh Court date, and had not spoken to his client. I asked him to forward the new Court date to his client and notify him that we intended to answer and appear. After submitting an affidavit of appearance and unavailability to the Court and counsel, and receiving an adjourn date for the initial hearing, I checked the NYCEF system and discovered that the Plaintiff had subsequently filed a motion requesting a default judgment against the Defendant. To this day, neither myself, nor my client has received proper service of any of the Plaintiff's filings.

Defendant moved quickly to seek relief when she caught wind of the impending action despite Plaintiff's failure to properly serve or provide notice.

13. "Whether there is a reasonable excuse for a default is discretionary, sui generis determination to be made by the Court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits." *Harcztark v. Drive Variety, Inc.*, 21AD 3d 876, 800 NYS2d 613 (2005).

14. Finally, the Plaintiff cannot demonstrate prejudice, the case is active and a Court date set. When the Plaintiff commenced this redundant action, the parties were engaged in a Family Court trial on the same issues, which has been litigated since 2013 before the Honorable Fasanya. Additionally, the Plaintiff was heard, in June 2017 before the Honorable Drager, on a motion with the same exact merits and demands, and his motion was summarily dismissed. Prior to that, the Plaintiff filed a similarly inappropriate complaint in 2016 before the Honorable Manuel J. Mendez, which was also summarily dismissed. *See* Exhibit E. The fact that the Plaintiff filed the herein complaint reflects his intent to harass and injure the Defendant. Plaintiff has not incurred prejudice, in fact it is the Defendant who is prejudiced in having to defend this action and has not delayed the case willfully, deliberately, or extensively.

### Improper Venue/Subject Matter Jurisdiction

15. As previously stated, the Plaintiff filed multiple petitions in Family Court, and then not liking the results, filed in Supreme Court, which resulted in a dismissal of Plaintiff's case. Any questions regarding the divorce stipulation are properly brought before either the Supreme Court Matrimonial division or the Family Court. Pursuant to CPLR § 3211(a)(2), in bringing this action, an action that solely relates to custody and visitation issues, in this Court in the form of a breach of contract case is wholly inappropriate. Plaintiff cannot obtain the remedy he seeks in

this Court as it has no authority to modify or enforce the Orders Plaintiff claims are being violated. What Plaintiff claims is a breach of contract is, per Plaintiff's allegations, a violation of a Court ordered stipulation incorporated into a Judgment of Divorce. The remedy for a violation of this order and agreement, is to either file for enforcement/modification of the Order in either the Court of original jurisdiction or the Family Court, or to file an appeal of the Order. The stipulation clauses are not meant to allow Plaintiff to harass and harm the Defendant through the legal system by filing repeated frivolous petitions against Defendant in every Court in New York. If there is a dispute regarding the stipulation, the proper venue for the dispute to be adjudicated is either the Family Or Matrimonial Supreme Courts, of which Plaintiff has already availed himself of both. Plaintiff does not have the right to forum shop by filing and withdrawing petitions, complaints, and appeals in every Court in New York.

16. Furthermore, Plaintiff's allegations are being addressed in the ongoing Family Court matter, and after four years in litigation, the Family Court, along with the Court appointed attorney for the child, is the most appropriate venue for the adjudication of the Plaintiff's claims, and moreover, the Supreme Court has already agreed with this assessment in denying and dismissing Plaintiff's prior two filings (Docket nos. 156422/2015 & 300417/2011).

**Forum Shopping**

17. The Plaintiff, after spending four (4) years in Family Court in connection with his petitions/motions, ultimately withdrew everything only to brazenly file an application in this Court and another Court seeking identical relief in a blatant attempt to forum shop. This intent is not even thinly veiled.

18. Plaintiff had every opportunity to file his initial petition seeking to modify custody in either the Family or the Supreme Court. He chose to file in the Family Court. Plaintiff clearly regrets *his choice* to pursue his frivolous filings in Family Court and now wishes to have a "do-

over" in several different Courts. The Plaintiff should not get a second, let alone a third, bite at the apple. This would result in a great injustice to the Defendant and the child Eva who has been represented by Carmen Restivo, Esq. since May 2014 in the Family Court proceedings. In sum, this complaint, filed by the Plaintiff, deeply "offends the sense of justice," and in the interests of justice, should be summarily dismissed as an obvious attempt to forum shop.

19. Furthermore, pursuant to CPLR § 3211(a)(4), a matter may be dismissed if there is another action pending between the same parties for the same cause of action in another Court. While Plaintiff may have dismissed all of his pending submissions in the Family Court, Defendant still has motions and a modification petition pending and the parties have completed a trial and are awaiting a decision from the Family Court on the very issues Plaintiff presents in his complaint. In fact, Plaintiff told the Court in that matter that he was refusing to appear for the trial because he didn't approve of the proceedings and forced the Court to proceed to inquest after litigating the case for four years. The Defendant filed a petition to modify the custody provisions of the Agreement in Family Court, seeking sole decision-making, on July 13, 2015. Plaintiff's instant complaint is frivolous, redundant, and disingenuous.

### Collateral Estoppel/Res Judicata

20. The Plaintiff's Motion should be dismissed summarily under the doctrine of collateral estoppel pursuant to CPLR § 3211(a)(5). The doctrine is meant to prevent exactly this type of dubious litigation. Under collateral estoppel and Res Judicata, the parties are precluded from litigating a second lawsuit using a different cause of action based on any issue of fact or claim common to both suits that had been litigated and determined in the first suit. Here, the doctrine clearly applies. The Plaintiff litigated this same issue before Justice Drager and there was a final determination resulting from Plaintiff's claims, which were substantively the same as the herein complaint, simply under the guise of a different claim. The Plaintiff filed two claims

for the same relief (changes in the custody order), presumably so that if he could not achieve the relief he sought in one claim he would pursue the other. That is exactly what Plaintiff did. He filed both claims, but did not pursue this complaint until his relief was denied in the first action before Judge Drager. Notably this is barely a year after Plaintiff filed his prior complaint as a tort claim, which was also summarily rejected by the Court. The fact that Plaintiff, in an attempt to circumvent the law and rules of fair play inherent to our justice system, filed his claims under different titles does not change the fact that all of the issues of fact asserted in both claims are the same, the relief requested is the same, and all of the issues are presently being litigated in Family Court where they properly belong.

### General Denial

21.   After failing to win on the merits of his numerous petitions and motions, the Plaintiff has resorted to filing another redundant and frivolous complaint. The Defendant silence on the underlying basis of the allegations should not be construed as an admission. The argument is a legal one, and requires no response to the spurious allegations contained therein. Plaintiff asserts that the Defendant's motion itself is a baseless attempt to circumvent the Family Court and Supreme Court rulings on the same issues and allegations and to continue to harass the Plaintiff and prolong resolution via frivolous litigation.

### Counsel Fees

22.   Pursuant to Judiciary Law Section 773, "It is well established that 'in view of [a party's] obstructionist and dilatory tactics an award of counsel fees to the opposing party is justified." *Rados v. Rados,* 133 A.D.2d 536 (4th Dept. 2010). The provisions of the Domestic Relations Law as to fees, applies in custody proceedings. *See,* Family Court Act 651; *O'Shea v. Parker,* 16 AD3d 510 (2nd Dept 2005). The Plaintiff has relentlessly pursued multiple frivolous filings in order to harass and intimidate the Defendant. The Plaintiff should not incur additional

counsel fees due to Plaintiff's dilatory tactics, meant to delay proceedings and intimidate the Defendant. Plaintiff continues to abuse the Defendant through the Court system via frivolous and insincere filings Defendant is forced to pay for the cost of defending. Adding insult to injury, Plaintiff has astronomical financial resources compared to the Defendant. Financially harming the Defendant through multiple frivolous filings appears to be one of the Plaintiff's goals.

23. In awarding counsel fees, the Court must consider these factors: (1) the nature and extent of the services rendered; (2) actual time spent; (3) the nature of the issues involved; (4) the professional standing of counsel; (5) the financial circumstances of the parties. The recalcitrant behavior in litigation also warrants the granting of counsel fees. *See Guzzio v. Guzzo* 110 Ad3d 765 (2nd Dept 2013). *See* Retainer.

24. Your Affirmant has been admitted to the Bar since 2011 and has engaged in extensive litigation in connection with domestic relations matters in both the Supreme and Family Courts throughout the region numbering well into the hundreds. In addition, your Affirmant has been a member of the New York City Women's Bar Association, the New York City Bar, and has been a member of the Children and the Law Committee, in addition to lecturing at New York Law School Family Law students. This Affirmant is additionally employed by the Office of Administrative Trials and Hearings as an Administrative Hearing Officer, rendering decisions on a variety of cases for the Environmental Control Board.

25. My hourly fee is $400, which is very reasonable for this region and these types of issues. Plaintiff has paid a $5,000.00 retainer, in anticipation of the total cost of pursuing this motion. To date, I have outlaid significant labor in this matter, having completed research and this motion, etc. Specifically, $2,673.33 has expended on Plaintiff's behalf.

Please note the following current bill :

| Date | Description | Time (min.) |
|---|---|---|
| 9/11/17 | client meeting | 40 |
| 9/26/17 | review file, phone call and email counsel<br>Phone call client | 80 |
| 9/28/17 | obtain documents for motion, case research | 40 |
| 10/4/17 | obtain documents for motion from Court | 20 |
| 10/13/17 | research motion, case review, drafting motion | 330 |
| 10/16/17 | draft and edit motion | 80 |
| 10/17/17 | finalize motion | 40 |

Total time in minutes = 630 / 60 = 10.5 hours * $400 per hour =     $4,200.00

26.     In addition to the above, your Affirmant believes a minimum of five (5) more hours will be spent on Reply papers and the next Court date. Additionally, the above total does not reflect, copying or filing costs, nor does it reflect the charge for the currently scheduled Court date of October 19, 2017. This will then conservatively add $2,000 to the amount already expended, bringing the legal fees earned through the currently pending motion to $6,200.00, not including costs.

27.     **Pursuant to CPLR 2217(b), no previous application for the relief requested herein has been sought in this or any other Court.**

WHEREFORE, it is respectfully requested that this Court dismiss Plaintiff's motion and complaint summarily and grant Defendant's request for counsel fees.

Dated: Brooklyn, New York
       October 18, 2017

ALEXANDRIA LIPTON, ESQ.
192 Lexington Ave., Ste. 224
New York, NY 10016
917.902.0317

aliptonesq@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼▼
In the Matter of

    Emilie Bosak,

                Plaintiff,

    -against-                                             **CERTIFICATION**

    Manuel P. Asensio

                Defendant.                  INDEX NO.: 153776/2017
▲▲▲▲▲▲▲▲▲▲▲▲▲▲▲▲▲▲

    I, ALEXANDRIA LIPTON, Esq., am admitted to practice law in the State of New York, and am an officer of the Court. I am counsel for the Plaintiff in the above-entitled custody and visitation action.

    I HEREBY CERTIFY TO THE COURT UNDER PENALTIES OF PERJURY THAT pursuant to **22 NYCRR 130-1.1-a**, I have no knowledge that the substance of the submission in the above AFFIRMATION IN SUPPORT and SUPPORTING DOCUMENTATIONS are false.

    In addition, I HEREBY CERTIFY TO THE COURT UNDER PENALTIES OF PERJURY THAT, pursuant to **CPLR 2217(b)**, no previous application for the relief requested herein has been sought in this or any other Court.

Dated :   October 18, 2017

          Brooklyn, NY

                                          Alexandria Lipton, Esq.
                                          192 Lexington Avenue, Ste 224
                                          New York, NY 10016
                                          917.902.0317
                                          aliptonesq@gmail.com