# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

MANUEL P. ASENSIO,

                       Plaintiff,

    -against-

EMILIE BOSAK,

                       Defendant.

-----------------------------------------------------------------x

INDEX NO.

**SUMMONS**

<u>Plaintiff's address:</u>
400 E. 54th Street
New York, NY  10022

**YOU ARE HEREBY SUMMONED**, to answer the amended complaint in this action and to serve a copy of your answer upon Plaintiff's Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
         April 26, 2017

Yours, etc.

_____
Law Offices of Mitchell Cantor
Attorney for Plaintiff
355 Lexington Avenue, Suite 401
New York, NY  10017
(212) 679-7820

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

MANUEL P. ASENSIO

      Plaintiff,      INDEX NO. 153776/2017

 -against-            AMENDED
                      COMPLAINT

EMILIE BOSAK,

      Defendant.
------------------------------------------------------------------x

  PLAINTIFF MANUEL P. ASENSIO, by his attorneys The Law Offices of Mitchell Cantor, 355 Lexington Avenue, Suite 401, New York, NY 10017, complains of the defendant as follows:

1. Plaintiff Manuel P. Asensio (henceforth "Plaintiff" or "Asensio" or "Father") is a natural person residing at 400 East 54th Street, New York, NY 10022.

2. Defendant Emilie Bosak (henceforth "Defendant" or "Bosak" or "Mother") is a natural person residing at 255 East 72nd Street, Apt. 17C, New York, NY 10021.

3. The parties executed a Prenuptial Agreement on March 18, 2003 and an Amendment to the Prenuptial Agreement dated May 12, 2003

4. The parties were thereafter lawfully married to each other on May 16, 2003 in a civil ceremony in New York, New York.

5. One child was born of the marriage between the parties, namely Eva Asensio, who was born on October 14, 2004 (henceforth the "Child" or "Eva".)

6. Irreparable and irreconcilable differences arose between the parties and in 2011 Defendant commenced an action for divorce in this Court against Plaintiff captioned

1

NYSCEF DOC. NO. 4
INDEX NO. 153776/2017
RECEIVED NYSCEF: 04/27/2017

Case 1:18-cv-10933-RA   Document 45-3   Filed 02/14/19   Page 4 of 14

Emilie Bosak v. Manuel P. Asensio-Garcia, Supreme Court of the State of New York, County of New York, Index No. 300417/11. (henceforth the "Divorce Action").

7. On or about April 30, 2013, the parties entered into a Stipulation of Settlement in the Divorce Action whereby they agreed to be bound by various and sundry terms and conditions including those relating to the education of the Child, the religious practices of the Child, custody and visitation of the Child and legal fees. Each party was represented by independent counsel of his or her own choosing. A copy of this Stipulation of Settlement (henceforth the "Stipulation") is annexed hereto as "Exhibit 1".

8. Article 2.2 of the Stipulation states that "the parties hereby consent to the personal jurisdiction of the Courts of the State of New York, in the Supreme Court of the State of New York...."

9. Article 5 of the Stipulation provides the terms and conditions agreed to by the parties concerning custody, parental responsibilities and parenting time.

10. Paragraph 5.1 of the Stipulation states that:

The Mother shall have legal custody and final decision making for the Child, subject to the Father's rights regarding consultation as set forth in this Article.

11. Paragraph 5.2 of the Stipulation states that:

The Father and Mother shall advise and consult with each other and shall attempt to mutually determine in good faith all matters concerning the Child's health (including but not limited to medical and dental decisions), religion (including religious education), education, including choice of schools, summer camps, or extracurricular activities, and college. If the need to make a Major Decision (as defined above in this 5.2 subparagraph) arises, either party may email the other party regarding the subject of the Major Decision and a proposed resolution. The other party shall respond to the email regarding the Major Decision within three (3) days after receipt, unless prevented by a verifiable emergency. If the parties, after consulting and conferring, cannot agree as to a Major Decision regarding religion or education, the Father shall have the right to reach out to a Parenting Coordinator to assist the parties in reaching

2

an agreement as to the Major Decision as set forth in paragraph 5.3 below. The attorneys for the parties will mutually agree upon a Parenting Coordinator within one month of the agreement. With respect to all other Major Decisions affecting the Child (with the exception of Major Decisions regarding education and religion), if after consulting and conferring, the parties cannot agree, the Mother shall make the final decision.

12. Paragraph 5.6.3 of the Stipulation states in part that:

The Father shall have the Child with him as follows: (a) Every other weekend from Friday after school (or 3:00 p.m. if school if not in session) through commencement of school Monday morning (or 3:00 p.m. if school is not in session) with drop-off at the Mother's residence. (b) Every Wednesday from after school (or 3:00 p.m. if school is not in session) until 7:00 p.m. when the Father shall drop off the Child at the Mother's residence.

13. Paragraph 5.7.2 of the Stipulation states that:

Each party agrees to keep the other informed of the whereabouts of the Child when and if they travel outside of the five (5) boroughs, and they mutually agree that if either of them has any knowledge of any illness or accident or other circumstances seriously affecting the Child's health or general welfare, the Mother or the Father, as the case may be, will immediately notify the other of such circumstance.

14. Paragraph 5.7.3 of the Stipulation states that:

Each party shall encourage and permit reasonable telephone, e-mail and mail communication between the child and the other party and shall not interfere with such communication.

15. Paragraph 5.11 of the Stipulation states that:

Neither party shall travel with the Child outside of the United States without the other parties' consent, such consent not to be unreasonably withheld.

16. Paragraph 5.12.2 of the Stipulation states that:

Each parent shall be entitled to complete detailed information from any teacher or school giving instruction to the Child, and to be furnished with copies of all reports given by them, or any one of them, to the other parent.

17. Paragraph 15.2 of the Stipulation states that:

This Agreement shall not be invalidated or otherwise affected by any decree or judgment of separation, divorce or dissolution made by any court in any action which may presently be pending or may hereafter be instituted by either party against the

other for a separation, divorce or dissolution of marriage, and the obligations and covenants of this Agreement shall survive any decree or judgment of separation, divorce or dissolution and shall not merge therein but shall be incorporated by reference therein and become a part thereof, and ***this Agreement may be enforced independently of such decree or judgment as an independent contact***. (emphasis original)

18. Paragraph 18.2 of the Stipulation states that:

    The parties shall be responsible for their respective legal fees with respect to this divorce action and shall make no further claim for payment thereof by the other party, except that Defendant shall pay $45,000 to Chemtob, Moss Forman & Talbert LLP by way of full and complete settlement of all Plaintiff's claims for legal fees or costs related to any and all divorce litigation arising out of this instant actin between the parties upon the execution of a global settlement agreement.

19. On or about August 13, 2013 the parties were divorced pursuant to a Judgment of Divorce (henceforth the "JOD").

20. The Stipulation was incorporated into the JOD, not merged into it.

    AS AND FOR A FIRST CAUSE OF ACTION – BREACH OF CONTRACT

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

22. The Mother is the custodial parent and raised in the Roman Catholic faith herself.

23. At all relevant times prior to the execution of the Stipulation, the Father caused the Child to be raised in the Christian faith and caused the Child to attend Christian worship on a regular basis and to receive instruction in the Christian faith.

24. The Child was baptized in 2012 at Grace Episcopal Church in New York City prior to the date of this Stipulation.

25. The Child was instructed thereafter in the Roman Catholic faith, made her first reconciliation and received her first Holy Communion at St. Catherine of Siena Roman Catholic Church in New York City after the date of this Stipulation.

4

26. At all relevant times prior to this Stipulation and through the date of the Child's first Holy Communion afterwards, the Mother acquiesced in the Child's instruction and worship in the Christian faith.

27. Subsequent to this Stipulation, the Mother terminated the Child's religious instruction and has caused the Child to no longer attend Christian worship.

28. Paragraph 5.2 requires the parties to advise, consult and attempt to mutually determine in good faith all matters concerning the Child's religion.

29. At no time herein did the Mother ever attempt to consult with the Father concerning the Child's religious practices and instruction.

30. The Mother unilaterally terminated the Child's religious instruction and regular attendance at church.

31. By virtue of unilaterally terminating the Child's religious instruction and regular attendance at church without consulting with the Father, attempting to reach a good faith understanding with the Father in regard to the Child's religions practices, or attempting notify the Father so that the mechanisms of Paragraph 5.3 providing for a Parenting Coordinator, the Mother has breached Paragraph 5.2 of the Stipulation.

AS AND FOR A SECOND CAUSE OF ACTION – BREACH OF CONTRACT

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

33. The mother is the custodial parent.

34. Paragraph 5.2 of the Stipulation requires the parties to advise, consult and attempt to mutually determine in good faith all matters concerning the Child's summer camps.

5

35. Notwithstanding the foregoing, the Mother unilaterally decided to send the Child to the Frenchwoods Camp in Delaware County, New York during the summers of 2014 and 2015 without so much as consulting the Father or attempting to determine his opinion as to the suitability of that summer camp for the Child.

36. It was the Father's good faith opinion that the Frenchwoods camp was an inappropriate camp for the Child and he would not have acquiesced in allowing the Child to camp there had he been consulted.

37. By virtue of selecting a summer camp for the Child subsequent to the execution of this Stipulation without advising or consulting with the Father, the Mother has breached Paragraph 5.2 of this Stipulation.

AS AND FOR A THIRD CAUSE OF ACTION – BREACH OF CONTRACT

38. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

39. The Mother is the custodial parent

40. Paragraph 5.6.3 provides a routine access schedule under which the Father shall have the Child with him every other weekend from Friday after school through commencement of school on Monday and every Wednesday after school until 7:00 with adjustments only for such times as school is not in session.

41. Notwithstanding the regular and routine access provisions of Paragraph 5.6.3, at all relevant times herein from the date that the Stipulation was signed, the Mother has interfered with and prevented the Plaintiff from obtaining access to the Child as set forth in the Paragraph 5.6.3 providing for routine and regular access.

42. By virtue of the foregoing, the Mother has breached Paragraph 5.6.3 of the Stipulation.

## AS AND FOR A FOURTH CAUSE OF ACTION – BREACH OF CONTRACT

43. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

44. On or about June 11, 2015 the Child suffered a broken arm.

45. At the time that the Child broke her arm she was unbeknownst to the Father in Millbrook, New York which in itself constituted a breach of this Stipulation in the care of unrelated third parties who on information and belief are friends of the Mother.

46. Paragraph 5.7.2 of the Stipulation requires the respective parties to inform each other of the whereabouts of the Child when and if the Child travels outside of the five (5) boroughs of New York City and to immediately notify each other if the respective parties have any knowledge of any illness or accident befalling the Child.

47. Notwithstanding the provisions of Paragraph 5.7.2 of the Stipulation, the Mother never informed the Father that the Child had traveled outside of New York City prior to breaking her arm and never informed the Father that the Child had broken her arm. The Father learned that the Child had broken her arm when he spoke directly with the Child and immediately arranged for the Child to receive state of the art medical care in New York City.

48. By virtue of removing the Child from New York City without informing the Father beforehand and by virtue of failing to immediately inform the Father that the Child had broken her arm, the Mother has breached Paragraph 5.7.2 of the Stipulation.

## AS AND FOR A FIFTH CAUSE OF ACTION – BREACH OF CONTRACT

49. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

50. Paragraph 5.7.3 of the Stipulation requires each party to encourage and permit the Child to have reasonable telephone, e-mail and mail contact with the other party.

51. Notwithstanding the provisions of Paragraph 5.7.3 of the Stipulation, the Mother interrupted and prevented the Child from engaging in reasonable and regular telephone and e-mail contact with the Plaintiff from virtually the date of the Stipulation.

52. Moreover, the Mother ignored the Plaintiff's communications urging the Mother to allow the Child to communicate with the Father as required of the parties pursuant to Section 5.7.3 of the Stipulation.

53. By virtue of interfering and interrupting the Child's communications with the Father from the very date of the Stipulation, the Mother has breached paragraph 5.7.3 of the Stipulation.

## AS AND FOR A SIXTH CAUSE OF ACTION – BREACH OF CONTRACT

54. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

55. On information and belief, the Mother caused the Child to travel to St. Barts, French Antilles, during all or part of the week of Easter, 2017.

56. St. Barts is not and has never been a part or jurisdiction of the United States.

57. Paragraph 5.11 of the Stipulation requires the parent in custody at any given time to obtain the consent of the other parent prior to removing the Child from the United States.

58. The Mother never requested the consent of the Father to take the Child to St. Barts, French Antilles, during all or part of the week of Easter, 2017.

59. By virtue of traveling with the Child outside the United States during all of part of the week of Easter, 2017, the Mother has breached Paragraph 5.11 of the Stipulation.

## AS AND FOR A SEVENTH CAUSE OF ACTION – BREACH OF CONTRACT

60. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

61. The Mother is the custodial parent. On information and belief, it is the Mother who has received and who will continue to first receive all teacher, educational and school reports concerning the Child.

62. Paragraph 5.12.2 of the Stipulation states that each parent shall be entitled to complete detailed information from any teacher or school instructing the Child and that the parent receiving reports provided by any such teacher or school shall gave them to the other parent.

63. At no point since the execution of this Stipulation has the Mother ever provided the Plaintiff with either originals or copies of any teacher, educational or school reports concerning the Child.

64. By virtue of failing to provide the Plaintiff with either originals or copies of any teacher, educational or school reports concerning the Child, the Mother has breached Paragraph 5.12.2 of the Stipulation.

9

## AS AND FOR AN EIGHTH CAUSE OF ACTION – BREACH OF CONTRACT

65. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein.

66. Paragraph 18.2 of the Stipulation constitutes an agreement between the parties that neither will seek legal fees from the other except in the event of a default thereunder.

67. On or about July 11, 2013 Plaintiff filed a Petition for an upwards modification in his favor of the custody provisions of the Stipulation on the grounds of changed circumstances.  This Petition was captioned <u>Asenio v. Bosak</u>, Family Court of the State of New York, County of New York, File No. 128425, Docket No. V-43839-13/13A.  (Henceforth "Plaintiff Petition").

68. On or about May 1, 2014, Defendant filed a motion to dismiss the Plaintiff Petition seeking, inter alia, dismissal of the petition and legal fees from Plaintiff in the amount of $15,000.00 plus an amount to be determined for future fees and costs in connection with said motion.  A copy of Defendant's motion to dismiss the Plaintiff Petition and for legal fees is annexed (without exhibits) hereto as "Exhibit 2".

69. Paragraph 18.2 of the Stipulation prohibits either party from seeking any claim for payment from the other.

70. By virtue of seeking an award of legal fees in connection with her motion to dismiss the Plaintiff Petition, the Mother has breached Paragraph 18.2 of the Stipulation.

71. Paragraph 15.2 of the Stipulation authorizes the parties to enforce its terms and provisions as an independent contract.

WHEREFORE, IT IS RESPECTFULLY REEQUESTED THAT THIS COURT:  (1) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the First

10

Cause of Action; (2) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the Second Cause of Action; (3) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the Third Cause of Action; (4) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the Fourth Cause of Action; (5) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the Fifth Cause of Action; (6) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the Sixth Cause of Action; (7) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the Seventh Cause of Action; (8) Grant Plaintiff damages for breach of contract in an amount to be determined at trial on the Eighth Cause of Action, and (9) Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 26, 2017

Yours, etc.

_____
Mitchell Cantor
The Law Offices of Mitchell Cantor
355 Lexington Avenue, Suite 401
New York, NY  10017
(212) 679-7820
Attorneys for Plaintiff

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

MANUEL P. ASENSIO,

         Plaintiff,      Index No. 153776/2017

 -against-

EMILIE BOSAK

         Defendant.
-----------------------------------------------------------------x

## VERIFICATION

STATE OF NEW YORK   )
           ) ss:
COUNTY OF NEW YORK  )

MANUEL P. ASENSIO, being duly sworn, deposes and says:

I am the Plaintiff herein, have read the annexed Amended Complaint and know the contents thereof and the same are true to my knowledge, except as to those matters which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                   _____
                    MANUEL P. ASENSIO

Sworn to before me this
26th day of April 2017

_____
NOTARY PUBLIC
Registration No. 02CA6085486
Qualified in New York County
My commission expires April 8, 2019