# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: Hon. **Nancy Bannon**          PART **42**
              *Justice*

| | |
|---|---|
| In the Matter of<br>MANUEL P. ASENSIO | INDEX NO. <u>155833/2017</u> |
| -v-<br>**PROCEEDING NO. 1** | MOTION DATE <u>1/24/2018</u> |
| ADETOKUNBO O. FASANYA, EMILIE MARIE BOSAK, RICHARD SPITZER, and CARMEN RESTIVO | MOTION SEQ NO. <u>001, 002, 003, 004</u> |
| In the Matter of<br>MANUEL P. ASENSIO | INDEX NO. <u>156692/2017</u> |
| -v-<br>**PROCEEDING NO. 2** | MOTION DATE <u>1/24/2018</u> |
| ADETOKUNBO O. FASANYA, EMILIE MARIE BOSAK and CARMEN RESTIVO | MOTION SEQ NO. <u>001</u> |

The following papers were read on these proceedings pursuant to CPLR article 78 and cross motions to dismiss the petitions in those proceedings (Proceeding No. 1, SEQ 001, and Proceeding No. 2, SEQ 001), and motions to consolidate Proceeding No. 1 with another action (Proceeding No. 1, SEQ 002), for an award of attorneys' fees (Proceeding No. 1, SEQ 003), and staying all proceedings in two matters pending in the Family Court (Proceeding No. 1, SEQ 004).

INDEX NO. 155833/17

| | |
|---|---|
| SEQ 001 Notice of Petition/ Order to Show Cause — Affirmation — Affidavit(s) — Exhibits — Memorandum of Law | No(s). __1__ |
| Notice of Cross Motion---Answering Affirmation(s) — Affidavit(s) — Exhibits | No(s). __2__ |
| Replying Affirmation — Affidavit(s) — Exhibits | No(s). ____ |
| SEQ 002 Notice of Motion/ Order to Show Cause — Affirmation — Affidavit(s) — Exhibits — Memorandum of Law | No(s). __1__ |
| Answering Affirmation(s) — Affidavit(s) — Exhibits | No(s). __2__ |
| Replying Affirmation — Affidavit(s) — Exhibits | No(s). __3__ |
| SEQ 003 Notice of Motion/ Order to Show Cause — Affirmation — Affidavit(s) — Exhibits — Memorandum of Law | No(s). __1__ |
| Answering Affirmation(s) — Affidavit(s) — Exhibits | No(s). __2__ |
| Replying Affirmation — Affidavit(s) — Exhibits | No(s). __3__ |

*MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):*

| | |
|---|---|
| **SEQ 004 Notice of Motion/ Order to Show Cause — Affirmation — Affidavit(s) — Exhibits — Memorandum of Law**---------------- | No(s). ___1___ |
| Answering Affirmation(s) — Affidavit(s) — Exhibits ---------------- | No(s). ___2___ |
| Replying Affirmation — Affidavit(s) — Exhibits ---------------- | No(s). _____ |

**INDEX NO. 156692/17**

| | |
|---|---|
| **SEQ 001 Notice of Petition/ Order to Show Cause — Affirmation — Affidavit(s) — Exhibits — Memorandum of Law**---------------- | No(s). ___1___ |
| Notice of Cross Motion-----Answering Affirmation(s) — Affidavit(s) — Exhibits ---- | No(s). ___2___ |
| Replying Affirmation — Affidavit(s) — Exhibits ---------------- | No(s). _____ |

The above petitions, motions, and cross motions are determined in accordance with the Decision, Order, and Judgment of this court, attached.

Dated: January 31, 2018

_____, JSC
HON. NANCY M. BANNON

1. Check one: ................■ CASE DISPOSED   ☐ NON-FINAL DISPOSITION
2. Check as appropriate: PETITION IS: ☐ GRANTED   ■ DISMISSED   Proceeding 001, seq 001
3. Check as appropriate: CROSS MOTION IS:   ■ GRANTED   ☐ DENIED   Proceeding 001, seq 001
4. Check as appropriate: MOTION IS: ☐ GRANTED   ■ DENIED   Proceeding 001, seq 002
5. Check as appropriate: MOTION IS: ☐ GRANTED   ■ DENIED   Proceeding 001, seq 003
6. Check as appropriate: MOTION IS: ☐ GRANTED   ■ DENIED   Proceeding 001, seq 004
7. Check as appropriate: PETITIONS IS: ☐ GRANTED   ■ DISMISSED   Proceeding 002, seq 001
8. Check as appropriate: CROSS MOTION IS:   ■ GRANTED   ☐ DENIED   Proceeding 002, seq 001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 42
-----------------------------------------X
In the Matter of
MANUEL P. ASENSIO,                              Proceeding No. 1

      Petitioner,           Index No. 155833/2017

    v                                  MOT SEQ 001, 002,
             003, 004

ADETOKUNBO O. FASANYA, EMILIE MARIE BOSAK,
RICHARD SPITZER, and CARMEN RESTIVO,

      Respondents.
-----------------------------------------X      **DECISION, ORDER &**
-----------------------------------------X      **JUDGMENT**
In the Matter of
MANUEL P. ASENSIO

      Petitioner,           Proceeding No. 2
    v
             Index No. 156692/2017

ADETOKUNBO O. FASANYA, EMILIE MARIE BOSAK,
and CARMEN RESTIVO
             MOT SEQ 001

      Respondents.
-----------------------------------------X

**NANCY M. BANNON, J.:**

## I. INTRODUCTION AND PROCEDURAL HISTORY

In Proceeding No. 1, Manuel P. Asensio petitions pursuant to CPLR article 78, in effect, to review several non-dispositional orders issued by Adetokunbo O. Fasanya in two custody and visitation proceedings, entitled <u>Matter of Asensio v Bosak</u> and <u>Matter of Bosak v Asensio</u>, that are pending in the Family Court, New York County, under Docket Nos. V-43839-13/13A and V-38917-15/15A, respectively. He also seeks to compel Judge Fasanya to recuse himself in those proceedings, and to thus

1

prevent him from continuing to preside over them or issue any further orders therein (SEQ 001). In that proceeding, Asensio joins as respondents Emilie Marie Bosak, the mother of the child who is the subject of the custody and visitation proceedings, Richard Spitzer, who was appointed by Judge Fasanya to supervise visitation between Asensio and the child, and Carmen Restivo, who was appointed by Judge Fasanya to serve as attorney for the child in the custody and visitation proceedings. See CPLR 7802(c). Spitzer answers the petition and Restivo appears in the proceeding. Judge Fasanya timely cross-moves pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition against him, based on objections in point of law, including a failure to state a cause of action (SEQ 001).

Asensio submits late opposition to the cross motion, which the court declines to consider. See CPLR 2214; 22 NYCRR 202.8(c); Rules of Supreme Court, New York County, Motions and Special Proceedings by Notice of Motion/Petition, §§ 1.A.11; 1.C.5; Part Rules of Justice Nancy M. Bannon, Appearances Before the Court/Motion Practice, ¶9.

Asensio moves in Proceeding No. 1 to consolidate that proceeding with an action that he commenced against Bosak in the Supreme Court, New York County, under Index No. 153776/17, which seeks damages for breach of contract and related equitable relief (SEQ 002). He also moves for an award of attorneys' fees (SEQ

2

003) and to stay the effectiveness of the orders of which he complains, we well as to stay all proceedings in the custody and visitation matters (SEQ 004).

In Proceeding No. 2, Asensio petitions pursuant to CPLR article 78, in effect, to review orders issued by Judge Fasanya directing Asensio to pay Restivo's fees. Restivo answers the petition, and Judge Fasanya timely cross-moves to dismiss the petition based on objections in point of law, including failure to state a cause of action (SEQ 001). Asensio filed late opposition papers, which the court declines to consider.

Judge Fasanya's cross motions are granted, the amended petition in Proceeding No. 1 and the petition in Proceeding No. 2 are dismissed as to him and denied as to the other respondents, all of Asensio's motions are denied, and the proceedings are dismissed.

## II. DISCUSSION

A. Relief Requested in the Petition

In essence, Asensio asks the Supreme Court to sit as an appellate tribunal, and thereupon review several orders issued by the Family Court, stay enforcement of those orders, and ultimately vacate them on the ground that they were legally incorrect. The Supreme Court and Family Court, however, are courts of concurrent jurisdiction. See Matter of H.M. v E.T., 14

3

NY3d 521 (2010); Kagen v Kagen, 21 NY2d 532 (1968). Hence, the Supreme Court does not have the power to review the propriety or validity of the Family Court orders challenged here, or stay a validly issued order of the Family Court, as only the Appellate Division is so empowered. See Matter of Renzulli v McElrath, 286 AD2d 335 (2nd Dept. 2001); Matter of Palmer v McInerney, 35 AD2d 428 (2nd Dept. 1970); Family Ct. Act § 1111.

Moreover, the Family Court orders challenged by Asensio are of the type that could be reviewed during the regular appellate process. See Maisonet v Merola, 69 NY2d 965 (1987); Matter of Molea v Marasco, 64 NY2d 718 (1984); Matter of Dick v Kane, 284 AD2d 688 (3rd Dept. 2001). The court notes that any challenge made by Asensio to the propriety of those orders would be brought up for review on an appeal from an order of disposition entered in the custody and visitation proceedings (see Family Ct. Act § 1112; Matter of Yamoussa M., 220 AD2d 138 [1st Dept. 1996]); and that an order of disposition has yet to be issued.

In any event, it cannot reasonably be argued that the Family Court lacks jurisdiction or authority to enter orders in custody and visitation proceedings, including the orders challenged by Asensio. See New York Constitution, art. VI, § 13; Family Court Act § 651(b), (e); Domestic Relations Law § 236(b); Kimberly C. v Christopher C., 155 AD3d 1329 (3rd Dept. 2017); Matter of Donna Marie C. v Kuni C., 134 AD3d 430 (1st Dept. 2015); Matter of

4

Smith v Dawn F.B., 88 AD3d 729 (2nd Dept. 2011); Matter of Plovnick v Klinger, 10 AD3d 84 (2nd Dept. 2004); Matter of Maurer v Maurer, 243 AD2d 989 (3rd Dept. 1997); Matter of Hover v Shear, 232 AD2d 749 (3rd Dept. 1996). Hence, there is no basis upon which to conclude that Judge Fasanya is not empowered to issue similar orders in the future, or to prohibit him from doing so.

To the extent that Asensio contends that this proceeding actually seeks to prohibit the enforcement of the Family Court orders already issued, or to obtain "relief from Judge Fasanya's unregulated violations of Judiciary Law 100 and his unauthorized actions against" Asensio, as well as unlawfully abridging Asensio's "custody and parenting-time rights to his daughter," he fails to state a cause of action for relief in the nature of prohibition, as he fails to allege facts which, if true, support any claim that Judge Fasanya acted "'without or in excess of [his] jurisdiction'" or that Asensio "has [a] clear legal right to relief.'" Matter of Allen B. v Sproat, 23 NY3d 364, 375 (2014), quoting Matter of Schumer v Holtzman, 60 NY2d 46, 51 (1983); see CPLR 7803(2); Matter of Holtzman v Goldman, 71 NY2d 564 (1988); Matter of Rush v Mordue, 68 NY2d 348 (1986). Prohibition does not lie to challenge the substance of an order issued by another court (see La Rocca v Lane, 37 NY2d 575 [1979]; Matter of Neal v White [1st Dept. 2007]), and will not lie where, as here, "its proponent has access to another adequate legal

remedy." Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 (1993) (citations omitted).

To the extent that Asensio seeks to compel Judge Fasanya to recuse himself, absent a legal disqualification, Judge Fasanya is the sole arbiter of whether he should recuse himself (see Judiciary Law § 14; Matter of Herskowitz v. Tompkins, 184 AD2d 402 [1st Dept. 1992]), and prohibition will not lie to compel the recusal of a judge. See Matter of Denker-Youngs v Reilly, 142 AD3d 705 (2nd Dept. 2016).

Hence, Asensio has failed to state a cause of action for relief in the nature of prohibition or for any of the relief he purportedly seeks. The petition must thus be dismissed as to Judge Fasanya, and denied as to the other respondents, who were required to be joined as parties by virtue of CPLR 7802(c).

B. Procedure

Even if Asensio had stated a cause of action, a trial is, contrary to his contention, neither required nor warranted. CPLR article 78 proceedings are summary in nature. See CPLR 409(b); Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc., 72 AD3d 694 (2nd Dept. 2010); Matter of Whitted v City of Newburgh, 65 AD3d 1365 (2nd Dept 2009); Matter of Lakeshore Nursing Home v Axelrod, 181 AD2d 333 (3rd Dept. 1992). The issue of whether prohibition lies is a purely legal question, and the factual issues here are

6

adequately developed in the administrative record to permit this court to make a reasoned determination as to whether the relief requested is warranted. See Matter of Church of Scientology v Tax Comm. of N.Y., 120 AD2d 376 (1st Dept. 1985); CPLR 7804(h).

Moreover, "a court is not required to grant oral argument of a motion, even in the event that a party seeks oral argument." Niagara Venture v Niagara Falls Urban Renewal Agency, 56 AD3d 1150, 1150 (4th Dept. 2008); see 22 NYCRR 202.8(d) (oral argument is at the discretion of judge); Forest Hills Gardens Corp. v Kamp, 171 Misc. 2d 334 (App. Term, 2nd & 11th Jud. Dists. 1997); Mingla v City of New York, 2014 NY Slip Op 30162(U), *16 (Sup Ct, N.Y. County, Jan. 15, 2015) (Stallman, J.). Even if permitted, "[o]ral argument of a motion is not a 'proceeding[ ] in [a] cause tried or heard' within the meaning of Judiciary Law § 295." Stevenson v City of Rome, 237 AD2d 946, 946 (4th Dept. 1997). Hence, the court was not obligated to grant the respondents' request that a court reporter transcribe oral argument on the petition and cross motion. See id.; see also Torres v American Bldg. Maintenance Co. of NY, 51 AD3d 905 (2nd Dept. 2008); Feuer v HASC Summer Program, 247 AD2d 429 (2nd Dept. 1998).

C. Other Relief Requested

Inasmuch as the court is dismissing both Proceeding No. 1 and Proceeding No. 2, Asensio's motions in Proceeding No. 1 have

7

been rendered academic. In any event, the court concludes that there would have been no basis for consolidating Proceeding No. 1 with Asensio's plenary action against Bosak alleging breach of contract. See CPLR 602(a); Matter of Marhone v Schuck, 142 AD3d 1232 (3rd Dept. 2016). Nor is there any basis for awarding attorneys' fees to Asensio, or staying the custody and visitation proceedings in the Family Court.

## IV. CONCLUSION

In light of the foregoing, it is

ORDERED that the cross motion of the respondent Adetokunbo O. Fasanya to dismiss the amended petition in Proceeding No. 1 as against him (SEQ 001) is granted, and the amended petition in that proceeding is dismissed as to him; and it is further,

ORDERED that the amended petition in Proceeding No. 1 is denied as against the respondents Emilie Marie Bosak, Richard Spitzer, and Carmen Restivo (SEQ 001); and it is further,

ORDERED that the petitioner's motion in Proceeding No. 1 to consolidate the proceeding with the action entitled Asensio v Bosak, pending in the Supreme Court, New York County, under Index No. 153776/17 (SEQ 002) is denied; and it is further,

ORDERED that the petitioner's motion in Proceeding No. 1 for an award of attorneys' fees (SEQ 003) is denied; and it is further,

ORDERED that the petitioner's motion in Proceeding No. 1 to stay the custody and visitation proceedings entitled <u>Matter of Asensio v Bosak</u> and <u>Matter of Bosak v Asensio</u>, pending in the Family Court, New York County, under Docket Nos. V-43839-13/13A and V-38917-15/15A, respectively (SEQ 004), is denied; and it is,

ADJUDGED that Proceeding No. 1 is dismissed; and it is further,

ORDERED that the motion of the respondent Adetokunbo O. Fasanya to dismiss the petition in Proceeding No. 2 as against him (SEQ 001) is granted, and the petition in that proceeding is dismissed as to him; and it is further,

ORDERED that petition in Proceeding No. 2 is denied as against the respondents Emilie Marie Bosak and Carmen Restivo (SEQ 001); and it is further,

ADJUDGED that Proceeding No. 2 is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

Dated: January 31, 2018

ENTER: _____
J.S.C.

HON. NANCY M. BANNON