# EXHIBIT E

At a Term of the Family Court of the State
of New York, held in and for the County of
New York at 60 Lafayette Street, New York,
New York on the 21st day of January, 2016.

PRESENT:
HON. ADETOKUNBO O. FASANYA, J.F.C
------------------------------------------------------------X
In the Matter of a Support Proceeding,

**Manuel P. Asensio,**

                Petitioner,

Docket No. V-43839-13

    -against-

**DECISION AND ORDER**

**Emilie Bosak,**

                Respondent
------------------------------------------------------------X

NOTICE:    YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY RESULT IN
INCARCERATION FOR CRIMINAL NON-SUPPORT OR CONTEMPT.
YOUR FAILURE TO OBEY THIS ORDER MAY RESULT IN SUSPENSION
OF YOUR DRIVER'S LICENSE, STATE-ISSUED PROFESSIONAL TRADE
LICENSES AND PERMITS AND IMPOSITION OF REAL OR PERSONAL
PROPERTY LIENS.

FASANYA, J.:

At this time, this Court is called upon to decide cross-motions filed by the parties for counsel fees.

## BACKGROUND AND HISTORY

The parties, Manuel Asensio ("Mr. Asensio") and Emilie Bosak ("Ms. Bosak") once married, are the parents of Eva Veronica Asensio (the "subject child") born on October 14, 2004. In February 2011, Ms. Bosak filed for divorce against Mr. Asensio in New York State Supreme Court, New

1

York County. This case was heard before the Honorable Laura Drager ("Judge Drager") (see, Index Number 300417/2011). After litigation spanning over two years, the parties reached an agreement and entered into a stipulation of settlement on August 13, 2013.

On November 20, 2013, a little over three months after the parties reached and entered into said settlement in the Supreme Court, Mr. Asensio filed a 10 page petition for "modification and enforcement of Supreme Court Order of Custody and Visitation" (see, V-43839-13/13A) in this court. The petition sought the following modifications of the settlement agreement: (1) "custody" to Mr. Asensio over education and religion; (2) mutual first rights of refusal for babysitting; and (3) equal time spent with the child for each parent. The petition alleged that there was a change in circumstances since the August 2013 stipulation was entered in that Ms. Bosak had "repeatedly shown an inability to allow Mr. Asensio and the child to maintain the connection they joined [sic] and comply with the terms of the stipulation". Mr. Asensio lists 24 alleged violations by Ms. Bosak of the stipulation of settlement. This petition was heard before Referee Marva Burnett on November 25, 2013 and adjourned until January 21, 2014 for return of service.

From December 16, 2013 through December 24, 2013, a space of 8 days, Mr. Asensio filed five family offense petitions (O-44317-13, O-44290-13, O-44324-13, O-44359-13, O-51787-13) and an Order to Show Cause. Each of the petitions and Order to Show Cause alleged in sum and substance that Ms. Bosak made false criminal accusations against him, causing him to be arrested on multiple occasions.

On December 17, 2013, docket O-44324-13 was dismissed without prejudice by Referee Tamara Schwartz, and docket O-44359-13 was dismissed without prejudice by Judge Sosa-Lintner. On December 18, 2015, Mr. Asensio, Ms. Bosak, and the attorney for Ms. Bosak, Susan Moss, Esq. of the law firm of Chemtob, Moss, & Forman (hereinafter "CMF"), appeared before this Court sitting in Part 5. Ms. Moss accepted service on the family offense matters under dockets O-44317-13 and O-44290-13. On December 24, 2013, this Court dismissed docket O-51787-13 without prejudice. The two remaining family offense dockets, O-44317-13 and O-44290-13, and the custody docket, V-43839-13, was adjourned to be heard before this Court on February 3, 2014.

On February 3, 2014, the parties, and counsel for Ms. Bosak appeared before this Court. Ms. Bosak's counsel filed a motion to dismiss the family offense petitions. Mr. Asensio appeared *pro se*, but indicated that he intended to retain counsel. Mr. Asensio sought a 30 day adjournment to retain counsel. The matter was adjourned to March 4, 2014 for Mr. Asensio to obtain counsel.

On March 4, 2014, Mr. Asensio appeared without counsel. Mr. Asensio indicated that he wished to withdraw his family offense petitions and focus solely on the custody docket. Mr. Asensio then stated that he would like to retain an attorney before making a final decision on whether to withdraw the family offense dockets. The matter was adjourned to March 24, 2014 for Mr. Asensio to appear with counsel, on the three outstanding dockets, O-44317-13, O-44290-13 and V-43839-13/13A. On March 24, 2014, Mr. Asensio appeared with counsel, Douglas Barics, Esq. This Court assigned Carmen Restivo, Esq. ("Ms. Restivo") as counsel for the subject child. Mr.

Asensio withdrew all family offense dockets and sought leave to amend his custody petition. Dockets O-44317-13 and O-44290-13 were marked withdrawn without prejudice. The custody matter was adjourned to May 15, 2014 for further proceedings.

Counsel and Mr. Asensio appeared before this Court on May 15, 2014. Ms. Bosak was not present, as the parties had been excused for the purposes of the May 15, 2014 appearance. On this date, this Court addressed multiple issues alleged by Ms. Bosak's counsel involving Mr. Asensio and the subject child. This Court also ordered that Ms. Restivo's counsel fees were to be paid 90% by Mr. Asensio and 10% by Ms. Bosak. Payment was to take place no later than May 23, 2014. The matter was adjourned to July 31, 2014.

On June 12, 2014, Mr. Asensio and counsel for both parties appeared before this Court to address an Order to Show Cause for contempt filed by Ms. Restivo, alleging that Mr. Asensio did not make the payments to her as directed by this Court. Mr. Asensio's attorney was directed by this Court to provide the retainer signed by Mr. Asensio with his attorney, Mr. Asensio's income tax returns for the past 3 years, a financial disclosure affidavit and Mr. Asensio's bank statements for the past 6 months. The matter was adjourned to July 14, 2014.

On July 14, 2014, there was no appearance by Mr. Asensio or his attorney. Ms. Restivo appeared and indicated to the Court that she had not been paid by Mr. Asensio. This Court issued a stayed warrant for Mr. Asensio and directed Mr. Barics or an attorney from his office to appear on the next court date. The case was adjourned to July 18, 2014.

On July 18, 2014, Mr. Asensio appeared with, Christopher Battaglia, Esq., Ms. Restivo and Ms. Moss were present as well. Ms. Restivo indicated to the Court that Mr. Asensio owed her an outstanding amount of $5400.00. This Court put the matter on recall for Mr. Asensio to obtain payment for Ms. Restivo. Upon recall of the matter, Mr. Asensio provided a certified check to Ms. Restivo in the amount of $3500.00. This Court held the contempt application in abeyance and gave Mr. Asensio an additional 30 days to come up with the balance of the amount owed. Mr. Asensio was directed, once again, to provide his financial information to the Court. This matter was adjourned to September 18, 2014.

At the September 18, 2014 appearance, all parties and counsel were present. Ms. Restivo made another application for counsel fees and indicated that Mr. Asensio now owed $6350.50 in fees. This Court ordered Mr. Asensio to pay the entire outstanding amount to Ms. Restivo by October 1, 2014. During this Court appearance, Mr. Asensio had to be escorted out of the courtroom by a court officer due to the fact that he repeatedly interrupted the Court and the conduct of the proceedings.

On September 26, 2014, Mr. Battaglia filed an Order to Show Cause, asking the Court to modify the Order appointing the Attorney for the Child. The Order to Show Cause requested that the Attorney for the Child's status be changed from private payment to 18-b and that the fee percentages be reallocated.

The Order to Show Cause was heard before this Court on October 3, 2014 along with an application recommending incarceration of Mr. Asensio for his wilfull failure to pay child

support as ordered by a Support Magistrate of New York County Family Court. Mr. Asensio and counsel for all parties were present. This Court held a hearing on this application where Mr. Asensio provided testimony to the Court. Mr. Battaglia argued that Mr. Asensio is not able to afford payment to Ms. Restivo. After the hearing was completed, this Court denied Mr. Asensio's application to have Ms. Restivo removed from private pay status and also denied the application to reallocate the fees.

After the Order to Show Cause was addressed, this Court turned to the parties' child support matter, which had been referred to this Court by the Honorable Clark Richardson ("Judge Richardson"). Support Magistrate Morgan had previously found that Mr. Asensio willfully violated the child support order and recommended 30 days incarceration unless he made a payment of $2500.00 to Ms. Bosak. This Court confirmed the willfulness finding entered by Support Magistrate Morgan and ordered that Mr. Asensio return to Court in the afternoon with a certified check in the sum of $2500.00 for Ms. Bosak and $1900.00 for Ms. Restivo. When this matter was recalled in the afternoon, Mr. Asensio appeared with two cashier's checks in the amounts directed by this Court. Throughout the day's proceedings, Mr. Asensio repeatedly interrupted the Court and the conduct of the proceedings, and this Court imposed multiple sanctions upon him, which were later vacated. The matter was adjourned to November 17, 2014.

On November 17, 2014, all parties and counsel were present before this Court. Mr. Battaglia filed a motion for re-argument on his Order to Show Cause, which was scheduled for decision on January 26, 2015. At this proceeding, the Court was notified by Ms. Restivo that she had not received further payment by Mr. Asensio since the prior court date. This Court directed Mr.

Asensio to make outstanding all payments of Ms. Restivo's fees by November 25, 2014. The matter was adjourned to January 5, 2015.

On January 5, 2015, counsel appeared without the parties. Mr. Battaglia indicated to the Court that Mr. Asensio had not paid Ms. Restivo any additional fees since the prior court date. This Court once again directed Mr. Asensio to make payment of the balance of Ms. Restivo's fees. The matter was adjourned until January 26, 2015.

On January 26, 2015, all parties and counsel were present before this Court. This Court denied Mr. Asensio's motion for re-argument. The Court directed Mr. Asensio to provide payment to Ms. Restivo in the amount of $6426.00 by that afternoon, and the matter was put on recall for Mr. Asensio to obtain the amount due to Ms. Restivo. When the matter was recalled in the afternoon, Mr. Asensio was present with a cashier's check in the amount of $6426.00. Mr. Asensio indicated that he was considering withdrawing his outstanding custody petition and asked for an adjournment so that he could have time to think about his possible withdrawal. The matter was then adjourned until February 24, 2015.

On February 24, 2015, counsel appeared, but neither party was present. In the time between the prior court date and February 24, 2015, Mr. Asensio had filed two motions, without counsel. Mr. Battaglia indicated on the record that he had been given authorization by his client to withdraw both motions filed by Mr. Asensio. Both motions were marked withdrawn by this Court. This Court also noted that Mr. Asensio was not permitted to file motions since he was represented by

counsel. Ms. Restivo had also filed another Order to Show Cause seeking outstanding fees from Mr. Asensio.

The matter was next calendered before this Court on April 20, 2015. Mr. Asensio and all counsel were present. Ms. Bosak was not present, as she was excused for the purposes of this Court date. Mr. Asensio provided a check to Ms. Restivo in the amount of $1,111.85 and Mr. Battaglia indicated that Mr. Asensio wished to withdraw his custody petition because of his inability to pay the Attorney for the Child fees. The matter was adjourned until the following day, April 21, 2015, for Mr. Asensio to provide the outstanding payment amount of $4,371.85 to Ms. Restivo.

Mr. Asensio and all counsel appeared before this Court on April 21, 2015. Ms. Bosak was once again excused for the appearance. Ms. Restivo and Mr. Battaglia indicated to the Court that they went over the outstanding fees owed to Ms. Restivo and that the correct amount owed was $3,396.35, rather than $4,371.85, as previously represented. Mr. Asensio, who arrived late, appeared with a cashier's check in the amount of $4,371.85 made out to Ms. Restivo. Ms. Restivo was directed to send a refund in the amount of $975.50 to Mr. Asensio by the following day. Although Mr. Asensio had indicated on the previous court date that he wished to think about withdrawing his custody petition, Mr. Asensio would not provide an answer as to whether or not he wished to withdraw, and the matter was adjourned for trial on July 14, 2015 and July 15, 2015.

Subsequent to the April 21, 2015 court date, Mr. Asensio relieved counsel, Mr. Battaglia, chose to represent himself, filed a "notice of withdrawal" of his custody petition, and filed numerous Orders to Show Cause and applications requiring replies and appearances by Ms. Bosak and Ms. Restivo, the Attorney for the Child.

On September 18, 2015, Ms. Bosak appeared with a signed Consent to Change Attorney Form indicating that Ms. Moss no longer represented her in these proceedings. Ms. Bosak indicated to this Court that she could no longer afford Ms. Moss's services. Subsequent to September 18, 2015, there have been multiple appearances on the matter spanning the past several months. Mr. Asensio continued, and continues, to file sundry applications seeking different manner of relief from this Court. Most of which this Court found to be entirely lacking in merit.

On November 16, 2015, Mr. Asensio, Ms. Bosak appearing *pro se*, and Ms. Restivo appeared and the matter was adjourned for the commencement of trial on January 27, 2016. On January 15, 2016, CMF, by Ms. Alexis Wolf, Esq., resumed representing Ms. Bosak, and filed an Order to Show Cause seeking the suspension of Mr. Asensio's weekend and overnight access to the subject child, parenting time, and phone calls. The Order to Show Cause was calendared dur to the request for interim relief. Ms. Bosak, Ms. Restivo, and Mr. Asensio also appeared. The Court addressed the interim relief requested and adjourned the matter for an *in camera* hearing with the subject child. The matter was adjourned to January 27, 2016 with that date to include an *in camera* hearing with the subject child.

## CASELAW

The Family Court has the authority to award an attorney's fee in custody proceedings when warranted under the circumstances of the case. See Family Ct Act § 651[b], Domestic Relations Law § 237[b], Matter of Belle v DeMilia, 19 AD3d 691 (2d Dept. 2005), Matter of O'Neil v O'Neil, 193 AD2d 16, 19-20 (2d Dept. 1993). "The award of reasonable counsel fees is a matter within the sound discretion of the trial court." Walker v Walker, 255 AD2d 375, 376 (2d Dept. 1998), see Matter of Friedman v Rome, 49 AD3d 878 (2d Dept. 2008). Any such award "is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost." O'Neil, 193 AD2d at 20; see Matter of Dempsey v Dempsey, 78 AD3d 1179 (2d Dept. 2010), Matter of Sullivan v Sullivan, 40 AD3d 865, 867 (2d Dept. 2007). Given the circumstances of this case, including the relative merits of the parties' positions and their respective financial circumstances, the Family Court providently exercised its discretion in granting the mother's motion for an award of an attorney's fee. See Matter of O'Shea v Parker, 16 AD3d 510 (2d Dept. 2005), Walker, 255 AD2d at 376. See also, DeCabrera v. Cabrera-Rosete, 70 N.Y.2d 879 (N.Y. 1987).

Pursuant to 22 New York Code Rules and Regulations ("NYCRR") 130-1.1, this Court has the authority to sanction Mr. Asensio for engaging in patently frivolous conduct, and order him to pay Ms. Bosak's counsel fees. Additionally, pursuant to the aforementioned section of the NYCRR, conduct is deemed frivolous if: (i) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law, or

(ii) is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another, or (iii) it asserts material factual statements that are false.

## ANALYSIS

Initially, the parties spent over two years in New York County Supreme Court where they came to a stipulation of settlement. Less than three months after the parties settled the matter, Mr. Asensio brought a modification and enforcement petition in this Court, seeking to modify the majority of the parties' stipulation of settlement.

Counsel for Ms. Bosak and Ms. Restivo and the parties have made multiple appearances before this Court where this Court has had to spend the majority of the appearance addressing Mr. Asensio's failure to obey this Court's orders, including his failure to pay the court ordered fees of the attorney for the child. On several occasions, the matter had to be put on recall to allow Mr. Asensio to go the bank to obtain the funds necessary to pay the Attorney for the Child. On every occasion, Mr. Asensio was able to come up with the funds when the court indicated that if he did not provide payment he could be held in contempt and possibly incarcerated.

Mr. Asensio filed five family offense dockets, within a one week. The only purpose this Court can find for the filing of multiple frivolous dockets and motions in this matter by Mr. Asensio is to harass the other party. Ms. Bosak and her counsel were present on several court dates, where Mr. Asensio requested an adjournment to obtain counsel, which he did not do until the fourth court appearance before this Court on his family offense dockets. Further, Mr. Asensio's

withdrawal of all dockets, support the assertion that Mr. Asensio's intentions in filing these petitions and motions were to harass the Ms. Bosak, rather than for safety or protection purposes. Given Mr. Asensio's actions, this Court must conclude that Mr. Asensio's conduct throughout the pendency of the cases in Family Court has been undertaken primarily to delay and/or prolong the resolution of the litigation, or in the alternative, to harass or maliciously injure Ms. Bosak. This Court finds that Mr. Asensio's conduct in before this Court, evidenced by his repeated filing of frivolous application, failure to comply with this Court's orders resulting in the filing of multiple applications to have him held in contempt has been patently frivolous, repeated failure to conduct himself with decorum when appearing before this Court resulting in this Court having to impose sanctions on him at least twice, said sanctions were subsequently vacated. The filings before the Court indicate that the outstanding amount owed to CMF law firm is $33,701.50 as of April 20th, 2015.

This Court finds that there is no basis upon which Mr. Assenio's cross motion for counsel fees can be granted, said application is completely lacking in merit.

This Court having reviewed the record before it, the filings of the parties, including the motions being decided herein makes the following Orders:

    ORDERED, the application of the Respondent for interim counsel fees is granted;

    ORDERED, that Ms. Bosak is awarded interim counsel fees in the sum of $33,701.50;

    ORDERED, that Petitioner, Manuel Asensio, is to forward a check or money order in the sum of $33,701.50 made out to SMK no later than 10 days after being served with a copy of this Order with Notice of Entry.

ORDERED, that Mr. Asensio's application for counsel fees is dismissed in its entirety.

The foregoing constitutes the Decision and Order of the Court.

ENTER

_____
Hon. Adetokunbo O. Fasanya, JFC