# EXHIBIT H

July 25, 2017

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In the Matter of

The Application of Manuel P. Asensio,

Petitioner,

For a Judgement under Article 78 of
the Civil Practice Law and Rules

In the Nature of Prohibition

      -against-

The Hon. Adetokunbo O. Fasanya
Judge of the Family Court of New York County, and

Emilie Marie Bosak, and

Carmen Restivo, the Attorney for the Child.

PETITION

Index No. _____

Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

1.     I, Manuel P. Asensio, being duly sworn and deposed says that I am the Petitioner and affiant in support of the above-entitled Petition for a Writ of Prohibition Pursuant to Article 78 of the Civil Practice Law and Rules.

2.     The Respondent Adetokunbo O. Fasanya ["Judge Fasanya" or "Judge"] is a designated Magistrate under of the Family Court Act ["FCA"] Section 151 in the Family Court of the County of New York. He sits in Part 5 thereof located at 60 Lafayette Street, New York, NY 10013, 4th Floor and at all relevant times herein was the presiding judge in the matters captioned Manuel P. Asensio, Petitioner

1

against Emilie Bosak, Respondent, Family Court of the County of New York, Docket Nos. V-43839-13/13A and Emile Bosak, Petitioner v. Manuel P. Asensio, Respondent, Family Court of the County of New York, Docket V-38917-15/15A. The Respondent Emile Marie Bosak ["Bosak"] is the Respondent in the former and Petitioner in the latter of these two matters.

3.    There is a separate Article 78 Petition and Notice of Petition in New York Supreme Court, Civil Branch, New York County, under Index No. 155833/2017. The Petition challenges Judge Fasanya's deceptions and unauthorized and continuing January 15, 2016 suspension under Bosak's Motions that she filed in my Family Court Case under Docket No. V-43839-13/13A seeking the suspension of my parenting time under the April 29, 2013 Stipulation incorporated not merged into this Court's August 13, 2013 Judgment of Divorce.

4.    The Respondent Carmen Restivo is Judge Fasanya's judicial appointee under four separate orders all without holding a hearing or having entered any evidence on May 15, 2104, May 19, 2014, December 8, 2016 and March 13, 2017 in Dockets Nos. V-43839-13/13A and V-38917-15/15A naming her as the attorney for my daughter, Eva Asensio, born October 14, 2014. **EXHIBIT 1** Judge Fasanya has also issued 12 Orders to Show Cause on behalf of the AFC. **EXHIBIT 2**

5.    I was the Father-Petitioner in a New York County Family Court Custody Modification and Violation Petitions filed under Docket No. V-43839-13/13A and the Petitioner in this Petition and the Petition 155833/2017.

2

## UNAUTHORIZIED CONTINUATION OF PROCEEDINGS

6. I objected to and never consented to the "Private Pay" appointment of an AFC for the reasons identified here.  On November 17, 2014, Judge Fasanya denied Bosak's motion to dismiss my Custody Petition and granted me a trial seeking full custody and equal parenting time based evidence of Bosak's material interferences and substantial change in circumstances.  Notwithstanding have met this burden, on April 20, 2015 I formally withdrew my petitions in order to end my obligation to pay AFC fees. On May 27, 2015, my former counsel who co-signed my formal withdrawal filed a notice of adjournment based on the withdrawal of my petition.  **EXHIBIT 3**   Subsequently, Judge Fasanya made several orders pertaining to my withdrawal yet he continues the proceedings exclusive to collect AFC fees:

> THE COURT: "Your presence in this courtroom is a voluntary one.... There's no compulsion for you to be present in this courtroom…. I will not…[repeat] I will not take any steps to compel you to come to court….You are free not to come to court."
> Nov. 4, 2016 Transcript of Proceedings

> THE COURT:  "All of Mr. Asensio's petitions are marked withdrawn."
> March 13, 2017 Transcript of Proceedings

> THE COURT:  "You are free to withdraw."
> November 16, 2015 Transcript of Proceedings

3

7.     I advised Judge Fasanya that my withdrawal was a direct result of his pervasive deception related to the AFC fee orders and his insistence on focusing exclusively on using his AFC's fees to hold me in contempt while absolutely disregarding Bosak's ongoing material interference and my case to address these interferences.

8.     Judge Fasanya appointed the AFC without a hearing or a review of the respective financial circumstances of the parties or the AFC's value in resolving my case in Eva's best interest and those of the family.  He denied me discovery of into the AFC's value and Bosak's financials and ordered me to pay 90% of the AFC's $300 per hour billing privately in direct contravention of applicable case law. More importantly, the FCA mandates that the cost of the AFC be $75 per hour and be billed to the State and administered under the State's rules and limitations. He set no rules to govern the AFC's billings. As a result of Judge Fasanya's insistence and lack of rules and administration over 83% of the AFC's astronomical $78,81.27 in fees have been wasted in collect her fees without my consent and while ignoring my withdrawal. I included an accounting of the amount of time Judge Fasanya authorized for collecting AFC fees with each of my oppositions.  **EXHIBIT 4**

9.     Specifically, FCA Article 2 "Administration" Part 4 "Attorneys for Children" Section 248 titled "Appropriations" requires that the cost of AFC be "payable by the State of New York."  Section 245 titled "Compensation" requires reimbursement of the cost AFC by "society" and that the cost be in "the same amounts established by subdivision three of section thirty-five of judiciary law."  Further, Section 243 and Section 248 require the administration of AFC cost in accordance to the Office of

4

Case 1:18-cv-10933-RA   Document 45-8   Filed 02/14/19   Page 6 of 99

Administration's agreement or "subject to regulations as may be promulgated by the administrative board of the courts."

10.     It is my understanding that Judge Fasanya has not only acted in clear absence of jurisdiction in ordering me to pay the AFC fees and creating an obligation against me but it is a fact that he did so outside of the State and Judicial Department's rules without any rules whatsoever.

11.     I challenged Judge Fasanya's abrogation of his obligation to be reasonable and impartial by denying me a hearing and reviewable decision on the AFC fees and his failure to administer the AFC's fees from the beginning in May 2014. Judge Fasanya ignored my applications and instead in June 2014 executed the AFC's first Order to Show Cause seeking to hold me in contempt to compel payment.  Thus, I had no choice but to withdraw.

12.     Judge Fasanya ignored my withdrawal and continued to approve the AFC's fee applications without question, analysis or inquiry.  I have filed oppositions to each of Judge Fasanya's 12 AFC Contempt Orders to Show Cause.  Judge Fasanya summarily dismissed or ignored each opposition I filed.

13.     On November 4, 2016, Judge Fasanya finally released me.  He authorized me to withdraw. He issued a ruling that he would not compel me to appear in his court. Then suddenly without notice on February 16, 2017 Judge Fasanya executed his 11th AFC Contempt Order to Show Cause.

14.     On March 13, 2017, he ordered my petitions and oppositions to be marked withdrawn, again formally accepting my withdrawal.  He did this after ordering his

5

Court Officers to handcuff me in the courtroom and ordering me held in a room in the back of his courtroom. He did this to avoid dealing with his withdrawal ruling and his own ruling that he would not compel me to appear. He orders me handcuffed to prevent me from objecting to him acting against his own order to use his AFC order and his contempt charge to compel my appearance before him.

15. On May 16, 2017, Judge Fasanya again without notice executed his 12th AFC Contempt Order to Show Cause.

16. Thus, in May 2017 I had no choice but ask for a full evidentiary contempt hearing in an interference case that I commenced on July 5, 2013 and withdrew in April 2015 where Judge Fasanya has not held a single fact finding but administratively issued 12 AFC Contempt Orders to Show Cause and a suspension. This was the only possible way I saw at the time to reach finality.

6

## MALICIOUS CIVIL ARREST AND JULY 5, 2017 WITHDRAWAL

17.    Judge Fasanya commenced a contempt hearing on his 11th and 12th AFC OTSCs commenced on June 1, 2017.  Judge Fasanya ruled that the AFC rested her case on her papers that contained no financial evidence on either party or about her the value of her services.

18.    On June 1, 2017, shortly after commencing the hearing, Judge Fasanya denied my legal arguments to dismiss the hearing and proceeded with testimony.  In so doing Judge Fasanya misrepresented the proceeding Appellate Division for the First Department ("AD") claiming that the AD has denied my legal arguments.  First, the AD has not denied any of my legal argument merely used its discretion under FCA 1112 to decline to review the AFC orders until after the Final Determination.    This was the reason I had no choice but ask for a full evidentiary contempt.  I knew that Judge Fasanya would automatically find me in contempt as he had done 10 times before but I needed a reviewable order to obtain finality to my withdrawal from Family Court. Second, June 1st contained substantial new legal arguments.

19.    I commenced testifying at this hearing seeking to compel me to pay the AFC under pain of contempt.  This was the first hearing in the entire AFC fee matter since I first objected to the AFC appointment in June 2014.

20.    At the close of my direct examination during the contempt hearing, I made an application to Judge Fasanya for permission to make a record supporting a charge that he was guilty of conscious wrongdoing in using the AFC fees to create undue burdens on me to conceal and protect his wrongdoing in suspending me from contact with my daughter. My application and the Judge's denial is as follows:

*THE COURT: Do me a favor please. Turn the chair this way so I can see your face when you testify. Turn the chair please. Thank you.*

*THE WITNESS: I have told the Judge, and I [would] like to testify today [...based on the] evidence [as to] his conscious wrongdoing against me and my daughter. A deliberate intentional wrongdoing which is utterly intolerable in a civilized society. [...] I have the case law that supports my right to be able to put testimony [in to] the record that [the Judge has...] deliberately [...] created burdens against me so I cannot prosecute my case.*

*That did not work. [...] Then [the Judge] suspended me wrongfully for no reason, and then [the Judge] intensified the amount of [the] burdens that [the Judge is] creat[ing] [against] me [with] the attorney for the child fees.*

*I have evidence that support[s] th[is] clearly. I presented it to [the Judge] and [the Judge did] not allow [...] me to testify to it.*

*It's an essential and fundamental part of this case. [The Judge is] guilty in my view, and I have the evidence to show that [the Judge is] consciously and deliberately maliciously prosecuting the attorney for the child's fees against me, and that the Judge suspended me in the same*

8

*way, and those things are wrong, and I need to make a re[cord] of them.*

*There's a Court of Appeals Case [Rotwein v Sunharbor Manor Residential Health Care Facility, 181 Misc.2d 847 (Misc 2d,1999)] ... that specifically says that [even] when a Judge won't refra[in] from doing bad acts [even knowing it will] not help the individual to try argue to [with a] Judge who won't refra[in] from and won't abstain from [wrongdoing]...[I am] entitled to make a record of the Judge's deliberate and conscious wrong[doing...] in order to be able to make a record for appeal.*

*And I'd like to do that. It's my right under [rules of reason and this] Court of Appeals Case.*

*THE COURT: Next question, Mr. Browstowin. (To the Witness) Turn the chair back, Mr. Asensio.*

21.    On June 2, 2017, I filed a Notice of Appeal and Entry of Judge Fasanya's denial of my legal arguments. **EXHIBIT 5**

22.    On June 6, 2017, I sought a stay from the AD of the contempt proceedings based on the transcript of the June 1, 2017 testimony.  The Court attorney at the Appellate Division refused consideration of the application for a stay unless the transcript was "so ordered".  I requested that Judge Fasanya "so order" this transcript

9

to no avail.

23. On June 28, 2017, after 22 days of waiting, I wrote to Judge Fasanya again requesting that he "so order" the transcript of the June 1, 2017 proceedings so that the application to the AD could be resubmitted. He and his Counsel ignored this request, as well as my telephone calls and emails requesting that he "so order" this transcript. **EXHIBIT 6**

24. On June 22, 2017, I sought a stay in Supreme Court pursuant to a predecessor Article 78 application of Judge Fasanya's contempt hearing on his 11th and 12th AFC Contempt OTSCs. Judge Fasanya's counsel opposed my motion for a stay stating to the Supreme Court, *"Your Honor, I don't believe that this is a penalty of confinement. I believe that fear…is irrational."*

25. I have been advised by several attorneys, including my counsel in connection with the above contempt proceedings that Judge Fasanya's 11th and 12th AFC Contempt OTSC were procedurally and legally defective. See pages 13 thru 21 in Exhibit 6.

26. Notwithstanding Judge Fasanya's lack of jurisdiction to issue the AFC appointment orders, his complete failure to administer these administrative orders, the unavailability of contempt to enforce payment under his AFC orders and the defective applications to enforce these orders, Judge Fasanya in fact held me in contempt of court on June 30, 2017 at the close of the hearing. Further, ordered me incarcerated unless I paid not only the $30,367.40 sought by the AFC but an additional $25,000.00 payable to her in escrow for a total of $55,367.40.

10

27.    I presented a cash Surety Bond with proof of deposit that mandated an automatic stay of enforcement. Judge Fasanya refused to accept that bond without review or reason.

28.    Judge Fasanya ordered me arrested and incarcerated for up to 150 days even though I clearly represented to Judge Fasanya that I could and wanted to purge the contempt that very afternoon and that there was no need to incarcerate me. A copy of the Order of Commitment signed by Judge Fasanya on June 30, 2017 is **EXHIBIT 7.**

29.    Judge Fasanya executed the Order of Commitment on a Friday before the long July 4th weekend. Judge Fasanya refused to allow me to make a call, knowing that once his Court Officers handed me over to the Corrections Officers located in the Family Court that I would not be allow a call until after Family Court closed.

30.    I was only able to obtain release from incarceration by delivering certified checks to Judge Fasanya payable to the AFC in the amount of $40,000, after which Judge Fasanya adjourned the contempt hearing until July 5, 2017 to allow me to pay the remaining $10,367.40.

31.    In order to have me unnecessarily incarcerated Judge Fasanya had to ignore FCA 248, 245 and 243 direct mandate. He also had to ignore his constitutionally limited jurisdiction and the jurisdictional limitations of Judiciary Law 770 and DRL 245. He knew he had not allowed a hearing on the value of the AFC or on the parites financial circumstances. He used no administrative rules to govern his AFC's billings and ignored the rules contained in CPLR 36 and UCS 872 that he referred to in his own orders. He ignored the fact that the AFC rested her case without

11

presenting any evidence and that AFC's application was legally and procedurally defective. He also ignored the representation that he would not make a commitment order against me made by his counsel in Supreme Court.

32.    In addition to the above, Judge Fasanya had to ignore CPLR 5519 that allows a stay based upon an undertaking to assure funds for a restitution under CPLR 5523 and deny me an opportunity to purge.

33.    I never consented to the AFC's appointment or fees. Yet Judge Fasanya has insisted on having his judicial appointing spend 83% of his time to collect fees since he made his appointment. Based on his actions on June 30th, viewed in the light of his deceptive use of his administrative acts to ignore my petition after ordering a trial and to administratively without evidence keep me for communicating with my daughter since January 15, 2016, it is clear that Judge Fasanya is acting to create his own record. In addition, that he has no apprehensions to cause me great harm.

**34.**    I last appeared before Judge Fasanya on July 5, 2017 to deliver to Judge Fasanya the extra $10,367.40 as he ordered. I again withdrew personally and withdrew of all my applications, petitions and defenses. Yet he continues the AFC billing. He ordered the underlying matter to proceed to trial on September 25, 2017 without me. **EXHIBIT 7**

12

# ARGUMENT

35. This petition is the proper to contest Judge Fasanya's jurisdiction in making the AFC orders private pay, he administration of the AFC's fees, compliance with applicable decisional law and in using them to hold me in contempt.

"An order of assignment, however, is properly contested by a CPLR article 78 proceeding in the nature of prohibition. Although an extraordinary remedy, a writ of prohibition is appropriate in "cases where a court acts without jurisdiction" as he "function of the writ ... [is] not merely to restrain an unwarranted assumption of jurisdiction, but also to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction" (Matter of Lee v. County Ct. of Erie County, 27 N.Y.2d 432, 436–437, 318 N.Y.S.2d 705, 267 N.E.2d 452 [1971] ).

Smith v. Tormey, 975 N.E.2d 470, 474, 951 N.Y.S.2d 89, 93, 19 N.Y.3d 533, 540–41 (N.Y.,2012)

Fixing compensation for assigned counsel pursuant to the statute is one of numerous responsibilities of courts and Judges. These responsibilities might be characterized as 'administrative'. They are, however, internal to, and performed entirely within the context of, the judicial offices involved. They are not concerned with the performance of an adjudicative function or an administrative responsibility external to the management of the courts or the litigation in them.

Werfel v. Agresta, 331 N.E.2d 668, 668, 370 N.Y.S.2d 881, 882, 36 N.Y.2d 624, 626 (N.Y. 1975)

13

36.    Judge Fasanya has issued four AFC appointment orders and has signed twelve orders to show cause seeking to compel me to pay AFC fees on pain of contempt. He has done this without legal authority or holding any hearing as to the AFC's qualifications, fitness, experience, rates or the extent of services she has allegedly provided and their value to a resolution of the case.

37.    The AFC fee orders are administrative. Judge Fasanya has refused to administer the AFC fees and has refused to follow the law and the administrative procedures of the County and State of New York.

38.    The New York State Uniform Court System's Office of Court Administration ("OCA"), the State's three Chief Judges, Family Court's Manhattan County and New York City Supervisors, and the Commission on Judicial Conduct as a matter of policy do not investigate or regulate judicial administrative conduct. Each of these regulators have advised me that this policy applies to Judge Fasanya's AFC orders.

39.    Further, under FCA Article 11 Section 1112(a) only an order of disposition can be appealed as of right. Consequently, neither Judge Fasanya's orders appointing the AFC nor his signed orders to show cause filed by the AFC to compel payment can be appealed to the AD.

40.    As a result, Judge Fasanya has been able to take liberties with my most precious rights and property and impact the Final Judgement through unreviewable and unsupervised administrative acts.

14

41.     FCA Part 4 Article Section 248 and Section 245[a] obligates Judge Fasanya to bill society, in the guise of the State of New York, and the county, and not me or any other private party for the AFC's fees. The Third Department nor the Fourth Department do not permit private pay orders for AFCs. I have been advised that the Second Department's decision to allow the practice of private pay billing by AFCs in one Plovinick v. Klinger did not consider New York Constitutional Law. The Constitutional law strictly prohibits limited jurisdiction, inferior courts from acting outside of the mandates imposed by the legislative act that created them. Further, the Second Department wrongfully equated Judiciary 35's conditional claw back provision of $75 per hour fees paid at the end of the case and under State's administrative rules to the circumstanced of order a parent to pay an AFC privately. The First Department has not yet addressed this issue. Moreover, even in the Second Department, a hearing is required as to the value and reasonableness of the AFC's fees.

42.     On information and belief, Judge Fasanya's appointment of the AFC on the private pay basis, his allocation of 90% of those fees to me and his uncritical approval of every application made by the AFC without any inquiry as to the reasonable value of the services purportedly provided by the AFC or the services she has rendered in return for her billing is part of Judge Fasanya's continuing plan to prolong the underlying litigation, enrich the AFC and create a financial obstacle to prevent me from litigating the substantive issues in this underlying case which revolve around the custody of my daughter, Eva Asensio which can only be determined against the background of Bosak's egregious parenting.

43.     Judge Fasanya has derailed these proceedings by allowing the AFC to dedicate over 83% of her time to collection of wholly un-administered invoices and

15

collection of those fees through contempt findings. This is an egregious example of Judge Fasanya's complete lack of impartiality and his impermissible identification with the AFC.

44.     Judge Fasanya has stated on the record more than once that he will not compel me to appear in his courtroom. He has ruled that I am free to withdraw. Indeed, I have withdrawn despite having met the burden of proof of material interference. Yet he continues to approve the AFC's applications, thereby trapping me in his courtroom.

45.     I have sought leave from the AD to appeal all AFC appointment orders issued by Judge Fasanya. The AD denied all of them.

46.     As a result, Judge Fasanya is able to use his administrative powers under Judiciary Law 2-b [3] to order me to pay the AFC's fee in the clear absence of jurisdiction and in contravention of law and to hold me in contempt as he has done 12 times.

47.     In light of: (a) the twelve orders to show cause seeking to compel me to pay the AFC's fees under pain of contempt, all of which were signed by Judge Fasanya without inquiry or question; (b) my illegal incarceration on June 30, 2017 notwithstanding my willingness to purge Judge Fasanya's finding of contempt; (c) the additional sum of $25,000.00 added by Judge Fasanya to the $30,367.40 he sought to allow me to purge his contempt finding and end my incarceration, and (d) his insistence on continuing the proceedings, notwithstanding my unequitable and unconditional withdrawal of my applications, petitions and defenses, I have a reasonable and real apprehension that I will continue to be billed by Judge Fasanya

16

for the AFC Fees, that he will continue to seek to enforce through the mechanism of contempt, and that Judge Fasanya will indeed will hold me in contempt to compel me to pay the AFC fees or simply to embarrass, punish or chastise me notwithstanding my willingness to purge. Furthermore, I need finality. Clearly, Judge Fasanya's deceptions are aimed at an objective he has not yet reached, namely a Final Judgement based on his own administrative acts.

48.    If Judge Fasanya continues to allow the AFC to submit invoices without administration or oversight and to approve the AFC's applications against me on pain of contempt notwithstanding the lack of legal authority for him to do so and notwithstanding the patent defects in the AFC's applications, acting without and in excess of its jurisdiction I will be subjected to the irreparable harm of avoidable and needless incarceration. The AFC has now submitted yet another invoice for me to pay.

49.    I have no other plain, adequate and complete remedy at law for the relief sought herein. No previous application has been made to this Court or any Justice thereof fore the relief requested herein or any similar relief except for the relief sought in the Article 78 Petition captioned In the Matter of a Prohibition Petition Pursuant to C7801 Civil Practice Law and Rules ("CPLR") Article 78 Manuel P. Asensio, Petitioner against Adetokunbo O. Fasanya, A Justice preceding under Family Court Act  Article 151 as a Magistrate in the New York County Family Court, Part 5, which was disposed of by the Hon. Barbara Jaffe on procedural grounds without prejudice.

**WHEREFORE**, Petitioner prays that:

1. A judgment in the nature of prohibition be issued out of this Court directed to the Hon. Adetokunbo O. Fasanya, Judge of the Family Court of the County of New York and any other judge of the Family Court of the County of New York prohibiting him, them and each of them from issuing or enforcing Payment Orders in favor of the AFC against Petitioner including entering Orders to Show Cause based upon the AFC appointment orders seeking to hold Petitioner in contempt of court to compel payment of moneys purportedly owed to the AFC pursuant to said AFC appointment orders and from using his judicial appointment Judiciary Law 2-b [3] General Powers to impact the Final Judgment; and

2. A judgment in the nature of prohibition be issued out of this Court directed to the Hon. Adetokunbo O. Fasanya, Judge of the Family Court of the County of New York and any other judge of the Family Court of the County of New York to which the action or any application by the parties herein may be referred at a Term prohibiting Judge Fasanya from continuing the underlying proceedings against Petitioner notwithstanding Petitioner's withdrawal therefrom; and

3. That pending the hearing and determination of this special proceeding, all further proceedings upon the part of Judge Fasanya or of any of the judges of the Family Court, of the parties to the action or of the AFC be stayed; and

18

4. That Petitioner have such other, further, or different relief as to the Court may seem just and proper.


Dated:  New York, New York
        July 25, 2017

_____

Manuel P. Asensio
Petitioner

July 25, 2017

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In the Matter of
The Application of Manuel P. Asensio,
                   Petitioner,

For a Judgement under Article 78 of            PETITION
the Civil Practice Law and Rules

In the Nature of Prohibition                Index No. _____

      -against-

The Hon. Adetokunbo O. Fasanya
Judge of the Family Court of New York County, and
Emilie Marie Bosak, and
Carmen Restivo, the Attorney for the Child.
                   Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### VERIFICATION OF PETITION

I, Manuel P. Asensio, duly sworn, deposes says on the 25th day of July 2017, I am the Petitioner in the above-entitled matter and that I executed this Verification of this Petition swearing that Petition is not frivolous and the fact statements contained in the Petition are true and correct to the best of my own personal knowledge, expect as to matters stated based on knowledge and belief and to those I solemnly swear that I believe them to be true. I make this Verification of Petition under oath under penalty of perjury.

                                    Manuel P. Asensio

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK    )
Sworn to before me this the 25th day of July 2017

_____
Notary Public

SAMUEL T RICHMAN
Notary Public, State of New York
No. 01RI6339167
Qualified in Kings County
Commission Expires March 28, 2020

20

# EXHIBIT 1

1   FAMILY COURT OF THE STATE OF NEW YORK

2   CITY OF NEW YORK :   COUNTY OF NEW YORK

3                PART 5

4   - - - - - - - - - - - - - - - - - - - - - -X
    In the Matter of a Proceeding for the Custody and/or
5   Visitation of Minors Under Article 6 of the Family Court
    Act.
6   MANUEL ASENSIO,
                    PETITIONER
7                                        DOCKET NO.
                                         V-43839/13
8
                      -against-
9
    EMILIE BOSAK,
10                          RESPONDENT.
    - - - - - - - - - - - - - - - - - - - - - -X
11                               Hearing Held at
                                 60 Lafayette Street
12                               New York, NY 10013
                                 May 15, 2014
13
    BEFORE:          HONORABLE ADETOKUNBO O. FASANYA, JUDGE
14

15  APPEARANCES:
                    Law Office of Douglas Barics
16                  BY:  DOUGLAS BARICS, ESQ.
                    For the Petitioner
17
                    Chemtob Moss & Forman
18                  BY:  SUSAN MOSS, ESQ.
                    For the Respondent
19
                    Law Office of Carmen Restivo
20                  BY:  CARMEN RESTIVO, ESQ.
                    For the Child
21
    PRESENT:         Manuel Asesnio, Petitioner
22

23                               MARCIA GORDON
                                 **OFFICIAL COURT REPORTER**
24

25

Manuel Assensio v Emilie Bosak

2        decision as to whether or not I be paid.

3              THE COURT:  That's what the Court has to address,

4        I want to address what Ms. Moss has to say first.

5              MS. MOSS:  Unfortunately there have been six

6        pretty big problems since the last time we were in court.

7              THE COURT:  Six of them?

8              MS. MOSS:  Six of them, some involving the

9        police, some involving Mr. Assensio been carted out of the

10       school by the school safety patrol officer, but let's go

11       through one at a time.

12             THE COURT:  Is Mr. Barics aware of these

13       incidents?

14             MS. MOSS:  Yes.

15             MR. BARICS:  I am, Your Honor.

16             MS. MOSS:  And we discussed them as well.

17             THE COURT:  Did you send a letter to Mr. Barics

18       or you just discussed them?

19             MS. MOSS:  There have been numerous e-mails going

20       back and forth, I never --

21             THE COURT:  E-mail is in writing, Ms. Moss, I

22       just wanted to know.  One second is Ms. Restivo aware?

23             MS. RESTIVO:  I am aware.

24             MR. BARICS:  I am aware of various incidents, I

25       don't know specifically six.

Page 9

-PROCEEDINGS-

1    agreement that is place.  Until such time as this Court

2    addresses it, or it is modified the parties are to abide

3    strictly by that.

4          It is absurd that two parties, intelligent

5    parties, adults cannot arrange a pick up and drop off

6    without having the police there in the presence of their

7    child, the child being -- from all what I am hearing

8    dragged out of the home with police assistance, it is

9    absurd.  Until such time, unless there is an emergency,

10   follow the order, follow the agreement strictly.

11         Do you have your client's tax return Mr. Barics?

12         MR. BARICS:  No, your Honor, I was supposed to

13   bring them, I completely forgot, I apologize.

14         THE COURT:  We addressed it on the last court

15   date, we were addressing the issue how Ms. Restivo was to

16   be paid.  You told me your client earns zero and there is

17   an argument about that.  An argument about the fact that

18   your client own several companies and he earns money.  I

19   need to know what your client's income is.  And I need to

20   know what companies he operates and the incomes that come

21   to those companies, how much your client make, Ms. Moss?

22         MS. MOSS:  My client said the last time either 40

23   or $60,000.

24         THE COURT:  But she said she was starting a new

25   job, did she not?

FILED: NEW YORK COUNTY CLERK 07/25/2017 08:02 PM INDEX NO. 156692/2017
NYSCEF DOC. NO. Case 1:18-cv-10933-RA   Document 45-8   Filed 02/14/19   Page 26 of 99   RECEIVED NYSCEF: 07/25/2017

46

-PROCEEDINGS-

1          MS. MOSS:  Yes, she just started it that's why

2     she is not here today.

3          THE COURT:  What is the income that she is making

4     on that?

5          MS. MOSS:  Either 40 or $60,000, I don't recall.

6          THE COURT:  Ms. Restivo, what are the terms of

7     your retainer.

8          MS. RESTIVO:  $300 an hour, $6,000 retainer up

9     front.

10          THE COURT:  Subject to reallocation at this point

11     Ms. Restivo's fees are to be paid ninety by Ms. Asensio

12     ten percent by Ms. Bosak.

13          Payment to Ms.  Restivo by certified check or

14     money order by both parties, no later than the twenty-third

15     of May that's next Friday.

16          That is a court order for both parties.

17          Ms. Restivo, if you do not receive a certified

18     check or money order that covers your fees by next Friday,

19     I expect you to file a motion.

20          MS. RESTIVO:  Understood.

21          THE COURT:  And I just want both counsel

22     Ms. Moss, I want both counsel to be aware that if I find

23     that this order that I am making for the child's attorney

24     to be paid is not complied with, there will be repercussion

25     to that also.

47

-PROCEEDINGS-

1           MR. BARICS:  $6,000, ninety percent?

2           THE COURT:  Ninety percent to Mr. Asensio, ten

3     percent Ms. Bosak.  Payment by the twenty-third.

4           Now, pick a date.

5           MS. RESTIVO:  We have July 31st?

6           THE COURT:  We have a date already?

7           MS. RESTIVO:  July 31st at 10:00 o'clock.

8           THE COURT:  I will see everybody July 31 at 10:00

9     o'clock.

10          MS. MOSS:  Thank you, Your Honor.

11          COURT OFFICER:  Parties are excused, step out.

12               *     *     *     *     *

13          Certified to be a true and accurate

14    record of the within proceedings.

15

16                    Marcia Gordon

17               Official Court Reporter.

18

19

20

21

22

23

24

25

May 19, 2014

At a term of the Fan..../ Court
Part 5, 60 Lafayette St.
New York, New York
the State of New York,
held this _____ day of May 2014.

PRESENT:
**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

MANUEL P. ASENSIO,
                          Petitioner,

                     - against -

EMILIE BOSAK,
                          Respondent.

**ORDER APPOINTING
ATTORNEY FOR THE CHILD**
Docket Nos.: V-43839-13/13A, O-44317-13

Upon all of the proceedings in this Court, it is hereby:

1.    ORDERED that the following attorney is appointed as Attorney for the Child:

*Name:*    CARMEN RESTIVO, ESQ.
(who this court has determined is certified in compliance with Part 36 rulers,
including but not limited to Part 36.2 Appointment Conditions)
*Address:*    299 Broadway, Suite 1415, New York, New York 10007
*Phone/Fax:*    718-767-3798
*Email:*    crestivoesq@aol.com

For the following child of the parties:  REVA ASENSIO, d/o/b 10/14/04

2.    ORDERED that upon receipt of this order and UCS 872 (Notice of Appointment
and Certification of Compliance), the Attorney for the Child shall complete, execute and return
UCS 872 to the Fiduciary Clerk;

3.    ORDERED that on or before May 23, 2014, via certified check or money order,
the father and mother shall pay to the Attorney for the Child a total retainer of **$6,000.00** with
father responsible for **$5,400.00** of the retainer amount and the mother responsible for **$600.00**
of the  retainer amount;

4.    ORDERED that no less often then every 60 days from the date of this order of
appointment the Attorney for the Child shall send to counsel for the parties bills for
compensation and the reimbursements of disbursements;

1

5.    ORDERED that the Attorney for the Child shall bill at a rate of compensation of **$300.00** per hour;

6.    ORDERED that all subsequent compensation, including reimbursement for disbursements, shall be paid to the Attorney for the Child by the parties as follows: **10%** by father and **90%** by mother;

7.    ORDERED that once the retainer is expended, the parties shall pay all bills sent by the Attorney for the Child within 10 days of the date of the bill;

8.    ORDERED that all compensation and reimbursement for disbursements billed by the Attorney for the Child during the pendency of this action/proceeding shall be approved by the Court in the final order of compensation, which shall be settled by the Attorney for the Child, on five days notice, at the conclusion of the Attorney for the Child's service in the action/proceeding or as otherwise directed by the Court;

9.    ORDERED that the final order of compensation shall be supported by an affirmation of services by the Attorney for the Child on a form approved by the Chief Administrator of the Courts;

10.    ORDERED that within 10 days of service of a copy of the final order of compensation the Attorney for the Child shall return to a party any amount by that party in excess of his/her share of compensation and reimbursement for disbursements, as approved by the Court in the final order of compensation;

11.    ORDERED that

a.    counsel for the parties shall immediately contact the Attorney for the Child to schedule a meeting with the child;

b.    the parties shall make themselves, the child, and anyone living in either party's household, available for interviews with the Attorney for the Child (counsel for the

2

parties may be present at ⬤ interview between the Attorney for the ⬤ ld and counsel's client, or the party may waive counsel's presence);

c.  each party may schedule an interviews with the Attorney for the Child, with or without his/her counsel present, to discuss all issues relevant to custody and visitation (the sequence and frequency of such interviews shall be at the discretion of the Attorney for the Child);

d.  the parties shall cooperate with the Attorney for the Child in providing any documents, papers or information requested, including executing releases permitting the Attorney for the Child to speak with, or receive information from, any mental health professional, social service workers or agencies, physicians, schools, or other persons or entities having material and necessary information regarding the parties or the child;

e.  the parties shall provide reasonable, private and unhampered access by the child to the Attorney for the Child;

12.  ORDERED that counsel for the parties shall immediately send the Attorney for the Child copies of all papers in the action/proceeding, including pleadings, motions and prior orders, and

13.  ORDERED that failure of the parties to cooperate promptly with the Attorney for the Child shall result in a sanction, costs imposed or any other remedies available pursuant to the CPLR and the Rules of the Family Court.

Dated: May ___14___, 2014

HON. ADETOKUNBO O. FASANYA

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

3

At a term of the Family Court
Part 5, 60 Lafayette St,
New York, New York
the State of New York,
held this 8th day of December 2016.

PRESENT:
**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

| | |
|---|---|
| **MANUEL P. ASENSIO,** | **CORRECTED ORDER APPOINTING** |
| Petitioner, | **ATTORNEY FOR THE CHILD** |
| - against - | Docket Nos.: V-43839-13/13A, O-44317-13 |
| **EMILIE BOSAK,** | |
| Respondent. | |

Upon all of the proceedings in this Court, it is hereby:

1. ORDERED that the following attorney is appointed as Attorney for the Child:

    *Name:* **CARMEN RESTIVO, ESQ.**
    (who this court has determined is certified in compliance with Part 36 rulers, including but not limited to Part 36.2 Appointment Conditions)
    *Address:* 299 Broadway, Suite 1415, New York, New York 10007
    *Phone/Fax:* 718-767-3798
    *Email:* crestivoesq@aol.com

    For the following child of the parties: **EVA ASENSIO, d/o/b 10/14/04**

2. ORDERED that upon receipt of this order and UCS 872 (Notice of Appointment and Certification of Compliance), the Attorney for the Child shall complete, execute and return UCS 872 to the Fiduciary Clerk;

3. ORDERED that on or before May 23, 2014, via certified check or money order, the father and mother shall pay to the Attorney for the Child a total retainer of **$6,000.00** with father responsible for **$5,400.00** of the retainer amount and the mother responsible for **$600.00** of the retainer amount;

4. ORDERED that no less often then every 60 days from the date of this order of appointment the Attorney for the Child shall send to counsel for the parties bills for compensation and the reimbursements of disbursements:

1

5.      ORDERED that the Attorney for the Child shall bill at a rate of compensation of

**$300.00** per hour;

6.      ORDERED that all subsequent compensation, including reimbursement for

disbursements, shall be paid to the Attorney for the Child by the parties as follows: **10%** by

mother and **90%** by father;

7.      ORDERED that once the retainer is expended, the parties shall pay all bills sent

by the Attorney for the Child within 10 days of the date of the bill;

8.      ORDERED that all compensation and reimbursement for disbursements billed

by the Attorney for the Child during the pendency of this action/proceeding shall be approved

by the Court in the final order of compensation, which shall be settled by the Attorney for the

Child, on five days notice, at the conclusion of the Attorney for the Child's service in the

action/proceeding or as otherwise directed by the Court;

9.      ORDERED that the final order of compensation shall be supported by an

affirmation of services by the Attorney for the Child on a form approved by the Chief

Administrator of the Courts;

10.      ORDERED that within 10 days of service of a copy of the final order of

compensation the Attorney for the Child shall return to a party any amount by that party in

excess of his/her share of compensation and reimbursement for disbursements, as approved by

the Court in the final order of compensation;

11.      ORDERED that

a.  counsel for the parties shall immediately contact the Attorney for the Child

to schedule a meeting with the child;

b.  the parties shall make themselves, the child, and anyone living in either

party's household, available for interviews with the Attorney for the Child (counsel for the

2

parties may be present at any interview between the Attorney for the Child and counsel's client, or the party may waive counsel's presence);

      c.  each party may schedule an interviews with the Attorney for the Child, with or without his/her counsel present, to discuss all issues relevant to custody and visitation (the sequence and frequency of such interviews shall be at the discretion of the Attorney for the Child);

      d.  the parties shall cooperate with the Attorney for the Child in providing any documents, papers or information requested, including executing releases permitting the Attorney for the Child to speak with, or receive information from, any mental health professional, social service workers or agencies, physicians, schools, or other persons or entities having material and necessary information regarding the parties or the child;

      e.  the parties shall provide reasonable, private and unhampered access by the child to the Attorney for the Child;

12.    ORDERED that counsel for the parties shall immediately send the Attorney for the Child copies of all papers in the action/proceeding, including pleadings, motions and prior orders, and

13.    ORDERED that failure of the parties to cooperate promptly with the Attorney for the Child shall result in a sanction, costs imposed or any other remedies available pursuant to the CPLR and the Rules of the Family Court.

14.    ORDERED that this Order shall be *nunc pro tunc* to May 15, 2014.

**Dated:** December 8, 2016

                               _____

                      HON. ADETOKUNBO O. FASANYA

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

3

1

```
 1   FAMILY COURT OF THE STATE OF NEW YORK
     CITY OF NEW YORK - COUNTY OF NEW YORK
 2   ------------------------------------x
     In the Matter of a Proceeding for
 3   the Custody and/or Visitation of
     Minors Under Article Six of the
 4   Family Court Act

 5       MANUEL P. ASENSIO,
         EMILIE BOSAK,
 6
                    Petitioners,          Docket NO.:
 7                                        V-43839-15/15A
         -against-
 8
         EMILIE BOSAK,
 9       MANUEL P. ASENSIO,

10                  Respondents.
     ------------------------------------x
11   Held:           March 13, 2017
                     60 Lafayette Street
12                   New York, New York 10013

13   Before:         Hon. ADETOKUNBO O. FASANYA, Judge
                     Family Court of the State of New York
14

15

16   Appearances:
                     ALEXIS WOLF, Esq.
17                   Attorney for Emilie Bosak

18                   CARMEN RESTIVO, Esq.
                     Attorney for the child
19
                     Holden Thornhill, Esq.
20                   Attorney for Mr. Asensio on the summary contempt

21

22

23
                              Charlene Fountaliotis-Squires
24                              Official Court Reporter

25
```

1          THE COURT:  Mr. Asensio?

2          MANUEL PEDRO ASENSIO: I object.

3               I would like to be released as soon as possible.

4     And I would pray that the court please allow me to present

5     my opposition to the attorney for the child's fees so that

6     we can end this.   My primary concern are fees in this case,

7     I must settle them.   And I would like to settle them with

8     these papers, they are self-explanatory and I would greatly

9     appreciate it if you could look at them, your Honor.

10              THE COURT:  Ms. Restivo, have you received the

11    opposition Mr. Asensio refers to?

12              MS. RESTIVO: This morning.

13              THE COURT:  Please show it to Ms. Restivo.

14              MS. RESTIVO: This morning he handed me a copy.

15              THE COURT:  No, remain seated.

16              Show the document you wish to hand over to the

17    court.  Is it one document or two documents, Mr. Asensio?

18              MANUEL PEDRO ASENSIO: There are two crosses, one

19    opposition and one concerning the motion to disqualify the

20    Judge and the attorney for the child as a cross to her

21    motion.

22              THE COURT:  Please show Ms. Restivo the documents.

23              MS. RESTIVO:   There's obviously several pages in

24    length.  I'm looking at the tops of both and that is what he

25    presented to me this morning.

PROCEEDINGS                                    37

1          THE COURT:  Ms. Wolf, have you seen these

2     documents?

3          MS. WOLF: I received one via e-mail and one this

4     morning.

5          THE COURT:  Are you accepting the one that was

6     served by e-mail?

7          MS. WOLF: I will just for the interests of saving

8     paper.

9          MANUEL PEDRO ASENSIO: They were hand delivered to

10    their offices as well.

11         THE COURT: Thank you, Mr. Asensio.

12         MANUEL PEDRO ASENSIO: There is for the court.

13         THE COURT: I will take a look at those documents

14    first.

15         MS. RESTIVO: Your Honor, this matter was scheduled

16    to 12:30.  I really have a personal obligation that I must

17    attend to.

18         THE COURT:  I understand.  It is not 12:30 yet.  We

19    will address that right now.

20         MANUEL PEDRO ASENSIO: I have copies.

21         THE COURT:  Stop speaking.

22         MANUEL PEDRO ASENSIO: Your Honor  --

23         THE COURT:  The court is not going to be receiving

24    these two documents from Mr. Asensio.  Neither one of them

25    addresses any opposition to Ms. Restivo's application.

1          MANUEL PEDRO ASENSIO: Yes.

2          THE COURT:  Those two documents basically restate

3    multiple past applications that Mr. Asensio has tried to

4    file that this court has declined to sign.   Accordingly,

5    the court will not be accepting them.

6          Mr. Asensio, if you wish to file a response to the

7    order to show cause itself seeking to have you held in

8    contempt on specific issues and specific payments for a

9    specific period, you are free to do that.   There's nothing

10   else to address.

11         We're going to pick a date now.

12         Tomorrow's date is vacated.

13         MANUEL PEDRO ASENSIO: It's not my withdrawal date

14   directly related to her fees?

15         THE COURT: The case continues on Ms. Bosak's

16   petition.   Ms. Restivo is assigned on that petition also.

17         We're going to pick a date now.

18         MANUEL PEDRO ASENSIO: If I don't -- your Honor, if

19   I don't appear for her --

20         THE COURT:  That will be your choice.  You don't

21   have to tell me --

22         MANUEL PEDRO ASENSIO: Then I won't be billed?

23         THE COURT: You will be billed, because the case

24   continues, as I said.   There's a pending petition before me

25   and Ms. Restivo continues to be assigned on that petition.

PROCEEDINGS                                    39

1            MANUEL PEDRO ASENSIO: You do what you want.

2            THE COURT:  Mr. Asensio, please stop speaking.

3    Stop speaking.

4            You asked a question, I'm responding to you.   To

5    the extent that Ms. Restivo continues with her assignment on

6    all of the dockets before me or any docket before me, she is

7    entitled to continue her billing.

8            MANUEL PEDRO ASENSIO: What can I do to stop that,

9    your Honor?

10            THE COURT:  You may want to go and talk to an

11    attorney about that.

12            How is April 25th at 10:30?

13            MANUEL PEDRO ASENSIO: You're the decision maker.

14            THE COURT:  How is April 25th at 10:30?

15            MS. RESTIVO: Yes.

16            MS. WOLF: That works for us.

17            THE COURT: How is April 26th at 10:00?

18            MS. WOLF: That also works.

19            MS. RESTIVO: I can't.  I have -- I have a 10:00.

20            THE COURT:  Until when, Ms. Restivo?

21            MS. RESTIVO:  I have a 10:00, 10:30 to 11:30.

22    I can do 11:30 to 1:00.

23            THE COURT: How is the 27th at 9:30?

24            MS. RESTIVO:  I have a 9:30 to 10:00.

25            THE COURT:  Is that --

1              MS. RESTIVO:  I'm not available for the rest of the

2      week.  I'm available part of the 2nd and the 3rd.

3              THE COURT:  How is May 11th, 10:00 to 12:00?

4              MS. RESTIVO: I have time all day.

5              THE COURT:  May 12th, 10:00 to 12:00?

6              MS. RESTIVO: I have cases.

7              THE COURT:  May 15th, 2:15 to 4:00?

8              MS. RESTIVO: Okay.

9              MS. WOLF: That works.

10             THE COURT:  Ms. Bosak's petition is adjourned.

11     First day back is April 25th at 10:30.

12             Ms. Restivo's application is also adjourned.  First

13     day back is April 25th at 10:30.

14             MANUEL PEDRO ASENSIO: Your Honor --

15             THE COURT:  Thank you very much.

16             MANUEL PEDRO ASENSIO: I have an application about

17     the child.

18             COURT OFFICER: Step out.

19             THE COURT:  All orders are continued.

20     ****************************************************************
       Court Reporter's Certification
21         I hereby certify that the foregoing transcript is a true and
       accurate record of the stenographic proceedings in the above
22     matter.
           This transcript is prepared in accordance with the OCA/UCS
23     Guidelines governing the formatting of official court
       transcripts as of August 16, 2000.
24                     _____
                       Charlene Fountaliotis-Squires
25                     Official Court Reporter

# EXHIBIT 2

*lapsed*
*motion to*
*recommate ?*
*so appeal*
*must be filed*

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the _____ day of June 2014.

PRESENT:

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

---

In the Matter of a Custody Visitation Proceeding

**MANUEL P. ASENSIO,**

Petitioner,

- against -

**EMILIE BOSAK,**

Respondent.

**ORDER TO SHOW CAUSE**

**File #:** 38466  **Adjourn Date:** 7/31/14
**Docket Nos.:** V-43839-13/13A
  O-44317-13

---

<u>**NOTICE**</u>: **THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

<u>**WARNING:**</u>
**YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 28th day of May, 2014, the Exhibits annexed hereto, and upon all papers

and proceedings herein, it is hereby,

**ORDERED** that the Respondent, MANUEL ASENSIO, show cause at Part 5 of this court

at 60 Lafayette Street, New York, New York, on the __12__ day of June, 2014 at 9:00 in the

forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made

punishing the Respondent for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his willful refusal to comply with

the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and to hold the

Respondent MANUEL ASENSIO, in

1

**CONTEMPT OF COURT** for his willful failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Respondent MANUEL ASENSIO is to pay (via certified check or money order) the attorney for the child a retainer in the amount of $5,400.00, and for any and all other remedies which the Court may deem just and equitable. No prior request for the relief sought herein has been made previously.

**ORDERED** that service via regular mail, fax or email service of a copy of this Order to Show Cause and supporting affirmation upon Respondent Manuel Asensio and J. Douglas Barics, Esq., (Counsel for Respondent Manuel Asensio) on or before 5:00PM the 5th day of _June_ 2014 be deemed sufficient service. and counsel for the Mother, Susan Moss, Esq.,

Dated: New York, New York
June 3 , 2014

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

To:

Clerk of the Family Court
60 Lafayette Street
New York, NY 10013

J. Douglas Barics, Esq.
Counsel for Manuel Asensio
1399 Franklin Avenue, Suite 202
Garden City, New York 11530
Email: lawyer@jdbar.com

Mr. Manuel Asensio
400 East 54th Avenue, Apt. 29B
New York, New York 10022

Susan Moss, Esq.
3 East 54th Street, 16th Fl
NYC 10022

2

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the ____ day of December 2014.

2014 NOV 31   AM 8: 39

P R E S E N T :

HON. ADETOKUNBO O. FASANYA
Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

**ORDER TO SHOW CAUSE**

MANUEL P. ASENSIO,

    Petitioner,

File #: 38466  Adjourn Dates: 1/5/15 and 1/26/15
Docket Nos.: V-43839-13/13A
O-44317-13

  - against -

EMILIE BOSAK,

    Respondent.

**NOTICE: THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:
YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 26th day of November 2014, the Exhibits annexed hereto, and upon all

papers and proceedings herein, it is hereby,

    **ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the 5th day of _January_, 2014 at 9:30 in

the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made

punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his wilful and intentional refusal

to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 and

the Court's Order dated November 17, 2014, and to hold the Petitioner MANUEL ASENSIO, in

1

**CONTEMPT OF COURT** for his willful and intentional failure to comply with the

Court's Order of Appointing Attorney For The Child dated May 19, 2014 and the Court's Order

dated November 17, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or

money order) the fees for the attorney for the child in the amount of $6,426.00, and for any and all

other remedies which the Court may deem just and equitable.

**ORDERED** that service via regular mail, fax or email service of a copy of this Order to

Show Cause and supporting affirmation upon Petitioner Manuel Asensio and Christopher Battaglia,

Esq., (Counsel for Petitioner Manuel Asensio), and Susan Moss, Esq. (Counsel for Respondent

Emilie Bosak) on or before 5:00PM the 10th day of December 2014 be deemed sufficien:

service. Service on Petitioner by Personal Service.

Dated: New York, New York
December 1, 2014

ENTER:

Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

To:

Clerk of the Family Court
60 Lafayette Street
New York, NY 10013

Christopher Battaglia, Esq., Counsel for Petitioner Manuel Asensio
North Shore Atrium
6800 Jericho Turnpike, Suite 120W
Syosset, New York 11791
Email: cjbdivorcelawyer@gmail.com

Mr. Manuel Asensio
400 East 54th Avenue, Apt. 29B
New York, New York 10022
mpa@millrockllc.com

Susan Moss, Esq., Counsel for Respondent Emilie Bosak
3 East 54th Street, 16th Floor
New York, New York 10022
smoss@cmfesq.com

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the __24th__ day of February 2015.

P R E S E N T :

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

**MANUEL P. ASENSIO,**
                           Petitioner,

          - against -

**EMILIE BOSAK,**
                           Respondent.

**ORDER TO SHOW CAUSE**

**File #:** 38466 **Adjourn Dates:** 2/24/15
**Docket Nos.:** V-43839-13/13A
                  O-44317-13

**NOTICE:** **THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT.  SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:**
**YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 23rd day of February 2015, the Exhibits annexed hereto, and upon all

papers and proceedings herein, it is hereby,

**ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the __12th__ day of __March__, 2015 at ~~9:00~~ __11:00__ in

the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made

punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal

to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and

to hold the Petitioner MANUEL ASENSIO, in

1

**CONTEMPT OF COURT** for his willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $4,111.85, and for any and all other remedies which the Court may deem just and equitable.

**ORDERED** that service via ~~regular mail, fax or email~~ PERSONAL service of a copy of this Order to Show Cause and supporting affirmation upon Petitioner Manuel Asensio ~~and Christopher Battaglia, Esq. (Counsel for Petitioner Manuel Asensio), and Susan Moss, Esq. (Counsel for Respondent Emilie Bosak)~~ on or before 5:00PM the 3rd day of March 2015 be deemed sufficient service.

Dated: New York, New York
Feb 24, 2015

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

To:

Clerk of the Family Court
60 Lafayette Street
New York, NY 10013

Christopher Battaglia, Esq., Counsel for Petitioner Manuel Asensio
North Shore Atrium
6800 Jericho Turnpike, Suite 120W
Syosset, New York 11791
Email: cjbdivorcelawyer@gmail.com

Mr. Manuel Asensio
400 East 54th Avenue, Apt. 29B
New York, New York 10022
mpa@millrockllc.com

Susan Moss, Esq., Counsel for Respondent Emilie Bosak
3 East 54th Street, 16th Floor
New York, New York 10022
smoss@cmfesq.com

2

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the _____ day of October 2015.

P R E S E N T :

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

**MANUEL P. ASENSIO,**

Petitioner,

- against -

**EMILIE BOSAK,**

Respondent.

**ORDER TO SHOW CAUSE**

File #: 128425 **Adjourn Date:** 10/26/15
**Docket Nos.:** V-43839-13/13A
O-44317-13

**NOTICE:** THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.

**WARNING:**
YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 23rd day of October 2015, the Exhibits annexed hereto, and upon all

papers and proceedings herein, it is hereby,

**ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the *16* day of *November*, 2015 at *11:00* in

the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made

punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal

to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and

to hold the Petitioner MANUEL ASENSIO, in

1

**CONTEMPT OF COURT** for his willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $2,272.00, and for any and all other remedies which the Court may deem just and equitable.

**ORDERED** that service via regular mail, fax or email service of a copy of this Order to Show Cause and supporting affirmation upon Petitioner Manuel Asensio on or before 5:00PM the _4_ day of _November_ 2015 be deemed sufficient service.

Dated: New York, New York

_Oct. 29_ , 2015

ENTER:

_____

Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

To:

Clerk of the Family Court
60 Lafayette Street
New York, NY 10013

Mr. Manuel Asensio
400 East 54th Avenue, Apt. 29B
New York, New York 10022
mpa@millrockllc.com

2

#8  1/21/2016

AFC OTSC #5

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the _____ day of January 2016.

PRESENT:

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

---

In the Matter of a Custody/Visitation Proceeding

**MANUEL P. ASENSIO,**

Petitioner,

- against -

**EMILIE BOSAK,**

Respondent.

**ORDER TO SHOW CAUSE**

File #: 38466  **Adjourn Dates:** 1/27/16, 2/8/16
**Docket Nos.:** V-43839-13/13A
O-44317-13

---

**NOTICE: THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT.  SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:
YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA
ASENSIO, sworn to the 26th day of January 2016, the Exhibits annexed hereto, and upon all papers
and proceedings herein, it is hereby,

11:30 AM

     **ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at
60 Lafayette Street, New York, New York, on the __8th__ day of __Feb.__, 2016 at 9:00 in
the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made
punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic Relations
Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal to comply
with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and to hold the
Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $3,016.25, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $3,016.25 on the adjourn date on this application or within five days of the date of the Order on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $3,016.25 through January 15, 2016; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. Entering a finding that the Petitioner does not lawfully obey Court Orders; and

7. Ordering that the Petitioner provide me with a $15,000.00 trial retainer, inasmuch as there seems to be no settlement; and

8. Such other and further relief as to this Court shall be just and proper

**ORDERED** that ~~service via regular mail,~~ Priority ~~fax, or email service of~~ a copy of this Order to Show Cause and supporting affirmation upon Petitioner Manuel Asensio and and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) ~~on or before 5:00PM the _____ day of _____ 2016 be deemed sufficient service.~~ All sides accept service in open Court.

Dated: New York, New York
Jan 27 , 2016

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

03/08/2016  17:08   17187673798          CARMEN RESTIVO ESQ           PAGE  01/09



At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the _8th_ day of March 2016.

P R E S E N T :

### HON. ADETOKUNBO O. FASANYA
Judge of New York County Family Court

---

In the Matter of a Custody/Visitation Proceeding

| | |
|---|---|
| **MANUEL P. ASENSIO,** | **ORDER TO SHOW CAUSE** |
| Petitioner, | |
| | **File #:** 38466 **Adjourn Date:** 3/17/16 |
| - against - | **Docket No.:** V-43839-13/13A |
| **EMILIE BOSAK,** | |
| Respondent. | |

---

**NOTICE: THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:**
**YOUR FAILURE TO APPEAR IN COURT**
**MAY RESULT IN YOUR IMMEDIATE ARREST**
**AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA ASENSIO, sworn to the 7st day of March 2016, and upon all papers and proceedings herein, it is hereby,

**ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at 60 Lafayette Street, New York, New York, on the **17th** day of **March**, 2016 at 9:00 in the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and to hold the Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $2,586.00, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $2,586.00 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $2,586.00 through February 15, 2016; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. Ordering that the Petitioner provide me with a $15,000.00 trial retainer, inasmuch as there seems to be no settlement or, in the alternative, the Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via ~~regular~~ *certified* mail, ~~fax or email service~~ unless Mr. Asensio or Ms. Bosak indicate otherwise, of a copy of this Order to Show Cause and supporting affirmation upon Petitioner Manuel Asensio and and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the 9th day of March 2016 be deemed sufficient service.

Dated: New York, New York
       March 8 , 2016

ENTER:

Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the ___16th___ day of April 2016.

P R E S E N T :

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

**MANUEL P. ASENSIO,**
                    Petitioner,

- against -

**EMILIE BOSAK,**
                    Respondent.

**ORDER TO SHOW CAUSE**

**File #:** 128425  **Adjourn Date:** 5/3/16
**Docket No.:** V-43839-13/13A

<u>**NOTICE**</u>: **THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

<u>**WARNING:**</u>
**YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 16th day of April 2016, and upon all papers and proceedings herein, it is

hereby,

   **ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the ___3rd___ day of ___May___, 2016 at 9:00 in

the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made

punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic Relations

Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal to comply

with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and to hold the

Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $9,027.80, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $9,027.80 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $9,027.80.00 through April 15, 2016 at 9:57am; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. Ordering that the Petitioner provide me with a $15,000.00 trial retainer, inasmuch as there seems to be no settlement or, in the alternative, the Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via regular mail, ~~fax~~ or ~~email service~~ *Priority mail* of a copy of this Order to Show Cause and supporting affirmation upon Petitioner Manuel Asensio and and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the _21st_ day of _April_, 2016 be deemed sufficient service.

Dated: New York, New York
_____, 2016

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

R E C E I V E D
JUL 21 2016
N.Y. COUNTY FAMILY COURT
CLERK OF COURT

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the ___21st___ day of July 2016.

P R E S E N T :

**HON. ADETOKUNBO O. FASANYA**

Judge of New York County Family Court

---

In the Matter of a Custody/Visitation Proceeding

| | |
|---|---|
| **MANUEL P. ASENSIO,** | **ORDER TO SHOW CAUSE** |
| Petitioner, | |
| | **File #:** 128425  **Adjourn Date:** 8/3/16 |
| - against - | **Docket No.:** V-43839-13/13A |
| **EMILIE BOSAK,** | |
| Respondent. | |

---

**NOTICE**:  **THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT.  SUCH PUNISHMENT MAY CONSIST OF FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:**
**YOUR FAILURE TO APPEAR IN COURT**
**MAY RESULT IN YOUR IMMEDIATE ARREST**
**AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA ASENSIO, sworn to the 19th day of July 2016, and upon all papers and proceedings herein, it is hereby,

**ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at 60 Lafayette Street, New York, New York, on the ___3rd___ day of ___August___, 2016 at 9:30 in the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and to hold the Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $3,120.92, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $3,120.92 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $3,120.92 through July 15, 2016; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. The Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via ~~regular~~ *priority or personal* mail, ~~fax or email~~ service of a copy of this Order to Show Cause and supporting affirmation upon Rosemarie Barnett, Esq. (Counsel for Petitioner Manuel Asensio), *Manuel Asensio, Petitioner,* ~~and~~ and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the _25th_ day of _July_, 2016 *by 1:00 P.m.* be deemed sufficient service.

Dated:  New York, New York
_July 21_, 2016

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the __18th__ day of October 2016.

PRESENT:

**HON. ADETOKUNBO O. FASANYA**
        Judge of New York County Family Court

---

In the Matter of a Custody/Visitation Proceeding

**MANUEL P. ASENSIO,**

                    Petitioner,

        - against -

**EMILIE BOSAK,**

                    Respondent.

**SUPPLEMENTAL TO
ORDER TO SHOW CAUSE
DATED JULY 21, 2016**

**File #: 128425  Adjourn Date: 10/11/16
Docket No.: V-43839-13/13A**

---

**NOTICE:** **THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:
YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 4th day of October 2016, and upon all papers and proceedings herein, it is

hereby,

**ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the ~~11th~~ _4TH_ day of ~~October~~, _November_ 2016 at ~~9:00~~ _2:15/pm_ in the

forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made

punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic Relations

Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal to comply

with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and to hold the

Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $6,235.37, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $6,235.37 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $6,235.37 through September 15, 2016; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. The Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via priority mail service of a copy of this Order to Show Cause and supporting affirmation upon Mr. Manuel Asensio (Pro Se Petitioner) and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the _____ day of _____ 2016 be deemed sufficient service.

Dated: New York, New York
Oct 18 , 2016

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

*10th OSC Restivo*

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the __18th__ day of October 2016.

PRESENT:

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

_____

In the Matter of a Custody/Visitation Proceeding

**MANUEL P. ASENSIO,**

                         Petitioner,

     - against -

**EMILIE BOSAK,**

                    Respondent.

_____

**SECOND SUPPLEMENTAL TO
ORDER TO SHOW CAUSE
DATED JULY 21, 2016**

**File #:** 128425 **Adjourn Date:** 10/18/16
**Docket No.:** V-43839-13/13A

**NOTICE: THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:
YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 16th day of October 2016, and upon all papers and proceedings herein, it is

hereby,

       **ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the __4th__ day of __Nov__, 2016 at ~~9:00~~ 2:15/pm

in the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be

made punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal

to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, and to

hold the Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $11,779.87, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $11,779.87 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $11,779.87 through October 16, 2016; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. The Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via priority mail service of a copy of this Order to Show Cause and supporting affirmation upon Mr. Manuel Asensio (Pro Se Petitioner) and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the _____ day of _____ 2016 be deemed sufficient service.

Dated: New York, New York
Oct 18 _____, 2016

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the ___16th___ day of February 2017.

PRESENT:

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

**MANUEL P. ASENSIO,**

                Petitioner,

  - against -

**EMILIE BOSAK,**

                Respondent.

**ORDER TO SHOW CAUSE**

**File #:** 128425
**Adjourn Dates:** 3/13/17, 3/14/17
**Docket No.:** V-43839-13/13A

**<u>NOTICE</u>: THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**<u>WARNING:</u>**
**YOUR FAILURE TO APPEAR IN COURT**
**MAY RESULT IN YOUR IMMEDIATE ARREST**
**AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 9th day of February 2017, and upon all papers and proceedings herein, it is

hereby,

    **ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the _13_ day of _March_ , 2017 at _10:00 am_

in the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be

made punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal

to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 –

Corrected Order Appointing Attorney For The Child dated December 8, 2016, and to hold the

1

Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 - Corrected Order Appointing Attorney For The Child dated December 8, 2016, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $13,719.90, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $13,719.90 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $13,719.90 through February 2, 2017; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. The Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via priority mail service of a copy of this Order to Show Cause and supporting affirmation upon Mr. Manuel Asensio and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the ___28th___ day of ___February___ 2017 be deemed sufficient service.

Dated:  New York, New York
___February 16___, 2017

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the __12ᵗʰ__ day of May 2017.

PRESENT:

HON. ADETOKUNBO O. FASANYA
Judge of New York County Family Court

---

In the Matter of a Custody/Visitation Proceeding

MANUEL P. ASENSIO,

Petitioner.

- against -

EMILIE BOSAK,

Respondent.

---

**SUPPLEMENTAL ORDER TO
SHOW CAUSE TO MY ORDER
TO SHOW CAUSE FILED ON
2/10/17**
**File #:** 128425
**Adjourn Dates:** June 26, 2017
**Docket No.:** V-43839-13/13A

---

**NOTICE: THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU
FOR CONTEMPT OF COURT.  SUCH PUNISHMENT MAY CONSIST OF
FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:**
**YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed supplemental affirmation of CARMEN RESTIVO, ESQ., as counsel for the child

EVA ASENSIO, sworn to the 11th day of May 2017, and upon all papers and proceedings herein, it

is hereby,

ORDERED that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the __26ᵗʰ__ day of __May__, 2017 at __12:00pm__

in the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be

made punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal

to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 —

Corrected Order Appointing Attorney For The Child dated December 8, 2016, and to hold the

1

Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 - Corrected Order Appointing Attorney For The Child dated December 8, 2016, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $30,367.40, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $30,367.40 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $30,367.40 through May 11, 2017; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. The Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via ~~priority~~ Overnight mail service of a copy of this Supplemental Order to Show Cause and supporting supplemental affirmation upon Mr. Manuel Asensio ~~and Terry Brostowin, Esq. (Counsel for Petitioner Manuel Asensio)~~ and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the 16th day of May 2017 be deemed sufficient service.

Dated: New York, New York
       05|12          , 2017

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

# EXHIBIT 3

FILED: NEW YORK COUNTY CLERK 07/25/2017 08:02 PM
NYSCEF DOC. NO.    Case 1:18-cv-10933-RA   Document 45-8   Filed 02/14/19   Page 66 of 99   RECEIVED NYSCEF: 07/25/2017

INDEX NO. 156692/2017

## ADJOURNMENT REQUEST

In the matter of:

_Asensio_

vs

_Bosak_

Docket # ___V - 43839/13/13A___ File: 128 425

Today's date ___MAY 27, 2015___

My name is ___Chris J. BATTAGLIA, Esq___ and on ___7/14 & 7/15/2015___
I have a case in Part ___5___. I respectfully ask the court for an adjournment. The reason I
can't attend on that day is

_I am attorney for Petitioner Manuel Asensio
who desires to withdraw said U-Docket
petition under V-43839/13/13A without
prejudice_

I understand that this request does not guarantee an adjournment and the court may proceed
in my absence. I will be contacted by mail after the court date concerning the court's decision.

_5/27/2015_

_____
Signature

_Attorney for Petitioner_

Translated and explained by:

_____
Official Court Interpreter

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

File #   128425
Docket #: V-43839-13/13A

---

MANUEL P. ASENSIO,

          Petitioner-Father,

-- against --

EMILIE BOSAK,

          Respondent-Mother.

---

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK  )

I, _Richard Andrade_ , being duly sworn, deposes and says that I am not a party to the within action and I am over 18 years of age on February 23rd, 2015 and that I served a copy of the Petitioner-Father's:

**LETTER TO THE HONORABLE JUDGE ADETOKUNBO O. FASANYA DATED April 20, 2015.**

On the following parties.

Upon: Chemtob Moss & Forman
       3 East 54th Street, 16th Floor
       New York, NY 10022
       Attn: Susan Moss, Esq.

Carmen Restivo, Esq.
299 Broadway – Suite 415
New York, NY 10007

Richard Andrade

Sworn before me this 20th Day of April, 2015.

_Matthew B Beatus_
Notary Public

MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6289565
Qualified In New York County
Commission Expires March 14, 2018

**Christopher J. Battaglia, Esq.**
**North Shore Attrium**
**6800 Jerricho Turnpike, Suite 120W**
**Syosset, New York 11791 (516) 376-0711**

April 20, 2015

Honorable Judge Adetokunbo O. Fasanya
New York Family Court
60 Lafayette Street
New York, NY 10013

Re: Asensio vs. Bosak, File 12842; V-43839-13/13A

Dear Judge Fasayana:

As you know, I represent the Petitioner in the above referenced case. My bill for this entire custody case is a flat fee of $7500 including the trial, which is less than 1/2 of the attorney for the child's ("AFC") billings to date. The AFC's charges have been mostly for prosecuting three (3) Orders to Show Cause to collect fees from my client. The Court has summarily denied my client's three motions seeking relief from the fee portions of the Court's May 15th, 2014 Order appointing the AFC. These rulings were made despite there being no evidence offered against my client's position and Respondent's failure to provide any financial disclosure. The Respondent has not complied with financial discovery versus my client's timely[1] and complete financial disclosure. The Court denied the Respondent's second motion to dismiss and ordered that custody trial dates be set on or about January 26th, 2015.

My client and his daughter are suffering daily access violations and interferences but he and his family cannot afford to continue paying for the AFC's fees. As a result, he cannot proceed to trial without protection against incurring additional obligations and liabilities under the Court's order appointing the AFC. Thus, the Petitioner has no choice but to respectfully withdraw the within petition unless such protection is granted.

Very truly yours,

Christopher J. Battaglia

Manuel P. Asensio

Cc:
Susan Moss, Esq.
Chemtob Moss & Forman, LLP
3 East 54th Street, 16th Floor
New York, New York 10022
(212) 317-1717  smoss@cmftlaw.com

Carmen Restivo, Esq.
299 Broadway
Suite 1415
New York, New York 10007
(718) 767-3798  crestivoesq@AOL.com

---

[1] The AFC fee controversy began during the custody violation proceedings against the Respondent. The Court granted the Plaintiff make-up time but withheld the entering of an order until he filed his bank statements and income tax returns on a confidential basis, which he did immediately. The Plaintiff later filed a full financial disclosure form.

# EXHIBIT 4

## Carmen Restivo

| Date | Description | Amount Billed | Amount Paid | Balance |
|---|---|---|---|---|
| 7/2/2014 | Bill #1 | 1,900.00 | | 1,900.00 |
| 7/18/2014 | Bill #2 | 3,442.50 | | 5,342.50 |
| 9/8/2014 | Bill #3 | 1,008.00 | | 6,350.50 |
| 10/3/2014 | Cashier's Check 1 | | 1,900.00 | 4,450.50 |
| 10/3/2014 | Bill #4 | 1,975.50 | | 6,426.00 |
| 11/28/2014 | Bill #5 | 2,280.00 | | 8,706.00 |
| 1/26/2015 | Cashier's Check 2 | | 6,426.00 | 2,280.00 |
| 2/1/2015 | Bill #6 | 1,831.85 | | 4,111.85 |
| 3/16/2015 | Bill #7 | 1,371.85 | | 5,483.70 |
| 4/20/2015 | Cashier's Check 3 | | 1,111.85 | 4,371.85 |
| 4/21/2015 | Bill #8 | 1,845.00 | | 6,216.85 |
| 4/21/2015 | Cashier's Check 4 | | 4,371.85 | 1,845.00 |
| 4/30/2015 | Check | | 975.00 | 870.00 |
| 10/23/2015 | Bill #9 | 1,402.00 | | 2,272.00 |
| 11/14/2015 | Cashier's Check - 5 | | 2,272.00 | - |
| 12/13/2015 | Bill #10 | 1,085.75 | | 1,085.75 |
| 1/15/2016 | Bill #11 | 1,930.50 | | 3,016.25 |
| 2/15/2016 | Bill #12 | 2,586.00 | | 5,602.25 |
| 2/23/2016 | Cashier's Check 6 | | 3,016.25 | 2,586.00 |
| 3/15/2016 | Bill #13 | 3,828.00 | | 6,414.00 |
| 4/15/2016 | Bill #14 | 2,613.80 | | 9,027.80 |
| 5/4/2016 | Cashier's Check 7 | | 9,027.80 | - |
| 5/15/2016 | Bill #15 | 1,773.91 | | 1,773.91 |
| 6/15/2016 | Bill #16 | 900.00 | | 2,673.91 |
| 7/15/2016 | Bill #17 | 447.01 | | 3,120.92 |
| 8/15/2016 | Bill #18 | 2,259.45 | | 5,380.37 |
| 9/15/2016 | Bill #19 (1) | 855.00 | | 6,235.37 |
| 10/15/2016 | Bill #20 | 5,544.50 | | 11,779.87 |
| 10/18/2016 | Cashier's Check 8 | | 3,120.92 | 8,658.95 |

| Date | Description | | | |
|---|---|---|---|---|
| 11/4/2016 | Cashier's Check 9 | 8,658.95 | | 0.00 |
| 11/16/2016 | Bill#21 | 3,159.00 | | 3,159.00 |
| 12/29/2016 | Bill #22 | 7,362.90 | | 10,521.90 |
| 2/2/2017 | Bill # 23 | 3,198.00 | | 13,719.90 |
| 3/10/2017 | Bill # 24 | 5,454.05 | | 19,173.95 |
| 4/10/2017 | Bill # 25 | 9,670.95 | | 28,844.90 |
| 5/11/2017 | Bill # 26 (2) | 1,522.50 | | 30,367.40 |
| 6/11/2017 | Bill # 27 | 7,571.25 | | 37,938.65 |
| 6/30/2017 | Cashier's Check 10 | | 10,000.00 | 27,938.65 |
| 6/30/2017 | Cashier's Check 11 | | 15,000.00 | 12,938.65 |
| 6/30/2017 | Cashier's Check 12 | | 20,000.00 | (7,061.35) |
| 7/5/2017 | Cashier's Check 13 | | 10,367.40 | (17,428.75) |
| 7/13/2017 | Bill #28 | 4,624.00 | | (12,804.75) |
| | Total: | 78,819.27 | 40,880.62 | 30,367.40 |

(1) Invoice # 19 has a total of 1 hour and 17 minutes of duplicate billings that had already been billed on Invoice # 18.

(2) Invoice #26 is billing is for 3 hours and 25 minutes. However, once you add up the hours and minutes billed the total amount of time is only 2 hours and 26 minutes. The bill is charging for an additional hour of services not detailed on the invoice.

**Carmen Restivo**
Analysis of Invoice including OTSC to Collect Fees

| Bill # | Charges Including OTSCs # of hours | Court appearance charges for Collections of fees # of hours | Charges at 1st Department | Supre Court - Jaffe | Total |
|---|---|---|---|---|---|
| 1 | 7.08 | 1.5 | | | 8.58 |
| 2 | 8.75 | 4 | | | 12.75 |
| 3 | 3.73 | 0 | | | 3.73 |
| 4 | 2.4 | 4.92 | | | 7.32 |
| 5 | 5.55 | 2 | | | 7.55 |
| 6 | 4.74 | 1.58 | | | 6.32 |
| 7 | 3.57 | 0 | | | 3.57 |
| 8 | 5.75 | 0.4 | | | 6.15 |
| 9 | 4.67 | 0 | | | 4.673 |
| 10 | 3 | 1 | | | 4 |
| 11 | 3.6 | 3.5 | | | 7.1 |
| 12 | 7.38 | 1 | | | 8.38 |
| 13 | 12.76 (1) | 0 | | | 12.76 |
| 14 | 1 | 6.68 | | | 7.68 |
| 15 | 3.03 | 3.25 | | | 6.28 |
| 16 | 1.41 | 1.92 | | | 3.33 |
| 17 | 1.63 | 0 | | | 1.63 |
| 18 | 7.14 | 0 | | | 7.14 |
| 19 | 3.17 | 0 | | | 3.17 |
| 20 | 9.78 | 3.45 | | | 13.23 |
| 21 | 0 | 11.4 | | | 11.4 |
| 22 | 16.96 | 5.67 | | | 22.63 |
| 23 | 5.75 | 3.58 | | | 9.33 |
| 24 | 6 | 0 | 12.7 | | 18.7 |
| 25 | 3.6 | 2.5 | 29.7 | | 35.8 |
| 26 | 2 | 2.23 | 0.2 | | 4.43 |
| 27 | 13 | 6.16 | 6.67 | | 25.83 |
| 28 | 1.15 | 5.11 | | 9.15 | 15.41 |

| | | | |
|---|---|---|---|
| Total hours: | 148.603 | 71.85 | 42.4 | 262.853 |
| Court Ordered Rate: | 300 | 300 | 300 | |

| | | | |
|---|---|---|---|
| Amount Charged: | $ 44,580.90 | $21,555.00 | $ 12,720.00 |
| AFC CHARGES TO COLLECT HER OWN FEES: | | $31,206.63 | |
| AFC APPEALS TO COLLECT HER OWN FEES: | | $12,720.00 | |
| TOTAL CHARGED FOR COLLECTION: | | $ 65,481.63 | |
| PERCENT CHARGES FOR COLLECT FEES OF TOTAL: | | 83.0% | |
| Grand Total: | | $ 78,855.90 | |

(1) Ms. Restivo has refused to provide a copy pf bill #13, therefore the entire amount is being allocated to OTSC work.

# EXHIBIT 5

June 2, 2017

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In the Matter of a Custody/Visitation Proceeding,            File No.: 128425

**MANUEL P. ASENSIO,**                                       **Docket   Nos.:**
                                                             **V-43839-13/13A**
                                    **Petitioner,**          **V-38917-15/15A**

                      - against -

**EMILIE BOSAK,**

                      **Respondent.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NOTICE OF APPEAL AND NOTICE OF ENTRY OF ORDER
## Of JUNE 1, 2017 ORDER AND AFFIDAVIT OF SERVICE

**PLEASE TAKE NOTICE** that the Father-Petitioner, Manuel P. Asensio, in the above titled case hereby appeals to the New York State Supreme Court, Appellate Division for the First Judicial Department from each and every part of and from each and every Order and Decision contained in Official New York County Family Court's ["Court"] transcription of the court's directions that have the force and full effect of an order of the Court[1] issued on June 1st, 2017 by the justice

---

[1] We note that the Uniform Civil Rules for the Supreme Court and the County Court make provision for the transcription of the court's directions at a preliminary **159 conference and expressly state that the transcript "shall have the force and effect of an order of the court" (22 NYCRR 202.12(e)). So that there will be no question as to the appealability of such disposition, however, we would also require that where a party presents a written order embodying the court's determination spread on the transcript that such order be signed.

Grisi v. Shainswit, 507 N.Y.S.2d 155, 158–59, 119 A.D.2d 418, 422 (N.Y.A.D. 1 Dept.,1986)

The transcript, corrected if necessary on motion or by stipulation of the parties approved by the court, shall have the force and effect of an order of the court. The transcript shall be filed by the plaintiff with the clerk of the court.

Section 202.12. Preliminary conference, 22 NY ADC 202.12

1

presently presiding in the New York County Family Court custody cases cited above, the Hon. Adetokunbo O. Fasanya, who sits in the Court's Part 5 on the 4th floor of the courthouse located at 60 Lafayette Street, New York, New York 10013.

The Petitioner has caused a copy of this Notice with a copy of the transcription of the Court's Orders of June 1st, 2017 and Affidavit of Service by email and hand delivery on:


Alexis Wolf, Attorneys for the Defendant-Mother
Chemtob Moss & Forman, LLP
3 East 54th Street, 16th Floor
New York, New York 10022
(212) 317-1717  smoss@cmftlaw.com

Carmen Restivo
Attorney for the Child
Appointed by Honorable Adetokunbo O. Fasanya
299 Broadway Ste 1415
New York, NY 10007
(718) 767-3798 crestivoesq@AOL.com


I, Manuel P. Asensio, am the Petitioner in the above named proceeding and hereby swear that the foregoing is complete and true to my own knowledge.

Manuel P. Asensio
Father-Petitioner


Sworn to before me this the 2nd Day of June 2017

Notary Public

SAMUEL T RICHMAN
Notary Public, State of New York
No. 01RI6339167
Qualified in Kings County
Commission Expires March 28, 2020

2

# EXHIBIT 6

Manuel P. Asensio
400 East 54th Street, Apartment 29B
New York, New York 10022
*mpa@asensio.com*
[212] 702-8801

June 28, 2017

Delivered by Hand and Email

Honorable Judge Adetokunbo O. Fasanya
New York County Family Court
60 Lafayette Street, Part 5, 4th Floor
New York, New York 10013
(646) 386-5285
bdewire@nycourts.gov

**Asensio vs. Bosak and Bosak vs. Asensio**

Re: June 1, 2016 Contempt Hearing on Your Honor's February 16th and May 12th, 2017 Orders to show cause under the Court's AFC appointment orders and my opposition for sanctions of $120,000 for frivolous litigation [$10,000 per incident] against the attorney for the child and a full refund of ten [10] payments she has received totaling $40,880.62. ["AFC Fee Litigation"]

Dear Judge Fasanya:

Please find enclosed Mr. Mitchell Cantor's email of June 27th where he represented that the Appellate Division for the First Department's ["AD"] requires that a copy of the transcription of the June 1st, 2017 proceedings be So Ordered so he can resubmit a Motion to leave to appeal and a stay the proceedings we presented on June 6, 2017.

In addition, I include my email of June 7th requesting that the Judge So Order the transcript.

For your convenience, I have also enclosed a copy of Pages 11 thru 21showing the judge dismissing my legal arguments and application that you dismiss the February 16th and May 12th, 2017 Orders to show cause seek contempt against me and not proceed with the contempt hearing.

As I have stated repeatedly, I will not defend against the mother's motions or petition before the Judge. The Judge granted my release on Nov. 4, 2016. [Transcript of Proceedings at 37-39] The Judge ruled, "Your presence in this courtroom is a voluntary one.... There's no compulsion for you to be present in this courtroom.... I will not...**I will not take any steps to compel you to come to court**.... You are free not to come to court." On November 16, 2015, the Judge had ordered that I was "free to withdraw [your petition]. But if I have applications that are pending before me, I will not permit you to withdraw the petition until I address that application. ... I say ... at this point, Mr. Asensio, there's no pending application before me" The transcript of the March 13, 2017 proceedings at page 20, lines 19 – 20 shows the Judge ordering that, "All of Mr. Asensio's petitions are marked withdrawn." I respectfully ask the Judge why he executed the February 16th and May 12th, 2017 Orders to show cause seek contempt against me what I need to do to correct this misunderstanding to have finality so I do not have to appear before the Judge.

I respectfully request that you So Order both of the enclosed and adjourn the June 30, 2017 court date for summation or in the alternative that the Judge withhold his decision and/or stay enforcement until the AD makes a determination on the motion for leave to appeal with a stay. Thank you.

Sincerely,

Manuel P. Asensio

Cc: Alexis Wolf, Carmen Restivo and James B. Cooney.

Manuel P. Asensio-Garcia

| | |
|---|---|
| **From:** | Mitchell Cantor [mc@mcantorlawoffice.com] |
| **Sent:** | Tuesday, June 27, 2017 6:11 PM |
| **To:** | Manuel P. Asensio-Garcia |
| **Subject:** | June 1, 2017 Transcript of Family Court Proceedings\Asensio v. Bosak, Docket No. V-43839-13/13A |

**Importance:**    High

Dear Mr. Asensio:  I appeared at the Appellate Division, First Department on June 6, 2017 with a proposed Motion for Leave to Appeal  the June 1, 2017 Order of the Hon. Adetokunbo O. Fasanya issued from the bench dismissing Petition Asensio's procedural opposition to the Order to Show Cause of the Attorney for the Child, Carmen Restivo, seeking to hold Petitioner in contempt of court to compel Petitioner to pay her legal fees and for a stay pendente lite.  As the Motion was premised on the Order/Determination of Judge Fasanya issued from the bench on June 1, 2017, a copy of the relevant pages of the transcript was attached to my motion papers as an exhibit thereto.

The Court attorney reviewed the papers and asked me whether the transcript of the June 1, 2017 proceedings had been "so ordered". I responded that it had not been.  She thereupon directed me to return with the proposed motion and application for a stay ONLY after I attached a "so ordered" copy of the transcript and stated on no uncertain terms that the Appellate Division would not entertain my motion and application for a stay unless the transcript was "so ordered". In that I have not yet been furnished with a "so ordered" copy of the transcript the motion and application for a stay has not yet been resubmitted.  Warmly, Mitchell Cantor

## The Law Offices of Mitchell Cantor
355 Lexington Avenue, Suite 401
New York, NY 10017
T: (212) 679-7820
E: mc@mcantorlawoffice.com
    cantor.law@verizon.net

1

**From:** <mpa@asensio.com>
**Date:** June 7, 2017 at 2:31:20 PM EDT
**To:** Brittany DeWire <bdewire@nycourts.gov>
**Cc:** "Terry A. Brostowin" <TerryBrostowin@gmail.com>, Carmen Restivo
<crestivoesq@AOL.com>, Alexis Wolf <AWolf@cmfesq.com>
**Subject: Transmittal of AD Directive**

URGENT COMMUNICATION UNDER DIRECTIVE FROM APPELLATE DIVISION'S
CLERK

Dear Ms. DeWire:

Good afternoon. It was a pleasure seeing you and the judge yesterday. Please pardon any errors
here. This is doubly urgent due to the judge's exclusionary rule.

The First Department's Court Clerk who preliminarily reviews all applications prior to sending
them to the duty judge. The Clerk did not accept a motion pertaining to the ongoing contempt
proceedings based an appeal from a directive contained in the June 1, 2017 transcript unless the
transcript was "so ordered" by the presiding judge. The Appellate Division's court clerk
instructed Mr. Cantor to return once he had a "so ordered" transcript.

The June 1st transcript is 60 pages. The immediate and urgent matter of concern is the judge
decision to proceed with the contempt Hearing after my council put on legal arguments under JL
770 and FCA 245 and the related decisional law pertaining these statutes and other legal
arguments.

I can provide you by email with copies of the cover sheet and the pertinent pages containing the
directives which are clearly affect any final determination of the matter and the signature page of
the Court's official transcript by email. This will make it very easy for the judge to review the
court reporter's transmission of his directive and so order that particular decision contained in the
directives handed down by the court on June 1 which of the full effect on the law of denying my
trial motion to dismiss.

Can you please kindly advise me of the judge's determination concerning this matter?

Thank you very much.

Manuel P. Asensio

1

```
 1    FAMILY COURT OF THE STATE OF NEW YORK
      CITY OF NEW YORK - COUNTY OF NEW YORK
 2    ----------------------------------x
      In the Matter of a Proceeding for
 3    the Custody and/or Visitation of
      Minors Under Article Six of the
 4    Family Court Act

 5        MANUEL P. ASENSIO,
          EMILIE BOSAK,
 6
                      Petitioners,           Docket NO.:
 7                                           V-43839-13/13A
          -against-
 8
          EMILIE BOSAK,
 9        MANUEL P. ASENSIO,

10                    Respondents.
      ----------------------------------x
11    Held:           June 1, 2017
                      60 Lafayette Street
12                    New York, New York 10013

13    Before:         Hon. ADETOKUNBO O. FASANYA, Judge
                      Family Court of the State of New York
14

15

16    Appearances:
                      ALEXIS WOLF, Esq.
17                    Attorney for Emilie Bosak

18                    TERRY BROSTOWIN, Esq.
                      Attorney for Manuel Asensio
19
                      CARMEN RESTIVO, Esq.
20                    Attorney for the child

21
      Also present:
22       Manuel Asensio, witness

23

24

25                              Charlene Fountaliotis-Squires
                                Official Court Reporter
```

1              THE COURT: Did you file a response to the

2    application?

3              MR. BROSTOWIN: I have not filed a response to the

4    application.   My client wants this court to know that he

5    does not believe, and correct me if I'm wrong, that I have

6    not given my client the proper and enough opportunity for

7    him to consult with me between -- consult with me to

8    properly prepare and to defend him against the current order

9    to show cause to hold him in contempt for the nonpayment of

10   attorneys fees for Ms. Restivo.

11             THE COURT: That's your client's view, right?

12             MR. BROSTOWIN: And he further indicates --

13             THE COURT:  Mr. Brostowin, please answer my

14   question.

15             That's your client's view?

16             MR. BROSTOWIN: That is correct, Judge.

17             THE COURT:  That is not something that is material

18   to me at this point.

19             MR. BROSTOWIN: He also --

20             THE COURT:  You will both please stop for a second.

21             We're going to proceed with the application.  This

22   application has been pending for quite a while now.  The

23   supplemental was then filed.  When you appeared on the last

24   court date I asked of you whether you needed additional

25   time, you said yes.  Over the objection of Ms. Restivo, I

1    granted the time.   We're here today.   We're going to

2    proceed.

3              MR. BROSTOWIN: Just for the record I understand the

4    court's ruling.  My client further just wanted me to let the

5    court know that he does not have at least one necessary

6    witness for the contempt hearing.  And, two, and

7    additionally, as he's just shown me binders, very thick

8    folders with a lot of documents in it, which I have not even

9    seen yet and I wanted to let the court know that.

10             THE COURT: We're going to proceed.

11             So we addressed this before, there's an existing

12   order.   The application contains the necessary documents.

13   There's the billing vouchers that I believe are attached.

14   The amount outstanding at this point based on that

15   application and supplemental as of the -- May 11th,

16   according to Ms. Restivo's papers is $30,367.40.

17             Ms. Restivo, it is your application, I want to hear

18   you first.

19             MS. RESTIVO: Yes, your Honor.

20             I still have not received payment.   I'm ready to

21   proceed.   I don't know if, your Honor, wishes me to put the

22   exhibits that are attached to the order to show cause or is

23   that sufficient?

24             THE COURT:  It is an application, the exhibits --

25             MS. RESTIVO: I would ask that we proceed and as,

PROCEEDINGS                                                13

1     excuse me, as AFC-1 I'm handing up the invoice --

2              THE COURT:  You don't have to hand up anything, it

3     is attached to your application.

4              MS. RESTIVO: Okay.

5              I ask that the court take notice of the exhibits

6     attached to the order to show cause filed in February, as

7     well as the supplemental filed in May.

8              THE COURT: Ms. Wolf, by the way, are you taking a

9     position with regards to this portion of the proceedings?

10             MS. WOLF: No, your Honor.

11             THE COURT: Mr. Brostowin, Ms. Restivo rests on her

12    papers.

13             You ready to enter your defense?

14             MR. BROSTOWIN: Yes, Judge.

15             THE COURT: What is the defense?

16             MR. BROSTOWIN: Since Ms. Restivo has the burden of

17    proof to prove to this court a finding that my client is in

18    contempt, she has made no application other than enter in as

19    evidence her papers that she is asking this court to take

20    judicial notice of, which is her order to show cause and her

21    supplemental order to show cause.   But there's certain

22    procedural requirements that the law dictates that she --

23    hurdles that she crosses over in order to allow this court

24    to satisfy such contempt.

25             THE COURT: Such as what?

PROCEEDINGS                                      14

1              MR. BROSTOWIN: I'm going to get to that.

2         I don't think that she should be allowed to have

3    the opportunity to reopen her case, since she rested.

4              THE COURT:  Such as what?

5              MR. BROSTOWIN:  Number one, she must show to this

6    court on her case in chief, her direct case that she has

7    properly and personally followed alternative services that

8    this court authorized to serve my client, number one.   And,

9    number two, she cites three sections of three different laws

10   in her application before this court to justify a contempt

11   against my client.  Although, it is not real sure if she is

12   proceeding under civil contempt or criminal contempt, but

13   she did mention CPLR Section 5104, DRL Section 245 and

14   Judiciary Law Section 756.   If we turn to those three

15   statutory authorities of which she rests her contempt motion

16   on, she does not have authority to bring an action against

17   my client for contempt solely for the purposes of

18   nonpayments of attorney for the child fees.  She may

19   potentially have other remedies and other applications, but

20   that's not before this court.

21              CPLR 5104 mandates that my client must be

22   personally served with a certified copy of the duly entered

23   decision and order of the court.   There's been no

24   representation to this court or any documents presented at

25   this contempt hearing that my client was personally served

PROCEEDINGS                                    15

1    with a certified copy which would violate CPLR section 5104.

2          Turning now to the remaining SECTION of DRL section

3    245, that --

4          THE COURT: Can you just -- are you -- is what you

5    are doing now, is that in the nature of a preliminary

6    objection or are you entering your defense?

7          MR. BROSTOWIN: Well, my client will testify if the

8    court is satisfied that Ms. Restivo has cleared the hurdle

9    of all the necessary procedural and administrative steps

10   that I believe this court must take into consideration akin

11   to a trial order of dismissal before I get to the actual

12   defense of this case.

13         THE COURT:  Go ahead.

14         MR. BROSTOWIN: So if we turn to the other section

15   of the law that was cited, which is DRL Section 245, that

16   section specifically deals with divorces, separations or

17   annulments, which is not the subject matter of these

18   jurisdictions.   The parties are divorced.   Separation is

19   not applied, nor does an annulment.  So the sections that

20   were cited and my client was given notice of, are not

21   sections of the law that she can proceed on before this

22   court.  And she has not satisfied those certain procedural

23   requirements before this court and can even entertain an

24   application for a contempt.

25         If the court were to look at Judiciary Law and

FILED: NEW YORK COUNTY CLERK 07/25/2017 08:02 PM

NYSCEF DOC. NO.

INDEX NO. 156692/2017

NYSCEF: 07/25/2017

Case 1:18-cv-10933-RA   Document 45-8   Filed 02/14/19   Page 88 of 99

PROCEEDINGS

16

1        quite frankly CPLR and DRL, those issues when contempt may

2        potentially be a remedy, not a punishment, those sections

3        deals -- deal with parties.   The parties to this action are

4        my client and Ms. Bosak.   Any attorney for a child is not a

5        party to the action.   It is someone who was appointed by

6        the court to represent the party, so they fall outside of

7        the gamut of what the law allows supported by the Appellate

8        Division when it talks about when contempt is allowable for

9        a violation -- a willful violation of a court order.   It is

10       my experience --

11               THE COURT:  Do you have case law to back that

12       statement up?

13               MR. BROSTOWIN: I can fully brief this, if it is

14       necessary, if this court is not satisfied and goes forward

15       with the hearing, I would be asking for written summations

16       with a briefing schedule.

17               THE COURT:  You can ask.

18               MR. BROSTOWIN: Right.

19               So I also in my experience in practicing

20       matrimonial law, family law and other types of law in this

21       court, when attorneys are not paid and I have been on Ms.

22       Restivo's side many, many times, the prevailing wisdom and I

23       might say virtually every single case that I have ever seen

24       has been that --

25               MS. RESTIVO: I would object to him saying what he

PROCEEDINGS                                      17

1    finds to be the --

2            THE COURT:  No, there's nothing to object to. Mr.

3    Brostowin is making his argument, I will hear him.

4            MR. BROSTOWIN: So it has been my experience that

5    when an attorney is not paid, a proper remedy because a

6    party has not been injured, the proper remedy is not

7    contempt, the proper remedy is to convert that into a

8    judgment and let the judgment creditor attach to collect on

9    that judgment.   It is not meant to punish somebody.   And

10   if a hearing is held, then we will -- I think there's a

11   requirement to show whether my client had the financial

12   ability to comply with --

13           THE COURT:   If we do have a hearing, right?

14           MR. BROSTOWIN: I understand, so I do not think the

15   legal requirements have been met.

16           As the court probably knows, each and every issue

17   that is brought before this court probably will end up in

18   the Appellate Division.

19           THE COURT:  That you don't have to tell me.

20           MR. BROSTOWIN: I understand that.

21           THE COURT:  That's -- you don't have to address

22   that with this court.  If we address what we need to address

23   and you want to seek remedy elsewhere, you are always free

24   to do that.  I don't need to know that at this point....

25           MR. BROSTOWIN: Additionally, Family Court Act

1     section 248 mandates that in Family Court proceedings if an

2     attorney for a child is to be ordered, that that is to be

3     paid by the State.    That's Family Court Act section 248.

4     So --

5              THE COURT: Mr. Brostowin, I indicated on the last

6     court date that that issue has been litigated to the

7     Appellate Division and back, we're past that.

8              Your client already took that order up to the

9     Appellate Division -- stop speaking while I'm speaking, Mr.

10    Asensio.

11             Your client took the order in question up to the

12    Appellate Division, at a point my order was stayed and the

13    Appellate Division denied his application.    So we're done

14    -- we're done with that issue.

15             MANUEL ASENSIO:  No, we're not, your Honor.  We

16    were at the Appellate Division, there was no ruling at the

17    Appellate Division.

18             THE COURT:  Mr. Brostowin, tell your client to stop

19    talking.

20             MANUEL ASENSIO: I need to talk to you. You don't

21    know the proceedings.

22             THE COURT:  Tell your client to stop talking.

23             MANUEL ASENSIO: I need to speak to my client, your

24    Honor.

25             MR. BROSTOWIN: I'm your lawyer.

PROCEEDINGS                                    19

1            Can I speak to my client in the well, your Honor?

2            THE COURT:  I'm going to give you one more

3     opportunity to do that and that's the last time I'm going to

4     permit that.

5            MANUEL ASENSIO:  That is not right, your Honor.

6            COURT OFFICER: Step out.

7            MANUEL ASENSIO:  You should object to this also to

8     this screaming.

9            COURT OFFICER: I'm not screaming, sir.

10           MANUEL ASENSIO: You are in my face.

11           COURT OFFICER: You are standing towards me, sir.

12           Step into the well.

13           THE COURT:  Step outside, Mr. Asensio.

14           MANUEL ASENSIO: Object to this.

15           COURT OFFICER: Here you go.

16           THE COURT:  In the well.

17           COURT OFFICER: Thank you.

18           MR. BROSTOWIN: Have a seat.

19           Judge, my client wants the court to know that he

20    believes there was a misrepresentation of what happened in

21    the Appellate Division.  I was not the attorney representing

22    him in the Appellate Division application.

23           THE COURT: Mr. Brostowin, it doesn't matter.

24    Whatever occurred in the Appellate Division occurred in the

25    Appellate Division.  The order is back -- the application

1    is back -- the proceedings are back before me.  The order

2    continues to be in place.  That's it.

3              MR. BROSTOWIN: My client --

4              THE COURT:  You can continue.

5              MR. BROSTOWIN: My client also indicates that he has

6    filed actually opposition and cross motions to the order to

7    show cause that Ms. Restivo filed.

8              My client indicates that it was filed and served.

9    I'm indicating that to the court.

10             THE COURT:  Filed and served -- filed before who?

11             MR. BROSTOWIN: He says that he filed it before the

12   court and served it on Ms. Restivo.

13             THE COURT:  When?

14             MR. BROSTOWIN: They are dated March 13th in court.

15   He is indicating that he served the opposition and cross,

16   which his papers are dated March 7th.  They were filed on

17   March -- and served on March 13th in court.  I was not here,

18   that is what he is indicating.

19             He further indicates that he served the

20   supplemental opp and cross, which are dated his papers March

21   12th, all in 2017.

22             He further indicates to me that he does not believe

23   that this -- it is appropriate for the contempt hearing to

24   go forward should the procedural requirements be met,

25   because there's outstanding discovery that he indicates that

FILED: NEW YORK COUNTY CLERK 07/25/2017 08:02 PM
NYSCEF DOC. NO. Case 1:18-cv-10933-RA   Document 45-8   Filed 02/14/19   Page 93 of 99   NYSCEF: 07/25/2017

INDEX NO. 156692/2017

1    he engaged in before I was retained and that has -- that has

2    not occurred.

3              THE COURT:  We're going to proceed, Mr. Brostowin.

4              Go ahead, I'm listening to you.

5              MR. BROSTOWIN: My client wants to testify, Judge.

6              THE COURT:  You are calling your client?

7              MR. BROSTOWIN: I'm calling Manuel Asensio.

8              THE COURT:  Call him.

9              MANUEL ASENSIO: I have no alternatives, right?

10             COURT OFFICER: Sir, are you testifying?

11             MANUEL ASENSIO: I would like this guy to stay away

12   from me, your Honor.

13             THE COURT:  Are you calling your client, Mr.

14   Brostowin?

15             MR. BROSTOWIN: I'm calling Manuel Asensio.

16             MANUEL ASENSIO: I want this guard's name on the

17   record.  This guard's -- this court officer's name on the

18   record, your Honor.

19             THE COURT:  Please take the stand, Mr. Asensio.

20             COURT OFFICER: Come on.

21             MANUEL ASENSIO: Should I bring the papers up that

22   you haven't seen?

23             MR. BROSTOWIN: Go ahead.

24             MANUEL ASENSIO: I guess I will hand them to you or

25   you will hand them to me.

```
 1              THE COURT: How is 2:15?

 2              MR. BROSTOWIN: That is fine for the respondent.

 3              THE COURT:  Ms. Restivo, how is 2:15 on Tuesday the

 4    6th of June?

 5              MS. RESTIVO: Yes, your Honor.

 6              THE COURT:  Mr. Asensio, you may return to your

 7    seat. I will see counsel in the robing room.

 8              (Whereupon, there was a robing room conference.)

 9              THE COURT:  Back on the record.

10              This hearing will be continued on June 6th at 2:15.

11    I'm directing all of you to be here at 2:00 on June 6th.

12    Everybody is to be here, including your client, Mr.

13    Brostowin at 2:00.

14              MR. BROSTOWIN: Yes.

15              Thank you.

16              THE COURT:  Thank you.

17              COURT OFFICER: All parties are excused.

18              Please step out.

19    ****************************************************************
```

20            Court Reporter's Certification
         I hereby certify that the foregoing transcript is a true and
21   accurate record of the stenographic proceedings in the above
     matter.
22         This transcript is prepared in accordance with the OCA/UCS
     Guidelines governing the formatting of official court
23   transcripts as of August 16, 2000.

24                          Charlene Fountaiotis-Squires
                                  Official Court Reporter

25

**From:** Manuel P. Asensio-Garcia
**Sent:** Thursday, June 29, 2017 8:56 AM
**To:** James Cooney
**Subject:** Re:

Mr. Cooney,

I am focused on tomorrow morning's summation. you and your colleague are on the record speaking about the likelihood of my being arrested.

You both call that unrealistic or maybe a false fear. In any regard you both said that I wasn't going to be arrested and that seems to be what the courts decision was based on.

Did you see in the last affidavit  The exhibit that describes how I was handcuffed and put in a room in the back on March 13, 2017?

I apologize that that affidavit is almost incomprehensible and I pray that you understand that I've been living under the stress of being incarcerated since I was summoned back by fasanya

Manuel P. Asensio

-----Original Message-----
From: Manuel P. Asensio-Garcia
Sent: Thursday, June 29, 2017 10:09 AM
To: James Cooney
Cc: Erin McAlister; Charles.Sanders@ag.ny.gov; Mitchell Cantor
Subject: So order June 1 transcript

Mr. Cooney,

Your client scheduled a court date tomorrow morning at 10:30 in the contempt hearing.

Since June 7 I have been pleading with your client to sign the June 1 transcript so ordered so that mitch cantor could resubmit his motion seeking for leave to appeal with a stay. The Appellate Division advised him that the so ordered transcript was necessary.

I respect fully request that you inquire of your client if and when he will execute the June 1, 2017 transcript as "so ordered." Today's Hand Delivery will be the third time I have requested he do so.

Please take my plead under consideration.

Please consider the following:

1. It is a holiday weekend I'm desperately trying to find an attorney that could replace terry even under these unusual circumstances. No one is willing to step in without doing a due diligence. No one has time for do diligence before the long weekend.

2. 10 times before the judge is help me in contempt despite having a clear absence of jurisdiction.

3. Your client threatened my lawyer with the referring him to the first department grievance committee and he had to withdraw leaving me without representation in the contempt hearing.

Thank you for your attention and I apologize if this is a disturbance to your schedule.
Manuel P. Asensio

-----Original Message-----
From: Manuel P. Asensio-Garcia
Sent: Thursday, June 29, 2017 12:00 PM
To: 'James Cooney'; bdewire@nycourts.gov
Cc: Mitchell Cantor; 'Charlene'; Erin McAlister
Subject: So order June 1 transcript

Mr. Cooney,

Attached is the 3rd request for your client to So Order the transcript that I refered to in my 10:09 A.M. email below. This concerns the AFC Fee Litigation that is the subject of the Artilce 78 Petition on the AFC matters. If Judge Fasanya would So Order the transcript or the extract attached or both and provide them to me, Mr. Cantor could resubmit his Motion for Leave to Appeal with a Stay.

I am addressing this to Ms. DeWire so you know that the attached Third Request with the transcript and supporting documents are available to your client. I respectfully request that you inquire of your client if and when he will execute the June 1, 2017 transcript as "so ordered."

Thank you.

# EXHIBIT 7

F.C.A.§§ 454, 846-a, 1072                                                GF11 8/2010

At a term of the Family Court of the State
of New York, held in and for the County
of New York, at 60 Lafayette Street, New
York, NY 10013, on June 30, 2017

PRESENT:  Hon. Adetokunbo O. Fasanya
In the Matter of a **Custody/Visitation** Proceeding          File #:      128425
                                                             Docket #: V-43839-13/13A
**Manuel P. Asensio,**

                                    Petitioner,          **ORDER OF COMMITMENT** Re:
                                                         Contempt Order to Show Cause filed
        - against -                                      by the Attorney for the Child-Carmen
                                                         Restivo
**Emilie Bosak,**

                                    Respondent.

A petition having been filed in this Court on November 25, 2013 alleging that Manuel P Asencio has failed to obey an order of this Court dated , and

An order having been made dated June 30, 2017, adjudging Respondent to be in willful violation of said order; without this Court having to impose a penalty at it being clear that the Petitioner is not prepared to do so at this time, the Court has no choice but to remand Manuel Asencio.

it is therefore,

**ORDERED: Manuel Ascencio is  hereby is committed to NYC Department of Corrections for a term of 150 days effective June 30, 2017 and ending on November 27, 2017 from the beginning of said confinement unless sooner discharged according to law or until Petitioner may purge his contempt by having the sum of $30,367.40, paid by a bank certified check made out to Ms Carmen Restivo either brought to Court and handed to Ms Restivo or deposited with the Clerk of Court(NY County) and issuing and depositing another certified check in the amount of $25, 00.00 also made out to Ms Carmen Restivo to be held in escrow by the Attorney for the Child and applied towards future bills/charges for the representeation of the child.**

**NOW, THEREFORE, WE COMMAND YOU, any Peace Officer, or the Sheriff of any County wherein Petitioner  may be found, that you take the body of Manuel Asencio and safely keep in close custody in the jail of the above-named county for a period of 150 days effective June 30, 2017 and ending on November 27, 2017, unless the purge and escrow amounts are paid.**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Dated: June 30, 2017                          ENTER

                                    _____
                                    Hon. Adetokunbo O. Fasanya

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____