# THE JUDICIAL COUNCIL OF THE SECOND CIRCUIT
# COMPLAINT OF JUDICIAL MISCONDUCT

In the matter of conduct complaint filed under 28 U.S.C. §§ 351-364 against US District Court for the Southern District of New York Judge Ronnie Abrams

February 22, 2019-**AMMENDMENT** to complaint filed on February 13, 2019

### 1. Name and Address of Claimants:

Manuel P. Asensio and his minor daughter, Eva Asensio
400 East 54th Street, Apt. 29B
New York, NY 10022
Office: (212) 702-8801
Cell: (917) 515-5200
Email: mpa@asensio.com

### 2. Place of Filing:

Catherine O'Hagan Wolfe, Clerk of Court
Andrew Barnes, Chief Deputy Clerk
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Clerk's Office: 212-857-8500
Email: newcases@ca2.uscourts.gov

### 3. Name of Subject Judge:

The Hon. Ronnie Abrams
US District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1506
New York, NY 10007
Chambers: (212) 805-0284
Deputy: (212) 805-0162
Email: abrams_NYSDChambers@nysd.uscourts.gov

### 4. Identification of Particular Case Where Ongoing Behavior Is Occurring:

The Claimants, Manuel P. Asensio, individually and on behalf of his daughter Eva Asensio, a minor child, are the Plaintiffs in *Asensio et al. v. DiFiore et al.*, filed on Wednesday, November 21, 2018, under federal docket number 18-CV-10933 in the US District Court for the Southern District of New York. *Asensio et al. v. DiFiore et al.* was assigned to Judge Abrams.

The Request states:

1. *Asensio et al. v. DiFiore et al.* raises issues of organized deliberate and malicious judicial misconduct by a state under the protection of the DRE, civil procedure (state fabricated evidence and charges, manufacturing of fees payable to private parties and denial of access to justice to defend), constitutional liberty (right to raise children without government interference, freedom of religion, free speech and political expression, and private property rights). All of these violations of US constitutional rights and US laws are alleged to have been executed by the state to cease parental rights and deny parental rights under the state's own judgment.

2. *Asensio et al. v. DiFiore et al.* contains irrefutable proof that New York State is using concealed procedures [impermissible processes that do not exist and cannot exist in any state's legal texts] to wrongful take over $350,000,000 a year in private property from parents who are simply seeking routine enforcement the state's child custody judgments. These funds are actually taken in court rooms without records, legal authority [actually in direct violation of New York State law] or reporting, without accounting or rules and cannot be appealed. *Asensio et al. v. DiFiore et al.* demonstrates how the state is using these private funds [obtained through judicial misconduct to convert routine minor cases into earning streams] to over-compensate 18-b lawyers who then provide the state with free and low-cost services, and to compensation political operatives within the divorce bar.

3. Judge Abrams has deliberately and maliciously violated all widely-held beliefs of justice and legal ethics, and due process, in order to cover-up and conceal the evidence (facts, factors and circumstances) contained in the *Asensio et al. v. DiFiore et al.* record and to repeatedly dismiss substantive motions, and to enter a Sua Sponte Stay on all matters other than a motion to dismiss by the defendants. Despite this open display of unauthorized use of ministerial powers to make prejudicial judgments without any process, Judge Abrams has refused to recuse herself.

4. The Plaintiff repeatedly requested a stay or abeyance to allow him to proceed with a complaint filed under 28 U.S.C. §§ 351-364 to address Judge Abrams' conduct with the Judicial Council of the Second Circuit and/or appeal, injunction or writ of mandamus, and has been denied.

5. *Asensio et al. v. DiFiore et al.* concerns a US citizen's most fundamental liberty rights. The Plaintiff has repeatedly requested interim relief through pro se substantive motions. Judge Abrams simply (heartlessly) ignores the Plaintiff's prayers. This is an example of the emotional pain and sufferings that sanctioning judicial misconduct in matters under the protection of the DRE.

6. This pro se case is consequential to litigants, their families and the development of the federal law. The Plaintiff prays for assistance with the filing of an emergency request for stay, injunction or writ of mandamus, and a request for a bench memo, in the above referenced matter.

## 5. Declaration and Signature:

I, Manuel P. Asensio, swear that I am the Plaintiff in *Asensio, et al. v. DiFiore, et al.* and the Complaint in the above complaint. I swear that I am fully familiar with the facts, factors, and circumstances contained in this complaint. I solemnly swear that the statements I make are complete and true to the best of my knowledge, including any matters stated upon personal information and belief. I swear that I have truthfully considered all factors, facts, and circumstances of which I have knowledge and believe to be relevant to the statements and opinions I make in this complaint. So help me God.

I do so swear:

*[signature]*

Manuel P. Asensio

# EXHIBIT 1

Manuel P. Asensio
400 East 54th Street, Apt. 29B
New York, NY 10022
Office: (212) 702-8801
Cell: (917) 515-5200
Email: mpa@asensio.com

February 13, 2019

David Bober
Director and Senior Staff Attorney
Staff Attorney's Office
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *Asensio et al. v. DiFiore et al.* 18-CV-10933

    Request for assistance with stay, and staff attorney drafted single, neutral bench memo on the Hon. Ronnie Abrams US District Court for the Southern District of New York's conduct related to Janet DiFiore of chief judge of New York State's conduct and the domestic relations exception to federal subject matter jurisdiction ("DRE").

Dear Mr. Bober:

1.    This is a request by the undersigned, Manuel P. Asensio, for assistance with the filing of an emergency request for stay, injunction or writ of mandamus, and a request for a bench memo, in the above referenced matter.

2.    I am the Plaintiff in *Asensio et al. v. DiFiore et al.* I filed the complaint on Wednesday, November 21, 2018, under federal docket number 18-CV-10933 in the US District Court for the Southern District of New York. *Asensio et al. v. DiFiore et al.* was assigned to the Hon. Ronnie Abrams.

3.    *Asensio et al. v. DiFiore et al.* involves a case against Janet DiFiore, chief judge of New York State; Barbara Underwood, the former attorney general of New York State; Andrew M. Cuomo, governor of New York State; Adetokunbo O. Fasanya, New York County Family Court magistrate; and Emilie Marie Bosak, individually.

4.    *Asensio et al. v. DiFiore et al.* raises issues of organized deliberate and malicious judicial misconduct by a state under the protection of the DRE, civil procedure (state fabricated evidence and charges, manufacturing of fees payable to private parties and denial of access to justice to defend), constitutional liberty (right to raise children without government interference, freedom of religion, free speech and political expression, and private property rights). All of these violations

of US constitutional rights and US laws are alleged to have been executed by the state to cease parental rights and deny parental rights under the state's own judgment.

5. *Asensio et al. v. DiFiore et al.* contains irrefutable proof that New York State is using concealed procedures [impermissible processes that do not exist and cannot exist in any state's legal texts] to wrongful take over $350,000,000 a year in private property from parents who are simply seeking routine enforcement the state's child custody judgments. These funds are actually taken in court rooms without records, legal authority [actually in direct violation of New York State law] or reporting, without accounting or rules and cannot be appealed. *Asensio et al. v. DiFiore et al.* demonstrates how the state is using these private funds [obtained through judicial misconduct to convert routine minor cases into earning streams] to over-compensate 18-b lawyers who then provide the state with free and low-cost services, and to compensation political operatives within the divorce bar.

6. Judge Abrams has deliberately and maliciously violated all widely-held beliefs of justice and legal ethics, and due process, in order to cover-up and conceal the evidence (facts, factors and circumstances) contained in the *Asensio et al. v. DiFiore et al.* record and to repeatedly dismiss substantive motions, and to enter a Sua Sponte Stay on all matters other than a motion to dismiss by the defendants. Despite this open display of unauthorized use of ministerial powers to make prejudicial judgments without any process, Judge Abrams has refused to recuse herself.

7. The Plaintiff repeatedly requested a stay or abeyance to allow him to proceed with a complaint filed under 28 U.S.C. §§ 351-364 to address Judge Abrams' conduct with the Judicial Council of the Second Circuit and/or appeal, injunction or writ of mandamus, and has been denied.

8. *Asensio et al. v. DiFiore et al.* concerns a US citizen's most fundamental liberty rights. The Plaintiff has repeatedly requested interim relief through pro se substantive motions. Judge Abrams simply (heartlessly) ignores the Plaintiff's prayers. This is an example of the emotional pain and sufferings that sanctioning judicial misconduct in matters under the protection of the DRE.

9. This pro se case is consequential to litigants, their families and the development of the federal law. The Plaintiff prays for assistance with the filing of an emergency request for stay, injunction or writ of mandamus, and a request for a bench memo, in the above referenced matter.

Respectfully submitted,

Manuel P. Asensio

Chief Judge Robert A. Katzmann
US Court of Appeals for the Second Circuit

Catherine O'Hagan Wolfe,
Clerk of Court

Tonya Lapsley-Cockett,
Administrative Manager of Staff Attorney's Office

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent
of Eva Asensio, a minor child,

                Plaintiffs,

-against-

Janet DiFiore, Chief Judge of New York State; Barbara Underwood, Attorney General of New York State Andrew M. Cuomo, Governor of New York State; Adetokunbo O. Fasanya, New York County Family Court Magistrate; and Emilie Marie Bosak, individually,

                Defendants.

CV-10933-RA

JURY TRIAL DEMANDED

## AFFIDAVIT OF HATUN AYTUG

1. I, Hatun Aytug, swear that I am a New York resident, over the age of 21 and that I am familiar with this action and the facts, factors, and circumstances in this affidavit. I solemnly swear that the statements I make are accurate, complete and true to the best of my knowledge including any matters stated based upon personal information and belief, and as to the statements based on information and belief, I swear that I have given fair consideration to all relevant facts.

2. I have personal knowledge of the events related to Plaintiff Manuel P. Asensio's Tuesday, March 22, 2016 arrest. This arrest was noted in an article published on January 21, 2019 in the Daily News. The article was titled *"Wall Street trader claims state's top judge meddled in family court matter, conspired against him."* The article is counterfactual and slanders the Plaintiff.

3. On Thursday, August 4, 2016 at approximately 4:30 P.M., I personally met with Assistant District Attorney Stephen Thomas MacArthur from the New York County District Attorney's Office. Mr. MacArthur is the County official responsible for the investigation of certain events that allegedly occurred on December 29, 2015. Mr. MacArthur was part of the decision making unit to have the Plaintiff arrested on Tuesday, March 22, 2016 based those allegations. During this meeting I was interviewed and questioned about my personal knowledge of the events that allegedly occurred on December 29, 2015, and my relationship with the Plaintiff and his daughter, the co-plaintiff Eva Asensio. Partly based on this interview, all the charges against the Plaintiff were discharged.

4.      Based upon my personal knowledge and belief, the charges against the Plaintiff that resulted in Plaintiff's Tuesday, March 22, 2016 arrest were manufactured to justify the Interim Parenting Suspension Order entered on Friday, January 15, 2016 by New York County Family Court Magistrate, Defendant Adetokunbo O. Fasanya. I have been advised that this suspension, and a follow-on supervised visitation order that Magistrate Fasanya fabricated based on his own Interim Parenting Suspension Order, were illegally entered without substance.

5.      Based upon my personal knowledge and belief, the Tuesday, March 22, 2016 arrest, and Friday, January 15, 2016 Interim Parenting Suspension Order, were retaliatory l actions against the Plaintiff for his having charged Magistrate Fasanya of colluding with Defendant Bosak's attorneys and his judicial appointee, Carmen Restivo, Esq, on May 15, 2014. I witnessed numerous court dates after May 15, 2014, that were held after the Plaintiff withdrew his petitions to focus on his actions against Magistrate Fasanya, that were exclusively devoted to the collection of fees by Magistrate Fasanya on Ms. Restivo's behalf.

6.      Based upon my personal knowledge and belief, the Plaintiff has not provided with an opportunity to defense himself against Magistrate Fasanya's fabrications and collusion with Defendant Bosak's attorneys, and Ms. Restivo.

7.      It is incredible to me that the individuals with the inherent responsibility for controlling Magistrate Fasanya's conduct have knowingly sanctions. This is evidence of a grave judicial failing.

I do so swear:

_____
Hatun Aytug

Sworn to before me this the 21st Day of February 2019

_____
Notary Public

JENELA JACK
Notary Public, State of New York
No. 01JA6346101
Qualified in Kings County
Commission Expires Aug 8, 2020

Page 2 of 2