# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent
of Eva Asensio, a minor child,

                   Plaintiffs,

    -against-                                        **18 CV-10933**

Janet DiFiore, Chief Judge of New York
State; Barbara Underwood, Attorney General
of New York State Andrew M. Cuomo,
Governor of New York State; Adetokunbo O.
Fasanya, New York County Family Court
Magistrate; and Emilie Marie Bosak,
individually,

                   Defendants.

---

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS:
## AFFIDAVIT OF FACTUAL RESPONSES TO
## STATE DEFENDANTS' FALSE ASSERTIONS IN OPPOSITION

1.      The Plaintiff, Manuel P. Asensio, has reviewed the Memorandum of Law in Support of

State Defendants' Motion to Dismiss the Complaint dated February 14, 2019 ("State Defendants'

Memorandum"). The actions taken by the State Defendants that are the subject of this complaint

are entirely outside of any conceivable authorized judicial or state act, in clear absence of subject

matter jurisdiction or personal jurisdiction over the Plaintiff.  They are outside of any normal

function of a judge or a state official or normal acts performed by a judge or how parties deal

with a normal judge. The Plaintiff's Motion 1 that the presiding judge has refused to hear deals

with the State Defendants' lack of state purpose and clear absence of jurisdiction.

2.     This affidavit is filed in opposition to the State Defendants' Memorandum and Motion to Dismiss. This affidavit demonstrates that the factual allegations that the State Defendants used as the foundation for the legal arguments contained in State Defendants' Memorandum are false and unresponsive. The State Defendants created their own allegations that do not address any of the allegations, facts, factors or circumstances contained in the complaint. The State Defendants simply completely ignore the Plaintiff's case and its causes of action.   The State Defendants' most important fabrication is that any litigation occurred in New York State that is applicable to this complaint.

3.     The State Defendants' actions could only have been performed by colluding with Defendant Bosak. The plain and simple fact is that New York State did not allow any kind of due process, opposition or litigation concerning civil rights or domestic relations:[1]

    a.  against Defendant Bosak for having colluded with Defendant Fasanya on December 3, 2013 to cause the Plaintiff's false arrest which charges were dismissed in the interest of justice

    b.  against Defendant Fasanya for having colluded with Defendant Bosak to protect her from disclosure of her financial triangle with Stefano Chitis, her paramour, and Susan Moss, one of her attorneys, in order to steal $444,688.22 from the Plaintiff

    c.  against Defendant Fasanya for fabricating fee orders without the slightest iota of authority or jurisdiction, or legitimate reason or purpose

---

[1] The complaint intentionally avoided using any domestic relations grievances as a cause of action to avoid any possible claim that the DRE applies.

d.  against Defendant DiFiore for having protected the collusion between Defendant Bosak and Defendant Fasanya

e.  against the illegal and fabricated January 15, 2016 "interim" suspension

f.  against Defendant DiFiore's authorization and participation in the vicious acts that needed to be performed by the Defendants in order to execute the Plaintiff's March 22, 2016 arrest[2]

g.   against the June 30, 2017 in-court arrest as part of the use of Carmen Restivo to steal $99,153.22 from the Plaintiff without the slightest iota of authority or jurisdiction, or legitimate reason or purpose

h.  against Defendant Bosak's violations of the divorce judgement

i.  against Defendant Bosak's material interference with the Plaintiff's relationship with his daughter

j.  against Defendant Bosak's creation of an environment where Plaintiff's daughter was continually exposed to Defendant Bosak's drug use, sexual promiscuity, exhibitionism, dangerous conduct and unsavory contacts that violate any principle of decent or responsible parenting.

4.      The State Defendants absurdly misrepresent the Plaintiff's civil rights complaint by claiming it alleges *"that Judge Fasanya and Chief Judge DiFiore committed procedural or substantive errors of law by improperly issuing orders, and, in the case of Chief Judge DiFiore, failing to supervise Judge Fasanya{'s] "errors.""* Nothing could be more remote from the truth. There were no errors alleged, no allegations that Defendant Fasanya committed any errors nor that

---

[2] The charges underlying the arrest that were based on their December 29, 2015 fabrications were dismissed in criminal court and stricken from the family court record.

DiFiore failed to supervise Defendant Fasanya.  On the contrary, the Plaintiff alleges Defendant

DiFiore directed and instructed, and sanctioned, and provided political and legal protection and

cover to Defendant Fasanya, exactly as she is doing in this federal case.[3]

5.      Without Defendant DiFiore's protection Defendant Fasanya could not collude with

Defendant Bosak. He could not have acted dishonestly, violated laws, or ignored the Plaintiff's

civil and legal rights in order to take his property and freedoms.  The orders and use of official

positions are not alleged to be "errors." They are alleged to be criminal acts deliberately executed

in collusion with Defendant Bosak. They could not have been fabricated any other way. They

were all fabricated after the Plaintiff surrendered his hard-fought win over Defendant Bosak's

motion to dismiss and after he withdrew. Thus, they were all unilateral fabrications by the State

Defendants in clear absence of jurisdiction over the Plaintiff.  They were entered long after the

Plaintiff withdrew and entered without an iota of subject matter or personal jurisdiction. There

only basis is Defendant Bosak's wants, will and desires. They are unilateral acts having nothing

to do with normal acts performed by a judge or how parties deal with a normal honest judge.


6.      Defendant DiFiore is the principle defendant. Defendant Fasanya is only a user of her

extortion scheme. It is an illegal scheme that exploits citizens by fabricating acrimony. Since

May 15, 2014, the Plaintiff has been threatening the existence of Defendant DiFiore's corrupt

and illegal intimidation scheme. In order to retaliate against the Plaintiff and defend her scheme,

Defendant DiFiore seized direct control of 23 state judges that performed 9 different illegal

---

[3] Defendant DiFiore has directly involved three New York federal judges, Robert Katzmann, Ronnie Abrams and Katherine Failla, and a fourth indirectly, Collen McMahon, in her scheme to plant a slanderous story about the Plaintiff and this case in the Daily News. This outrageous misconduct is a part of a plan to attack the Plaintiff and to conceal New York State's operation of a $350,000,000 a year scheme political extortion process affecting millions of citizens a year.

functions[4] in her retaliation and defense operation. She used extreme methods that personally exposed her and her closest in command.  These include Lawrence K. Marks and Fern Fischer, John W. McConnell, Lucian Chalfen, John P. Asiello, Robert H. Tembeckjian, Michael Magilano, Sherill Spatz. George D. Marlow and Sharon S. Townsend. This creates evidence of Defendant DiFiore's personal involvement and a clear discovery path. The Governor and State Attorney are hiding behind staffers.  They will not be able to do this when they have to respond to the Plaintiff's questioning based on the undeniable facts. Also, the Plaintiff was able to examine Lawrence Newman directly and discovered his central role in Defendant DiFiore's March 22, 2016 false arrest. This false arrest that was deliberately designed and executed to justify the illegal January 15, 2016 suspension. The false arrest was based on the December 29, 2015 fabrication created through collusion between Defendants Fasanya and Bosak.

7.     The Plaintiff's allegation has nothing to do with errors. The allegation is that Defendant DiFiore is deliberately allowing family court judges to use intimidation to exploit good decent citizens by fabricating so called illegal "interim" suspensions and then imposing the court's 18-b lawyers [and their sentiments] on citizens. These government agents are given a free hand to illegally intrude on the private lives of good private normal families that have broken no law, done no wrong, or imposed themselves on no other citizens' rights, They do this for no legitimate reason and engage in illegal practices of intimating citizens as false agents of the court. The judges actually charge citizens illegal fees and collect them right in the court room. They order court employees to assist them, pretending they are engaging in a legal judicial function and treating parties as a judge.

---

[4] These are the 23 judges identified in the Plaintiff's December 13, 2018 disclosure affidavit and do not including judges involved in policy and staff positions named in the complaint.

8.      Defendant DiFiore is directly responsible for the existence of this illegal scheme. She operates it without any disclosure, reporting, controls or regulation, without administrative processes to protect citizens from abuses, theft and kickbacks, or protection for children who are forced to make in contact with strangers with corrupt motives for no reason. Defendant DiFiore protects the illegal scheme from being exposed in the media or through appeals or complaints. With this information and knowledge, the motives underlying Defendant DiFiore's actions in coordinating and executing the Plaintiff's premeditated and illegal in-court arrest on June 30,2017. This scheme took 6 months to design and operate. To accomplish the June 30, 2017 false arrest, Defendant DiFiore coordinated illegal non-judicial acts by Judge Barbara R. Kapnick in March 2017, and Judges Ronaldo T. Acosta, Paul G. Fienman, Barbara Jaffe, and Laura E, Drager during June 2017. This all occurred over three years after his May 15, 2014 withdrawal.

9.      The State Defendants open by alleging that *"This lawsuit emanates from an acrimonious post-divorce custody proceeding pending between Plaintiff ... and [Defendant Bosak]in New York City Family Court. See Bosak v. Asensio, Docket No. F-1461/14A/14B/14C/16D."* This is false.[5] First, the "F" Docket is a fabrication that has no bearing or relation to this case other than to illustrate one of the State Defendants' illegal money schemes.[6] Second, there is no pending post-divorce custody

---

[5] This false statement is central to the State Defendant's continuously repeated false claims that "The gravamen of Asensio's complaint is that Judge Fasanya's decisions in his custody proceeding were prejudicial to him and violated his constitutional rights" and that "the thrust of Asensio's claims is that certain orders issued in his underlying custody proceeding violated his constitutional rights." The Plaintiff's gravamen is that the State Defendants sanctioned Defendant Fasanya to deliberately act dishonestly, to violate all applicable the laws and to collude with Defendant Bosak to fabricate jurisdiction that did not and does not exist over the Plaintiff and to use this fabricated jurisdiction for the corrupt purpose of fabricating the December 29, 2016 allegations and January 15, 2016 "interim" suspension and fees, as detailed herein and in the Complaint.

[6] See the opposition to the State Defendants' reference of a bar below.

proceeding, nor can there be as demonstrated by the blatant collusion between the State Defendants and Defendant Bosak in this federal case. Third, the State Defendants ignore the simple fact that Defendant Bosak is responsible for her conduct to the Plaintiff as his custodial parent of their daughter; thereby her joining the State Defendant is evidence of her corrupt motives and proves their collusion.[7]  The collusion between the State Defendants and Defendant Bosak in this federal case is a part of their scheme to fabricate acrimony. Other than the collusion with criminal intentions against the Plaintiff's civil rights the underlying case would have been a routine, normal, run-of-the-mill, insignificant matter. Without collusion, it could have been and can be still be happily and peacefully settled without costs or other burdens. The acrimony in this lawsuit emanates from the State Defendants' reliance on the domestic relations exception to Article III jurisdiction, or as the federal judges call it, an exception to federal subject matter jurisdiction, and fabricated immunity claims, to operate a scheme that converted the Plaintiff's non-custodial parent post-divorce judgment custody petitions into an acrimonious matter and an illegal fee and civil rights violation scheme. There has been no proceeding in New York State since May 15, 2014 when the Plaintiff withdrew and commenced his investigation and actions in New York State against the State Defendants, after which the State Defendants commenced their retaliation against the Plaintiff. This lawsuit emanates from the State Defendant's corrupt acts to protect Defendant Fasanya's collusion with Defendant Bosak and their retaliation against the Plaintiff.  This case emanates from the State Defendants' absolute denial of all of the Plaintiff's due process and legal rights in New York State for the purpose of taking his private property and his most comprehensive and unilateral civil rights, liberties and

---

[7] According to the State Defendants' motion to dismiss, "After two years of litigation, the parties reached an agreement over the terms of their divorce in August 2013, and entered into a stipulation of settlement. Id. Under this stipulation of settlement, the parties agreed that Bosak would have legal custody and final decision-making authority for E.A., subject to Asensio's rights regarding consultation, as well as primary residential custody, subject to Asensio's parenting time. See id. Ex. C at 3, NYSCEF Doc. No. 85." In fact, the Stipulation and judgement incorporates the parties' contractual agreements that contains 10 mandates for peaceful full, conflict-free co-parenting.

freedoms. This lawsuit emanates from the State Defendants' collusion with Defendant Bosak to manufacture the illegal January 15, 2016 so called "interim" suspension[8] based on their December 29, 2015 fabrications and false March 22, 2016 arrest to justify the illegal suspension.[9] The State Defendants' continuous used their official positions to control court proceedings and court employees to execute corrupt acts to abrogate the Plaintiff's legal rights and civil rights by threatening him with contempt, charging him with contempt and ultimately incarcerating him for the sole purpose of fabricating income for the courts and perpetuating their understanding with Defendant Bosak and to serve her every desire and wish.

10.      The State Defendants allege that they "*issued an order barring Asensio from bringing any further litigation challenging his underlying Family Court.*" This is false. They issued a bar in a special proceeding after they removed a judge that was shocked by their scheme and installed Judge Paul Goetz. He is one of the State Defendants' rubber-stamp judges. This happened in two of the Plaintiff's cases. The other was a case where the State Defendants changed the judge was against Richard Spitzer, a contractor for family court that works with the judges who enter the illegal "interim" suspensions. However, the State Defendants have judges, like Judges Barbara Jaffe and Nancy Bannon, who are experienced in colluding with the State Attorney in order to handle dismissing litigation against family court judges. The State Attorney actually represented Defendant

---

[8] New York Judges have no legal authority to enter any parenting suspensions unless they involve serious emergencies and if so, they are immediately appealable. Defendant Fasanya entered a so called "interim" suspension order with no evidence or reason in collusion with Defendant Bosak. He made it unappealable trapping the Plaintiff in endless schemes fabricated jurisdiction and fees without legal or other recourse. The fees are paid to Carmen Restivo and Richard Spitzer who provide him with services in his public cases, and the courts with special services such as providing Defendant Bosak counsel in this case that they can control. This occurred in 2016 after the Plaintiff had withdrawn on May 15, 2019.

[9] Defendant Bosak colluded with the State Defendants to provide fabricate false testimony about December 29, 2015 and give false testimony to a grand jury. The criminal charges were dropped, and Defendant Bosak's allegations were stricken from the family court record. Yet Defendant Fasanya did not vacate the suspension. Almost 4 years later the State Defendants are still refusing to disclose the evidence presented to the grand jury to protect their collusion.

Bosak and her attorney in the case where the bar was entered. The bar allowed Defendant Fasanya to continue an illegal proceeding to go on since 2013 without Defendant Bosak providing the mandated financial disclosures.  Under law, with no possible exception or possibility of a waiver, no proceeding of any kind can commence until there is compliance with financial disclosure. Defendant Fasanya colluded with Defendant Bosak for 5 years, ignoring the Plaintiff's constant motions seeking an order entering the automatic stay that is mandated by law until Defendant Bosak complied with disclosure.  Defendant Fasanya did so to protect Defendant Bosak's foreign billionaire funder, Stefano Chitis, and thereby create windfall profits for Susan Moss, an infamous political operative in New York County Family Court. Ms. Moss has represented Defendant Bosak since 2011, and to cause the Plaintiff harm.  This is an excellent example of the corruption that the DRE and the federal judges' allowance of fabricated immunity defenses has created in New York.

11.     The State Defendants allege that *"Over the course of the custody proceeding, the Family Court, the Honorable Fasanya, presiding, issued a number of interlocutory orders directing Asensio to pay child-support and attorneys' fees. Believing these orders to be unconstitutional, Asensio has brought (and lost) numerous lawsuits in state court challenging their legality."*  This is false.  All of Defendant Fasanya's orders came after May 15, 2014 when the Plaintiff withdrew. These orders and the orders that allowed Defendant Fasanya to fabricate jurisdiction were illegal acts fabricated in clear absence of jurisdiction in collusion with Defendant Bosak and to retaliate against the Plaintiff for his investigation.   Defendant Fasanya repeatedly acknowledged he had no personal or subject matter jurisdiction over the Plaintiff and that the Plaintiff's appearance in Family Court were voluntary and that the Plaintiff was free to not appear in his court room. Despite this, Defendant Fasanya illegally fabricated fees order and orders to show cause and then summarily denied the Plaintiff's objections, and collected the fees through fraudulent, malicious and criminally fabricated

summary contempt[10] and arrest orders. Defendant DiFiore directly coordinated the unauthorized dismissals without paying any attention to the law, facts, and factors or circumstances, all of the Plaintiff actions to vindicate his civil rights.

12.     The State Defendants allege that *"what began as a lawsuit challenging judicial orders in New York City Family Court has transformed into a full-throated repudiation of New York's entire judicial system."* This is false. This statement is meaningless since the State Defendants do not disclose the "lawsuit" or "judicial orders" to which they refer. However, this lawsuit is limited to the discovery of the State Defendants' organized corrupt process that they used on the Plaintiff and his post-divorce custody proceedings. This lawsuit concerns the State Defendants collusion with Defendant Bosak to fabricate orders that are unauthorized by any state statute or rule and entered with corrupt motives.

13.     The State Defendants allege that the Plaintiff, *"Lacking any factual or legal support for his claims, Asensio's complaint proceeds on the theory that his reasserted claims—which have already been dismissed on the merits by at least three different courts in eight different lawsuits—can be resurrected simply by heaping imprecations on the defendants."* This is false. The State Defendants colluded with Defendant Bosak to steal without any legitimate reason or purpose, or legal authority, $225,688.22 plus his cost, time and pain and suffering incurred in defend against their corrupt acts and collusion with his custodial parent, Defendant Bosak. These actions commenced on May 15, 2014 and intensified from then on. They culminated in a brutal coordinated effort by members of the Office of Court Administration with the full knowledge

---

[10] Defendant Fasanya's appointees had no rights in proceedings, which proceedings he fabricated unilaterally. The appointees therefore had no standing to bring a contempt action against the Plaintiff. The Plaintiff had no obligation to appear in court or any relationship with the appointee other than the fabricated illegal orders created exclusively to cause the Plaintiff him harm.

and approval of Defendant DiFiore to execute the Plaintiff's June 30, 2017 arrest in court by denying his special trial court proceedings seeking relief from Defendant Bosak's fabricated multi-year unauthorized jurisdiction and appellate motions. These corrupt acts trap the Plaintiff in Defendant Fasanya's court room who called his counsel into the chambers to threaten counsel with a grievance, and then surrounded the Plaintiff with 12 court guards, denied his statutory right to purge the 13th fabricated contempt and arrest order, ignoring his presentation of a cash surety bond with a notice of appeal, and cashier's checks, to execute his in court arrest.

14.     The State Defendants allege that "*As Asensio sees it, the defendants' beliefs are "anti-religious, anti-paternal, anti-family, anti-independence, pro-drug use, and pro-sexual-promiscuity."* This is a proven fact. The State Defendants have colluded with Defendant Bosak to remove his daughter from her life long religious studies and church attendance. The Plaintiff's daughter's name is Eva, and the Plaintiff taught Eva of profoundly religious deep meaning of the story of Adam and Eva, original sin and the loss of garden of Eden. The State Defendants actually colluded with Defendant Bosak to remove the Plaintiff's daughter from her confirmation classes that were a continuation of her baptism understanding, and her studies to reconcile with her religion's rules and moral beliefs, and her studies that proceeded her first communion with Jesus Christ and his church. The State Defendants sanctioned Defendant Bosak's dependence on Stefano Chitis instead of working while she exhibits her drug use and sexual relations with other men and women on social media. In fact, the State Defendants colluded with Defendant Bosak to fabricate the December 15, 2015 testimony about alleged events in New York knowing that she was in Mexico on a beach smoking marijuana and posting pictures of herself naked on the Instagram at the time. The State Defendants colluded

with Defendant Bosak to keep the Plaintiff's daughter from the Plaintiff and his close family that cherishes its Cuban heritage, and have kept her exclusive with Defendant Bosak in an anti-family environment filled with drugs and promiscuous sex.

15.     The State Defendants allege that "Asensio laments that the state judiciary is filled with "advocates of ideological and political beliefs … that are unacceptable to the Plaintiff and opposite of his beliefs," including "their views of religion, feminism, masculinity, [] family, and their radical use of government … for so-called 'social justice.'" This is false. The actual quote refers to "Defendant DiFiore's sanctioning … Carmen Restivo and Richard Spitzer to engage in prohibited and impressible contact and communications with the Plaintiff's daughter, Eva." The Plaintiff has unilateral and comprehensive rights to protect his daughter for a state judiciary that colludes with private parties it appoints that advocate ideological and political beliefs about politics, feminism and masculinity and religion and family, licentious behavior, that are unacceptable to him and opposite from his own.

16.     The State Defendants allege that  "In March 2014, the Family Court assigned an attorney, Carmen Restivo, Esq., to represent the interests of E.A. {Eva Asensio, the Plaintiff's daughter], and in May 2014, held that the parties would be responsible for paying Restivo's counsel fees, with Asensio bearing 90% of the cost, and Bosak responsible for 10%... Over the next two years, Asensio repeatedly refused to pay his share of these fees." This is false.  The Family Court has no authority to assign an attorney 18-b lawyer unknown and unvetted by the family in a private family in a private case based on fabricated imposed terms and the Plaintiff immediately objected, never consented to Ms. Restivo and immediately withdrew when he witnessed when Ms. Restivo and Defendant Bosak collusion on May 15, 2014.

17.     The State Defendants allege that, "in early 2016, Bosak's counsel sought interim

attorney's fees on account of the time and resources that were expended in responding to Asensio's numerous motions and applications." They further allege that the fee request relates to 3 Article 78 proceedings in the Appellate Division; 18 Applications to the Appellate Division seeking leave to appeal and a stay; and 7 Motions to the New York Court of Appeals. This is false. There was no motion for fees in early 2016. All of the actions reference by the State Defendants occurred in 2017 in Supreme Court and have nothing to do with family court or any "interim" fee request. The request for fees was part of Defendant Bosak's Motion to Dismiss the Plaintiff's custody modification petition. Defendant Bosak lost that motion and her fee application was dismissed. This occurred after the Plaintiff withdrew in May 15, 2014. The granting of the Plaintiff's petition for a custody modification was a part of Defendant Fasanya's fraudulent scheme to ignore the Plaintiff's withdrawal and objections to Ms. Restivo. The fact is that Defendant Fasanya colluded with Defendant Bosak to fabricate the January 15, 2016 "interim" suspension and then fabricated a Sua Sponte fee order with any basis. Then Defendant DiFiore denied the Plaintiff's motion for leave to appeal this baseless and illegal order under to stiffen the blow of the illegal suspension.

18.    The State Defendants allege that the Plaintiff "lost everything." This is also false. There was no adjudicate. The orders were entered without review. They were entered under Defendant DiFiore's blanket statewide December 5, 2016 protection order requiring New York County Supreme Court and Appellate Court judges to sanction Defendant Fasanya's collusion with Defendant Bosak and his illegal, fabricated orders.

19.    The State Defendants' claim the Plaintiff is a "state-court loser" who is attempting to avoid the "preclusive effect of a New York State court judgment" and who "vehemently objects to certain judicial orders issued by the Family Court in a post-divorce custody

proceeding pending in New York City Family Court."  They  state that the Plaintiff "claims appear to be based on the theory that the state court lacked subject matter jurisdiction to preside over his underlying state-court custody proceeding because New York's judiciary and executive branches have turned a blind eye to the purported wrongs committed against him" and that "this Court is not required to accept claims that are just as preposterous, such as Asensio's accusation that 119 state officials (including at least 53 state judges) have conspired to retaliate against him for investigating Judge Fasanya's alleged wrongdoing."  The 53 judges didn't retaliate, they protected Defendants DiFiore and Bosak. Defendant DiFiore allows Defendant Fasanya to fabricate jurisdiction in order to collude with Defendant Bosak and retaliate against the Plaintiffs.

20.     I, Manuel P. Asensio, swear that I am the Plaintiff in the above cited complaint, and the affiant in this Affidavit. I swear that I am fully familiar with the facts, factors and circumstances contained in this affidavit. I solemnly swear that the statements I make are complete and true to the best of my knowledge including any matters stated upon personal information and belief.

I do so swear:

_____
Manuel P. Asensio
Plaintiff, Pro Se
400 E. 54th Street, 29B
New York, NY 10022
(917) 515-5200 mpa@asensio.com

May 10, 2019