UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent of Eva Asensio, a minor child,

            Plaintiffs,

-against-

Janet DiFiore, Chief Judge of New York State; Barbara Underwood, Attorney General of New York State Andrew M. Cuomo, Governor of New York State; Adetokunbo O. Fasanya, New York County Family Court Magistrate; and Emilie Marie Bosak, individually,

            Defendants.

18 CV-10933

---

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS:
AFFIDAVIT OF FACTUAL RESPONSES TO
DEFENDANT BOSAK' S FALSE ASSERTIONS IN OPPOSITION**

1. The Plaintiff, Manuel P. Asensio, has reviewed the Memorandum of Law in Support of Defendant Bosak's Motion to Dismiss dated February 14, 2019 ("Bosak's Memorandum"). This affidavit is filed in opposition to Bosak's Memorandum and Motion to Dismiss. This affidavit demonstrates that the factual allegations that Defendant Bosak used as the foundation for the legal arguments contained in Bosak's Memorandum are false and unresponsive. Defendant Bosak has created her own allegations that do not address any of the allegations, facts, factors or circumstances contained in the complaint. Defendant Bosak simply completely ignores the Plaintiff's case and causes of action. Defendant Bosak's most important fabrication is that any litigation occurred in New York State that is applicable to this complaint.

2.  The actions taken by the State Defendants that are the subject of this complaint are entirely outside of any conceivable authorized judicial or state act, in clear absence of subject matter jurisdiction or personal jurisdiction over the Plaintiff. They are outside of any normal function of a judge or a state official or normal acts performed by a judge or how parties deal with a normal judge. The only reason that the State Defendants' were able to take these illegal actions is that they colluded with Defendant Bosak. The plain and simple fact is that New York State did not allow any kind of due process, opposition or litigation concerning civil rights or domestic relations:[1]

    a. against Defendant Bosak for having colluded with Defendant Fasanya on December 3, 2013 to cause the Plaintiff's false arrest which charges were dismissed in the interest of justice

    b. against Defendant Fasanya for having colluded with Defendant Bosak to protect her from disclosure of her financial triangle with Stefano Chitis, her paramour, and Susan Moss, one of her attorneys, in order to steal $444,688.22 from the Plaintiff

    c. against Defendant Fasanya for fabricating fee orders without the slightest iota of authority or jurisdiction, or legitimate reason or purpose

    d. against Defendant DiFiore for having protected the collusion between Defendant Bosak and Defendant Fasanya

    e. against the illegal and fabricated January 15, 2016 "interim" suspension

---

[1] The complaint intentionally avoided using any domestic relations grievances as a cause of action to avoid any possible claim that the DRE applies.

    f.  against Defendant DiFiore's authorization and participation in the vicious acts that needed to be performed by the Defendants in order to execute the Plaintiff's March 22, 2016 arrest²

    g.  against the June 30, 2017 in-court arrest as part of the use of Carmen Restivo to steal $99,153.22 from the Plaintiff without the slightest iota of authority or jurisdiction, or legitimate reason or purpose

    h.  against Defendant Bosak's violations of the divorce judgement

    i.  against Defendant Bosak's material interference with the Plaintiff's relationship with his daughter

    j.  against Defendant Bosak's creation of an environment where Plaintiff's daughter was continually exposed to Defendant Bosak's drug use, sexual promiscuity, exhibitionism, dangerous conduct and unsavory contacts that violate any principle of decent or responsible parenting.

3.    Defendant Bosak alleges that the Plaintiff's civil rights complaint is *"nothing more than a repackaging of his formally dismissed complaints and motions, which were all based on the same set of facts and circumstances. Plaintiff Asensio now seeks to attack those adverse decisions, which were matrimonial and custodial nature, under the guise of constitutional civil rights and conspiracy claims decisions, which were matrimonial and custodial nature, under the guise of constitutional civil rights and conspiracy claims."* This is false. Defendant Bosak's allegations that this complaint is an attack on *"adverse decisions"* is identical to the allegations made by the State Defendants. The Plaintiff disapproved them in affidavit titled *"Plaintiff's Factual Response*

---

² The charges underlying the arrest that were based on their December 29, 2015 fabrications were dismissed in criminal court and stricken from the family court record.

*to the State Defendant's False Assertions in Opposition to Motion to Dismiss."* There was no adjudication in New York State family court, or at the trial, appeal or constitutional levels concerning custody or the civil rights and conspiracy issues, and there was never any matrimonial matter at issue at all. The only custody rulings that existed before the May 15, 2014 Fasanya-Bosak collusion incident, which caused the Plaintiff to withdraw, were in the Plaintiff's favor and against Defendant Bosak. After the Plaintiff withdrew on May 15, 2014, Defendant Fasanya denied Defendant Bosak's Motion to dismiss the Plaintiff's petition. The ruling confirms Defendant Bosak's material interference with the Plaintiff's custody rights and that a substantial change of custody circumstances had occurred that required a change in custody in favor of the Plaintiff. Notwithstanding this win against Defendant Bosak, the Plaintiff withdrew from family court.

4. Defendant Bosak alleges that "*After Judge Fasanya entered his ruling, Plaintiff Asensio withdrew his Family Court petitions in their entirety. A mere one month later, Plaintiff Asensio continued his harassment by filing against Defendant Bosak in Supreme Court seeking the exact same relief he had sought in Family Court.*" This is false. The only custody "ruling" that existed when the Plaintiff attempted to file a constitutional claim in Supreme Court's family law part were a dismissal order against Defendant Bosak's Motion to Dismiss the Plaintiff's custody petition and Defendant Fasanya's ruling to strike Defendant Bosak's testimony concerning the December 29, 2015 fabrication. This ruling left the January 15, 2016 without any legal or factual foundation. Before the Plaintiff attempted to access Supreme Court's matrimonial part, he had exercised his right to withdraw his petitions from family court. The Plaintiff's right to withdraw and his withdrawal were verified and accepted by Defendant Fasanya. For 2 years, the Plaintiff focused

on his investigation into Defendant DiFiore's post-divorce judgment custody petition, seeking protection from Defendant Fasanya and Defendant Bosak's ongoing collusion against him, and securing a return of the money that was stolen from him through illegal acts.

5.      Defendant Bosak refers to the Honorable Laura E. Drager's June 26, 2017 Decision stating that if the Plaintiff *"felt there were issues, rulings that were made by the Family Court that he felt were wrong, then his response would be to file an appeal of those Family Court Orders, not seek to start the proceedings over in another Court."*  First, Judge Drager has the duty and legal obligation to restrain and take control of Defendant Fasanya who is an inferior judge in an inferior limited jurisdiction court with no constitutional powers. This authority is given to her under CPLR Article 78. Second, Judge Drager knew as she wrote this that the Appellate Division had declined to regulate Defendant Fasanya and that it does not allow appeals of "interim" suspensions or allegations of conspiracies, criminal acts to impose and collect fees, or charges of collusion. This is exactly the issue and conduct that requires the federal court to assert jurisdiction over the matter and proves that even a matrimonial judge will not address the corruption in New York State's fraudulent post-divorce judgment scheme. This is true regardless of the underlying facts and circumstances alleged. Judge Drager is trained to claim to deny parent's access to the state's only constitutional court.  She is trained to claim that the matter has already been adjudicated in prior proceedings in Family Court and to take claims of conspiracy and violation of constitutional rights to the appeal court. Judge Drager, and like Judges Jaffe, Bannon and Goetz after her, were merely repeating the "stone wall, lie, lie and lie again" mantra set down by Defendant DiFiore in her December 5, 2016 letter to the Plaintiff that has already sent him to the appeal endless loop.

6.      Defendant Bosak alleges that the Plaintiff *"delayed the proceedings by refusing to compensate the Attorney for the Child for legal fees. Judge Fasanya issued a lengthy Decision detailing Plaintiff Asensio's harassing behavior and awarding Defendant Bosak counsel fees."* Again, this is an example of the exact type of corruption that requires federal court intervention. This order is a part of the fraudulent collusion between Defendants Bosak and Fasanya to fabricate the events of December 29, 2015, the false arrest of March 22, 2016 to justify the January 15, 2016 fraudulent "interim" suspension, and the horrific acts of Richard Spitzer discussed in Rosemary Barnett's affidavit in support of the complaint and complaint itself. All the actions are sanctioned and operated by Defendant DiFiore under the protection of the DRE. First, there was no motion for legal fees pending. Second, the Plaintiff never consented to pay any fees to Carmen Restivo, had no duty, obligation or interest in retaining Ms. Restivo or allowing her to contact his daughter. Further, Defendant Fasanya has no authority to order a parent to pay fees to an 18-b lawyer. Third, the Plaintiff had withdrawn on May 15, 2014 in response to witnessing Defendant Fasanya colluding with Ms. Restivo before she had even been appointed in the family court case. On May 15, 2014, Ms. Restivo acted to create a false court record based on a unilateral series of actions that Defendant Bosak took on Mother's Day 2014.  Specifically, the Plaintiff agreed to a very generous schedule that allowed him to take Eva to church and Sunday School Classes in the morning.  Defendant Bosak without notice or cause appeared at the Plaintiff's residence before 8 A.M. on Mother's Day 2014 with the police and persuaded the police to go upstairs to get the daughter.  The police attempted to dissuade Defendant Bosak but advised the Plaintiff to bring the daughter down since Defendant Bosak was angry and irrational and could not be controlled.  In court on May 15, 2014, Defendant Fasanya literally directed Defendant Bosak and Ms. Restivo to alternatively speak as they told Defendant Bosak's entirely fabricated story while preventing the

Plaintiff's counsel from opposing. The Plaintiff had witnessed his petitions being endlessly adjourned since July 4, 2013 when Defendant Bosak violated the terms of the judgment by taking Eva out of the country with notice and when Eva was scheduled to be with him. The same thing occurred during Thanksgiving 2013. On December 5, 2013, Defendant Bosak also called the police to Eva's school to fabricate an incident and took Eva wrongfully. Defendant Fasanya colluded with Defendant Bosak to allow her abuses. On May 15, 2014, the Plaintiff gave notice of his withdrawal, dismissed his counsel, and filed formal actions against Defendant Fasanya and that under no circumstance whatsoever would he agree, consent or acquiesce to maintain any exposure to Defendant Fasanya or Ms. Restivo. Shortly after May 15, 2014 the Plaintiff hired new counsel to formal process his withdrawal.

7. Defendant DiFiore allowed Defendant Fasanya to use thirteen (13) contempt and arrest orders to force the Plaintiff to pay $99,153.22 without the slightest trace of legitimate reason or purpose. Unequivocally, as a matter of fact and law, Defendant Fasanya has no authority, right, or discretion to obligate the Plaintiff to consent to Ms. Restivo's appointment or to agree to Ms. Restivo's hourly rate or spends as much time as she wishes on his case, much less allow Ms. Restivo unfettered, unsupervised access to his daughter.

8. On the contrary, Defendant Fasanya is obligated by statute to closely monitor and report the amount of money Ms. Restivo is paid as his judicial appointee per case, and in total, per year. This information is used to verify that Defendant Fasanya is complying with the law and not overpaying Ms. Restivo in any one case or over a period. These regulations are designed to prevent kickbacks to judges in any form and undue influence by appointees. Defendant Fasanya is required by law to have New York County pay Ms. Restivo's bill at low 18-b rates, not the Plaintiff. In any

case, the Plaintiff never consented to Ms. Restivo's appointment and Defendant Fasanya appointed Ms. Restivo over the Plaintiff's opposition. The Plaintiff's withdrawal was deliberate act to protect his daughter from having any contact with Ms. Restivo and to eliminate the Plaintiff's exposure to Ms. Restivo's fees.

9.     Based upon information and belief, between September 2015 and January 15, 2016 spoke with Ms. Restivo who spoke with Defendant Fasanya to make arrangement with Defendant Bosak's counsel, Susan Moss, executed the January 15, 2016 fraud based on December 29, 2015 fraud. It was identical to the scheme the foursome executed on May 15, 2014. Their new plan was to suspend the Plaintiff's parenting access without evidence, charges, hearing, decision or reasoning and to then force the Plaintiff to see his daughter under the supervision of Richard Spitzer of Comprehensive Family Services. This is what Defendant Fasanya did on January 15, 2016. As a result, the Plaintiff has not seen or had contact with his daughter since January 15, 2016, over 4 years and has been plummeted with retaliatory fraudulent unilateral fees order of $225,688.22 to Ms. Restive and Defendant Bosak who has been protected against discovery.

10.     Defendant Bosak asserts that *"there is no obstacle to a full and fair determination of the issues in the state courts, as Plaintiff Asensio originally filed in these courts but subsequently voluntarily withdrew his actions the moment he become dissatisfied with the outcome of the proceedings."* Again, the Plaintiff had won a motion to dismiss when he withdrew. This occurred back in May 15, 2014 but the collusion between Defendant Fasanya and Defendant Bosak started on December 5, 2013. Defendant Bosak's testimony concerning the December 29, 2015 scam was stricken from the record. The issue in this case is collusion between Defendant Bosak and

Defendant Fasanya to execute the December 29, 2015/January 15, 2016 fraud and the fabrication of $225,688.22 in fees. These were sanctioned and directed by Defendant DiFiore. Defendant Bosak has collected $3,000 a month from the Plaintiff since April 1, 2013 and New York State has colluded with Defendant Bosak to protect her while she constantly violated the Plaintiff's rights and to have the Plaintiff arrested twice and to steal $225,688.22, and here over 6 years later, Defendant Bosak claims that *there is no obstacle to a full and fair determination of the issues in the state courts."* Clearly, this shows that New York State is fully confident that this court will protect it. How else could Defendant Bosak's behavior be reasonably explained?

11.  I, Manuel P. Asensio, swear that I am the Plaintiff in the above cited complaint, and the affiant in this Affidavit. I swear that I am fully familiar with the facts, factors and circumstances contained in this affidavit. I solemnly swear that the statements I make are complete and true to the best of my knowledge including any matters stated upon personal information and belief.

I do so swear:

_/s/ Manuel P. Asensio_
Manuel P. Asensio
Plaintiff, Pro Se
400 E. 54th Street, 29B
New York, NY 10022
(917) 515-5200 mpa@asensio.com

May 10, 2019