UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent
of Eva Asensio, a minor child,

              Plaintiffs,

-against-                                                  18 CV-10933

Janet DiFiore, Chief Judge of New York
State; Barbara Underwood, Attorney General
of New York State Andrew M. Cuomo,
Governor of New York State; Adetokunbo O.
Fasanya, New York County Family Court
Magistrate; and Emilie Marie Bosak,
individually,

              Defendants.

---

**OPPOSITION AFFIDAVIT BASED ON PENDING 28 U.S.C. §§ 351-364 COMPLAINTS AGAINST THE KATZMANN-DIFIORE AGREEMENT AND RESULTING DISHONEST AND CORRUPT ACTS BY ABRAMS-FAILLA**

1. Manuel P. Asensio, being duly sworn, deposes and says:

2. I am the plaintiff in this matter, and I make this affidavit in further opposition to the Motions to Dismiss the complaint of the New York State Defendants and of Defendant Bosak.

3. This matter concerns rampant judicial corruption, actions taken by the State Defendants that are entirely outside of any conceivable subject matter related to the Plaintiff or personal jurisdiction over the Plaintiff, that could only have been performed by colluding with Defendant Bosak and that are outside of any normal function of a judge or a state official or normal acts performed by a judge or how parties deal with a normal judge. The Plaintiff has never claimed or imagined that he could move against any of the

Defendants under any criminal code. However, undoubtedly the acts against him, his property and minor daughter are clearly criminal in nature.

4. As such defendants' motions to dismiss, based solely on arguments of law, beg the issue. Defendants did not so much as file a single affidavit of fact. That is because they are hiding the facts that must ultimately be presented to a jury, just as the presiding judge in this matter, the presiding judge in the related matter of Asensio et al. v. Roberts et al, 19 CV 03384 ("Asensio II") and just as Chief Judge Robert A. Katzmann of the Second Circuit Court of Appeals. They all are hiding the facts in this matter and in Asensio II.

5. On May 10, 2019 the undersigned filed a judicial misconduct complaint against the Hon. Robert A. Katzmann with the Judicial Council of the Second Circuit. A copy of this complaint is annexed hereto as Exhibit 1.

6. The May 10, 2019 complaint against Judge Katzmann accuses Judge Katzmann of deliberately using his government positions dishonestly for the corrupt purpose of entering into a protection agreement and understanding with Janet Marie DiFiore, New York State's Chief Judge, under which she is operating a completely unconstitutional and illegal organization of judges that are trained to convert post-divorce judgement child custody petitions into an income stream ("Katzmann-DiFiore Agreement").

7. As a result, Judge Katzmann is obligated under the Katzmann-DiFiore Agreement to do everything in his power to keep this complaint and the prior complaints filed by the undersigned from reaching the Judicial Conference and the attention of the Hon. John G. Roberts, Jr., Chief Justice of the United States and presiding judge of the Judicial Conference.

8. The undersigned first requested that Judge Abrams recuse herself when she disposed of Motion 1 and entered a one-sided stay, and then immediately after discovery that Judge Abrams had colluded with Defendant DiFiore to plant a negative story about the Plaintiff and his case in the New York Daily News on January 21, 2019, and most recently on April 17, 2019, the day after Asensio II was filed on April 16 since as a party defendant Judge Abrams was required to do so pursuant to 28 U.S.C. Section 455(b)(iii), Canon 3(c)(1)(d)(i) and (iii) of the Code of Conduct for United States Judges and the Advisory Opinion 103 of the Committee on Codes of Conduct of the Judicial Conference. A copy of this request is annexed hereto as "Exhibit 2."

9. Judge Abrams deliberately violated these commanding statutes and legal authority and refused to recuse herself. The Hon. Katherine Parker Failla, to whom Asensio II had been assigned, in order to protect Judge Abrams, dismissed Asensio II sua sponte on April 26, a mere ten days after it had been filed. A copy of this Order of Dismissal is annexed hereto as "Exhibit 3."

10. On May 9, 2019, the undersigned filed a judicial misconduct complaint against Judge Failla for acting dishonestly with a corrupt motive in dismissing Asensio II. This complaint explains in detail how Judge Failla dismissed Asensio II in order to give cover to Judge Abrams' deliberate violations of law so that she could remain in the case to dismiss the present action with impunity, as Judge Abrams' every action indicates. A copy of the judicial misconduct complaint against Judge Failla is annexed hereto as "Exhibit 4."

11. It is against the background of these judicial misconduct complaints against Judge Katzmann and Judge Failla that the undersigned has requested a stay of the present proceedings until the judicial conduct complaints against Judges Abrams, Failla and Katzmann are resolved, or, in the alternative, for a

further extension of time in which to oppose the defendants' motions to dismiss. The undersigned filed an application to this effect on May 9, 2019, a copy of which is annexed hereto as "Exhibit 5" and a further application to this effect on May 10, 2019, a copy of which is annexed hereto as "Exhibit 6."

12. The Defendants herein, in conjunction with the Federal judiciary who are protecting them, are falsely alleging that the law provides them cover to dismiss the present action to avoid addressing the facts of this case and to submit those facts to a jury. The law can only be relevant when judges apply it fairly. In this case, where judges are protecting judges and the result pre-ordained from the moment that Judge Abrams issued a one-sided stay in favor of the New York State Defendants, the legal arguments made by Defendants are irrelevant to whether this case can be dismissed. The undersigned is a pro se litigant fighting entrenched corruption in the judicial system that has deprived him of his most comprehensive and unilateral freedoms of speech and religion, and liberty, and his fundamental civil right to parent his daughter, teach her his values, and protect his property and liberty rights from corrupt judges who would deprive him of them in order to further their dishonest agenda. As such the undersigned is entitled at the very least to his day in court.

I, Manuel P. Asensio, swear that I am the Plaintiff in the above cited complaint, and the affiant in this Affidavit. I swear that I am fully familiar with the facts, factors and circumstances contained in this affidavit. I solemnly swear that the statements I make are complete and true to the best of my knowledge including any matters stated upon personal information and belief.

I do so swear:

*[signature]*

Manuel P. Asensio
Plaintiff, Pro Se
400 E. 54th Street, 29B
New York, NY 10022
(917) 515-5200 mpa@asensio.com
May 10, 2019

# EXHIBIT 1

**Manuel P. Asensio**
400 East 54th Street, Apt. 29B
New York, New York 10022
O: 212-702-8001  C: 917-515-5200
mpa@asensio.com

**VIA ECF**

April 17, 2019

The Hon. Justice Ronnie Abrams
US District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom: 1506
New York, NY 10007



MEMO ENDORSED

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/18/19

**Re: Asensio, *et al.* v. DiFiore, *et al.*, No. 1:18-cv-10933-RA-Statutory Mandated Recusal and Modification of Stay.**

> Asensio et al v. the Hon. John G. Roberts, Jr., Chief Justice of the United States and Presiding Justice of the Judicial Conference of the United States et al. ("Asensio v. Roberts") United States District Court for the Southern District of New York, Docket Number 19 CV 03384 filed and entered on April 16, 2019[1]

Dear Judge Abrams:

This letter constitutes the Plaintiff's motion seeking Your Honor's recusal in the Matter of Asensio v. DiFiore et al, United States District Court for the Southern District of New York (henceforth "Asensio v. DiFiore").

Filed herewith is a copy of the above referenced complaint. The filing of this complaint requires that you recuse yourself in the matter of Asensio v. DiFiore.

---

[1] The Defendants are the Hon. Robert A. Katzmann ("Judges Katzmann"), the Chief Judge of the United States Court of Appeals for the Second Circuit; and the Hon. Ronnie Abrams, a justice of the US District Court for the Southern District of New York. The complaint incorporates the two existing Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364 complaints against Judges Katzmann and Abrams.

Page 1 of 3

Case 1:18-cv-10933-RA Document 55 Filed 04/18/19 Page 3 of 3

Your Honor has complete ignored the Daily News matter. All of the matters pertaining to this misconduct that are contained in the record of plaintiff's applications for recusal is contained in the Docket at ECF numbers 26, 29, 30, 33, 34, 37, 40, 41, 42, 43, 43-1 and 43-2.

Application for Modification of Existing Stay:

This matter concerns the Plaintiff's unilateral rights.[2] The State Defendants are imposing themselves on these rights on a daily basis through judicial corruption. Your Honor has made herself a witness by colluding with Defendant DiFiore against the Plaintiffs on the central issue in this case. Therefore, I request that your Honor enter an order modifying your Honor's existing one-sided stay so as to grant a full interim stay in this matter before your Honor recuses herself.

In light of the foregoing, it is clear that Your Honor is obligated to recuse herself from the matter of Asensio v. DiFiore and to grant an immediate stay. A prompt order to that effect should be issued promptly. Thank you.

I do so declare
Respectfully,

Manuel P. Asensio
Plaintiff

cc: William P. Barr
US Attorney General

---

Application denied. It is well-established that "a judge is not required to recuse . . . herself simply because a litigant before the judge has filed suit or made a complaint against . . . her." *Jenkins v. Sladkus*, No. 04 Civ. 1595, 2004 WL 1238360, at *1 (S.D.N.Y. June 3, 2004); *see also U.S. v. Nagy*, 19 F. Supp. 2d 139, 140 (S.D.N.Y. 1996) (denying defendant's motion to recuse where defendant had filed suit against the judge alleging judge's prior decision finding defendant competent to stand trial was improper). The rationale behind this principle is to prevent "judge-shopping" by litigants. *Salten v. Cty. of Suffolk*, No. 08-CV-5294 SJF AKT, 2012 WL 3260266, at *2 (E.D.N.Y. Aug. 6, 2012). Accordingly, the Court will not permit Plaintiff to use motions for recusal "as a vehicle for judge shopping." *Nagy*, 19 F. Supp. 2d at 140.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
April 18, 2019

---

[2] These are rights that are fundamental to self-governed and self-determination that not collide with any other person's rights or government interest.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL P. ASENSIO, individually and as the parent of E.A., a minor child,

               Plaintiff,

-v. -

HON. JOHN G. ROBERTS, JR., Chief Justice of the United States and Presiding Justice of the Judicial Conference of the United States; HON. ROBERT A. KATZMANN ("JUDGES KATZMANN"), Chief Judge of the United States Court of Appeals for the Second Circuit; HON. RONNIE ABRAMS, a justice of the US District Court for the Southern District of New York,

               Defendants.

19 Civ. 3384 (KPF)

**CIVIL JUDGMENT**

---

    Pursuant to the Court's Order of April 26, 2019, dismissing this action,

    IT IS ORDERED, ADJUDGED AND DECREED that this action is dismissed. The Court dismisses Plaintiff's claims that he asserts on behalf of his minor daughter, E.A, without prejudice. The Court dismisses the remaining federal claims as barred by immunity or frivolous. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's judgment would not be taken in good faith. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

Dated:  April 26, 2019
          New York, New York

                                                  *[signature]*
                                          KATHERINE POLK FAILLA
                                          United States District Judge

*A copy of this Order was mailed by Chambers to:*

Manuel P. Asensio
641 Lexington Avenue
Suite 1533
New York, NY 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL P. ASENSIO, individually and as the parent of E.A., a minor child,

        Plaintiff,

-v.-

HON. JOHN G. ROBERTS, JR., Chief Justice of the United States and Presiding Justice of the Judicial Conference of the United States; HON. ROBERT A. KATZMANN ("Judges Katzmann"), Chief Judge of the United States Court of Appeals for the Second Circuit; HON. RONNIE ABRAMS, a justice of the US District Court for the Southern District of New York,

        Defendants.

19 Civ. 3384 (KPF)

**ORDER OF DISMISSAL**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Manuel P. Asensio appears *pro se* and asserts claims on behalf of himself and his minor daughter.[1] Plaintiff asserts claims under 18 U.S.C. § 241, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. He also asserts claims under state law. He sues Chief Justice John G. Roberts, Jr., of the Supreme Court of the United States; Chief Judge Robert A. Katzmann of the United States Court of Appeals for the Second Circuit; and District Judge Ronnie Abrams of this Court, and he seeks damages. For the reasons discussed below, the Court dismisses this action.

---

[1]     The complaint mentions Plaintiff's minor daughter's full name. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, however, a Court submission may only refer to a minor child's name by using the child's initials. In an abundance of caution, the Clerk of Court has restricted electronic docket access to the complaint to a "case-participant only" basis. The Court refers to Plaintiff's minor daughter by her initials, E.A.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees to commence a federal civil action, if it determines that the action is frivolous, *see Fitzgerald* v. *First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007); *see also Denton* v. *Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

**BACKGROUND**

In another *pro se* civil action pending in this Court before Judge Abrams, *Asensio* v. *DiFiore*, No. 18 Civ. 10933 (RA) ("*Asensio I*"), Plaintiff sued New York Court of Appeals Chief Judge Janet DiFiore, former Acting New York State Attorney General Barbara Underwood, New York Governor Andrew Cuomo, New York Family Court Judge Adetokunbo Fasanya, and Plaintiff's ex-wife, Emilie Marie Bosak. Plaintiff's claims in *Asensio I* arise from his child custody dispute with Bosak, the associated Family Court proceedings before Judge Fasanya, Chief Judge DiFiore's alleged failure to hold Judge Fasanya accountable for his misconduct, and the other state officials' alleged acquiescence to Judge Fasanya's misconduct, despite Plaintiff's complaints to them about it.

In the present action, Plaintiff alleges that on March 5, 2019, Chief Judge Katzmann and District Judge Abrams "planted" an unspecified "negative story" in the *New York Daily News* about Plaintiff and *Asensio I*. (*See* Dkt. #2 at 2-3). Plaintiff also accuses them of "deliberate misconduct and mismanagement" in *Asensio I*, including having *ex parte* communication with Chief Judge DiFiore. (*Id.* at 2). He states that their purpose in planting the story was to "sanction DiFiore's scheme to fabricate jurisdiction over strictly private family matters." (*Id.* at 3). He alleges that the story is "their communion with DiFiore." Plaintiff states that "[t]he commune is a group of New York federal judges that are allowing DiFiore to deliberately cause misunderstanding for political purposes. They use agitation, aggravation,

3

disturbances and disruptions in civil, peaceful, good American lives, such as that of the Plaintiffs, to create income streams for their political purposes." (*Id.* at 3-4).

Plaintiff seems to assert claims against Chief Judge Katzmann arising from his alleged failure to act on Plaintiff's judicial misconduct complaints about District Judge Abrams. (*See* Dkt. #2 at 60-68, 74-77, 86-88). Similarly, Plaintiff's claims against Chief Justice Roberts seem to arise from his alleged failure to act on Plaintiff's judicial misconduct complaints about Chief Judge Katzmann and District Judge Abrams. (*See id.* at 1-3, 17-33, 111-13). Throughout Plaintiff's complaint, Plaintiff objects to the existence of the domestic relations exception to the federal courts' subject matter jurisdiction.

## DISCUSSION

### A. Plaintiff's Claims on Behalf of E.A.

The Court must dismiss Plaintiff's claims that he asserts on behalf of his minor daughter, E.A. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs.* v. *Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action *pro se* in federal court on behalf of a child. *See, e.g., Tindall* v. *Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). "[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A

person must be litigating an interest personal to him." *Iannaccone* v. *Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung* v. *Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 60 (2d Cir. 1990) ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys."). Plaintiff does not allege that he is an attorney. Accordingly, the Court dismisses Plaintiff's claims that he asserts on behalf of E.A. without prejudice.

### B.  Judicial Immunity

The Court construes Plaintiff's claims under 42 U.S.C. § 1983 that he brings on his own behalf against Defendants — all federal judges — as claims of violations of his federal constitutional rights under *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]." (internal quotation marks and citation omitted)); *Morales* v. *City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that the district court properly construed § 1983 claims brought against a federal employee as arising under *Bivens*). Federal courts have analogized *Bivens* claims to those brought under § 1983; caselaw from § 1983 claims may be used to address issues in *Bivens* claims. *See Butz* v. *Economou*, 438 U.S. 478, 498-99 (1978); *Shue* v. *United States*, 466 F. App'x 51 (2012) (summary order) (citing *Tavarez* v. *Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

The Court must dismiss Plaintiff's *Bivens* claims against Judge Abrams arising from her rulings in *Asensio I* because those claims are barred by the doctrine of judicial immunity. Judges are absolutely immune from suit for

damages for any actions taken within the scope of their judicial responsibilities. *See Mireles* v. *Waco*, 502 U.S. 9, 11-12 (1991); *see also Dorman* v. *Higgins*, 821 F.2d 133, 137-39 (2d Cir. 1987) (applying judicial immunity to *Bivens* claims). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven* v. *Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young* v. *Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks and citation omitted).

Judicial immunity does not apply when a judge takes action outside her judicial capacity, or when a judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge[.]" *Stump* v. *Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff asserts at least some *Bivens* claims against Judge Abrams that arise from her rulings in *Asensio I*. Under the doctrine of judicial immunity, however, Judge Abrams is immune from suit for those claims. The Court therefore dismisses Plaintiff's *Bivens* claims against Judge Abrams that arise from her rulings in *Asensio I* as frivolous, under the doctrine of judicial immunity. *See Mills* v. *Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim

6

dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## C.  Plaintiff's Remaining Federal Claims

Even when the Court reads the complaint with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474, the Court must dismiss Plaintiff's remaining federal claims as frivolous. Plaintiff's allegations with respect to these claims rise to the level of the irrational, and there is no legal theory on which he can rely.[2] *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

---

[2]  Even if Plaintiff's remaining federal claims were not frivolous, Plaintiff's allegations with respect to these claims are insufficient to state a claim for relief under federal law. To the extent that Plaintiff seeks Defendants' criminal prosecution under 18 U.S.C. § 241, a private citizen like himself cannot initiate a criminal prosecution in a federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff cannot assert that his constitutional rights were violated by Chief Justice Roberts or Chief Judge Katzmann because of their failures to act on Plaintiff's judicial misconduct complaints because there is no affirmative right to government aid. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Plaintiff's allegations that Defendants — in particular, Chief Judge Katzmann and District Judge Abrams — engaged in a conspiracy to violate his federal constitutional rights lack the factual support to state a conspiracy claim under *Bivens* or 42 U.S.C. § 1985. *See Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). And if Plaintiff cannot allege sufficient facts to state a § 1985 claim, he cannot state a related claim under 42 U.S.C. § 1986. *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996). Finally, *pro se* plaintiffs, including attorneys acting *pro se*, are not entitled to attorney's fees under 42 U.S.C. § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991).

### D. Plaintiff's State-Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### E. Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims that he asserts on behalf of his minor daughter, E.A, without prejudice. The Court dismisses the remaining federal claims as barred by immunity or frivolous. The Court declines to exercise jurisdiction over Plaintiff's supplemental state-law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this Order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 26, 2019
        New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Manuel P. Asensio
641 Lexington Avenue, Suite 1533
New York, NY 10022

9