# EXHIBIT 3

# THE JUDICIAL COUNCIL OF THE SECOND CIRCUIT
## JUDICIAL MISCONDUCT COMPLAINT UNDER 28 U.S.C. §§ 351-364

May 9, 2019

1. **Name and Address of Claimant:** Manuel P. Asensio 400 East 54th Street, Apt. 29B, New York, NY 10022 (212) 702-8801; Cell: (917) 515-5200; Email: mpa@asensio.com

2. **Place of Filing:** Catherine O'Hagan Wolfe, Clerk of Court, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007

3. **Name of Subject Judges:** The Hon. **Katherine Parker Failla**, United States District Judge for the Southern District of New York.

4. **Identification of Particular Case Where Ongoing Behavior Is Occurring:** *Asensio et al v. Roberts et al,* SDNY 19 CV 03384 (KPF) to affect matters in Asensio et al. v. DiFiore et al. 18-CV-10933

The Hon. Robert A. Katzmann, Chief Judge of the United States Court of Appeals of the Second Circuit ("Judge Katzmann") is acting dishonestly with corrupt motives to conceal the complaints against Judge Abrams. These complaints must be adjudicated before Judge Abrams can remain as the presiding judge in *Asensio v. DiFiore*. Chief Judge Katzmann's corrupt motive for concealing the complaints against Judge Abrams is to protect political corrupt in New York State. Specifically, the State's use of judicial, executive and prosecutorial corruption in its post-divorce judgement child custody adjudication process. This is a betrayal of justice and a constitutional crime by Chief Judge Katzmann. Without Chief Judge Katzmann's moral corruption, New York State would be unable to meld moral and financial corruption in its post-divorce judgement child custody adjudication processes. The Complainant as Plaintiff in Asensio v. DiFiore estimates the financial cost to New York State's citizens of Chief Judge Katzmann's moral corruption to be at least $350,000,000 a year. However, the real cost of Chief Judge Katzmann's moral corruption, which is led by his personal immorality, is unmeasurable. Thus, Chief Judge Katzmann's dishonesty and moral corruption is the root cause of the Plaintiff's damages and cause of action in *Asensio v. DiFiore*.

Because Chief Judge Katzmann is concealing the Abrams complaints, and because US Chief Justice John G. Roberts, Jr. as the Presiding Judge and Chief Executive Officer of the Judicial Conference had not acted on the Complainant's March 5, 2019 complaint against Chief Judge Katzmann and Judge Abrams to the Judicial Conference, Complainant was obligated to commence a new action. On April 16, 2019 the Complainant filed *Asensio et al v. Roberts et al,* SDNY 19 CV 03384 (KPF) ("Asensio II") against Judge Abrams, Judge Katzmann and by extension Chief Justice Roberts, Jr.

The Hon. Katherine Parker Failla, United States District Judge for the Southern District of New York ("Judge Failla") immediately used dishonest conduct to dismiss Asensio II based on the same corrupt motives that moved Chief Judge Katzmann to conceal the Abrams complaints.

.

Chief Judge Katzmann's use of the domestic relations exception to federal subject matter jurisdiction ("DRE") in New York State is unconstitutional on its face as an abrogation of a US citizens' right under Article III to seeking redress from state corruption that he himself allowed.

Chief Judge Katzmann is fully aware of the nature and subject matter of Claimant's civil rights suit titled *Asensio et al. v. DiFiore et al.* 18-CV-10933 (henceforth "Asensio I") and his 28 U.S.C. §§ 351-364 judicial complaints against him and the Hon. Ronnie Abrams, a judge of the US District Court for the Southern District of New York (henceforth "Judge Abrams"). The conduct complaints arise from Judge Abrams' corrupt *Sua Sponte* acts that she used to dispose of the Complainant's Motion 1, Judge Abrams' fabrication of a one-sided stay, and her collusion with the New York State Defendants in Asensio I.

As Judge Katzmann knows, this case comes before the federal courts after a five-year investigation of New York's design and operation of its corrupt process for post-divorce judgment enforcement petitions by non-custodial parents. The undersigned commenced the investigation on May 15, 2014. On November 21, 2018, the undersigned filed Asensio I, a civil rights[1] action based on the evidence discovered in the investigation.

Asensio I demonstrates blatant and egregious judicial corruption in the New York State's processing of post-divorce judgement custody petitions. On May 15, 2014 as Judge Katzmann knows, the Complainant withdrew from New York State's domestic relations process and dedicated himself to the investigation. Since that date, the State Defendants have engaged in a deliberate and concerted efforts to fabricate jurisdiction for the sole purpose of depriving the undersigned of his constitutional rights by, inter alia, publicly promoting false criminal charges[2] against him in connection with an incident that occurred on December 29, 2015. They did this to justify a retaliatory and illegal suspension of the Complainants' parental rights to his daughter, Eva Asensio, for the sole purpose of silencing his denunciation of their corrupt domestic relations racket in New York. This judicial racket has allowed the New York State Defendants to fabricate an income stream of over $350,000,000 annually. The New York State Defendants have done so with impunity based on the DRE, knowing full well that they were safe from federal review or scrutiny. The undersigned has sought to expose corruption and, accordingly, demonstrate how the DRE perpetuates and protects it, by filing Asensio I.

Judge Abrams has been as disrespectful of Complainant's civil rights as were the New York State Defendants named in Asensio I. Judge Abrams added insult to injury in the purest sense of the phrase when she colluded with Asensio I's lead defendant, Janet Marie DiFiore, New York's Chief

---

[1] These are US citizens' most unilateral and comprehensive rights to be protected from manufactured charges, and freedoms of religion, speech and political expression and affiliation.

[2] These false charges were dismissed by the criminal court and all testimony related thereto was stricken from the family court record. The state has denied the undersigned access to the grand jury testimony to prove that the chief judge, a family court judge, a county prosecutor colluded with Asensio I's Defendant Bosak to fabricate the false testimony and present it to the grand jury.

Judge, to plant a story in the New York Daily News on January 21, 2019 that resurrected falsehoods[3] about the undersigned's conduct on December 29, 2015. This makes Judge Abrams a witness in the most central allegation in Asensio I. Complainant filed a complaint against Judge Katzmann with this Judicial Council to address Judge Katzmann's concealment the complaints against Judge Abrams.

Judge Failla improperly and maliciously entered an "Order of Dismissal" in Asensio II on April 26, 2019, a mere ten days after it was initially filed on April 16, 2019. Judge Failla dismissed Asensio II *Sua Sponte* on the false premise that the complaint was frivolous and that the Court lacked subject matter jurisdiction. Judge Failla created these false premises as a cover to protect the Asensio II defendants, which included Judge Abrams and Judge Katzmann, who both engaged in a concerted effort to protect the New York State Defendants in Asensio I. This action constitutes a blatant abuse and is the gravamen of the present complaint.

The filing of Asensio II naming Judge Abrams as a defendant mandated that Judge Abrams recuse herself as the presiding judge in Asensio I under 28 U.S.C. Section 455(b)(iii), Canon 3(C)(1)(d)(i) and (iii) of the Code of Conduct for United States Judges and the Advisory Opinion 103 of the Committee on Codes of Conduct of the Judicial Conference. The Complainant requested that Judge Abrams do so in a letter motion dated April 17, 2019. Judge Failla, by dismissing Asensio II, eliminated Judge Abrams' prima facie violation of the above referenced federal statute, canon and advisory opinion, thereby providing cover to Judge Abrams to continue to preside over Asensio I notwithstanding her status as a material witness to the federal court's collusion with Defendant DiFiore and other egregious demonstrations of prejudice in favor of the State Defendants and blatant hostility to plaintiffs in Asensio I.

We are now at the point where Judge Failla is protecting Judge Abrams. Judge Failla did so by fabricating the claim that she "adjudged" the dismissal of Asensio II based on the self-serving "ordered and decreed" fabrication that Asensio II is barred by immunity and is frivolous.

Judge Failla did so through a Sua Sponte dismissal that denied the possibility of filing a motion for leave to amend by decreeing that Asensio II's defects "cannot be cured." She directed the Clerk to docket her order as a "written opinion." She also declined to take jurisdiction over the state law claims and decreed that "any" appeal would be in "bad faith." Thus, she protected the New York State Defendants and Judge Abrams' from being exposed to the US attorney, the US Chief Justice, Judicial Conference, Congress, the President and ultimately US citizens. Judge Failla's misconduct demonstrates that the New York federal judiciary is engaging in corrupt acts to dismiss Asensio I. This situation cannot be allowed to continue.

Judge Failla's actions shows the extent of corruption and dishonesty that has resulted from the DRE. It is indicative of the monumental corruption that exist in New York's processes for post-divorce judgment enforcement petitions by non-custodial parents, which is fully documented in Asensio I.

---

[3] See foot note. Judges Katzmann and Abrams are fully aware that Asensio I's central charge is that the December 29, 2105 fabrications are the product of the State Defendants' collusion with Defendant Bosak.

Judge Failla cannot be allowed to openly engage in misconduct with corrupt motives to defend Judge Abrams. And Judge Abrams cannot be allowed to hide behind Judge Failla's fabrications, in order to protect the New York State Defendants and allow them to trample on the constitutional rights of citizens for the purpose of generating income for the court system, which is the essence of the DRE.

This is a situation of federal significance. It is essential that the Judicial Council initiate an immediate review of Judge Failla's actions in improperly and illegally dismissing Asensio II and initiate a similar review of Judge Abrams' actions in Asensio I.

I, Manuel P. Asensio, swear that I am fully familiar with the facts contained in this complaint and that statements I make herein are complete and true to the best of my knowledge, including any matters stated upon personal information and belief. I do so swear.

_____
Manuel P. Asensio

# EXHIBIT 4

**Manuel P. Asensio**
**641 Lexington Avenue, Suite 1533**
**New York, NY 10022**
**(212) 702-8801 Cell (917) 515-5200**
**mpa@asensio.com**

May 9, 2019

The Hon. Ronnie Abrams
US District Court Judge, New York Southern District of New York
40 Center Street (40 Foley Square)
New York, New York 10007

### REQUEST FOR STAY OR EXTENSION TO FRIDAY, MAY 17, 2019

Dear Judge Abrams:

This case presents complicated first-impression issues without precedent in the federal courts. No attorney will assist the Plaintiff. The Plaintiff is litigating the matter pro se against the full power of the State of New York and its leading attorneys.

The Plaintiff requests a stay of <u>Asensio v. DiFiore</u>, or an extension to Friday, May 17, 2019, considering the following:

Today, the undersigned filed the attached complaint against the Hon. Katherine Parker Failla. The complaint asserts that Judge Failla acted dishonestly with corrupt motives to dismiss <u>Asensio et al v. Roberts et al</u>, 19 CV 03384 (KPF). The complaint asserts that Judge Failla acted to protect Your Honor from having to comply with Your Honor's statutorily mandated recusal obligation under 28 U.S.C. Section 455(b)(iii), Canon 3(C)(1)(d)(i) and (iii) of the Code of Conduct for United States Judges of the Judicial Conference and the Advisory Opinion 103 of the Committee on Codes of Conduct of the Judicial Conference. I pray Your Honor comprehends and agrees that justice mandates the complaints against Chief Judge Katzmann, Judge Failla and Your Honor be adjudicated before Your Honor can remain as the presiding judge in this matter.

The Plaintiff prays Your Honor grant a stay or in the alternative, plaintiff requests an extension of time to Friday, May 17, 2019 in which to oppose defendants' motion to dismiss.

The defendants will not be prejudiced.  I request an extension to Friday, May 17, 2019.

Respectfully,

Manuel P. Asensio

State and Individual Defendants Counsel

# EXHIBIT 5

# THE JUDICIAL COUNCIL OF THE SECOND CIRCUIT
# JUDICIAL MISCONDUCT COMPLAINT UNDER 28 U.S.C. §§ 351-364

May 10, 2019

1. **Name and Address of Claimant:** Manuel P. Asensio ("Complainant-Plaintiff") 400 East 54th Street, Apt. 29B, New York, NY 10022 (212) 702-8801; Cell: (917) 515-5200; Email: mpa@asensio.com

2. **Place of Filing:** Catherine O'Hagan Wolfe, Clerk of Court, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007

3. **Name of Subject Judges:** The Hon. **Robert A. Katzmann**, Chief Judge of the United States Court of Appeals of the Second Circuit ("Chief Justice Katzmann")

4. **Identification of Particular Case Where Ongoing Behavior Is Occurring:** Judicial Conduct and Disability Act of 1980 filed under rules 28 U.S.C. §§ 351-364 pertaining to *Asensio et al v. Roberts et al*, SDNY 19 CV 03384 and *Asensio et al. v. DiFiore et al.* 18-CV-10933

Chief Justice Katzmann[1] has deliberately used his government positions dishonestly for the corrupt purpose of entering into a protection agreement and understanding with Janet Marie DiFiore, New York State's Chief Judge, under which she is operating a completely unconstitutional and illegal organization of judges that are trained to convert post-divorce judgement child custody petitions into an income stream ("Katzmann-DiFiore Agreement").

Under the Katzmann-DiFiore Agreement, Chief Justice Katzmann is obligated to protect Chief Judge DiFiore from having to answer the allegations contained in *Asensio v. DiFiore*. This is necessary to protect Chief Judge DiFiore from discovery and from being confronted with the evidence before a federal jury. Chief Judge DiFiore herself has agreements with New York State's governor and state attorney general that protect her from state investigations and prosecution. Chief Justice Katzmann may or may not have an agreement and understanding with US Chief Justice John G. Roberts, Jr. as the Presiding Judge and Chief Executive Officer of the Judicial Conference.[2] This agreement may or may not protect Chief Justice Katzmann and the Katzmann-DiFiore Agreement from regulatory actions. However, neither US Chief Justice Roberts nor Chief Justice Katzmann gave the Complainant-Plaintiff, US citizens, Congress or the President notice of the Katzmann-DiFiore Agreement. This is true whether US Chief Justice John G. Roberts or Chief Justice Katzmann have the legal authority to create the Katzmann-DiFiore Agreement.

---

[1] US Chief Justice Roberts appointed Chief Justice Katzmann to be the Chair of the U.S. Judicial Conference Committee on the Judicial Branch, a member of the Executive Committee of the U.S Judicial Conference and as Chair of the Supreme Court Fellows Commission.

[2] https://www.uscourts.gov/about-federal-courts/governance-judicial-conference "The Judicial Conference of the United States is the national policy-making body for the federal courts. The current name took effect when Congress enacted Section 331 of Title 28 of the United States Code. Before that, the body was known as the Conference of Senior Circuit Judges from its creation in 1922."

US Chief Justice John G. Roberts controls[3] the Judicial Conference and he may have authorized the Katzmann-DiFiore Agreement. However, he has a legal obligation to report Chief Justice Katzmann's Katzmann-DiFiore Agreement to Congress[4] and regardless of US Chief Justice's ability[5] to use purely procedural, ministerial and administrative authority to approve the Katzmann-DiFiore Agreement. It cannot in any way affect the Complainant-Plaintiff's constitutional or legal rights, or the evidence in Asensio v. DiFiore and Asensio v. Roberts. Most importantly, the Katzmann-DiFiore Agreement cannot affect his rights under his New York State judgment of divorce including but not limited to his right to teach his daughter to honor, respect and comply with Judeo-Christian values and the virtues of the US constitution's principle of limited government, personal freedoms, capitalism and free enterprise, and to believe in the consolations and value of the successful traditional cooperation between man and woman.

Asensio v. DiFiore and Asensio v. Roberts are the first US actions against the Chief Justice as the Chief Executive of the Judicial Conference and the state chief judge for using undisclosed political rules created in the Judicial Councils with or without the approval of the Judicial Conference against the above listed comprehensive and unilateral civil rights.

It is for the all above reasons that Chief Justice Katzmann is allowing the Hon. Katherine Parker Failla and Ronnie Abrams judges in the United States District Judge for the Southern District of New York to collude with Chief Judge DiFiore.

---

[3] https://www.uscourts.gov/about-federal-courts/governance-judicial-conference/about-judicial-conference  The Chief Justice has sole authority to make committee appointments… Judicial Conference committees derive their jurisdiction and legal basis for existence from the Conference itself and the Chief Justice as presiding officer. The committees and their chairs have no independent authority or charge apart from those conferred upon them by the Conference or its Executive Committee. Also see The Chief Justice as Executive: Judicial Conference Committee Appointments Dawn M. Chutkow. Journal of Law and Courts Vol. 2, No. 2 (September 2014), pp. 301-325

[4] https://www.law.cornell.edu/uscode/text/28/2074  28 U.S. Section 2074 covers normal procedures. "The Supreme Court shall transmit to the Congress not later than May 1 of the year in which a rule prescribed under section 2072 is to become effective a copy of the proposed rule. .. Any such rule creating, abolishing, or modifying an evidentiary privilege shall have no force or effect unless approved by Act of Congress.

https://www.law.cornell.edu/uscode/text/28/2071 28 U.S. Section 2071. The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title…Any rule prescribed by a court, other than the Supreme Court, under subsection (a) shall be prescribed only after giving appropriate public notice and an opportunity for comment.

[5] https://www.mdpi.com/2075-471X/7/2/15/htm  See Sarah Staszak's scholarly article titled, "The Administrative Role of the Chief Justice: Law, Politics, and Procedure in the Roberts Court Era." Published by *Laws* (ISSN 2075-471X) is an international, scholarly, peer-reviewed, open access journal of legal systems, theory, and institutions, and is published quarterly online by MDPI. "The Chief Justice of the Supreme Court plays a critical role in shaping national politics and public policy. While political scientists tend to focus on the ways in which the chief affects the Court's jurisprudence, relatively little attention has been devoted to the unique administrative aspects of the position that allow for strategic influence over political and legal outcomes. This article examines the role of the chief justice as the head of the Judicial Conference, which is the primary policy making body for federal courts in the United States."

in *Asensio et al v. Roberts et al*, SDNY 19 CV 03384 and *Asensio et al. v. DiFiore et al.* 18-CV-10933.

This complaint must be adjudicated by the Judicial Council or referred to the Judicial Conference before any other proceeding occur in these case.

I, Manuel P. Asensio, swear that I am fully familiar with the facts contained in this complaint and that statements I make herein are complete and true to the best of my knowledge, including any matters stated upon personal information and belief. I do so swear.

_____
Manuel P. Asensio

# EXHIBIT 6

**Manuel P. Asensio**
**641 Lexington Avenue, Suite 1533**
**New York, NY 10022**
**(212) 702-8801 Cell (917) 515-5200**
**mpa@asensio.com**

May 10, 2019

The Hon. Ronnie Abrams
US District Court Judge, New York Southern District of New York
40 Center Street (40 Foley Square)
New York, New York 10007

    Re: Asensio et al. v. DiFiore et al., 18-CV-10933

Dear Judge Abrams:

Attached please find the Judicial Misconduct Complaint that the Plaintiff filed today against the Hon. Robert A. Katzmann in connection to the above referenced matter and its companion matter, Asensio et al. v. Roberts et al, 19 CV 03384.

The allegations set forth in this judicial complaint require that the present matter be stayed. In the alternative, the Plaintiff request that Your Honor grant the undersigned's request for an extension of today's deadline and agreed a May 17, 2019 deadline. This will allow the Plaintiff to correctly incorporate the events underlying the complaints into his reply to the defendants' Motions to Dismiss. Your prompt attention to this request is deeply appreciated.

Respectfully,

Manuel P. Asensio

State and Individual Defendants Counsel