# EXHIBIT 5

# *Law Offices of Mitchell Cantor*

355 Lexington Avenue, Suite 401
New York, New York 10017
Telephone: (212) 679-7820
Email: mc@mcantorlawoffice.com

June 6, 2018

Hon. Adetokunbo O. Fasanya
Judge of the Family Court, Part 5
60 Lafayette St.
New York, NY 10007

Re:  Asensio v. Bosak, Docket No. V-38917 15/15A

Dear Judge Fasanya:

On April 20, 2015 Mr. Asensio withdrew. In November 2015, November 2016 and in March 2017 you confirmed his right to do so. In fact in November 2016 you explicitly ruled that Mr. Asensio's presence in your courtroom was voluntary, that he was not under any compulsion to be present in your courtroom, that he was free to stay away and that you would not take any steps to compel him to come to court. Yet since Mr. Asensio's withdrawal you have signed 10 Orders to Show Cause in favor of Carmen Restivo. At the time of Mr. Asensio's withdrawal you had already forced Mr. Asensio to pay Ms. Restivo $8,326.

Ms. Restivo has continued to invoice Mr. Asensio and seek improperly to force him to pay her invoices through contempt proceedings. Since April 20, 2015 Ms. Restivo has collected an additional $87,922.02 in legal fees notwithstanding Mr. Asensio's repeated objections to them and the Court's lack of administration over them. These fees have had has no limitation, administration, compliance, disclosures or budget and have never been subject to any regulatory rules. Since Ms. Restivo was first appointed attorney for the child over Mr. Asensio's objection, her suitability, qualifications nor invoices for compensation have ever been examined by this Court and Mr. Asensio has been denied basic due process including discovery against Ms. Restivo and the defendant. Mr. Asensio is entitled to discovery and to the right to appeal based on all of the stated issues, the limitations on this court constitutionally and the explicit provisions of those statutes governing judicial appointees such as Ms. Restivo.

Ms. Restivo has to date brought thirteen contempt applications against Mr. Asensio to force him under pain of summary incarceration to pay her fees even though she is not a party to these proceedings and collected an extraordinary $55,367.40 on June 30, 2017 after this court did not allow Mr. Asensio the opportunity to seek interim appellate relief by issuing a written order or otherwise purge his contempt before issuing an order of incarceration. Mr. Asensio was therefore incarcerated notwithstanding your prior acceptance of his withdrawal from these proceedings. This was particularly incongruous since Ms. Bosak, the defendant, is the moneyed, more affluent spouse, has had access to highly paid counsel throughout this proceeding and has failed to make any financial disclosure. Further, Mr. Asensio been denied the right to conduct discovery of Ms. Restivo in connection with her value, her own personal fitness, her invoices and to challenge their suitability in light of the parties' respective financial disclosures.

Mr. Asensio has no quarrel with his former wife, Emilie Bosak, having withdrawn all of his applications in the custody matters, which you finally marked withdrawn in March 2017. He has no interest and takes no part in any custody proceedings. The Judgment of Divorce obligates Ms. Bosak to peacefully cooperate with Mr. Asensio to resolve any custody issues.  She should not have filed her January 15, 2016 motion, which is detective as a matter of law. Ms. Bosak was and remains legally obligated to resolve any issues related to custody in a non-adversarial manner with Mr. Asensio.  I am working with Ms. Bosak's attorneys to resolve all custody issues between these parents in a peaceful, calm matter which is how custody matters need to be handled.

I trust you will allow me to make a record of the above on Friday when Ms. Restivo's Order to Show Cause is returnable.

Very truly yours,

Mitchell Cantor

cc:  Alexis Wolf, Esq.
     Susan Moss, Esq.
     Carmen Restivo, Esq.

# *Law Offices of Mitchell Cantor*

355 Lexington Avenue, Suite 401
New York, New York 10017
Telephone: (212) 679-7820
Email: mc@mcantorlawoffice.com

June 7, 2018

Hon. Karen Lupuloff
New York County Family Court
Supervising Judge
60 Lafayette St.
New York, NY 10013

Re:  Asensio v. Bosak; Docket No. F-31461-14/14A/B/C/D/E

Dear Hon. Lupuloff:

The above docketed matters were before the Hon. Adetokunbo O. Fasanya on May 23, 2018 for confirmation of Support Magistrate Rosario's March 7, 2018 Orders and her March 12, 2018 Findings of Fact, in which Support Magistrate Rosario determined, inter alia, that Mr. Asensio was liable for $47,885.50 in legal fees payable to his former wife's law firm, Chemtob, Moss, Forman & Beyda ("Chemtob"), based on Mr. Asensio's *alleged* default in appearing before her on January 27, 2016. Mr. Asensio is seeking discovery and redress from Support Magistrate Rosario, Susan Moss and Alexis Wolf of Chemtob specifically and directly related to the default and the $47,885.50 in legal fees. I will not address these other issues and matters. I will only focus of the legal issues directly related to Judge Fasanya's oral directives pertaining to the $47,885.50 in legal fees.

On May 23, 2018 Judge Fasanya directed my client, Manuel P. Asensio, to pay the sum of $62,912.82 to Chemtob including $47,885.50 in legal fees. The difference is alleged to be child support arrears. This is an error. Mr. Asensio is current with his child support obligations. Further, the $62,912.82 had already been incorrectly charged to Mr. Asensio's account at the Support Collections Unit ("SCU"). In fact, legal fees should never be charged to a SCU account.

Mr. Asensio had provided me prior to this court appearance with a check which he had previously signed but where the amount payable was left blank since neither he nor I knew in advance how much Judge Fasanya would direct Mr. Asensio to pay. Mr. Asensio has a pending motion to vacate the default and to dismiss the enforcement petition and a new petition before Support Magistrate Weir-Reeves. Thus, we could not anticipate how Judge Fasanya was going to proceed. He directed Mr. Asensio to pay the $47,885.50 legal fee order that has not been processed plus the child support that we maintain was not owed. I completed the check as per Judge Fasanya's directive without any idea of the funds in Mr. Asensio's bank account, to which I have never been privy, and tendered the check to Alexis Wolf of Chemtob as per Judge Fasanya's instruction.

2018 JUN -7 PM 6: 36

NY COUNTY FAMILY COUR.
CLERK OF COURT

Judge Fasanya issued his payment directive without ever issuing a written confirmation decision and stated on the record that if the money was not paid he would issue a warrant for Mr. Asensio's arrest.

When I informed Mr. Asensio of what had happened he directed me to contact Chemtob and ask them to hold the check. I informed Chemtob that the check would not be honored. However, they deposited the check. Suffice it to say that notwithstanding the long Memorial Day holiday, Mr. Asensio had a cashier's check in the amount of $62,912.82, the exact amount that Judge Fasanya directed him to pay, delivered to your law clerk Ms. Burns with a letter instructing her to hold the replacement cashier's check in escrow.

Judge Fasanya did not issue an Order of Confirmation on May 23, 2018 and his directive from the bench is not an appealable order. Judge Fasanya's directive contradicts the express language of his own May 15, 2018 Decision and Order on the Objections this office filed to Support Magistrate Rosario's March 7, 2018 Orders and her March 12, 2018 Findings of Fact. Judge Fasanya himself has made it clear that the check must be held in escrow or replaced by a surety bond pending the issuance of a final, written, appealable confirmation order under the Family Court Act.

Judge Fasanya provided a very informative overview of the law regarding finality and appealability in Family Court proceedings. Judge Fasanya specifically wrote on May 15, 2018 that:

> A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a judge of the Family Court (see Family Court Act Section 439[a]). Such a determination by a support magistrate does not constitute a final order to which a party may file written objections (see Family Ct. Act Section 439[e]). (Dakin v. Dakin, 75 A.D.3d 639, 639-640 [2nd Dept. 2010]).

Applying that very reasoning, because Judge Fasanya did NOT issue a written, appealable confirmation order under Family Court Act Section 439[a] but merely directed Mr. Asensio to pay $62,912.82 or face an arrest warrant, Mr. Asensio's payment to your office should be held in escrow pending the issuance by Judge Fasanya of an appealable final order of confirmation and any appeal thereof, or, in the alternative, replaced by a surety bond pending the issuance of such a final, written order and any appeal therefrom.

Moreover, in his May 15, 2018 Decision and Order, Judge Fasanya effectively held that the March 9, 2018 Orders and March 12, 2018 Findings of Fact of Support Magistrate Rosario were advisory only when he wrote in Section A of his Decision and Order that "The most recent Orders issued by the Support Magistrate under dockets F-31461-14/14A, F-31461-14/14B, and F-31461-14/14C were dated January 18, 2017". Thus, Mr. Asensio cannot constitutionally be required to forfeit $62,912.82 without any valid order of the Court. This result is not only mandated by the Family Court Act but is required by Judge Fasanya himself.

Mr. Asensio has no quarrel with his former spouse although he has raised significant due process and constitutional arguments throughout these proceedings. Whatever the final outcome

of his constitutional challenges, the May 23, 2018 payment directive was clearly factually, procedurally and constitutionally deficient and as such cannot be allowed to result in a taking of Mr. Asensio's property without full due process afforded to him under the Family Court Act.

Very truly yours,

Mitchell Cantor

cc:     Hon. Adetokunbo O. Fasanya
        Jaqueline Burns, Esq.
        Alexis Wolf, Esq.
        Susan Moss, Esq.