# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date _June 6, 2017_

Title of Matter _Asensio v. Bosak_

Index/Indict # _Docket # V-43839-13/13F_

Appeal by _petitioner_ from (order judgment) of decree

Supreme Surrogate's (Family)

County _New York_

Court entered on _June 1, 20 17_

Name of Judge _Adetokunbo Fasanya_

Notice of Appeal filed on _June 2, 20 17_

If from administrative determination, state agency _____

Nature of action or proceeding _Custody modification_

Provisions of (order judgment) decree appealed from _Dismissal of petitioner's objections to procedural defects in attorney for the child's motions for contempt_

This application by (appellant respondent) is for _Stay of contempt and leave to appeal_

If applying for a stay, state reason why requested _Petitioner risks incarceration on the basis of defective application_

Has any undertaking been posted _No_   If "yes", state amount and type _____

Has application been made to court below for this relief _yes_   If yes, state Disposition _Denied on record on June 1_

Has there been any prior application herein in this court _yes_   If "yes", state dates and nature _Petitioner has sought to stay + appeal attorney for the child + suspension orders on 12/5, 12/23, 3/7, 3/10 3/27 + 5/26_

Has adversary been advised of this application _yes_   Does he/she consent _No_

Attorney for Movant                    Attorney for Opposition

Name _Mitchell Cantor_                 _Carmen Restivo, Esq._

Address _355 Lexington Ave, Suite 401_  _299 Broadway Suite 14_

_New York NY 10017_                    _New York NY 10007_

                                        _atty for the child,_

Tel. No. _(212) 679-7820_               _(718) 767-3798_

                                        _Chembols Mose + Forman_

Appearing by _____        _3 E 54th St NY NY 1002_

_____                     _(212) 317-1717_

_____                     _____

_____                     _____

_____                     _____

(Do not write below this line)

**DISPOSITION**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                   Justice           Date

Motion Date _____ Opposition _____ Reply _____

EXPEDITE _____ PHONE ATTORNEYS _____ DECISION BY _____

ALL PAPERS TO BE SERVED PERSONALLY. _____

                                       Court Attorney

"Revised 02/01"

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
------------------------------------------------------------------x

MANUEL P. ASENSIO,

                            Petitioner,

   -against

EMILIE BOSAK,

                            Respondent.

------------------------------------------------------------------x

**NOTICE OF MOTION**
Interim Relief Requested

File No. 128425

Docket No. V-43839-13/13A

**PLEASE TAKE NOTICE** that upon the affidavit of Manuel P. Asensio, sworn to March 12, 2017, the affirmation of Mitchell Cantor, dated June 5, 2017 and all of the other papers had herein, the undersigned will move this court at the courthouse located at 27 Madison Avenue, New York, New York on the 6th day of June 2017 at 12:00 p.m. of that day, or as soon thereafter as counsel can be heard why an order should not be made and entered pursuant to CPLR Section 5702 and Family Court Act 1112:

(a) granting Petitioner leave to appeal the June 1, 2017 Order/Decision of the Hon. Adetokunbo O. Fasanya issued from the bench dismissing Petitioner's procedural opposition to the Order to Show Cause of Attorney for the Child, Carmen Restivo, seeking to hold Petitioner in Contempt of Court

in order to compel him to pay the legal fees billed to him (henceforth the "June 1, 2017 Order"); and

(b) staying hearing and determination of the February 16, 2017 and May 12, 2017 Orders to Show Cause signed by the Hon. Adetokunbo O. Fasanya pursuant to which the Attorney for the Child seeks to enforce payment of her fees by contempt ; and

(c) for such other and further relief as this Court deems just and proper.

Sufficient cause being alleged therefor, it is

ORDERED that pending the hearing and determination of this Motion all contempt proceedings against Petitioner pursuant to the Attorney for the Child's February 16, 2017 and May 12, 2017 Orders to Show Cause are stayed pendente lite, and it further is

ORDERED that service of a copy of this Motion and the papers upon which it is based made by email transmission and by regular mail upon Respondent Emilie Bosak by her attorneys Chemtob Moss & Forman, LLP on or before June ___, 2017 and upon attorney for the child Carmen Restivo, Esq. on or before June___, 2017 be deemed sufficient service thereof.

ENTER,

_____
J.A.D.

Law Offices of Mitchell Cantor
355 Lexington Avenue, Suite 401
New York, NY  10017
Tel. (212) 679-7820
Attorneys for Petitioner/Appellant

Attorney signature pursuant to Sec. 130-1.1 of the
Rules of the Chief Administrator, (22 NYCRR)

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
------------------------------------------------------------------x

MANUEL P. ASENSIO,

                                          **AFFIRMATION IN**
                                          **SUPPORT**
                       Petitioner,

  -against                                  File No. 128425

EMILIE BOSAK,                         Docket No. V-43839-13/13A

                     Respondent.

------------------------------------------------------------------x

       MITCHELL CANTOR, an attorney duly admitted to practice law before the Courts of the State of New York and aware of the penalties for perjury, affirms as follows:

1.     I am the attorney for the petitioner Manuel P. Asensio in connection with this matter before the Appellate Division, First Department.  I make this affirmation in support of petitioner's application: (a) for leave to appeal the June 1, 2017 Order/Decision of the Hon. Adetokunbo O. Fasanya issued from the bench dismissing Petitioner's procedural opposition to the Order to Show Cause of Attorney for the Child Carmen Restivo (henceforth "AFC") seeking to hold Petitioner in Contempt of Court in order to compel him to pay the legal fees billed to him by the Attorney for the Child (henceforth the "June 1, 2017 Order") (b) staying hearing and determination of the February 16, 2017 and May 12, 2017

1

Orders to Show Cause of the AFC seeking to hold Petitioner in Contempt of Court in order to compel him to pay her legal fees, and (c) for such other and further relief as this Court deems just and proper.

### History of Petitioner's Opposition to Attorney for the Child Orders in this Court

2.    Petitioner has now submitted six applications to this Court since December 6, 2016 seeking leave to appeal various orders issued by the Hon. Adetokunbo O. Fasanya in this matter.  Three of these applications have sought leave to appeal the appointment of the AFC as she has been appointed and reappointed in various orders.

3.    The AFC was first appointed by the Hon. Adetokunbo O. Fasanya on May 19, 2014 at a private pay rate of $300 an hour, ninety percent of which was allocated to Petitioner.  (Henceforth the "May 19, 2014 AFC Order").   A copy of the May 19, 2014 AFC Order is annexed hereto as "Exhibit 1".

4.    On December 6, 2016 Petitioner sought leave of this Court to appeal the May 19, 2014 AFC Order and for a stay thereof pendente lite.

5.    On December 6, 2016, this Court granted Petitioner a stay of the enforcement of the AFC's fees pursuant to the May 19, 2014 AFC Order pending hearing and determination of Petitioner's Motion.  Petitioner's December 6, 2016 application was ultimately denied on February 2, 2017 and the stay accordingly lifted.  A copy of the Appellate Division determination of that motion is annexed hereto as "Exhibit 2."

6.      On or about December 8, 2016 the Hon. Adetokunbo O. Fasanya issued a Corrected AFC Order which also appointed the AFC at a private pay rate of $300 and which allocated payment of ninety percent thereof to Petitioner. (Henceforth the "December 8, 2016 Corrected AFC Order"). A copy of the December 8, 2016 Corrected AFC Order is annexed hereto as "Exhibit 3".

7.      On March 7, 2017 Petitioner sought leave to appeal the December 8, 2016 Corrected AFC Order and for a stay thereof pendente lite. This Court declined to issue a stay of the December 8, 2016 Corrected AFC Order but the Court entertained Petitioner's application, which is currently under review. A copy of the Appellate Division determination of that motion is annexed hereto as "Exhibit 4".

8.      On about March 13, 2017 Petitioner withdrew all of his applications pending before the Family Court under the present docket number and the Family Court accepted this withdrawal on the record. Notwithstanding Petitioner's withdrawal and the Family Court's acceptance of it, the Family Court continued to assert jurisdiction over applications allegedly filed against Petitioner by Respondent and in connection therewith, orally reappointed the AFC from the bench in a sua sponte order on the record (Henceforth the "March 13 2017 Sua Sponte AFC Order"). A copy of the March 13, 2017 Sua Sponte AFC Order is annexed hereto as "Exhibit 5".

9.      On or about March 27, 2017, Petitioner sought leave to appeal the March 13, 2017 Sua Sponte AFC Order and for a stay thereof pendente lite. This Court

declined to issue a stay of the March 13, 2017 Sua Sponte AFC Order but this Court again entertained Petitioner's application and ordered that opposition to the Petitioner's March 7, 2017 application, to Petitioner March 10, 2017 application unrelated to the AFC seeking leave to appeal Petitioner's January 15, 2016 suspension and to Petitioner's March 27, 2017 application be consolidated with a consolidated return date of April 10, 2017. A copy of the Appellate Division determination of that motion is annexed hereto as "Exhibit 6".

10.     On or about May 26, 2017, Petitioner sought leave to appeal the AFC's Orders to Show Cause seeking to hold Petitioner in contempt to compel him to pay her legal fees and for a stay thereof pendente lite. The Appellate Division declined to issue the relief requested but did so without prejudice to Petitioner to present his arguments at trial. A copy of the Appellate Division determination of that motion is annexed hereto as "Exhibit 7".

11.     Petitioner presently has two applications pending before this Court seeking leave to appeal two AFC Orders, the December 8, 2016 Corrected AFC Order and the March 13, 2017 Sua Sponte AFC Order. The present application does not seek this relief.

**The Present Order to Show Cause Seeking to Compel Payment by Contempt**

12.     The AFC has repeatedly brought on Orders to Show Cause to compel Petitioner to pay her fees under pain of contempt. She has done so most recently on February 16, 2017 and again on May 12, 2017 in Orders signed by the Hon.

4

Adetokunbo O. Fasanya as of those date seeking to hold Petitioner in contempt to compel him to pay $30,367.40 to her for legal fees. A copy of the February 16, 2017 Order to Show Cause and of the May 12, 2017 Order to Show Cause signed by Judge Fasanya are annexed hereto as "Exhibit 8".

### Unavailability of Contempt to Enforce the Payment of AFC Fees

13.    Petitioner's May 26, 2017 application addressed only the applicability of contempt as a mechanism to enforce the December 8, 2016 Corrected AFC Order and the March 13, 2017 Sua Sponte AFC Order. It remains Petitioner's position as clearly provided in the law that contempt is a draconian sanction that should never be used to enforce the payment of financial obligations, particularly here where Petitioner has repeatedly made it clear that he lacks the ability to pay them. This was Petitioner's argument to this Court on May 26, 2017.

### Judge Fasanya erred in determining on June 1, 2017 that there was jurisdiction to hold a contempt hearing

14.    The present application is even more limited. On June 1, 2017, the Honorable Adetokunbo O. Fasanya (henceforth "Judge Fasanya") commenced a hearing on the issue of Petitioner's contempt. Judge Fasnaya determined from the bench that the hearing on contempt should continue notwithstanding the threshold procedural objections raised by Petitioners' trial counsel, Terry Brostowin. These issues are: (a) Petitioner testified that he was never served with a certified copy of the Court Order upon which the contempt is based notwithstanding the requirement of CPLR

5

Section 5104; (b) The AFC cannot seek contempt pursuant to Domestic Relations Law Section 245 since that provision is available only to a party in a domestic relations proceeding, which the AFC is not, and (c) The AFC cannot seek contempt pursuant to Judiciary Law Section 756 since she is not a party to the proceedings. It is Petitioner's position that Judge Fasanya erred in allowing the contempt hearing to continue notwithstanding the procedural defects in the AFC's application. These defects undermined the Family Court's jurisdiction to consider a contempt finding against Petitioner. A copy of the relevant pages of the transcript of the June 1, 2017 hearing in which Mr. Brostowin raised these issues and in which Judge Fasanya dismissed them is annexed hereto as "Exhibit 9".

15.    Petitioner raised the issue of the AFC 's right to seek contempt under the Judiciary Law on May 26, 2017, even before Judge Fasanya incorrectly determined that she was entitled to do so. Petitioner cited <u>Lowe's Theatre & Realty Corp. v. 105 Second Avenue Enterprises, Inc</u>., 31 A.D.2d 628, 296 N.Y.S.2d 15 (1st Dept. 1968) as support for this proposition and stated that as a threshold issue the AFC, a non-party to this action, does not have the right to seek enforcement of an order by contempt, even if the AFC were not merely seeking to enforce the payment of alleged financial obligations. Neither the AFC nor her client, Petitioner's child, is a party to the present proceedings. The legal standard as to who may maintain a contempt proceeding is that only a person whose party or estate has sustained injury can bring a proceeding to enforce an order by contempt. It can well be argued that

6

the child is a third party to this action, let alone her attorney, who has no personal stake in the outcome thereof. The First Department has clearly stated that a non-party such as the AFC is not entitled to maintain a contempt proceeding. Therefore the AFC's application to enforce the February 16, 2017 Order and her supplemental May 12, 2017 Order by an application for contempt should be stayed pending appeal regardless of whether a party could otherwise enforce it.

16.     Perhaps even more significantly, the AFC in both her February 16, 2017 Order to Show Cause and in her supplemental May 12, 2017 Order to Show Cause based her authority to seek contempt to enforce payment of her fees on Domestic Relations Law Section 245. Domestic Relations Law Section 245 ONLY allows a **spouse** to enforce contempt in an action for divorce, separation or annulment. As Petitioner has argued herein and as Mr. Brostowin argued before Judge Fasanya, the AFC is certainly not a spouse, let alone a party to these proceedings and the petition pending before Judge Fasanya is a petition for the modification of custody, not one for divorce, separation or annulment. Consequently Judge Fasanya has no jurisdiction to enter a contempt order against Petitioner in favor of the AFC to compel the payment of her fees on the basis of Domestic Relations Law Section 245. It was clearly error on the part of the Court to continue with the contempt hearing after Mr. Brostowin made this argument to Judge Fasanya, which he did clearly and cogently as transcribed on page 15 of the transcript, lines 7 through 25 and on page 16 of the transcript, lines 1 through 18.

7

17.     Finally, Judge Fasanya erred in continuing the contempt hearing after Petitioner testified that he was never served with a certified copy of the underlying order on which the AFC's contempt application was based.  Section 5104 of the CPLR, which the AFC cites as a jurisdictional prerequisite of both of her Orders to Show Cause for contempt to compel the payment of her fees, requires that the party seeking to hold an alleged contemnor in contempt first serve the alleged contemnor with a certified copy of the judgment or order which the movant seeks to enforce by contempt.  The AFC never served Petitioner with a certified copy of the underlying order.  In fact, she does not even allege that she did so in either her affidavit in support of her February 16, 2017 Order to Show Cause or in her affidavit in support of her supplemental May 12, 2017 Order to Show Cause.  She says nothing more than that she emailed her invoices to Petitioner, nothing about service of the underlying Order.  Mr. Brostowin, Petitioner's trial counsel, raised this argument before Judge Fasanya on page 14 of the transcript at lines 21 to 25 and on page 15 of the transcript on line 1.   The Court failed to recognize that the AFC as the proponent of the contempt proceeding has the burden of proving compliance with all of the perquisites thereof that she identified as necessary to maintain her contempt proceeding.  By allowing the AFC to continue with her contempt proceeding when her own papers fail to allege that she served the Petitioner with a certified copy of the underlying order and when she further failed to testify in before the Court that she did so, the Court erred and the contempt proceeding must be stayed. This failure

on the part of the Court is even more disconcerting in light of Petitioner's sworn representation at paragraph 13(a) of his March 12, 2017 affidavit in opposition to the AFC's February 16, 2017 Order to Show Cause wherein he swears that he was never served with a certified copy of the order which the AFC is now seeking to enforce by these contempt proceedings. It has been Petitioner's position throughout these proceedings that the Court has blithely approved any application brought by the AFC regardless of its glaring procedural or substantive defects.   Those allegations are certainly true in connection with the AFC's current applications to hold Petitioner in contempt and the Court's refusal to require her to comply with proper procedural requirements to do so.

18.    It is a gross infringement of his due process rights to threaten Petitioner with a potential loss of liberty on the basis of a procedurally defective and unsupported application for contempt.   The potential loss of liberty requires procedural due process safeguards far in excess of those required when only property is at stake. The Court erred in its failure to take note of the AFC's procedural deficiencies how Petitioner is entitled to a greater, not a lesser, adherence to correct procedure since his liberty is at stake.

19.    The AFC is actually seeking to resurrect debtor's prison as a cudgel to obtain payment even before it is established that payment is justified.   Such a procedure violates all of the Constitutional guarantees of due process and of fundamental fairness and cannot be permitted.

9

20.     As Petitioner argued on May 26, 2017 in this Court, he runs the risk of the irreparable harm of incarceration if the relief sought herein is not granted.   While only money is at stake to the AFC, Petitioner stands to lose his liberty if the scheduled contempt hearing is not stayed.   This argument is even truer today in light of the Court's errors on June 1, 2017.

21.     No previous application has been made to this or any other Court in connection with the issues raised herein except (i) Petitioner's December 5, 2016 motion for, inter alia, leave to appeal the May 19, 2014 AFC Order and for a stay of that Order pending appeal (ii) Petitioner's March 7, 2017 motion for leave to appeal the December 8, 2016 Corrected AFC Order and for a stay of that Order pending appeal, (iii) Petitioner's March 27, 2017 motion for leave to appeal the March 13, 2017 Sua Sponte AFC Order and for a stay of that Order pending appeal and (iv) Petitioner's May 26, 2017 motion for leave to appeal the May 12, 2017 Order to Show Cause seeking to hold him in contempt to compel payment of the AFC fees and for a stay of that Order pending appeal.   I certify that the present application is not frivolous.

Dated:  New York, New York
          June 5, 2017

_____
MITCHELL CANTOR

10

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

MANUEL P. ASENSIO,

                                                          **AFFIDAVIT IN**
                                                          **SUPPORT**

                           **Petitioner-Appellant,**

    -against                                                File No. 128425

EMILIE BOSAK,                                 Docket No. V-43839-13/13A

                         **Respondent-Respondent.**

-------------------------------------------------------------------x

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

      MANUEL P. ASENSIO, being duly sworn, deposes and says:

1.     I am the Petitioner in the above captioned matter and I make this affidavit under oath under penalty of perjury in support of my application:

2.    This Court, on November 4, 2016, stated several times and unequivocally that I was free to withdraw, be free of personal jurisdiction and never return to that courtroom. *See* **Exhibit 2** at 37-39.

3.    On this basis alone, I strongly object to Judge Fasanya signing the AFC's **eleventh** order to show cause for contempt and commanding my presence in court after explaining several times that I did not have to appear again. My intention to withdraw from the instant litigation was clear: this Court's use of its contempt power

1

to summon me is disingenuous in light of the numerous assurances Judge Fasanya gave me that I did not have to return to Court.  I am present in Court today for a special appearance, i.e., the sole purpose of defending my rights under the contempt motion, and to argue, in the alternative in the event my withdrawal was somehow not accepted by this Court – despite its numerous assurances – for certain remedies prior to trial.

## Opposition to Attorney for the Child's Motion for Contempt

4.     At the outset, I will reiterate the numerous reasons, based in law and in fact, why the Attorney for the Child's (AFC) Order to Show Cause for Contempt must fail and be denied.

5.     The allocation of costs was first issued from the bench at a conference held on May 15, 2014.  *See* May 15, 2014 transcript of proceedings at 46-47.  The Court lacked the requisite financial information of the parties at that time to reach its 90/10 percent allocation at that time.  This Court did order both parties to produce their financials by the October 3, 2014 hearing, *but it did not happen*.  The Respondent Mother did not submit her financials, and this Court never held a hearing.  However, in the maelstrom of issues swirling in this case, the particular issue seemingly got lost and was never given the proper attention of this Court.

6.     A review of my Financial Disclosure Affidavit filed with this Court near the outset of this litigation, my numerous updated financial filings, and the attorney

2

affirmation of Mr. Battaglia filed on November 12, 2014, clearly and convincingly substantiates the existence of indebtedness and liabilities in such measure and number that I am hard pressed to make ends meet and rely on the good-will of friends. I have proven clearly and convincingly I am unable to satisfy the assessment pertaining to the payment of the retainer of the child's attorney and as a result I have found myself under threat of incarceration **TEN** times.

7.      In all the time that has elapsed since the original fee allocation in May 2014, it is easy to forget the genesis of the original error made by this Court that has since calcified into **TEN** orders to show cause filed by the AFC that have been seemingly rubberstamped by this Court, for contempt against me.

8.      This Court ordered the financials of both parties to be made available to this Court at the October 3, 2014 hearing. *This did not happen.* The Respondent Mother was not even in Court that day, for the Court to conduct a fact-finding to support its interim allocation order.

9.      My financial records make it painfully clear that I lack the slightest modicum of wealth to satisfy the monetary burden foisted on me by the May 19, 2014 order appointing the AFC and the Court's decision on October 3, 2014 which was structure on an incomplete record and was never revisited or corrected as this case moved forward with wave upon wave of fresh issues.

10.    Had the financials of both parties been made available to this Court at the October 3, 2014 hearing as directed, any consideration of contempt would have been readily dispelled in favor of a finding of an inability to pay thereby negating the requisite intent which must be present to support a finding of contempt. As a matter of law, there cannot be a finding of contempt in the absence of any willful design, purpose, or intent to disrespect, disregard or circumvent the existing order.

11.    When confronted with the threat of immediate arrest, I have had to run out of the courtroom to beg a friend to lend me the money. I have done this **TEN** times. Now, that friend cannot lend me anymore and I face the dire prospect of incarceration.

12.    My motions made by order to show cause urging this Court to revisit this onerous, off-the-cuff fee allocation, that never had the benefit of being supported by financials of both parties and never had the benefit of a full and fair hearing, have all been ignored by this Court. In this way, an illegal fee allocation (illegal in that it was calculated without financial discovery and without fact-finding and in contravention of established precedent) has been allowed to stand for almost three years and has cost me untold amounts of grief and stress, not to mention a massive debt to a friend that I can never hope to pay back.

13.     Furthermore, the AFC's order to show cause for contempt is defective both procedurally and jurisdictionally, and must be denied.  The defects are described below:

   a.  CPLR 5104 mandates that as a condition precedent to contempt, a certified copy of the order being enforced under a contempt motion must be personally served upon the party or person required by law to obey it.  *See* NY CPLR § 5104 (2012). The AFC has failed to serve a certified copy of the order that she is seeking to enforce against me, and she has failed to serve me a certified copy of the order for all her previous motions for contempt as well.  My former attorney, Mr. Barics, argued this and many other defects in the AFC's previous contempt motions.  His argument, as with all my arguments, fell on deaf ears in this Court.

   b.  The motion for contempt must also fail as it does not specify whether it is seeking Civil Contempt under Judiciary law 753 or Criminal Contempt under Judiciary Law 751. This procedural defect is fatal to the application, considering the motion is seeking the draconian remedy of contempt. While the AFC's order to show cause references Judiciary Law 756 which contains motion procedures for civil contempt, the relief requested is vague and does not specify its grounds.  This defect is critical, as the notice of contempt acts to specify the burden of proof that must be established to

5

sustain a contempt finding.  All AFC's previous motions for contempt
contain the same defect.

c.  Since the AFC's motion for contempt is unclear as to whether it seeks civil
or criminal contempt, the method of service (by "priority mail service") is
inadequate and is a further fatal flaw.  Criminal contempt requires personal
service upon the contemnor. *See Dept. of Hous. v. Arick,* 131 Misc. 2d 950
(New York Civil Court 1986).  Judiciary Law 761 governs service of civil
contempt papers.  While service by mail is permissible, given the extreme
remedy of contempt, contempt motions almost always require personal
service.  Here, the AFC's drafted her papers so that service could be
accomplished by mail.  This Court did not change the draft order to show
cause to require personal service.  If the AFC is seeking criminal contempt,
her papers are defective and the motion must be denied.  If the AFC is
seeking civil contempt, this Court should have required personal service,
given the serious charge of contempt that I face.

14.    The AFC's motion for contempt must fail on the merits as well.  It is well-
established that the draconian remedy of contempt is a request of last resort, and that
prior to making this extreme request for relief, the movant must demonstrate that
alternate remedies have been exhausted.  The AFC can seek a money judgment, or

seek enforcement through a number of enforcement provisions in the CPLR.  Yet, she made no such request.

15.    Upon securing a money judgment, the AFC has the right to issue an information subpoena. She has never exercised that right.

16.    Neither has the AFC attempted to sequester my assets, garnish a salary, or make use of other remedies available in the CPLR.

17.    The AFC's affirmation is silent as to why she bypassed normal enforcement procedures and went straight to contempt.  I firmly believe the AFC is guided by a nefarious motive: of bringing these procedurally and jurisdictionally defective contempt motions for the sole purpose of driving up her costs to then attack me with yet another contempt motion down the line for non-payment of her fees for enforcing her past due fees.  This is evident in the instant motion: given that the AFC has submitted this identical motion **TEN** times already, it took her two whole hours to put this one together?

18.    Finally, and most important, the AFC is not a party to the proceeding and does not have the right to bring enforcement by contempt before this Court. Enforcement by contempt is a remedy available to a party to an action or proceeding, upon a showing that the rights of that party in litigation have been prejudiced. *See Troiano v. Ilaria*, 205 A.D.2d 752, 614 N.Y.S.2d 916 (2d Dept. 1994) (affirming the denial of a contempt finding).

7

19.     The AFC's motion fails this prong of this element of contempt in that she has failed to establish that the rights of a party have been prejudiced. "To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor has violated a clear and unequivocal court order and *that the violation prejudiced a right of a party to the litigation.*"  *Troiano*, 205 A.D.2d at 752 (emphasis added).  It is clear that only a *party* may seek contempt.  It is well established that a child is not a party to litigation between parents.  Nor is the AFC; her role is merely to represent her client, the non-party child, in court.  Since *Troiano* allows only parties to seek contempt, the AFC's motion for contempt must fail as a matter of law.  The AFC is free to first pursue other, less drastic remedies to enforce the interim fee allocation, although I am strongly convinced that it is an illegal order that was improperly made without a full investigation into the Mother's finances and without a fact-finding in open court.

## Cross Motion for Relief in the Event I am Not Allowed to Withdraw

20.     As previously noted, Judge Fasanya stated clearly that I had full permission to withdraw from this case.  *See* **Exhibit 2** at 37-39.  However, his use of contempt power to compel me to appear in Court gives rise to my confusion as to whether I am required to continue my appearance and litigate this case.

21.     Assuming *arguendo* that I am still an active litigant in the case, I move this Court for the following:

8

## Immediate Stay of Proceedings

22.    As this Court is aware, currently there are two motions pending in the First Department that have already been put on a briefing schedule: 1) motion for leave to appeal the corrected order appointing the Attorney for the Child dated December 8, 2016, and 2) application for a stay of the Order dated January 15, 2016. For both, reply briefs are due on April 3, 2017. The motions are to be decided on the papers and it is my hope that they will not take long to decide. Both motions will decide issues that are central to this case, i.e., this Court's decision to assign an AFC at private pay rates at the onerous 90/10 percent allocation rate, and the illegality of the orders of this Court that suspended access of parenting time with my daughter, Eva Asensio.

23.    As can be seen from my above strong opposition to the AFC's motion for contempt, this Court can easily remedy much of the grief and confusion engendered by its assignment of the AFC and her fees. Before any trial on the merits, this Court must make a final order on the matter of the appointment of the AFC and her fees. Without it, the parties cannot be certain whether or not they can fairly litigate the merits of their claims. This Court's refusal to finalize its AFC order has been the primary reason for my withdrawal: I cannot keep litigating my petitions in this Court without knowing whether or not I am racking up AFC fees at the rate of $270 an

9

hour (90% of private pay rate of $300/hour) while I cannot afford an attorney for myself.

Pre-trial Fact-Finding on the AFC Fee Allocation

24.    This Court, as explained earlier, has not conducted a fact-finding - including a full inquiry into Respondent Mother's finances and her affiliations with rich paramours who have funded her litigious efforts against me and whose contributions must be imputed to the Respondent as income - and has not made a ruling on the rate and allocation of fees for the Attorney for the Child to date.  This fact-finding must be conducted without the AFC tacking more money onto her bill, for which I must pay 90 percent (this Court already knows that the AFC's bill reflects that 70 percent of her invoices thus far have been billed to collect on her own fees).  This Court ordered a highly unfair and onerous fee rate and allocation on an interim basis *almost three years ago* that has essentially eclipsed and dominated the entire case and caused the Petitioner great and irreversible financial and emotional harm

Switching the Order of Trial so that Petitioner Goes First

25.    It is axiomatic that the party that files a claim in court has the burden of proof and will proceed with putting on their case first at trial.  Inexplicably, this Court reversed the order of trial, allowing Respondent Mother to go first.  Prior to trial, if I am forced to litigate, I cannot state more strongly that I must be allowed to put my case on first.  I would like to submit my own testimony and cross examine the

Respondent Mother. When this Court reversed the order of trial, it was further evidence of the strong bias this Judge has in favor of the Respondent Mother and against me. Regardless of this bias, there is a right way to do things in Court and it is my strong belief that the order of trial must be set correctly, with the Petitioner going first.

## Richard Spitzer Must Be Deposed First

26.    Richard Spitzer, the head of Comprehensive Family Services, was appointed as visitation supervisor in this case. Not only was an order of supervised visitation unwarranted in this case, but Richard Spitzer purposefully and impermissibly injected himself in the middle of my close, loving and calm relationship with my daughter, clearly evinced a strong bias against me, and impermissibly attempted to transfer that bias to my daughter. He has submitted a report to this court that is over 100 pages long. This report purports to be merely factual, but in reality, is a *de facto* "forensic report" that attempts to pass judgment on my suitability as Eva's father. I must be allowed to depose Mr. Spitzer *prior* to trial in order to fully understand the contents of that report as well as his mental impressions that he will almost certainly be raising on the stand during the trial. Although I understand it is not common practice to hold depositions in Family Court, it is not barred in any manner and in this case, is necessary in order to arrive at the truth.

11

<u>Order Immediate Drug Testing On Site for the Respondent Mother</u>

27.     The record is replete with my urgent requests to bring this Court's attention to the Respondent Mother's egregious parenting lapses. She is a known drug user, and has even posted photographs on social media with a marijuana "joint" between her fingers. Every Family Court has the capability to order on-site drug testing of parties. I am willing to undergo such testing myself in the interest of fairness. It is puzzling why this Court has not already ordered such testing in light of my numerous submissions regarding the Mother's abuse of illegal substances and exposing our daughter to her drug use.

28.     Thus far this Court has failed to order the Respondent Mother to submit to immediate, mandatory drug testing. That failure should be rectified now.

<u>Order an Immediate "Court-Ordered Investigation"</u>

29.     Family Courts have the power to order a Court-ordered investigation (COI) by the Administration For Children's Services (ACS). The investigation's purpose is to determine whether the children involved in a child custody case are being exposed to abuse or neglect. What happens in the case is that an ACS worker will visit and speak with the children and the parents and render a report to the court.

30.     It is time for this Court to order a review of the Respondent's parenting and whether her exposure of the Child to her drug- and alcohol-filled high-flying lifestyle constitutes abuse or neglect. This custodial mother has taken our daughter

12

into bars, has had her hang out in the company of young male underwear models and porn stars. She has naked and pornographic images and videos of herself on social media and has even inadequately supervised her daughter in allowing Eva to create her own social media account while she is underage in which Eva posted half-clothed photos of herself. These acts surely give rise to the question of whether the Child has been subjected to abuse or neglect.

31.    Based upon the foregoing, I respectfully request that the AFC's contempt motion be denied in its entirety, and in the event my withdrawal is not accepted by this Court, then for the following actions to be ordered: ordering a stay on the proceedings pending the outcome of motions currently before the First Department; making a final determination of the interim order of the rate and allocation of the AFC fees; reversing the current order of trial so that the Petitioner is able to put his case on first; ordering Richard Spitzer to appear for a deposition prior to trial; ordering an immediate drug test for the Respondent Mother; and ordering a Court-ordered investigation (COI) on the possibility of the Child being exposed to abuse or neglect.

_____
MANUEL P. ASENSIO

Sworn to before me this
12th day of March, 2017

_____
Notary Public

Reg No: 02BA6330876
My commission expires on 01/28/2019
County of Registration: Nassau.

13

**EXHIBIT 1**

**EXHIBIT 2**

**Attorney for Movant**

Name _LAW OFFICES OF Mitchell Cantor_

Address _355 Lexington Law, Suite 401_
_New York NY 10017_

Tel. No. _(212) 679-7820_

Appearing by _Mitchell Cantor_

_____

_____

_____

**Attorney for Opposition**

_Chemtob Moss & Forman LLP_
_3 E 54th St. #16th FL_
_New York NY 10022_
_(212) 317-1717_
_atty for respondent_

_Carmen Restivo Egg_
_299 Broadway Ste 1415_
_New York NY 10007_
_(718) 767-3789_
_atty for the child_

**(Do not write below this line)**

**DISPOSITION** _Application for interim stay of the_
_the May 19, 2016 order is granted only to the_
_expedite motion extent of payment_
_of attorney's fees. Expedite_
_order motion._

Justice
_DTR_

Date _12/5/2016_

Motion Date _12/14/16_    Opposition _12/12/16_    Reply _12/13/16_

EXPEDITE ___X___    PHONE ATTORNEYS _____    DECISION BY _____

**ALL PAPERS TO BE SERVED PERSONALLY.**    _R D_

Court Attorney

"Revised 02/01"

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on February 2, 2017.


PRESENT:  Hon. David Friedman,            Justice Presiding,
               Dianne T. Renwick
               Rosalyn H. Richter
               Karla Moskowitz
               Barbara R. Kapnick,        Justices.

------------------------------------X
Manuel P. A.,

        Petitioner-Appellant,

                                          **CONFIDENTIAL**
            -against-                          M-6300
                                          Docket No. V-43839/13/13A
Emilie B.,

        Respondent-Respondent.
------------------------------------X


     Petitioner-appellant having moved for leave to appeal to
this Court from orders of the Family Court, New York County,
entered on or about May 19, 2014 and September 23, 2016,
respectively, and to stay enforcement of the order entered on
May 19, 2014, and for other relief,

     Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon,

     It is ordered that the motion is denied.

                ENTER:



                                    CLERK

**EXHIBIT 3**

**EXHIBIT 4**

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date _MARCH 7, 2017_

**Title of Matter** _Asensio v. Bisak_

Index/Indict # _Docket V-43839-1_
File # _128425_

**Appeal by** _____ **from** (order / ~~judgment~~) of ~~Supreme~~ ~~Surrogate's~~ (Family) **decree**

**County** _New York_

**Court entered on** _12/8_, 20_16_

**Name of Judge** _Adetokunbo O. Fasanya_

**Notice of Appeal filed on** _Feb. 7_, 20_17_

If from administrative determination, state agency _____

**Nature of action or proceeding** _Petition for Modification of Custody of Minor Child_

**Provisions of** (order / ~~judgment~~) **decree** **appealed from** _Corrected Order appointing attorney for the child_

**This application by** (appellant / ~~respondent~~) **is for** _Leave to Appeal & Stay Pendente Lite_

**If applying for a stay, state reason why requested** _Petitioner will face incarceration for contempt if order is not stayed_

**Has any undertaking been posted** _NO_ **If "yes", state amount and type** _____

**Has application been made to court below for this relief** _Yes_   **If yes, state Disposition** _Denied_

**Has there been any prior application herein in this court** _Yes_   **If "yes", state dates and nature** _Application for stay of prior 2014 attorney for the child appointment order_

**Has adversary been advised of this application** _Yes_   **Does he/she consent** _No_

**EXHIBIT 5**

1

1   FAMILY COURT OF THE STATE OF NEW YORK
    CITY OF NEW YORK - COUNTY OF NEW YORK
2   ------------------------------------x
    In the Matter of a Proceeding for
3   the Custody and/or Visitation of
    Minors Under Article Six of the
4   Family Court Act

5       MANUEL P. ASENSIO,
        EMILIE BOSAK,
6
                 Petitioners,          Docket NO.:
7                                       V-43839-15/15A
        -against-
8
        EMILIE BOSAK,
9       MANUEL P. ASENSIO,

10                 Respondents.
    ------------------------------------x
11  Held:            March 13, 2017
                     60 Lafayette Street
12                   New York, New York 10013

13  Before:          Hon. ADETOKUNBO O. FASANYA, Judge
                     Family Court of the State of New York

14

15

16  Appearances:
                     ALEXIS WOLF, Esq.
17                   Attorney for Emilie Bosak

18                   CARMEN RESTIVO, Esq.
                     Attorney for the child
19
                     Holden Thornhill, Esq.
20                   Attorney for Mr. Asensio on the summary contempt

21

22

23                        Charlene Fountaliotis-Squires
                               Official Court Reporter
24

25

1          THE COURT:  Mr. Asensio, stop talking.

2          I asked you a simple question.  Is that what you

3     wish to withdraw your petitions?  Simple calls for a yes or

4     no.

5          MANUEL PEDRO ASENSIO: I reserve the right to put

6     them into Supreme Court and I want to do the list --

7          THE COURT:  Stop speaking, Mr. Asensio.

8          The Supreme Court -- I have no control over what

9     happens in the Supreme Court.  You can file anything you

10    wish in the Supreme Court.  And the Supreme Court, if it

11    feels it necessary, will remove this proceedings from before

12    me.  And they will be in the Supreme Court.

13         My question has nothing to do with that.  My

14    question is, I'm giving you an opportunity to tell me.  Is

15    that what you want to have your petitions withdrawn from

16    before me?

17         MANUEL PEDRO ASENSIO: I want it to be withdrawn

18    from here fully.

19         THE COURT:  Mr. -- all of Mr. Asensio's petitions

20    are marked withdrawn.

21         MANUEL PEDRO ASENSIO: Is that with motion to leave?

22         THE COURT: Stop speaking, please.

23         Ms. Wolf, are you ready to proceed on your

24    petition?

25         MANUEL PEDRO ASENSIO: May I leave, your Honor?

**EXHIBIT 6**

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

**Title of Matter** _Asensio v. Bosek_

Date 3/27/17

Docket # / Index/Indict # V-43839-13/13I

**Appeal by** _Petitioner_ **from** (order) judgment of decree

(Supreme / Surrogate's / Family)

County _New York_

Court entered on _____, 20 ___

**Name of Judge** _Adetokunbo O. Fasanya_

Notice of Appeal filed on _____, 20 ___

**If from administrative determination, state agency** _____

**Nature of action or proceeding** _____

**Provisions of** (order) judgment decree **appealed from** _oRal sua sponte reappointment of attorney for child in connection with new petition._

**This application by** (appellant) respondent **is for** _leave to appeal order and stay pendente lite_

**If applying for a stay, state reason why requested** _previous attorney for the child fee orders have been enforced by contempt under pain of incarceration_

**Has any undertaking been posted** _No_ **If "yes", state amount and type** _____

**Has application been made to court below for this relief** _No_   **If yes, state Disposition**

**Has there been any prior application herein in this court** _Yes_   **If "yes", state dates and nature** _a) 12/5/16 - motion to appeal 1st petition (Previous AFC fee Denied 2/2/17; b) 12/23/16 motion to parenting time denied; c) 3/7/17 motion for leave to appeal previous AFC order (stay denied) submission to full court; d) motion for leave to appeal sup. (stay den.)_

**Has adversary been advised of this application** _Yes_   **Does he/she consent** _No_

**EXHIBIT 7**

# SUMMARY STATEMENT ON APPLICATION FOR
## EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date __5/26/17__

Title
of
Matter __Asensio v. Basok__

Docket # / Index/Indict # __V-43838-13/13__

Appeal by ~~(order)~~ _Petitioner_ from judgment of (Supreme) Surrogate's / (Family) decree

County __New York__

Court entered on __May 12, 20 17__

Name of Judge __Adetokunbo O. Fasanya__

Notice of Appeal filed on _____, 20___

If from administrative determination, state agency _____

Nature of action or proceeding __Petition for modification of custody.__

Provisions of (order) ~~judgment~~ decree appealed from __Judge Fasanya's order setting a contempt hearing on attorney for the child fees__

This application by (appellant) ~~respondent~~ is for __leave to appeal Judge Fasanya's order setting a contempt hearing and for a stay pending determination of this motion.__

If applying for a stay, state reason why requested __Attorney for the child is not authorized to use contempt to collect fees & contempt may not be used to enforce monetary obligation__

Has any undertaking been posted __NO__   If "yes", state amount and type _____

Has application been made to court below for this relief __No__   If yes, state Disposition

Has there been any prior application herein in this court __yes__   If "yes", state dates and nature __12/6/16: Motion for leave to appeal May 19 2014 AFC order; 12/23/16 Motion for parenting time 3/7/17 Motion for leave to appeal corrected AFC order; 3/10/17 Motion for leave to appeal suspension; 7/27/17 Motion for leave to appeal sua sponte AFC order__

Has adversary been advised of this application __yes__   Does he/she consent __No__

**EXHIBIT 8**

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the __16th__ day of February 2017.

P R E S E N T :

**HON. ADETOKUNBO O. FASANYA**
Judge of New York County Family Court

---

In the Matter of a Custody/Visitation Proceeding
**MANUEL P. ASENSIO,**

                    Petitioner,

- against -

**EMILIE BOSAK,**

                    Respondent.

---

**ORDER TO SHOW CAUSE**

File #:  128425
Adjourn Dates: 3/13/17, 3/14/17
Docket No.:  V-43839-13/13A

**NOTICE**: **THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT.  SUCH PUNISHMENT MAY CONSIST OF FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.**

**WARNING:**
**YOUR FAILURE TO APPEAR IN COURT**
**MAY RESULT IN YOUR IMMEDIATE ARREST**
**AND IMPRISONMENT FOR CONTEMPT OF COURT.**

Upon the annexed affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA

ASENSIO, sworn to the 9th day of February 2017, and upon all papers and proceedings herein, it is

hereby,

        **ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at

60 Lafayette Street, New York, New York, on the __13__ day of __March__, 2017 at __10:00 am__

in the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be

made punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic

Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal

to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 –

Corrected Order Appointing Attorney For The Child dated December 8, 2016, and to hold the

Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 - Corrected Order Appointing Attorney For The Child dated December 8, 2016, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $13,719.90, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $13,719.90 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $13,719.90 through February 2, 2017; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. The Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via priority mail service of a copy of this Order to Show Cause and supporting affirmation upon Mr. Manuel Asensio and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the _28th_ day of _February_ 2017 be deemed sufficient service.

Dated:  New York, New York
   _February 16_ , 2017

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

To:

Clerk of the Family Court
60 Lafayette Street
New York, NY 10013

Mr. Manuel Asensio
400 East 54th Street, Apt. 29B
New York, New York 10022
mpa@asensio.com


Alexis Wolf, Esq., Counsel for Respondent Emilie Bosak
3 East 54th Street, 16th Floor
New York, New York 10022
awolf@cmfesq.com

3

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  Part 5

In the Matter of a Custody/Visitation Proceeding

MANUEL P. ASENSIO,

        Petitioner,

        - against -

EMILIE BOSAK,

            Respondent.

**AFFIRMATION**
**ORDER TO SHOW CAUSE**

File No: 128425
Docket No.: V-43839-13/13A

        **CARMEN RESTIVO**, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following under the penalty of perjury:

1.   I am the Court-appointed attorney for the child EVA ASENSIO, and I make this affirmation is support of my application for:

        a.   holding the Petitioner MANUEL ASENSIO, (hereinafter referred to as "Petitioner") in contempt of Court for his ***willful and intentional failure*** to adhere to the Court's Order of Appointing Attorney For The Child; and

        b.   restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

        c.   directing that Petitioner pay to the attorney for the child the entire sum of $13,719.90 on the adjourn date on this application; and

        d.   directing that Petitioner satisfy in full the current outstanding fees in the amount of $13,719.90 through February 2, 2017; and

1

e.    granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

f.    the Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

g.    Such other and further relief as to this Court shall be just and proper.

2.   As of February 2, 2017, an overdue balance of $13,719.90 still remains.

3.   On November 17, 2016, Invoice Number #21 was sent via email to all parties and counsel for mother, Ms. Alexis Wolf, Esq.   Mr. Asensio's overdue balance on this Invoice is $3,159.00.

**Attached hereto as Exhibit "A" is Invoice #21 and email dated November 17, 2016.**

4.   On December 5, 2016, at the Appellate Division, First Department, Mr. Mitchell Cantor, Esq. appeared as counsel for Mr. Asensio and obtained an interim stay of the May 19, 2014 Attorney for Child Order to the extent of payment of the attorney for the child's fees and all counsel to submit papers on an expedited motion basis.   On February 2, 2017, the Appellate Division, First Department denied this motion.

**Attached hereto as Exhibit "B" is the decision from the Appellate Division, First Department dated February 2, 2017, denying the motion.**

5.   On December 29, 2016, Invoice Number #22 was sent via email to all parties and counsel for mother, Ms. Alexis Wolf, Esq.   Mr. Asensio's overdue balance on this Invoice is $7,362.90.

2

**Attached hereto as Exhibit "C" is Invoice #22 and email dated December 29, 2016.**

6.  On February 2, 2017, Invoice Number #21 and Invoice Number #22 were resent to all parties, including counsel for mother, Ms. Alexis Wolf, Esq. and Mr. Asensio's Appellate attorney Mr. Mitchell Cantor, Esq.

**Attached hereto as Exhibit "D" is the email dated February 2, 2017.**

7.  On February 3, 2017, Invoice #23 was sent via email to all parties and counsel for mother, Ms. Alexis Wolf, Esq.  Mr. Asensio's overdue balance on this Invoice is $3,198.00.  For a total overdue balance of $13,719.90 (Invoice Number 21, Invoice Number 22, and Invoice Number 23).  Also, On February 3rd, Invoice #23 was resent to include Mitchell Cantor, Esq.

**Attached hereto as Exhibit "E" is Invoice #23 and emails showing Invoice was sent via email dated February 3, 2017.**

**Attached hereto as Exhibit "F" is Mr. Asensio's email in response to having received Invoice #23 on February 3, 2017.**

8.  The Petitioner shall be solely responsible for bearing 100% of costs associated with bringing this application.

9.  I have earned and relied on the overdue balance owed to me by Petitioner for my services in the amount of $13,719.90 through February 2, 2017.

10. I thus seek an order directing the immediate payment of sums owed, including the disbursements and time charges on this application.

**Zappin v Comfort**, 2015 NY Slip Op 51339 (U), Supreme Court, New York County "ORDERED, that pursuant to 22 NYCRR Section 130-1.1, plaintiff is

3

sanctioned for his conduct and as a consequence thereof is directed to pay the sum of $10,000, with $5,000 to be paid to the Attorney for the Child for her attorney fees incurred as a result of plaintiff's misconduct necessitating the instant motions, and with $5,000 to be paid to the Lawyer's Fund for Client Protection as a result of plaintiff's misconduct that has wasted judicial resources and otherwise adversely impacted the administration of justice".

**Venecia V. v August V.**, 113 AD3d 122 [1st Dept 2013], decided, "The order of the same court and Justice, entered March 26, 2012, which granted the motion of the attorney for the children to direct defendant to pay outstanding fees, and award the attorney for the children additional fees for making the application, should be affirmed, without costs."

**Pedreira v Pedreira**, 34 AD3d 225 [1st Dept 2006], decided that "the court properly awarded the Law Guardian costs incurred by her in bringing the instant motion (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]), especially since the record discloses that plaintiff has unreasonably caused this protracted fee litigation."

11. Petitioner alone is responsible for all costs associated with me bringing this application. This application has taken a total of two hours, at $300.00 per hour, for a total of $600.00 (This does not include my time and costs of effectuating service on this application). If a reply is required it will include any additional time spent.

12. The behavior demonstrated by the Petitioner in this matter demonstrates a clear, willful violation of the order of this Court's Order of Appointing Attorney for the

Child dated May 19, 2014 - Corrected Order Appointing Attorney For The Child dated December 8, 2016.

**WHEREFORE**, it is respectfully requested that the Court grant the relief sought herein, and for any such other relief as to this Court shall deem to be just and proper.

Dated:     New York, New York
           February 9, 2017

Carmen Restivo, Esq.
Attorney for the Child Eva Asensio
299 Broadway, Suite 1415
New York, NY 10007
Tel. No.: 718-767-3798

At a term of the Family Court held in and for the
County of New York, at the Court house located
at 60 Lafayette Street, in the State of New York,
on the ___12th___ day of May 2017.

PRESENT:

    HON. ADETOKUNBO O. FASANYA
        Judge of New York County Family Court

---

In the Matter of a Custody/Visitation Proceeding

MANUEL P. ASENSIO,

                Petitioner,

  - against -

EMILIE BOSAK,

            Respondent.

---

**SUPPLEMENTAL ORDER TO SHOW CAUSE TO MY ORDER TO SHOW CAUSE FILED ON 2/10/17**

**File #:** 128425
**Adjourn Dates:** June 26, 2017
**Docket No.:** V-43839-13/13A

**NOTICE:** THE PUPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.

**WARNING:**
YOUR FAILURE TO APPEAR IN COURT
MAY RESULT IN YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR CONTEMPT OF COURT.

Upon the annexed supplemental affirmation of CARMEN RESTIVO, ESQ., as counsel for the child EVA ASENSIO, sworn to the 11th day of May 2017, and upon all papers and proceedings herein, it is hereby,

    **ORDERED** that the Petitioner, MANUEL ASENSIO, show cause at Part 5 of this court at 60 Lafayette Street, New York, New York, on the _20th_ day of _May_, 2017 at _12:00pm_ in the forenoon thereof or as soon thereafter as counsel can be heard, why an order should not be made punishing the Petitioner for Contempt of Court pursuant to CPLR Section 5104, Domestic Relations Law Section 245 and/or Judiciary Law Section 756 for his willful and intentional refusal to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 – Corrected Order Appointing Attorney For The Child dated December 8, 2016, and to hold the

1

Petitioner MANUEL ASENSIO, in **CONTEMPT OF COURT** for

1. His willful and intentional failure to comply with the Court's Order of Appointing Attorney For The Child dated May 19, 2014 - Corrected Order Appointing Attorney For The Child dated December 8, 2016, wherein Petitioner MANUEL ASENSIO is to pay (via certified check or money order) the fees for the attorney for the child in the amount of $30,367.40, and

2. Restraining the Petitioner from bringing further applications until the Petitioner pays in full all overdue fees for the Attorney for the Child; and

3. Directing that Petitioner pay to the attorney for the child the entire sum of $30,367.40 on the adjourn date on this application; and

4. Directing that Petitioner satisfy in full the current outstanding fees in the amount of $30,367.40 through May 11, 2017; and

5. Granting fees and disbursements on this application and directing that any fees accrued subsequent to this application be included; and

6. The Court schedules this matter on the Court's calendar every 30 – 60 days to address nonpayment by Petitioner; and

7. Such other and further relief as to this Court shall be just and proper

**ORDERED** that service via ~~priority~~ Overnight mail service of a copy of this Supplemental Order to Show Cause and supporting supplemental affirmation upon Mr. Manuel Asensio ~~and Terry Brostowin, Esq. (Counsel for Petitioner Manuel Asensio)~~ and Alexis Wolf, Esq. (Counsel for Respondent Emilie Bosak) on or before 5:00PM the 16th day of May 2017 be deemed sufficient service.

Dated: New York, New York
       05|12 , 2017

ENTER:

_____
Hon. Adetokunbo O. Fasanya
Judge of New York County Family Court

2

To:

Clerk of the Family Court
60 Lafayette Street
New York, NY 10013

Mr. Manuel Asensio
400 East 54th Street, Apt. 29B
New York, New York 10022
mpa@asensio.com

Terry Brostowin, Esq., Counsel for Petitioner Manuel Asensio
111 John Street, Suite 800

New York, New York 10038

Tel (212) 240-9704

terrybrostowin@gmail.com

Alexis Wolf, Esq., Counsel for Respondent Emilie Bosak
3 East 54th Street, 16th Floor
New York, New York 10022
awolf@cmfesq.com

3

**EXHIBIT 9**