**Manuel P. Asensio**
400 East 54th Street, Apartment 29B
New York, New York 10022
*mpa@asensio.com*
[212] 702-8801

June 28, 2017

Delivered by Hand and Email

Honorable Judge Adetokunbo O. Fasanya
New York County Family Court
60 Lafayette Street, Part 5, 4th Floor
New York, New York 10013
(646) 386-5285
bdewire@nycourts.gov

**Asensio vs. Bosak and Bosak vs. Asensio**

Re: June 1, 2016 Contempt Hearing on Your Honor's February 16th and May 12th, 2017 Orders to show cause under the Court's AFC appointment orders and my opposition for sanctions of $120,000 for frivolous litigation [$10,000 per incident] against the attorney for the child and a full refund of ten [10] payments she has received totaling $40,880.62. ["AFC Fee Litigation"]

Dear Judge Fasanya:

Please find enclosed Mr. Mitchell Cantor's email of June 27th where he represented that the Appellate Division for the First Department's ["AD"] requires that a copy of the transcription of the June 1st, 2017 proceedings be So Ordered so he can resubmit a Motion to leave to appeal and a stay the proceedings we presented on June 6, 2017.

In addition, I include my email of June 7th requesting that the Judge So Order the transcript.

For your convenience, I have also enclosed a copy of Pages 11 thru 21 showing the judge dismissing my legal arguments and application that you dismiss the February 16th and May 12th, 2017 Orders to show cause seek contempt against me and not proceed with the contempt hearing.

As I have stated repeatedly, I will not defend against the mother's motions or petition before the Judge. The Judge granted my release on Nov. 4, 2016. [Transcript of Proceedings at 37-39] The Judge ruled, "Your presence in this courtroom is a voluntary one.... There's no compulsion for you to be present in this courtroom.... I will not...**I will not take any steps to compel you to come to court**.... You are free not to come to court." On November 16, 2015, the Judge had ordered that I was "free to withdraw [your petition]. But if I have applications that are pending before me, I will not permit you to withdraw the petition until I address that application. ... I say ... at this point, Mr. Asensio, there's no pending application before me" The transcript of the March 13, 2017 proceedings at page 20, lines 19 – 20 shows the Judge ordering that, "All of Mr. Asensio's petitions are marked withdrawn." I respectfully ask the Judge why he executed the February 16th and May 12th, 2017 Orders to show cause seek contempt against me what I need to do to correct this misunderstanding to have finality so I do not have to appear before the Judge.

I respectfully request that you So Order both of the enclosed and adjourn the June 30, 2017 court date for summation or in the alternative that the Judge withhold his decision and/or stay enforcement until the AD makes a determination on the motion for leave to appeal with a stay. Thank you.

Sincerely,

*[signature]*

Manuel P. Asensio

Cc: Alexis Wolf, Carmen Restivo and James B. Cooney.

**Manuel P. Asensio-Garcia**

| | |
|---|---|
| From: | Mitchell Cantor [mc@mcantorlawoffice.com] |
| Sent: | Tuesday, June 27, 2017 6:11 PM |
| To: | Manuel P. Asensio-Garcia |
| Subject: | June 1, 2017 Transcript of Family Court Proceedings\Asensio v. Bosak, Docket No. V-43839-13/13A |
| Importance: | High |

Dear Mr. Asensio: I appeared at the Appellate Division, First Department on June 6, 2017 with a proposed Motion for Leave to Appeal the June 1, 2017 Order of the Hon. Adetokunbo O. Fasanya issued from the bench dismissing Petition Asensio's procedural opposition to the Order to Show Cause of the Attorney for the Child, Carmen Restivo, seeking to hold Petitioner in contempt of court to compel Petitioner to pay her legal fees and for a stay pendente lite. As the Motion was premised on the Order/Determination of Judge Fasanya issued from the bench on June 1, 2017, a copy of the relevant pages of the transcript was attached to my motion papers as an exhibit thereto.

The Court attorney reviewed the papers and asked me whether the transcript of the June 1, 2017 proceedings had been "so ordered". I responded that it had not been. She thereupon directed me to return with the proposed motion and application for a stay ONLY after I attached a "so ordered" copy of the transcript and stated on no uncertain terms that the Appellate Division would not entertain my motion and application for a stay unless the transcript was "so ordered". In that I have not yet been furnished with a "so ordered" copy of the transcript the motion and application for a stay has not yet been resubmitted. Warmly, Mitchell Cantor

## The Law Offices of Mitchell Cantor

55 Lexington Avenue, Suite 401
New York, NY 10017
T: (212) 679-7820
E: mc@mcantorlawoffice.com
   cantor.law@verizon.net

1

**From:** <mpa@asensio.com>
**Date:** June 7, 2017 at 2:31:20 PM EDT
**To:** Brittany DeWire <bdewire@nycourts.gov>
**Cc:** "Terry A. Brostowin" <TerryBrostowin@gmail.com>, Carmen Restivo <crestivoesq@AOL.com>, Alexis Wolf <AWolf@cmfesq.com>
**Subject: Transmittal of AD Directive**

URGENT COMMUNICATION UNDER DIRECTIVE FROM APPELLATE DIVISION'S CLERK

Dear Ms. DeWire:

Good afternoon. It was a pleasure seeing you and the judge yesterday. Please pardon any errors here. This is doubly urgent due to the judge's exclusionary rule.

The First Department's Court Clerk who preliminarily reviews all applications prior to sending them to the duty judge. The Clerk did not accept a motion pertaining to the ongoing contempt proceedings based an appeal from a directive contained in the June 1, 2017 transcript unless the transcript was "so ordered" by the presiding judge. The Appellate Division's court clerk instructed Mr. Cantor to return once he had a "so ordered" transcript.

The June 1st transcript is 60 pages. The immediate and urgent matter of concern is the judge decision to proceed with the contempt Hearing after my council put on legal arguments under JL 770 and FCA 245 and the related decisional law pertaining these statutes and other legal arguments.

I can provide you by email with copies of the cover sheet and the pertinent pages containing the directives which are clearly affect any final determination of the matter and the signature page of the Court's official transcript by email. This will make it very easy for the judge to review the court reporter's transmission of his directive and so order that particular decision contained in the directives handed down by the court on June 1 which of the full effect on the law of denying my trial motion to dismiss.

Can you please kindly advise me of the judge's determination concerning this matter?

Thank you very much.

Manuel P. Asensio

## Manuel P. Asensio-Garcia

| | |
|---|---|
| From: | Manuel P. Asensio-Garcia |
| Sent: | Sunday, June 25, 2017 10:16 PM |
| To: | 'James Cooney' |
| Cc: | 'Mitchell Cantor'; Terry A. Brostowin, Esq. |
| Subject: | FASANYA'S REFUSUAL TO SO ORDER |

Dear Mr. Cooney,

This service notice on you of facts and evidence applicable to tomorrow's hearing.

I copy Mitch Cantor, Esq. who appeared at the First Department to stay the contempt hearing based on Respondent Fasanya's decision to proceed with the contempt hearing after my trial counsel, Terry Brostowin, name many of my legal arguments.. Kindly read my email to Respondent Fasanya below that I sent him out of necessity. He refuses to allow me to file any motions or even oppositions or to take my telephone calls or correspond to address the directive given to Mr. Cantor by first department.

I testified in the contempt hearing that I have evidence demonstrating Respondent Fasanya is deliberately acting in clear absence of jurisdiction and presente Rotwien as a case that required him to allow me to make a record of his conscious wrongdoing.

The judge use silence in order to proceed as a hidden denial. If Respondent Fasanya agrees to So Order the transcription of the his denial and order to proceed with the contempt hearing I could at least attent to seek a stay. He blocked me for doing so by refusing to So Order the transcript.


Manuel P. Asensio

Begin forwarded message:

**From:** <mpa@asensio.com>
**Date:** June 7, 2017 at 2:31:20 PM EDT
**To:** Brittany DeWire <bdewire@nycourts.gov>
**Cc:** "Terry A. Brostowin" <TerryBrostowin@gmail.com>, Carmen Restivo <crestivoesq@AOL.com>, Alexis Wolf <AWolf@cmfesq.com>
**Subject: Transmittal of AD Directive**

URGENT COMMUNICATION UNDER DIRECTIVE FROM APPELLATE DIVISION'S CLERK

Dear Ms. DeWire:

Good afternoon. It was a pleasure seeing you and the judge yesterday. Please pardon any errors here. This is doubly urgent due to the judge's exclusionary rule.

The First Department's Court Clerk who preliminarily reviews all applications prior to sending them to the duty judge. The Clerk did not accept a motion pertaining to the ongoing contempt proceedings based an appeal from a directive contained in the June 1, 2017 transcript unless the transcript was "so ordered" by the presiding judge. The Appellate Division's court clerk instructed Mr. Cantor to return once he had a "so ordered" transcript.

1

The June 1st transcript is 60 pages. The immediate and urgent matter of concern is the judge decision to proceed with the contempt Hearing after my council put on legal arguments under JL 770 and FCA 245 and the related decisional law pertaining these statutes and other legal arguments.

I can provide you by email with copies of the cover sheet and the pertinent pages containing the directives which are clearly affect any final determination of the matter and the signature page of the Court's official transcript by email. This will make it very easy for the judge to review the court reporter's transmission of his directive and so order that particular decision contained in the directives handed down by the court on June 1 which of the full effect on the law of denying my trial motion to dismiss.

Can you please kindly advise me of the judge's determination concerning this matter?

Thank you very much.

Manuel P. Asensio

```
 1    FAMILY COURT OF THE STATE OF NEW YORK
      CITY OF NEW YORK - COUNTY OF NEW YORK
 2    ---------------------------------------x
      In the Matter of a Proceeding for
 3    the Custody and/or Visitation of
      Minors Under Article Six of the
 4    Family Court Act

 5        MANUEL P. ASENSIO,
          EMILIE BOSAK,
 6
                       Petitioners,              Docket NO.:
 7                                               V-43839-13/13A
          -against-
 8
          EMILIE BOSAK,
 9        MANUEL P. ASENSIO,

10                     Respondents.
      ---------------------------------------x
11    Held:              June 1, 2017
                         60 Lafayette Street
12                       New York, New York 10013

13    Before:            Hon. ADETOKUNBO O. FASANYA, Judge
                         Family Court of the State of New York
14

15

16    Appearances:
                         ALEXIS WOLF, Esq.
17                       Attorney for Emilie Bosak

18                       TERRY BROSTOWIN, Esq.
                         Attorney for Manuel Asensio
19
                         CARMEN RESTIVO, Esq.
20                       Attorney for the child

21
      Also present:
22         Manuel Asensio, witness

23

24

25                                    Charlene Fountaliotis-Squires
                                            Official Court Reporter
```

1          THE COURT: Did you file a response to the
2     application?
3          MR. BROSTOWIN: I have not filed a response to the
4     application.  My client wants this court to know that he
5     does not believe, and correct me if I'm wrong, that I have
6     not given my client the proper and enough opportunity for
7     him to consult with me between -- consult with me to
8     properly prepare and to defend him against the current order
9     to show cause to hold him in contempt for the nonpayment of
10    attorneys fees for Ms. Restivo.
11         THE COURT: That's your client's view, right?
12         MR. BROSTOWIN: And he further indicates --
13         THE COURT:  Mr. Brostowin, please answer my
14    question.
15         That's your client's view?
16         MR. BROSTOWIN: That is correct, Judge.
17         THE COURT:  That is not something that is material
18    to me at this point.
19         MR. BROSTOWIN: He also --
20         THE COURT:  You will both please stop for a second.
21         We're going to proceed with the application.  This
22    application has been pending for quite a while now.  The
23    supplemental was then filed.  When you appeared on the last
24    court date I asked of you whether you needed additional
25    time, you said yes.  Over the objection of Ms. Restivo, I

1   granted the time.  We're here today.  We're going to

2   proceed.

3            MR. BROSTOWIN: Just for the record I understand the

4   court's ruling.  My client further just wanted me to let the

5   court know that he does not have at least one necessary

6   witness for the contempt hearing.  And, two, and

7   additionally, as he's just shown me binders, very thick

8   folders with a lot of documents in it, which I have not even

9   seen yet and I wanted to let the court know that.

10           THE COURT: We're going to proceed.

11           So we addressed this before, there's an existing

12  order.  The application contains the necessary documents.

13  There's the billing vouchers that I believe are attached.

14  The amount outstanding at this point based on that

15  application and supplemental as of the -- May 11th,

16  according to Ms. Restivo's papers is $30,367.40.

17           Ms. Restivo, it is your application, I want to hear

18  you first.

19           MS. RESTIVO: Yes, your Honor.

20           I still have not received payment.  I'm ready to

21  proceed.  I don't know if, your Honor, wishes me to put the

22  exhibits that are attached to the order to show cause or is

23  that sufficient?

24           THE COURT: It is an application, the exhibits --

25           MS. RESTIVO: I would ask that we proceed and as,

```
 1    excuse me, as AFC-1 I'm handing up the invoice --
 2            THE COURT:  You don't have to hand up anything, it
 3    is attached to your application.
 4            MS. RESTIVO: Okay.
 5            I ask that the court take notice of the exhibits
 6    attached to the order to show cause filed in February, as
 7    well as the supplemental filed in May.
 8            THE COURT: Ms. Wolf, by the way, are you taking a
 9    position with regards to this portion of the proceedings?
10            MS. WOLF: No, your Honor.
11            THE COURT: Mr. Brostowin, Ms. Restivo rests on her
12    papers.
13            You ready to enter your defense?
14            MR. BROSTOWIN: Yes, Judge.
15            THE COURT: What is the defense?
16            MR. BROSTOWIN: Since Ms. Restivo has the burden of
17    proof to prove to this court a finding that my client is in
18    contempt, she has made no application other than enter in as
19    evidence her papers that she is asking this court to take
20    judicial notice of, which is her order to show cause and her
21    supplemental order to show cause.  But there's certain
22    procedural requirements that the law dictates that she --
23    hurdles that she crosses over in order to allow this court
24    to satisfy such contempt.
25            THE COURT: Such as what?
```

1           MR. BROSTOWIN: I'm going to get to that.

2           I don't think that she should be allowed to have

3    the opportunity to reopen her case, since she rested.

4           THE COURT:  Such as what?

5           MR. BROSTOWIN:  Number one, she must show to this

6    court on her case in chief, her direct case that she has

7    properly and personally followed alternative services that

8    this court authorized to serve my client, number one.  And,

9    number two, she cites three sections of three different laws

10   in her application before this court to justify a contempt

11   against my client.  Although, it is not real sure if she is

12   proceeding under civil contempt or criminal contempt, but

13   she did mention CPLR Section 5104, DRL Section 245 and

14   Judiciary Law Section 756.  If we turn to those three

15   statutory authorities of which she rests her contempt motion

16   on, she does not have authority to bring an action against

17   my client for contempt solely for the purposes of

18   nonpayments of attorney for the child fees.  She may

19   potentially have other remedies and other applications, but

20   that's not before this court.

21          CPLR 5104 mandates that my client must be

22   personally served with a certified copy of the duly entered

23   decision and order of the court.  There's been no

24   representation to this court or any documents presented at

25   this contempt hearing that my client was personally served

1    with a certified copy which would violate CPLR section 5104.

2            Turning now to the remaining SECTION of DRL section

3    245, that --

4            THE COURT: Can you just -- are you -- is what you

5    are doing now, is that in the nature of a preliminary

6    objection or are you entering your defense?

7            MR. BROSTOWIN: Well, my client will testify if the

8    court is satisfied that Ms. Restivo has cleared the hurdle

9    of all the necessary procedural and administrative steps

10   that I believe this court must take into consideration akin

11   to a trial order of dismissal before I get to the actual

12   defense of this case.

13           THE COURT:  Go ahead.

14           MR. BROSTOWIN: So if we turn to the other section

15   of the law that was cited, which is DRL Section 245, that

16   section specifically deals with divorces, separations or

17   annulments, which is not the subject matter of these

18   jurisdictions.  The parties are divorced.  Separation is

19   not applied, nor does an annulment.  So the sections that

20   were cited and my client was given notice of, are not

21   sections of the law that she can proceed on before this

22   court.  And she has not satisfied those certain procedural

23   requirements before this court and can even entertain an

24   application for a contempt.

25           If the court were to look at Judiciary Law and

1    quite frankly CPLR and DRL, those issues when contempt may
2    potentially be a remedy, not a punishment, those sections
3    deals -- deal with parties.  The parties to this action are
4    my client and Ms. Bosak.  Any attorney for a child is not a
5    party to the action.  It is someone who was appointed by
6    the court to represent the party, so they fall outside of
7    the gamut of what the law allows supported by the Appellate
8    Division when it talks about when contempt is allowable for
9    a violation -- a willful violation of a court order.  It is
10   my experience --
11             THE COURT:  Do you have case law to back that
12   statement up?
13             MR. BROSTOWIN:  I can fully brief this, if it is
14   necessary, if this court is not satisfied and goes forward
15   with the hearing, I would be asking for written summations
16   with a briefing schedule.
17             THE COURT:  You can ask.
18             MR. BROSTOWIN:  Right.
19             So I also in my experience in practicing
20   matrimonial law, family law and other types of law in this
21   court, when attorneys are not paid and I have been on Ms.
22   Restivo's side many, many times, the prevailing wisdom and I
23   might say virtually every single case that I have ever seen
24   has been that --
25             MS. RESTIVO:  I would object to him saying what he

1        finds to be the --
2              THE COURT: No, there's nothing to object to. Mr.
3        Brostowin is making his argument, I will hear him.
4              MR. BROSTOWIN: So it has been my experience that
5        when an attorney is not paid, a proper remedy because a
6        party has not been injured, the proper remedy is not
7        contempt, the proper remedy is to convert that into a
8        judgment and let the judgment creditor attach to collect on
9        that judgment. It is not meant to punish somebody. And
10       if a hearing is held, then we will -- I think there's a
11       requirement to show whether my client had the financial
12       ability to comply with --
13             THE COURT: <u>If we do have a hearing, right?</u>
14             MR. BROSTOWIN: I understand, so I do not think the
15       legal requirements have been met.
16             As the court probably knows, each and every issue
17       that is brought before this court probably will end up in
18       the Appellate Division.
19             THE COURT: That you don't have to tell me.
20             MR. BROSTOWIN: I understand that.
21             THE COURT: That's -- you don't have to address
22       that with this court. If we address what we need to address
23       and you want to seek remedy elsewhere, you are always free
24       to do that. I don't need to know that at this point.
25             MR. BROSTOWIN: Additionally, Family Court Act

```
 1   section 248 mandates that in Family Court proceedings if an
 2   attorney for a child is to be ordered, that that is to be
 3   paid by the State.  That's Family Court Act section 248.
 4   So --
 5            THE COURT:  Mr. Brostowin, I indicated on the last
 6   court date that that issue has been litigated to the
 7   Appellate Division and back, we're past that.
 8            Your client already took that order up to the
 9   Appellate Division -- stop speaking while I'm speaking, Mr.
10   Asensio.
11            Your client took the order in question up to the
12   Appellate Division, at a point my order was stayed and the
13   Appellate Division denied his application.  So we're done
14   -- we're done with that issue.
15            MANUEL ASENSIO:  No, we're not, your Honor.  We
16   were at the Appellate Division, there was no ruling at the
17   Appellate Division.
18            THE COURT:  Mr. Brostowin, tell your client to stop
19   talking.
20            MANUEL ASENSIO: I need to talk to you. You don't
21   know the proceedings.
22            THE COURT:  Tell your client to stop talking.
23            MANUEL ASENSIO: I need to speak to my client, your
24   Honor.
25            MR. BROSTOWIN:  I'm your lawyer.
```

```
1                Can I speak to my client in the well, your Honor?
2                THE COURT:  I'm going to give you one more
3     opportunity to do that and that's the last time I'm going to
4     permit that.
5                MANUEL ASENSIO:  That is not right, your Honor.
6                COURT OFFICER: Step out.
7                MANUEL ASENSIO:  You should object to this also to
8     this screaming.
9                COURT OFFICER: I'm not screaming, sir.
10               MANUEL ASENSIO: You are in my face.
11               COURT OFFICER: You are standing towards me, sir.
12     Step into the well.
13               THE COURT:  Step outside, Mr. Asensio.
14               MANUEL ASENSIO: Object to this.
15               COURT OFFICER: Here you go.
16               THE COURT:  In the well.
17               COURT OFFICER: Thank you.
18               MR. BROSTOWIN: Have a seat.
19               Judge, my client wants the court to know that he
20     believes there was a misrepresentation of what happened in
21     the Appellate Division.  I was not the attorney representing
22     him in the Appellate Division application.
23               THE COURT: Mr. Brostowin, it doesn't matter.
24     Whatever occurred in the Appellate Division occurred in the
25     Appellate Division.  The order is back -- the application
```

```
1    is back -- the proceedings are back before me.  The order
2    continues to be in place.  That's it.
3              MR. BROSTOWIN: My client --
4              THE COURT:  You can continue.
5              MR. BROSTOWIN: My client also indicates that he has
6    filed actually opposition and cross motions to the order to
7    show cause that Ms. Restivo filed.
8              My client indicates that it was filed and served.
9    I'm indicating that to the court.
10             THE COURT:  Filed and served -- filed before who?
11             MR. BROSTOWIN: He says that he filed it before the
12   court and served it on Ms. Restivo.
13             THE COURT:  When?
14             MR. BROSTOWIN: They are dated March 13th in court.
15   He is indicating that he served the opposition and cross,
16   which his papers are dated March 7th.  They were filed on
17   March -- and served on March 13th in court.  I was not here,
18   that is what he is indicating.
19             He further indicates that he served the
20   supplemental opp and cross, which are dated his papers March
21   12th, all in 2017.
22             He further indicates to me that he does not believe
23   that this -- it is appropriate for the contempt hearing to
24   go forward should the procedural requirements be met,
25   because there's outstanding discovery that he indicates that
```

```
 1    he engaged in before I was retained and that has -- that has
 2    not occurred.
 3              THE COURT:  We're going to proceed, Mr. Brostowin.
 4              Go ahead, I'm listening to you.
 5              MR. BROSTOWIN: My client wants to testify, Judge.
 6              THE COURT:  You are calling your client?
 7              MR. BROSTOWIN: I'm calling Manuel Asensio.
 8              THE COURT:  Call him.
 9              MANUEL ASENSIO: I have no alternatives, right?
10              COURT OFFICER: Sir, are you testifying?
11              MANUEL ASENSIO: I would like this guy to stay away
12    from me, your Honor.
13              THE COURT:  Are you calling your client, Mr.
14    Brostowin?
15              MR. BROSTOWIN: I'm calling Manuel Asensio.
16              MANUEL ASENSIO: I want this guard's name on the
17    record.  This guard's -- this court officer's name on the
18    record, your Honor.
19              THE COURT:  Please take the stand, Mr. Asensio.
20              COURT OFFICER: Come on.
21              MANUEL ASENSIO: Should I bring the papers up that
22    you haven't seen?
23              MR. BROSTOWIN: Go ahead.
24              MANUEL ASENSIO: I guess I will hand them to you or
25    you will hand them to me.
```

```
 1              THE COURT: How is 2:15?
 2              MR. BROSTOWIN: That is fine for the respondent.
 3              THE COURT:  Ms. Restivo, how is 2:15 on Tuesday the
 4     6th of June?
 5              MS. RESTIVO: Yes, your Honor.
 6              THE COURT:  Mr. Asensio, you may return to your
 7     seat. I will see counsel in the robing room.
 8              (Whereupon, there was a robing room conference.)
 9              THE COURT:  Back on the record.
10              This hearing will be continued on June 6th at 2:15.
11     I'm directing all of you to be here at 2:00 on June 6th.
12     Everybody is to be here, including your client, Mr.
13     Brostowin at 2:00.
14              MR. BROSTOWIN: Yes.
15              Thank you.
16              THE COURT:  Thank you.
17              COURT OFFICER: All parties are excused.
18              Please step out.
19     ****************************************************************
20              Court Reporter's Certification
        I hereby certify that the foregoing transcript is a true and
21     accurate record of the stenographic proceedings in the above
        matter.
22       This transcript is prepared in accordance with the OCA/UCS
        Guidelines governing the formatting of official court
23     transcripts as of August 16, 2000.
24                                  _____
                                    Charlene Fountaliotis-Squires
25                                  Official Court Reporter
```