SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
------------------------------------------------------------------x
MANUEL P. ASENSIO,

                            Petitioner,

    -against

EMILIE BOSAK,

                            Respondent.

------------------------------------------------------------------x

**NOTICE OF MOTION**
Interim Relief Requested

File No. 128425

Docket No. V-43839-13/13A

**PLEASE TAKE NOTICE** that upon the affidavit of Manuel P. Asensio, sworn to September 15, 2017, the affirmation of Mitchell Cantor, dated September 14, 2017 and all of the other papers had herein, the undersigned will move this court at the courthouse located at 27 Madison Avenue, New York, New York on the 15th day of September 2017 at 2:00 p.m. of that day, or as soon thereafter as counsel can be heard why an order should not be made and entered pursuant to CPLR Section 5702 and Family Court Act 1112:

(a) granting Petitioner leave to appeal the June 30, 2017 Order/Decision of the Hon. Adetokunbo O. Fasanya issued from the bench holding Petitioner in contempt of court and the written order of the Hon. Adetokunbo O. Fasanya

the same date committing Petitioner to the NYC Department of Correction (henceforth the "June 30, 2017 Orders"); and

(b) staying hearing and determination of all proceedings in connection with the matter captioned <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, File No. 128425, Docket Numbers V-43839-13/13A and V-38917-15/15A; and

(c) for such other and further relief as this Court deems just and proper.

Sufficient cause being alleged therefor, it is

ORDERED that pending the hearing and determination of this Motion all contempt proceedings against Petitioner pursuant to the Attorney for the Child's February 16, 2017 and May 12, 2017 Orders to Show Cause are stayed pendente lite, and it further is

ORDERED that service of a copy of this Motion and the papers upon which it is based made by email transmission and by regular mail upon Respondent Emilie Bosak by her attorneys Chemtob Moss & Forman, LLP on or before September ____, 2017 and upon attorney for the child Carmen Restivo, Esq. on or before September___, 2017 be deemed sufficient service thereof.

ENTER,

_____
J.A.D.

Law Offices of Mitchell Cantor
355 Lexington Avenue, Suite 401
New York, NY  10017
Tel. (212) 679-7820
Attorneys for Petitioner/Appellant

Attorney signature pursuant to Sec. 130-1.1 of the
Rules of the Chief Administrator, (22 NYCRR)

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
------------------------------------------------------------------------x

MANUEL P. ASENSIO,

|  |  |  |
|---|---|---|
| | | **AFFIRMATION IN SUPPORT** |
| | Petitioner, | |
| -against | | File No. 128425 |
| EMILIE BOSAK, | | Docket No. V-43839-13/13A |
| | | V-38917-15/15A |
| | Respondent. | |

------------------------------------------------------------------------x

MITCHELL CANTOR, an attorney duly admitted to practice law before the Courts of the State of New York and aware of the penalties for perjury, affirms as follows:

1.      I am the attorney for the petitioner Manuel P. Asensio in connection with this matter before the Appellate Division, First Department.  I make this affirmation in support of petitioner's application: (a) for leave to appeal the June 30, 2017 Order/Decision of the Hon. Adetokunbo O. Fasanya (henceforth "Judge Fasanya") issued from the bench 2holding Petitioner in contempt of court and the subsequent written order of the same date committing Petitioner to the NYC Department of Correction (henceforth the "June 30, 2017 Orders") (b) staying hearing and determination of all proceedings in the matter of <u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York, File No.  128425, Docket Numbers V-

1

43839-13/13A and V-38917-15/15A, and (c) for such other and further relief as this Court deems just and proper.

### June 30, 2017 Proceedings

2.      On June 30, 2017, at the close of a monthlong series of hearings as to whether Petitioner should be held in contempt of court to enforce payment by Petitioner of the Attorney for the Child (henceforth "AFC") fees, Judge Fasanya found Petitioner in contempt of court from the bench and thereupon issued a written order of commitment remanding Petitioner to the NYC Department of Correction. A copy of page 23 of the transcript of the proceedings of June 30, 2017 in which Judge Fasanya found Petitioner in contempt of court is annexed hereto as "Exhibit 1" and a copy of the June 30, 2017 Order of Commitment remanding Petitioner to the NYC Department of Correction is annexed hereto as "Exhibit 2".

3.      Once Judge Fasanya found Petitioner to be contempt of court, Petitioner volunteered to tender a surety bond in the amount due the AFC but Judge Fasanya refused to accept the surety bond and required Petitioner to make immediate payment.

4.      Petitioner Although Petitioner pleaded with Judge Fasanya that "I will pay" and that "I can purge it this afternoon", Judge Fasanya did not allow Petitioner to purge the contempt before remanding him to the NYC Department of Corrections for incarceration. Petitioner's pleas to Judge Fasanya to allow him to purge the contempt are set forth in the transcript of the proceedings of June 30, 2017 at page

2

31, line 20, page 32, line 14 and page 33, line 14, copies of which are annexed hereto as "Exhibit 3".

5.      Petitioner, a 62 year old Cuban immigrant, was in fact remanded to the NYC Department of Correction on the Friday afternoon before the beginning of the long July 4 holiday weekend for a period not to exceed 150 days and was not released from incarceration until his life partner Hatun Aytug returned to the court with certified checks in the amount of $45,000 which Judge Fasanya accepted as substantial compliance with his directive.

6.      Had Hatun Aytug not returned to the court with sufficient funds in certified checks to constitute substantial compliance with Judge Fasanya's order, Judge Fasanya would have held the next court hearing on July 14, 2017, thereby incarcerating Petitioner for over two weeks.

## History of Petitioner's Opposition to Attorney for the Child Orders in this Court

7.      Petitioner has now submitted eight applications to this Court since December 6, 2016 seeking leave to appeal various orders issued by the Hon. Adetokunbo O. Fasanya in this matter.  Three of these applications have sought leave to appeal the appointment of the AFC as she has been appointed and reappointed in various orders. Another three have addressed the issue of contempt of court as an enforcement mechanism to enforce the payment of these AFC orders.

8.      The AFC was first appointed by the Hon. Adetokunbo O. Fasanya on May 19, 2014 at a private pay rate of $300 an hour, ninety percent of which was allocated to Petitioner.  (Henceforth the "May 19, 2014 AFC Order").   A copy of the May 19, 2014 AFC Order is annexed hereto as "Exhibit 4".

9.      On  December 6, 2016 Petitioner sought leave of this Court to appeal the May 19, 2014 AFC Order and for a stay thereof pendente lite.

10.      On December 6, 2016, this Court granted Petitioner a stay of the enforcement of the AFC's fees pursuant to the May 19, 2014 AFC Order pending hearing and determination of Petitioner's Motion.  Petitioner's December 6, 2016 application was ultimately denied on February 2, 2017 and the stay accordingly lifted.  A copy of the Appellate Division determination of that motion is annexed hereto as "Exhibit 5."

11.      On or about December 8, 2016 the Hon. Adetokunbo O. Fasanya issued a Corrected AFC Order which also appointed the AFC at a private pay rate of $300 and which allocated payment of ninety percent thereof to Petitioner.  (Henceforth the "December 8, 2016 Corrected AFC Order").  A copy of the December 8, 2016 Corrected AFC Order is annexed hereto as "Exhibit 6".

12.      On March 7, 2017 Petitioner sought leave to appeal the December 8, 2016 Corrected AFC Order and for a stay thereof pendente lite.  This Court declined to issue a stay of the December 8, 2016 Corrected AFC Order but the Court entertained

Petitioner's application although it was ultimately denied.  A copy of the Appellate Division determination of that motion is annexed hereto as "Exhibit 7".

13.    On about March 13, 2017 Petitioner withdrew all of his applications pending before the Family Court under the present docket number and the Family Court accepted this withdrawal on the record.  Notwithstanding Petitioner's withdrawal and the Family Court's acceptance of it, the Family Court continued to assert jurisdiction over applications allegedly filed against Petitioner by Respondent and in connection therewith, orally reappointed the AFC from the bench in a sua sponte order on the record (Henceforth the "March 13 2017 Sua Sponte AFC Order").  A copy of the March 13, 2017 Sua Sponte AFC Order is annexed hereto as "Exhibit 8".

14.    On or about March 27, 2017, Petitioner sought leave to appeal the March 13, 2017 Sua Sponte AFC Order and for a stay thereof pendente lite.  This Court declined to issue a stay of the March 13, 2017 Sua Sponte AFC Order but this Court again entertained Petitioner's application and ordered that opposition to the Petitioner's March 7, 2017 application, to Petitioner March 10, 2017 application unrelated to the AFC (seeking leave to appeal the January 15, 2016 suspension of Petitioner's visitation with his daughter) and to Petitioner's March 27, 2017 application be consolidated with a consolidated return date of April 10, 2017.  A copy of the Appellate Division determination of that motion is annexed hereto as "Exhibit 9".

15.     On or about May 26, 2017, Petitioner sought leave to appeal the AFC's Orders to Show Cause seeking to hold Petitioner in contempt to compel him to pay her legal fees and for a stay thereof pendente lite.  The Appellate Division declined to issue the relief requested but did so without prejudice to Petitioner to present his arguments at trial.

16.     The AFC has repeatedly brought on Orders to Show Cause to compel Petitioner to pay her fees under pain of contempt.  She has done so most recently on February 16, 2017 and again on May 12, 2017 in orders to show cause signed by the Judge Fasanya as of those dates seeking to hold Petitioner in contempt to compel him to pay the AFC $30,367.40 in legal fees.  Judge Fasanya commenced hearings on whether to hold Petitioner in contempt to compel payment of those fees on June 1, 2017.  He determined that Petitioner was in contempt for failing to pay those fees on June 30, 2017 and remanded Petitioner to the NYC Department of Correction as punishment for that contempt on June 30, 2017.   It was improper, incorrect and beyond the scope of his authority for Judge Fasanya to have either found Petitioner in contempt of court or to have imposed the penalty of incarceration on him.

**Unavailability of Contempt to Enforce the Payment of AFC Fees**

17.     Petitioner's May 26, 2017 application addressed the applicability of contempt as a mechanism to enforce the December 8, 2016 Corrected AFC Order and the March 13, 2017 Sua Sponte AFC Order.  It remains Petitioner's position that contempt is a draconian sanction that should never be used to enforce the payment

6

of financial obligations, particularly herein where Petitioner has repeatedly made it clear that he lacks the ability to pay them. This was Petitioner's argument to this Court on May 26, 2017.

### Judge Fasanya erred in determining on June 1, 2017 that there was jurisdiction to hold a contempt hearing and further erred in holding Petitioner in contempt of court on June 30, 2017

18. On June 1, 2017 Judge Fasanya commenced a hearing on the issue of Petitioner's contempt. Judge Fasanya determined from the bench that the hearing on contempt should continue notwithstanding the threshold procedural objections raised by Petitioners' then trial counsel, Terry Brostowin. These issues were: (a) Petitioner testified that he was never served with a certified copy of the Court Order upon which the contempt is based notwithstanding the requirement of CPLR Section 5104; (b) The AFC cannot seek contempt pursuant to Domestic Relations Law Section 245 since that provision is available only to a party in a domestic relations proceeding, which the AFC is not, and (c) The AFC cannot seek contempt pursuant to Judiciary Law Section 756 since she is not a party to the proceedings. It was and remains Petitioner's position that Judge Fasanya erred in allowing the contempt hearing to continue notwithstanding the procedural defects in the AFC's application. These defects undermined the Family Court's jurisdiction to consider a contempt finding against Petitioner. A copy of the relevant pages of the transcript of the June 1, 2017 hearing in which Mr. Brostowin raised these issues and in which Judge Fasanya dismissed them is annexed hereto as "Exhibit 10".

19.     According to <u>Lowe's Theatre & Realty Corp. v. 105 Second Avenue Enterprises, Inc.</u>, 31 A.D.2d 628, 296 N.Y.S.2d 15 (1st Dept. 1968), the AFC, as a non-party to this action, did not and does not have the right to seek enforcement of an order by contempt, even if the AFC were not merely seeking to enforce the payment of alleged financial obligations, which, of course, she is. Neither the AFC nor her client, Petitioner's child, is a party to the present proceedings. The legal standard as to who may maintain a contempt proceeding is that only a person whose party or estate has sustained injury can bring a proceeding to enforce an order by contempt. It can well be argued that the child is a stranger to these proceedings, let alone her attorney, who has no personal stake in the outcome thereof notwithstanding Judge Fasanya's blithe observations to the contrary. The First Department has clearly stated that a non-party such as the AFC is not entitled to maintain a contempt proceeding. Therefore Judge Fasanya's June 30, 2017 Orders were clearly in error and require that leave to appeal be granted.

20.     Perhaps even more significantly, the AFC in both her February 16, 2017 Order to Show Cause and in her supplemental May 12, 2017 Order to Show Cause based her authority to seek contempt to enforce payment of her fees on Domestic Relations Law Section 245. Domestic Relations Law Section 245 ONLY allows a **spouse** to enforce contempt in an action for divorce, separation or annulment. As Petitioner has argued herein and as Mr. Brostowin argued before Judge Fasanya, the AFC is certainly not a spouse, let alone a party to these proceedings and underlying petition

8

before Judge Fasanya was and is a petition for the modification of custody, not one for divorce, separation or annulment.   Consequently Judge Fasanya had no jurisdiction to enter a contempt order against Petitioner in favor of the AFC to compel the payment of her fees on the basis of Domestic Relations Law Section 245. It was clearly error on the part of the Court to continue with the contempt hearing after Mr. Brostowin made this argument to Judge Fasanya, which he did clearly and cogently as transcribed on page 15 of the transcript, lines 7 through 25 and on page 16 of the transcript, lines 1 through 18.

21.     Additionally, Judge Fasanya erred in continuing the contempt hearing after Petitioner testified that he was never served with a certified copy of the underlying order on which the AFC's contempt application was based.  Section 5104 of the CPLR, which the AFC cites as a jurisdictional prerequisite of both of her Orders to Show Cause for contempt to compel the payment of her fees, requires that the party seeking to hold an alleged contemnor in contempt first serve the alleged contemnor with a certified copy of the judgment or order which the movant seeks to enforce by contempt.  The AFC never served Petitioner with a certified copy of the underlying order.  In fact, she does not even allege that she did so in either her affidavit in support of her February 16, 2017 Order to Show Cause or in her affidavit in support of her supplemental May 12, 2017 Order to Show Cause.  She says nothing more than that she emailed her invoices to Petitioner, nothing about service of the underlying Order.  Mr. Brostowin, Petitioner's trial counsel, raised this argument

9

before Judge Fasanya on page 14 of the transcript at lines 21 to 25 and on page 15 of the transcript on line 1.    Judge Fasanya failed to recognize that the AFC as the proponent of the contempt proceeding had the burden of proving compliance with all of the perquisites thereof that she identified as necessary to maintain her contempt proceeding.  By allowing the AFC to continue with her contempt proceeding when her own papers failed to allege that she served the Petitioner with a certified copy of the underlying order and when she further failed to testify in before the Court that she did so, the Court erred and the contempt finding must be vacated. It has been Petitioner's position throughout these proceedings that the Court has cavalierly approved any application brought by the AFC regardless of its glaring procedural or substantive defects.  Those defects were particularly evident in the AFC's orders to show cause upon which the June 30, 2017 Orders were based.

22.    Finally, Judge Fasanya erred in holding Petitioner in contempt of court on June 30, 2017 without first issuing a written judgment in favor of the AFC in the amount of the fees the AFC had sought which Petitioner could have appealed and stayed pursuant to CPLR Section 5519 by the tender of the surety bond that he unsuccessfully attempted to present to Judge Fasanya.  Since the AFC sought only the payment of money, proper practice would have been to issue a judgment which could have been appealed and stayed by virtue of the surety bond.  Petitioner may well have even been able to recover any funds ultimately paid after a successful appeal pursuant to CPLR Section 5523.  Instead, Judge Fasanya ran roughshod over

proper procedure and incorrectly transformed the AFC's application for fees into a contempt proceeding. Judge Fasanya thereupon on June 30, 2017 found Petitioner in contempt from the bench without ever issuing a written order of contempt and moved directly to the penalty phase. This was improper.

23.    Judiciary Law 770, which sets the parameters for the final order directing punishment for contempt, clearly states that when a court finds that the accused has committed the offense charged, it must "make a final order directing that he or she be punished by fine or imprisonment or both, as the nature of the case requires." It has been the law of the State of New York for over one hundred and twenty-five years that when no final order was issued, a person was not in custody by virtue of a mandate, and was entitled to his discharge. In re Crosher, 11 N.Y.S. 504 (1890). Furthermore, the final order must contain both findings of fact and a determination of willfulness. Elliot v. Marble, 49 A.D.3d 923, 854 N.Y.S. 2d 548 (3rd Dept. 2008).

24.    Petitioner's due process rights were grossly infringed by his loss of liberty on June 30, 2017 on the basis of a procedurally defective and unsupported application for and determination of contempt. Any penalty that can give rise to a loss of liberty requires procedural due process safeguards far in excess of those required when only property is at stake. The Court seriously erred in its failure to take note of the procedural deficiencies in the AFC's application, in compounding those deficiencies in its own determination of contempt in derogation of the requisites of Judiciary Law

11

Section 770 and in depriving Petitioner of that liberty on the basis of both a flawed application and a flawed determination.

25.    The Court below has essentially allowed the AFC to impermissibly resurrect debtor's prison as a cudgel to obtain payment and has become a party to this process. Such a procedure violates all of the Constitutional guarantees of due process and of fundamental fairness and must be overturned on appeal

26.    As Petitioner has previously argued in this Court he also runs the repeated risk of the irreparable harm of incarceration if these proceedings are not stayed since there is no reason to doubt that the AFC will continue to seek to compel payment of her fees by contempt applications.    The AFC has already made twelve (12) applications to the Court to compel payment of her fees and has devoted over eighty-three percent (83%) of her billings to the collection of these fees.  While only money is at stake to the AFC, Petitioner has already once lost his liberty and risks the same thing happening again if these proceedings hearing are not stayed.  Nothing could be clearer after the final contempt hearing on June 30, 2017 and the June 30, 2017 Orders which resulted.

### Petitioner's pro se Article 78 filings against Judge Fasanya require that the proceedings in Family Court be stayed

27.    Petitioner is now in a profoundly adversarial position to Judge Fasanya.

28.    Since the commencement of the contempt proceedings on June 1, 2017 which resulted in the June 30, 2017 Orders, Petitioner has filed three (3) pro se Article 78

12

proceedings against Judge Fasanya.  Two of them are currently pending before the

Hon. Nancy M. Bannon:  Asensio v. Fasanya, Supreme Court of the State of New

York, County of New York, Index No.  155833/2017 (henceforth "Asensio v.

Fasanya I") and Asensio v. Fasanya, Supreme Court of the State of New York,

County of New York, Index No. 156692/2017 (henceforth "Asensio v. Fasanya II").

A copy of the petition in Asensio v. Fasanya I is annexed hereto as "Exhibit 11" and

a copy of the petition in Asensio v. Fasanya II is annexed hereto as "Exhibit 12".

29.    Asensio v. Fasanya I seeks, inter alia, to prohibit Judge Fasanya from billing

Petitioner for the AFC fees and from holding future contempt proceedings to enforce

the payment of those fees and as such is directly relevant to the present application.

Petitioner has made extremely serious allegations against Judge Fasanya, which,

whether or not they are warranted, make it impossible for the current proceedings to

continue before him until the present application for leave to appeal is decided and

Petitioner's pro se Article 78 petitions determined.

30.    It is axiomatic that the Courts must avoid even the appearance of bias.  Judge

Fasanya is the respondent in two pro se Article 78 actions filed by Petitioner herein.

The gravamen of those two pro se Article 78 proceedings is Petitioner's allegation

that Judge Fasanaya has misused his general powers under Judiciary Law 2(b)3 to

take away Petitioner's rights and create prejudicial circumstances that affect the final

judgment.   Judge Fasanya cannot be expected to continue these proceeding below

while these two Article 78 petitions are pending against him and Petitioner cannot

13

be expected to view Judge Fasanya as an unbiased arbiter. The filing of these two pro se Article 78 petitions by Petitioner against Judge Fasayna would be sufficient alone for this Court to grant a stay of the underlying proceeding until these Article 78 proceedings are determined. When the two pro se article 78 petitions are also viewed against the backdrop of continued and repeated applications by the AFC for legal fees and Judge Fasanya's willingness to use contempt to enforce payment of those fees, it is clear that justice requires a stay until both the pro se Article 78 petitions are determined and this Court decides whether to grant Petitioner leave to appeal the June 30, 2017 Orders.

## Previous Applications

31.    No previous application has been made to this or any other Court in connection with the issues raised herein except: (i) Petitioner's December 5, 2016 motion for, inter alia, leave to appeal the May 19, 2014 AFC Order and for a stay of that Order pending appeal (ii) Petitioner's March 7, 2017 motion for leave to appeal the December 8, 2016 Corrected AFC Order and for a stay of that Order pending appeal, (iii) Petitioner's March 27, 2017 motion for leave to appeal the March 13, 2017 Sua Sponte AFC Order and for a stay of that Order pending appeal, (iv) Petitioner's May 26, 2017 motion for leave to appeal the May 12, 2017 Order to Show Cause seeking to hold him in contempt to compel payment of the AFC fees and for a stay of that Order pending appeal.

32.     I certify that the present application is not frivolous.


Dated:  New York, New York
        September 14, 2017

_____
MITCHELL CANTOR

**EXHIBIT 1**

1       that were received were due to the dilatory -- dilatory

2       tactics of Mr. Asensio, the respondent.   The multiple

3       interim appeals filed by the respondent, which are his

4       right, but which he cannot then deny the attorney for the

5       child payment for her appearances and her performance, which

6       are necessitated because she is appointed to represent the

7       child and the child is a necessary party to those appeals.

8       And also due to the multiple applications filed by

9       respondent, both in this court and in the Appellate

10      Division, all of which require the time and input of the

11      attorney for the child.

12              It is clear to this court that a money judgment

13      would be ineffectual in ensuring payment of the fees owed,

14      because what it appears to this court is that Mr. Asensio

15      has arranged his finances in such a way as to make it

16      difficult to ascertain what his actual financial situation

17      is and difficult to enforce a money judgment.

18              In light of all of that, this court is finding the

19      respondent in contempt of this court's order appointing the

20      attorney for the child and directing the payment for the

21      attorney for the child.   This court is finding respondent in

22      contempt for his willful, knowing and contumacious refusal

23      to comply with the orders of this court regarding the

24      payment of the attorney for the child's fees, despite being

25      possessed of the means to do so.

*[Handwritten margin note beside lines 13-17: "Faces a diminished dream ordered for Manuel's finances"]*

*[Handwritten margin note beside lines 20-22: "Ct finds Manuel in Contempt."]*

**EXHIBIT 2**

F.C.A.§§ 454, 846-a, 1072                                                    GF11 8/2010

At a term of the Family Court of the State
of New York, held in and for the County
of New York, at 60 Lafayette Street, New
York, NY 10013, on June 30, 2017

**PRESENT:**    Hon. Adetokunbo O. Fasanya

In the Matter of a **Custody/Visitation** Proceeding

**Manuel P. Asensio,**

Petitioner,

- against -

**Emilie Bosak,**

Respondent.

File #:    128425
Docket #: V-43839-13/13A

**ORDER OF COMMITMENT** Re:
Contempt Order to Show Cause filed
by the Attorney for the Child-Carmen
Restivo

_A petition having been filed in this Court on November 25, 2013 alleging that Manuel P Asencio has
failed to obey an order of this Court dated , and

An order having been made dated June 30, 2017, adjudging Respondent to be in willful violation of said
order; without this Court having to impose a penalty at it being clear that the Petitioner is not prepared to do so
at this time, the Court has no choice but to remand Manuel Asencio.

it is therefore,

**ORDERED: Manuel Ascencio is hereby is committed to NYC Department of Corrections for a
term of 150 days effective June 30, 2017 and ending on November 27, 2017 from the beginning of said
confinement unless sooner discharged according to law or until Petitioner may purge his contempt by
having the sum of $30,367.40, paid by a bank certified check made out to Ms Carmen Restivo either
brought to Court and handed to Ms Restivo or deposited with the Clerk of Court(NY County) and issuing
and depositing another certified check in the amount of $25, 00.00 also made out to Ms Carmen Restivo
to be held in escrow by the Attorney for the Child and applied towards future bills/charges for the
representeation of the child.**

**NOW, THEREFORE, WE COMMAND YOU, any Peace Officer, or the Sheriff of any County
wherein Petitioner may be found, that you take the body of Manuel Asencio and safely keep in close
custody in the jail of the above-named county for a period of 150 days effective June 30, 2017 and ending
on November 27, 2017, unless the purge and escrow amounts are paid.**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST
BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS
FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30
DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT,
WHICHEVER IS EARLIEST.

**Dated:** June 30, 2017                      **ENTER**

_____
Hon. Adetokunbo O. Fasanya

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____

**EXHIBIT 3**

PROCEEDINGS                                                  31

1        bond again, I've already addressed that.

2               MANUEL PEDRO ASENSIO-GARCIA: -- it is.

3               THE COURT:  I've already addressed that.

4               MANUEL PEDRO ASENSIO-GARCIA: -- yes, your Honor.

5               THE COURT:  Please do not refer to it again.

6               Do you have payment now for Ms. Restivo?

7               MANUEL PEDRO ASENSIO-GARCIA: No, I don't.

8               The cash is in this account.  The cash is in the

9        account for the surety bond.

10              THE COURT:  Mr. Asensio, I just indicated to you

11       the surety bond is not material at this point.

12              MANUEL PEDRO ASENSIO-GARCIA: Okay.

13              May I -- may I add to my answer?

14              THE COURT:  No, I'm not answering questions, Mr.

15       Asensio.

16              MANUEL PEDRO ASENSIO-GARCIA: May I just add --

17              THE COURT:  I'm going to impose a penalty now.

18              MANUEL PEDRO ASENSIO-GARCIA: -- but I will pay.

19              THE COURT:  Do you have the payment with you now?

20              MANUEL PEDRO ASENSIO-GARCIA: I can't bring the

21       payment --

22              THE COURT:  Then I'm going to remand you until the

23       payment is made.

24              Just -- I will address it in a second.

25              MANUEL PEDRO ASENSIO-GARCIA: I have always paid,

*Handwritten margin notes:* "I will pay"  Fasanya does not allow Manuel to purge the contempt

PROCEEDINGS                                          32

1    your Honor.

2              THE COURT:  Do you have the payment with you now,

3    Mr. Asensio?

4              MANUEL PEDRO ASENSIO-GARCIA: I brought the surety

5    bond.  I did not bring a payment like I did last time, your

6    Honor.  I didn't think that it was the right thing to do.

7    I would --

8              THE COURT:  Given the decision of this court, I'm

9    imposing a finding.  The respondent in contempt.  And given

10   the fact that this court has given the respondent an

11   opportunity to be heard and also an opportunity to purge

12   this contempt.

13             MANUEL PEDRO ASENSIO-GARCIA: I can purge it this

14   afternoon.

15             THE COURT:  Please don't interrupt me.

16             MANUEL PEDRO ASENSIO-GARCIA: Okay, you're going

17   to --

18             COURT OFFICER: Sir.

19             THE COURT:  Please do not interrupt me.

20             MANUEL PEDRO ASENSIO-GARCIA: -- okay.  Sorry, your

21   Honor.

22             THE COURT:  -- without this court having to impose

23   a penalty and it being clear that the respondent is not

24   prepared to do that at this time, this court has no choice

25   but to remand the respondent to the New York City Department

*Handwritten note in left margin:* Purge possible this afternoon

PROCEEDINGS                                                    33

1          of Corrections to be held for a period not to exceed 150

2          days or until such time as he complies with the following

3          directives; respondent may purge his contempt by having the

4          sum of $30,367.40 paid by a bank certified check made out to

5          Ms. Carmen Restivo, either brought to the court handed to

6          Ms. Restivo or purged with the clerk of this court.   And

7          issuing and depositing another check made out to Ms. Carmen

8          Restivo in the sum of $25,000 to be held in escrow by the

9          attorney for the child Ms. Restivo and applied towards

10         future bills and charges for the attorney for the child.

11              Respondent is to be produced in court on --

12              MANUEL PEDRO ASENSIO-GARCIA: Your Honor, I can make

*offering to*
*purge the*          13         this payment this afternoon by some way I could make the
*contempt*
14         payment and avoid this.   I would like to make the payment.

15              THE COURT:   Respondent is to be produced in court

16         by the Department of Corrections for a further review of

17         this court's order and to address compliance of the

*Jail*               18         respondent with the orders of this court on July 14, 2017.
*until*
*at least*          19              MANUEL PEDRO ASENSIO-GARCIA: But I can make
*July 14*
20         payment.   I could make payment.

21              THE COURT:   Mr. Asensio, at this point --

22              MANUEL PEDRO ASENSIO-GARCIA: I have no idea what is

23         going to happen.

24              THE COURT:   Are you going to let me speak, sir?

25              MANUEL PEDRO ASENSIO-GARCIA: Yes, your Honor.

**EXHIBIT 4**

At a term of the Family Court
Part 5, 60 Lafayette St.
New York, New York
the State of New York,
held this _____ day of May 2014.

PRESENT:
HON. ADETOKUNBO O. FASANYA
               Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

MANUEL P. ASENSIO,
              Petitioner,

   - against -

EMILIE BOSAK,
              Respondent.

**ORDER APPOINTING
ATTORNEY FOR THE CHILD**
Docket Nos.: V-43839-13/13A, O-44317-13

Upon all of the proceedings in this Court, it is hereby:

1. ORDERED that the following attorney is appointed as Attorney for the Child:

         **CARMEN RESTIVO, ESQ.**

   *Name:*
(who this court has determined is certified in compliance with Part 36 rulers,
including but not limited to Part 36.2 Appointment Conditions)
   *Address:*     299 Broadway, Suite 1415, New York, New York 10007
   *Phone/Fax:*  718-767-3798
   *Email:*      crestivoesq@aol.com

For the following child of the parties:  **REVA ASENSIO, d/o/b 10/14/04**

2. ORDERED that upon receipt of this order and UCS 872 (Notice of Appointment and Certification of Compliance), the Attorney for the Child shall complete, execute and return UCS 872 to the Fiduciary Clerk;

3. ORDERED that on or before May 23, 2014, via certified check or money order, the father and mother shall pay to the Attorney for the Child a total retainer of **$6,000.00** with father responsible for **$5,400.00** of the retainer amount and the mother responsible for **$600.00** of the retainer amount;

4. ORDERED that no less often then every 60 days from the date of this order of appointment the Attorney for the Child shall send to counsel for the parties bills for compensation and the reimbursements of disbursements:

1

5.      ORDERED that the Attorney for the Child shall be compensated at the rate of **$300.00** per hour;

6.      ORDERED that all subsequent compensation. including reimbursement for disbursements. shall be paid to the Attorney for the Child by the parties as follows: **10%** by father and **90%** by mother;

7.      ORDERED that once the retainer is expended. the parties shall pay all bills sent by the Attorney for the Child within 10 days of the date of the bill;

8.      ORDERED that all compensation and reimbursement for disbursements billed by the Attorney for the Child during the pendency of this action/proceeding shall be approved by the Court in the final order of compensation. which shall be settled by the Attorney for the Child. on five days notice. at the conclusion of the Attorney for the Child's service in the action/proceeding or as otherwise directed by the Court;

9.      ORDERED that the final order of compensation shall be supported by an affirmation of services by the Attorney for the Child on a form approved by the Chief Administrator of the Courts;

10.      ORDERED that within 10 days of service of a copy of the final order of compensation the Attorney for the Child shall return to a party any amount by that party in excess of his/her share of compensation and reimbursement for disbursements. as approved by the Court in the final order of compensation;

11.      ORDERED that

a.  counsel for the parties shall immediately contact the Attorney for the Child to schedule a meeting with the child;

b.  the parties shall make themselves. the child. and anyone living in either party's household. available for interviews with the Attorney for the Child (counsel for the

2

parties may be present at an interview between the Attorney for the Child and counsel's client, or the party may waive counsel's presence);

  c. each party may schedule an interviews with the Attorney for the Child, with or without his/her counsel present, to discuss all issues relevant to custody and visitation (the sequence and frequency of such interviews shall be at the discretion of the Attorney for the Child);

  d. the parties shall cooperate with the Attorney for the Child in providing any documents, papers or information requested, including executing releases permitting the Attorney for the Child to speak with, or receive information from, any mental health professional, social service workers or agencies, physicians, schools, or other persons or entities having material and necessary information regarding the parties or the child;

  e. the parties shall provide reasonable, private and unhampered access by the child to the Attorney for the Child;

  12. ORDERED that counsel for the parties shall immediately send the Attorney for the Child copies of all papers in the action/proceeding, including pleadings, motions and prior orders, and

  13. ORDERED that failure of the parties to cooperate promptly with the Attorney for the Child shall result in a sanction, costs imposed or any other remedies available pursuant to the CPLR and the Rules of the Family Court.

Dated: May ___14___, 2014

         HON. ADETOKUNBO O. FASANYA

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**EXHIBIT 5**

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on February 2, 2017.


PRESENT:  Hon. David Friedman,                    Justice Presiding,
              Dianne T. Renwick
              Rosalyn H. Richter
              Karla Moskowitz
              Barbara R. Kapnick,                  Justices.

---------------------------------X
Manuel P. A.,

        Petitioner-Appellant,                      **CONFIDENTIAL**

                -against-                           M-6300
                                                   Docket No. V-43839/13/13A
Emilie B.,

        Respondent-Respondent.
---------------------------------X


        Petitioner-appellant having moved for leave to appeal to
this Court from orders of the Family Court, New York County,
entered on or about May 19, 2014 and September 23, 2016,
respectively, and to stay enforcement of the order entered on
May 19, 2014, and for other relief,

        Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon,

        It is ordered that the motion is denied.

                ENTER:

                                        _____
                                                CLERK

**EXHIBIT 6**

At a term of the Family Court
Part 5, 60 Lafayette St,
New York, New York
the State of New York,
held this 8th day of December 2016.

PRESENT:
HON. ADETOKUNBO O. FASANYA
           Judge of New York County Family Court

In the Matter of a Custody/Visitation Proceeding

MANUEL P. ASENSIO,                    **CORRECTED ORDER APPOINTING**
                Petitioner,      **ATTORNEY FOR THE CHILD**
       - against -           **Docket Nos.:** V-43839-13/13A, O-44317-13

EMILIE BOSAK,
                Respondent.

Upon all of the proceedings in this Court, it is hereby:

1.    ORDERED that the following attorney is appointed as Attorney for the Child:

    *Name:*    **CARMEN RESTIVO, ESQ.**
    (who this court has determined is certified in compliance with Part 36 rulers,
    including but not limited to Part 36.2 Appointment Conditions)
    *Address:*    299 Broadway, Suite 1415, New York, New York 10007
    *Phone/Fax:*    718-767-3798
    *Email:*    crestivoesq@aol.com

For the following child of the parties:  **EVA ASENSIO, d/o/b 10/14/04**

2.    ORDERED that upon receipt of this order and UCS 872 (Notice of Appointment and Certification of Compliance), the Attorney for the Child shall complete, execute and return UCS 872 to the Fiduciary Clerk;

3.    ORDERED that on or before May 23, 2014, via certified check or money order, the father and mother shall pay to the Attorney for the Child a total retainer of **$6,000.00** with father responsible for **$5,400.00** of the retainer amount and the mother responsible for **$600.00** of the retainer amount;

4.    ORDERED that no less often then every 60 days from the date of this order of appointment the Attorney for the Child shall send to counsel for the parties bills for compensation and the reimbursements of disbursements:

1

5.    ORDERED that the Attorney for the Child shall bill at a rate of compensation of

**$300.00** per hour;

6.    ORDERED that all subsequent compensation, including reimbursement for

disbursements, shall be paid to the Attorney for the Child by the parties as follows: **10%** by

mother and **90%** by father;

7.    ORDERED that once the retainer is expended, the parties shall pay all bills sent

by the Attorney for the Child within 10 days of the date of the bill;

8.    ORDERED that all compensation and reimbursement for disbursements billed

by the Attorney for the Child during the pendency of this action/proceeding shall be approved

by the Court in the final order of compensation, which shall be settled by the Attorney for the

Child, on five days notice, at the conclusion of the Attorney for the Child's service in the

action/proceeding or as otherwise directed by the Court;

9.    ORDERED that the final order of compensation shall be supported by an

affirmation of services by the Attorney for the Child on a form approved by the Chief

Administrator of the Courts;

10.    ORDERED that within 10 days of service of a copy of the final order of

compensation the Attorney for the Child shall return to a party any amount by that party in

excess of his/her share of compensation and reimbursement for disbursements, as approved by

the Court in the final order of compensation;

11.    ORDERED that

a.  counsel for the parties shall immediately contact the Attorney for the Child

to schedule a meeting with the child;

b.  the parties shall make themselves, the child, and anyone living in either

party's household, available for interviews with the Attorney for the Child (counsel for the

2

parties may be present at any interview between the Attorney for the Child and counsel's client, or the party may waive counsel's presence);

     c.  each party may schedule an interviews with the Attorney for the Child, with or without his/her counsel present, to discuss all issues relevant to custody and visitation (the sequence and frequency of such interviews shall be at the discretion of the Attorney for the Child);

     d.  the parties shall cooperate with the Attorney for the Child in providing any documents, papers or information requested, including executing releases permitting the Attorney for the Child to speak with, or receive information from, any mental health professional, social service workers or agencies, physicians, schools, or other persons or entities having material and necessary information regarding the parties or the child;

     e.  the parties shall provide reasonable, private and unhampered access by the child to the Attorney for the Child;

12.    ORDERED that counsel for the parties shall immediately send the Attorney for the Child copies of all papers in the action/proceeding, including pleadings, motions and prior orders, and

13.    ORDERED that failure of the parties to cooperate promptly with the Attorney for the Child shall result in a sanction, costs imposed or any other remedies available pursuant to the CPLR and the Rules of the Family Court.

14.    ORDERED that this Order shall be *nunc pro tunc* to May 15, 2014.

**Dated:** December 8, 2016

                    HON. ADETOKUNBO O. FASANYA

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**EXHIBIT 7**

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date _March 7, 2017_

**Title of Matter** _Asensio v- Busak_

Index/Indict # _Docket V-43839-13, File # 128425_

**Appeal by** _____ **from** order / (judgment) of decree

Supreme ~~Surrogate's~~ (Family)

County _New York_

Court entered on _12/8_, 20 _16_

**Name of Judge** _Adetokunbo O. Fasanya_

Notice of Appeal filed on _Feb. 7_, 20 _17_

If from administrative determination, state agency _____

**Nature of action or proceeding** _Petition for Modification of Custody of Minor Child_

**Provisions of** (order) ~~judgment~~ decree **appealed from** _Corrected Order appointing attorney for the child_

**This application by** (appellant) ~~respondent~~ **is for** _Leave to Appeal & Stay Pendente lite_

**If applying for a stay, state reason why requested** _Petitioner will face incarceration for contempt if order is not stayed_

**Has any undertaking been posted** _NO_   If "yes", state amount and type _____

**Has application been made to court below for this relief** _Yes_   If yes, state Disposition _Denied_

**Has there been any prior application herein in this court** _Yes_   If "yes", state dates and nature _Application for stay of prior 2014 attorney for the child appointment order_

**Has adversary been advised of this application** _Yes_   **Does he/she consent** _No_

**EXHIBIT 8**

1   FAMILY COURT OF THE STATE OF NEW YORK
    CITY OF NEW YORK - COUNTY OF NEW YORK
2   -------------------------------------x
    In the Matter of a Proceeding for
3   the Custody and/or Visitation of
    Minors Under Article Six of the
4   Family Court Act

5       MANUEL P. ASENSIO,
        EMILIE BOSAK,
6
                    Petitioners,                Docket NO.:
7                                               V-43839-15/15A

        -against-
8

        EMILIE BOSAK,
9       MANUEL P. ASENSIO,

10                  Respondents.
    -------------------------------------x
11  Held:           March 13, 2017
                    60 Lafayette Street
12                  New York, New York 10013

13  Before:         Hon. ADETOKUNBO O. FASANYA, Judge
                    Family Court of the State of New York

14

15

16  Appearances:
                    ALEXIS WOLF, Esq.
17                  Attorney for Emilie Bosak

18                  CARMEN RESTIVO, Esq.
                    Attorney for the child
19
                    Holden Thornhill, Esq.
20                  Attorney for Mr. Asensio on the summary contempt

21

22

23                                      Charlene Fountaliotis-Squires
                                        Official Court Reporter
24

25

1    THE COURT:  Mr. Asensio, stop talking.

2        I asked you a simple question.  Is that what you

3    wish to withdraw your petitions?  Simple calls for a yes or

4    no.

5        MANUEL PEDRO ASENSIO: I reserve the right to put

6    them into Supreme Court and I want to do the list --

7        THE COURT:  Stop speaking, Mr. Asensio.

8        The Supreme Court -- I have no control over what

9    happens in the Supreme Court.  You can file anything you

10   wish in the Supreme Court.   And the Supreme Court, if it

11   feels it necessary, will remove this proceedings from before

12   me.   And they will be in the Supreme Court.

13       My question has nothing to do with that.  My

14   question is, I'm giving you an opportunity to tell me.   Is

15   that what you want to have your petitions withdrawn from

16   before me?

17       MANUEL PEDRO ASENSIO: I want it to be withdrawn

18   from here fully.

19       THE COURT:  Mr. -- all of Mr. Asensio's petitions

20   are marked withdrawn.

21       MANUEL PEDRO ASENSIO: Is that with motion to leave?

22       THE COURT: Stop speaking, please.

23       Ms. Wolf, are you ready to proceed on your

24   petition?

25       MANUEL PEDRO ASENSIO: May I leave, your Honor?

**EXHIBIT 9**

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date _3/27/17_

Title of Matter _Asensio v. Bosek_

Docket# / Index/Indict # _V-43839-13/13_

Appeal by _Petitioner_ from (order / ~~judgment~~ / ~~decree~~) of (Supreme / Surrogate's / ~~Family~~)

County _New York_

Court entered on _____, 20_____

Name of Judge _Adetokunbo O. Fasanya_

Notice of Appeal filed on _____, 20_____

If from administrative determination, state agency _____

Nature of action or proceeding _____

Provisions of (order / ~~judgment~~ / ~~decree~~) appealed from _oral sua sponte reappointment of attorney for child in connection with new petition._

This application by (appellant / ~~respondent~~) is for _leave to appeal order and stay pendente lite_

If applying for a stay, state reason why requested _previous attorney for the child fee orders have been enforced by contempt under pain of incarceration_

Has any undertaking been posted _No_   If "yes", state amount and type _____

_____

Has application been made to court below for this relief ~~No~~   If yes, state Disposition ~~~~

Has there been any prior application herein in this court _Yes_   If "yes", state dates and nature _a) 12/5/16 - motion to appeal_

_Previous AFC fee (denied 2/2/17); b) 12/23/16 motion for parenting time denied); c) 3/7/17 motion for leave to appeal Previous AFC order (stay denied) submission to full court d) motion for leave to appeal suspe_

Has adversary been advised of this application _Yes_   Does he/she consent _No_   _appeal suspe / stay deni / c. Amici_

**EXHIBIT 10**

1

1  FAMILY COURT OF THE STATE OF NEW YORK
   CITY OF NEW YORK - COUNTY OF NEW YORK
2  -----------------------------------x
   In the Matter of a Proceeding for
3  the Custody and/or Visitation of
   Minors Under Article Six of the
4  Family Court Act

5      MANUEL P. ASENSIO,
       EMILIE BOSAK,
6
                   Petitioners,          Docket NO.:
7                                         V-43839-13/13A
       -against-
8
       EMILIE BOSAK,
9      MANUEL P. ASENSIO,

10                 Respondents.
   -----------------------------------x
11 Held:          June 1, 2017
                  60 Lafayette Street
12                New York, New York 10013

13 Before:        Hon. ADETOKUNBO O. FASANYA, Judge
                  Family Court of the State of New York
14

15

16 Appearances:
                  ALEXIS WOLF, Esq.
17                Attorney for Emilie Bosak

18                TERRY BROSTOWIN, Esq.
                  Attorney for Manuel Asensio
19
                  CARMEN RESTIVO, Esq.
20                Attorney for the child

21
   Also present:
22    Manuel Asensio, witness

23

24

25                      Charlene Fountaliotis-Squires
                            Official Court Reporter

1      MR. BROSTOWIN: I'm going to get to that.

2          I don't think that she should be allowed to have

3      the opportunity to reopen her case, since she rested.

4          THE COURT:  Such as what?

5          MR. BROSTOWIN:  Number one, she must show to this

6      court on her case in chief, her direct case that she has

7      properly and personally followed alternative services that

8      this court authorized to serve my client, number one.  And,

9      number two, she cites three sections of three different laws

10     in her application before this court to justify a contempt

11     against my client.  Although, it is not real sure if she is

12     proceeding under civil contempt or criminal contempt, but

13     she did mention CPLR Section 5104, DRL Section 245 and

14     Judiciary Law Section 756.  If we turn to those three

15     statutory authorities of which she rests her contempt motion

16     on, she does not have authority to bring an action against

17     my client for contempt solely for the purposes of

18     nonpayments of attorney for the child fees.  She may

19     potentially have other remedies and other applications, but

20     that's not before this court.

21         CPLR 5104 mandates that my client must be

22     personally served with a certified copy of the duly entered

23     decision and order of the court.  There's been no

24     representation to this court or any documents presented at

25     this contempt hearing that my client was personally served

1    with a certified copy which would violate CPLR section 5104.

2           Turning now to the remaining SECTION of DRL section

3    245, that --

4           THE COURT: Can you just -- are you -- is what you

5    are doing now, is that in the nature of a preliminary

6    objection or are you entering your defense?

*Preliminary objection or defense?*

7           MR. BROSTOWIN: Well, my client will testify if the

8    court is satisfied that Ms. Restivo has cleared the hurdle

9    of all the necessary procedural and administrative steps

10   that I believe this court must take into consideration akin

11   to a trial order of dismissal before I get to the actual

12   defense of this case.

13          THE COURT:  Go ahead.

14          MR. BROSTOWIN: So if we turn to the other section

15   of the law that was cited, which is DRL Section 245, that

16   section specifically deals with divorces, separations or

17   annulments, which is not the subject matter of these

18   jurisdictions.  The parties are divorced.  Separation is

19   not applied, nor does an annulment.  So the sections that

20   were cited and my client was given notice of, are not

21   sections of the law that she can proceed on before this

22   court.  And she has not satisfied those certain procedural

23   requirements before this court and can even entertain an

24   application for a contempt.

25          If the court were to look at Judiciary Law and

*Carmen cited the wrong Sections of law*

1        quite frankly CPLR and DRL, those issues when contempt may

2        potentially be a remedy, not a punishment, those sections

3        deals -- deal with parties.   The parties to this action are

4        my client and Ms. Bosak.   Any attorney for a child is not a

5        party to the action.   It is someone who was appointed by

6        the court to represent the party, so they fall outside of

7        the gamut of what the law allows supported by the Appellate

8        Division when it talks about when contempt is allowable for

9        a violation -- a willful violation of a court order.   It is

10       my experience --

11               THE COURT:   Do you have case law to back that

12       statement up?

13               MR. BROSTOWIN: I can fully brief this, if it is

14       necessary, if this court is not satisfied and goes forward

15       with the hearing, I would be asking for written summations

16       with a briefing schedule.

17               THE COURT:   You can ask.

18               MR. BROSTOWIN: Right.

19               So I also in my experience in practicing

20       matrimonial law, family law and other types of law in this

21       court, when attorneys are not paid and I have been on Ms.

22       Restivo's side many, many times, the prevailing wisdom and I

23       might say virtually every single case that I have ever seen

24       has been that --

25               MS. RESTIVO: I would object to him saying what he

*Restivo is not a party.* (handwritten margin note)

*There are cases Lowe's Theatre* (handwritten margin note)

1       finds to be the --

2               THE COURT:  No, there's nothing to object to. Mr.

3       Brostowin is making his argument, I will hear him.

4               MR. BROSTOWIN: So it has been my experience that

5       when an attorney is not paid, a proper remedy because a

6       party has not been injured, the proper remedy is not

7       contempt, the proper remedy is to convert that into a

8       judgment and let the judgment creditor attach to collect on

9       that judgment.   It is not meant to punish somebody.   And

10      if a hearing is held, then we will -- I think there's a

11      requirement to show whether my client had the financial

12      ability to comply with --

13              THE COURT:  If we do have a hearing, right?

14              MR. BROSTOWIN: I understand, so I do not think the

15      legal requirements have been met.

16              As the court probably knows, each and every issue

17      that is brought before this court probably will end up in

18      the Appellate Division.

19              THE COURT:  That you don't have to tell me.

20              MR. BROSTOWIN: I understand that.

21              THE COURT:  That's -- you don't have to address

22      that with this court.  If we address what we need to address

23      and you want to seek remedy elsewhere, you are always free

24      to do that.  I don't need to know that at this point.

25              MR. BROSTOWIN: Additionally, Family Court Act

1      section 248 mandates that in Family Court proceedings if an

2      attorney for a child is to be ordered, that that is to be

3      paid by the State.    That's Family Court Act section 248.

4      So --

5               THE COURT: Mr. Brostowin, I indicated on the last

6      court date that that issue has been litigated to the

7      Appellate Division and back, we're past that.

8               Your client already took that order up to the

9      Appellate Division -- stop speaking while I'm speaking, Mr.

10     Asensio.

11              Your client took the order in question up to the

12     Appellate Division, at a point my order was stayed and the

13     Appellate Division denied his application.    So we're done

14     -- we're done with that issue.

15              MANUEL ASENSIO:  No, we're not, your Honor.  We

16     were at the Appellate Division, there was no ruling at the

17     Appellate Division.

18              THE COURT:  Mr. Brostowin, tell your client to stop

19     talking.

20              MANUEL ASENSIO: I need to talk to you. You don't

21     know the proceedings.

22              THE COURT:  Tell your client to stop talking.

23              MANUEL ASENSIO: I need to speak to my client, your

24     Honor.

25              MR. BROSTOWIN: I'm your lawyer.

1           Can I speak to my client in the well, your Honor?

2           THE COURT:   I'm going to give you one more

3   opportunity to do that and that's the last time I'm going to

4   permit that.

5           MANUEL ASENSIO:   That is not right, your Honor.

6           COURT OFFICER: Step out.

7           MANUEL ASENSIO:   You should object to this also to

8   this screaming.

9           COURT OFFICER: I'm not screaming, sir.

10          MANUEL ASENSIO: You are in my face.

11          COURT OFFICER: You are standing towards me, sir.

12          Step into the well.

13          THE COURT:   Step outside, Mr. Asensio.

14          MANUEL ASENSIO: Object to this.

15          COURT OFFICER: Here you go.

16          THE COURT:   In the well.

17          COURT OFFICER: Thank you.

18          MR. BROSTOWIN: Have a seat.

19          Judge, my client wants the court to know that he

20  believes there was a misrepresentation of what happened in

21  the Appellate Division.   I was not the attorney representing

22  him in the Appellate Division application.

23          THE COURT: Mr. Brostowin, it doesn't matter.

24  Whatever occurred in the Appellate Division occurred in the

25  Appellate Division.   The order is back -- the application

1          is back -- the proceedings are back before me.   The order

2          continues to be in place.    That's it.

3                    MR. BROSTOWIN: My client --

4                    THE COURT:   You can continue.

5                    MR. BROSTOWIN: My client also indicates that he has

6          filed actually opposition and cross motions to the order to

7          show cause that Ms. Restivo filed.

8                    My client indicates that it was filed and served.

9          I'm indicating that to the court.

10                   THE COURT:   Filed and served -- filed before who?

11                   MR. BROSTOWIN: He says that he filed it before the

12         court and served it on Ms. Restivo.

13                   THE COURT:   When?

14                   MR. BROSTOWIN: They are dated March 13th in court.

15         He is indicating that he served the opposition and cross,

16         which his papers are dated March 7th.   They were filed on

17         March -- and served on March 13th in court.   I was not here,

18         that is what he is indicating.

19                   He further indicates that he served the

20         supplemental opp and cross, which are dated his papers March

21         12th, all in 2017.

22                   He further indicates to me that he does not believe

23         that this -- it is appropriate for the contempt hearing to

24         go forward should the procedural requirements be met,

25         because there's outstanding discovery that he indicates that

1        he engaged in before I was retained and that has -- that has

2        not occurred.

3        *We're going to proceed*   THE COURT:  We're going to proceed, Mr. Brostowin.

4                                    Go ahead, I'm listening to you.

5                                    MR. BROSTOWIN: My client wants to testify, Judge.

6                                    THE COURT:  You are calling your client?

7                                    MR. BROSTOWIN: I'm calling Manuel Asensio.

8                                    THE COURT:  Call him.

9                                    MANUEL ASENSIO: I have no alternatives, right?

10                                   COURT OFFICER: Sir, are you testifying?

11                                   MANUEL ASENSIO: I would like this guy to stay away

12       from me, your Honor.

13                                   THE COURT:  Are you calling your client, Mr.

14       Brostowin?

15                                   MR. BROSTOWIN: I'm calling Manuel Asensio.

16                                   MANUEL ASENSIO: I want this guard's name on the

17       record.  This guard's -- this court officer's name on the

18       record, your Honor.

19                                   THE COURT:  Please take the stand, Mr. Asensio.

20                                   COURT OFFICER: Come on.

21                                   MANUEL ASENSIO: Should I bring the papers up that

22       you haven't seen?

23                                   MR. BROSTOWIN: Go ahead.

24                                   MANUEL ASENSIO: I guess I will hand them to you or

25       you will hand them to me.

**EXHIBIT 11**

VERIFIED NOTICE DATED: AUGUST 17, 2017
Index No.: 155833/2017

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In the Matter of           <u>**NOTICE OF PETITION**</u>

The Application of Manuel P. Asensio,
Petitioner,

For a Judgement under Article 78 of
the Civil Practice Law and Rules
In the Nature of Prohibition

Index No.: 155833/2017

-against-

The Hon. Adetokunbo O. Fasanya,
a Magistrate of the New York County Family Court,

Emilie Marie Bosak, and
Richard Spitzer, and
Carmen Restivo

Respondents.



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLEASE TAKE NOTICE** that upon the Verified Pro Se Petition of

Manuel P. Asensio filed with the County Clerk and sworn to on the 17th day

of August 2017 and its attached exhibits, all of which are attached hereto,

1

Petitioner will apply at 9:30 A.M on <u>WEDNESDAY, the 6th day of</u> <u>SEPTEMBER 2017,</u> in accordance to requirement for time of service of notice of petition in Civil Practice Law and Rules ["CPLR"], at the Courthouse at 60 Center Street in the County of New York, State of New York in the Motion Submission Part, Room 130, or as soon thereafter as the parties and/or their counsel can be heard, request a judgment, pursuant to the CPLR Article 78 et seq and CPLR 103, granting the Petitioner all or any of part of the following reliefs, with each individual relief containing relief being sought, or in the alternative for the Court to make whatever motion or order is required for the proper prosecution of this Petition, in the nature of prohibition issued out of this Court directed to the Hon. Adetokunbo O. Fasanya, a Judge of the Family Court of the County of New York and any other judge of the Family Court of the County of New York to which the action or any application by the parties herein may be referred at a Term prohibiting Judge Fasanya from:

1. Continuing to suspend Petitioner's parenting rights or order supervision under unauthorized "interim" orders that:

2

a. are based on defective hearsay applications that have been struck from the record as inadmissible; and/or

b. are not subject to reviewable administrative supervision or regulation, or legal review, by any part of the State of New York's Uniform Court System or its rules and regulations; and/or

c. are ministerial acts performed by a judicial officer made to appear as if they are judicial acts to avoid personal liability under Family Court Act 145 and avoid the jurisdiction of the Attorney General of the State of New York or District Attorney of New York County under New York State's Penal Code; and/or

d. are not reviewable as of right by law; and/or

e. are ministerial acts that are the product of mere unregulated individual actions; and/or

f. are administrative acts devoid of due process made without any stated charges, stated authority, a hearing, a trustworthy record, fact-finding, rules of evidence, application of law or written reasoning; and/or

3

g. are shown to be a part of an artifice to affect the Final Judgment.

2. Violating Judiciary Law 100 to operate a artifice to continue the Suspension and to refuse since January 15, 2016 to state any reason for the Suspension or Supervision or for not vacating the Suspension or stating any fact making the Suspension necessary and to show that the Suspension complies with U.S. Supreme Court and New York State Court of Appeal's decisional law applicable to parenting rights; and/or

3. Allowing through ministerial acts Emilie Bosak to affecting my daughter Eva Asensio's, the child subject to the custody agreement containing in the April 29, 2013 Stipulation of Settlement contract that was incorporated not merged into this Court's August 13, 2013 Judgment of Divorce ["JOD"] in the divorce case captioned <u>Emilie Marie Bosak v. Manuel P. Asensio, Index 300417/11,</u> family relationships, religious and moral, including sexual and political, attitudes, educational programs, work ethics, participation in cultural

4

events, family social learning without a full evidentiary hearing on the record is held, post hearing memoranda of law submitted and a fully appealable decision rendered in writing; and/or

4. Holding any proceedings, conducting any hearing, issuing rulings, determinations or findings or taking actions in the matter captioned Manuel P. Asensio, Petitioner against Emilie Marie Bosak, Respondent, Family Court of the County of New York, Docket Nos. V-43839-13/13A or/and Emile Bosak, Petitioner v. Manuel P. Asensio, Respondent, Family Court of the County of New York, Docket V-38917-15/15A until judgments in the Petition and the Article 78 Petition filed in New York County Supreme Court under Index No. 156692/2017 are entered; and/or

5. Violating, changing, amending, altering his own orders including his orders that allow the Petitioner to withdraw; to not require the Petitioner's presence in Judge Fasanya's courtroom, to not compel or

5

take any steps to compel the Petitioner to come to court and be free

not to come to Judge Fasanya's courtroom; and/or

6.  To create artifices that can be used to impair, impede, restrict, obstruct,

deny, interfere or prejudice the Petitioner's constitutional rights to

seek remedies, including remedies under the custody Stipulation cited

above, in New York State's Supreme Court including, but not limited

to, in the action pending in Supreme Court of State of New York,

County of New York, captioned Manuel P. Asensio against Emilie

Bosak under Index No. 153766/2017; and/or

7.  Issuing unauthorized unsubstantiated fees order to Carmen Restivo

judicial appointees and then calendaring only these fee order to

prolong the proceedings, create undue burdens in order to deny the

Petitioner the right to seek an order vacating the Suspension; and/or

8.  Issuing unauthorized unsubstantiated hybrid sanction/interim Sua

Sponte fee orders that are not decision on motion, to opposing counsel

6

containing judgment statements based on de hors materials unrelated to the record, proceedings or a hearing that are without basis in financial records, to prolong the proceedings, create undue burdens in order to deny the Petitioner the right to seek an order vacating the Suspension; and/or

9. Issue fees orders disingenuously as an artifice to create unsurmountable burdens on the Petitioner and benefit Emilie Bosak; and/or

10. Allowing Respondent Emile Bosak to achieve her desired goal to emancipate the Petitioner's daughter, Eva Asensio, from him; and/or

11. Using his ministerial powers to refuse to prevent proceedings on the clear and convincing evidence of Emilie Bosak's immoral conduct affecting the child, her egregious interference in the relationship between the Petitioner and the Petitioner's daughter Eva Asensio, her failure to attend to Eva Asensio after Eva Asensio broke her arm, her blatant disregard for Eva Asensio's educational success and spiritual

development and wellbeing, and her repeated and continuous exposure of Eva Asensio to unsavory and nefarious persons and environments, including Emilie Bosak's own drug and alcohol use, and/or

12. Utilizing Comprehensive Family Services and its owner/president, Richard Spitzer, as an independent, viable and credible witness against Petitioner:

   a. in light of the evidence of collusion between Judge Fasanya and Mr. Spitzer to justify Judge Fasanya's unauthorized ministerial Suspension of the Petitioner's parental rights and/or

   b. the conflict between Petitioner and Richard Spitzer demonstrated and embodied in the action by Petitioner against Richard Spitzer for intentional tort including assault and battery captioned Asensio v. Spitzer, Supreme, NY, Index Number 159812/2016.

8

PLEASE TAKE FURTHER NOTICE, that a demand is hereby made for the service of an answer and supporting affidavits, if any, at least seven days before the aforesaid date of hearing, being Wednesday, September 6th, 2017, since this notice is served at least twelve days before such time.

The petitioner designates New York County as place of trial. The basis of venue is the residence of petitioner, which is 400 E. 54th Street, Apt. 29B, New York, NY 10022.

Dated:    New York, New York,
          August 17, 2017

                                        Manuel P. Asensio
                                        Petitioner
                                        400 E. 54th Street, Apt. 29B
                                        New York, NY 10022
                                        (917) 515-5200

TO:    The Hon. Adetokunbo O. Fasanya
       Eric T. Sheniderman, Attorney General of the State of New York
       James Cooney, Assistant Attorney General, NYS Office of the
       Attorney General Litigation Bureau (NYC)
       Emilie Marie Bosak
       Richard Spitzer
       Carmen Restivo

9

**EXHIBIT 12**

JULY 28, 2017

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In the Matter of the Application of
Manuel P. Asensio,

                                    Petitioner,

For a Judgement under Article 78 of          **NOTICE OF PETITION**
the Civil Practice Law and Rules
                                             Index No.: 156692/2017
In the Nature of Prohibition
          -against-

The Hon. Adetokunbo O. Fasanya
Judge of the Family Court of New York County,

Emilie Marie Bosak, and
Carmen Restivo, the Attorney for the Child.

                                    Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X



**PLEASE TAKE NOTICE** that upon the Verified Petition of Manuel P.

Asensio filed with the County Clerk and sworn to on June 26, 2017 and attached

exhibits, all of which are attached hereto, Petitioner in accordance to time of

service of notice of petition in Civil Practice Law and Rules ["CPLR"] 7804[c]

will at 9:30 A.M on Wednesday, August 25, 2017 at the Courthouse at 60 Center

Street in the County of New York, State of New York in the Motion Submission

Part, Room 130, or as soon thereafter as the parties and/or their counsel can be

1

heard, request a judgment, pursuant to the CPLR, granting the following relief to the Petitioner:

1. A judgment in the nature of prohibition be issued out of this Court directed to the Hon. Adetokunbo O. Fasanya, a Judge of the Family Court of the County of New York and any other judge of the Family Court of the County of New York to which the action or any application by the parties herein may be referred at a Term vacating Judge Fasanya's June 30, 2017 "Order of Commitment:"

   i)     Judge Fasanya issued the Order of Commitment under the Petitioner's November 25, 2013 Custody Petition Docket No. V-138-13/13A that sought to modify the Judgment of Divorce ("JOD") of the Supreme Court of the State of New York; and

   ii)    Judge Fasanya is without authority to vacate his March 13, 2017 order marking the Petitioner's November 25, 2013 Custody Petition Docket No. V-138-13/13A "Withdrawn;" and

   iii)   acting with no authority to vacate his prior decision of March 13, 2017 over three months later on June 30, 2017 privately and off the record without a verbal or written order and without notice to Petitioner of having vacated his own order for the purpose of making the Order of Commitment; and

   iv)    The Order of Commitment alleges that the Petitioner "failed to obey an order of this Court" wrongfully finding in the Order of Commitment the Petitioner to be "in willful violation of said order" without reference to a Family Court order or the JOD violation; and

2

v)    Acting in clear absence of jurisdiction in compensating a judicial appointee outside of the Uniform Court System's rules and regulation without holding hearings and without implementing rules and regulations while failing to comply with decisional law and statues and acting outside of the as of right jurisdiction of the Appellate Division of the First Department; and

vi)   misrepresenting the record showing the Petitioner offered to make paying to Judge Fasanya's judicial appointee to purge the penalty of the purported contempt by stating in the Order of Commitment that "without this Court having to impose a penalty at it being clear that the Petitioner is not prepared to do so at this time, the Court has no choice but to remand" the Petitioner; and

vii)  failing to adhere to procedural requirements that the February and May Orders to Show Cause seeking contempt, which were issued by Judge Fasanya in violation of his statutory requirements under the Family Court Act's Article 2, be no more than thirty days before the time at which the application for contempt was noticed to be heard set forth in Judiciary Law Article 19; and

viii) failing to provide an opportunity to purge or include a provision granting leave to purge in the Order of Commitment as set forth in Judiciary Law Article 19; and

ix)   failing to adhere to procedural requirements of servicing upon the Petitioner a certified copy of the Order, which was issued by Judge Fasanya in violation of his statutory requirements under the Family Court Act's Article 2, under which contempt was sought; and

3

x)     failing to adhere to procedural requirements by using an "interim" order to seek contempt and not an order have the same effect as a final order set forth in Judiciary Law Article 19; and

xi)    relying on the AFC's unsubstantiated hearsay to establish the elements of contempt in violation of the statutory standard of clear and convincing evidence; and

xii)   relying on an interim administrative order that Judge Fasanya had not made final or administered that is devoid of rules or regulations, which the AD has declined to grant permission to appeal, as being unequivocal in violation of statutory requirements; and

xiii)  finding that his own judicial appointee, the AFC, is a party in pending custody case in the Family Court with rights to seek remedies; and

xiv)   failing to comply with Judiciary Law 755's statutory requirements requiring that Judge Fasanya reduce to writing what purported right the AFC held that the Petitioner had allegedly defeated, impaired, impeded, or prejudiced and what acts the Petitioner committed and describing how these acts had defeated, impaired, impeded, or prejudiced the judicial appointee, the AFC, rights; and

xv)    going off-the-record and privately in his cloaking room in concert with the AFC threatening to refer the Petitioner's counsel to the First Department's grievance committee based on the AFC's unsubstantiated false claim that a third party had paid him to represent the Petitioner in the contempt hearing forcing counsel to withdraw for fear of damage to his reputation and of losing his livelihood; and

4

xvi)   refusing to accept a Surety Bond undertaking under a Notice of Appeal to stay enforced of the combination order to pay the judicial appointee and Order of Commitment under CPLR Article 55 Section 5519 to secure the funds for restitution under Section 5523; and

xvii)   failed to grant the Petitioner an opportunity to purge the contempt after refusing to accept the Surety Bond and after limiting the Petitioner to a 10 minute summation of the contempt hearing.

2. A judgment in the nature of prohibition be issued out of this Court directed to the Hon. Adetokunbo O. Fasanya, Judge of the Family Court of the County of New York to which the action or any application by the parties herein may be referred at a Term from using his mere judicial appointment in clear absence of jurisdiction and without legal authority in conjunction with his administrative and ministerial powers under Judiciary Law 2-b [3] General Powers to:

    i)    issue interim AFC orders that are issued by Judge Fasanya in violation of his statutory requirements under the Family Court Act's Article 2,

    ii)    issue interim AFC orders that affect the Petitioner's rights or impact the Final Judgment without the Petitioner's consent and then refuse to allow the Petitioner to withdraw; and

    iii)    to render calendaring decisions to prolong the case for over four ( 4) after refusing to allow the Petitioner to withdraw; and

    iv)    to issue commands directing Court Officers assigned to his Courtroom to giggle handcuff close to the Petitioner's face and then falsely deny the proximity of the Court Officers to the Petitioner:

        i. for the actual purpose of avoiding or camouflaging Judge Fasanya's motive and reason and the truth about the Petitioner's withdraw and block the judge's prolonging the case and blocking the Petitioner's opposition to the AFC fees; and

        ii. to use the Court Officers to interrupt testimony to create a false record of the AFC litigation proceedings, to make his own de hors misrepresentations and to allow false statements by the AFC to unopposed appear on the record thereby denying the Petitioner the right to be heard.

6

3.  A judgment in the nature of prohibition be issued out of this Court directed to the Hon. Adetokunbo O. Fasanya, Judge of the Family Court of the County of New York and any other judge of the Family Court of the County of New York to which the action or any application by the parties herein may be referred at a Term prohibiting Judge Fasanya from:

    i)    ordering his judicial appointee to bill the Petitioner without the Petitioner's consent, denying him the right to object and to continue billing the Petitioner notwithstanding Petitioner's withdrawal; and

    ii)    issuing or enforcing Payment Orders made in violation of Judge Fasanya's statutory requirements under the Family Court Act's Article 2 in favor of the AFC against Petitioner including entering Orders to Show Cause based upon the AFC appointment orders seeking to hold Petitioner in contempt of court to compel payment of moneys purportedly owed to the AFC pursuant to said AFC appointment orders; and

    iii)    using his administrative and ministerial powers under Judiciary Law 2-b [3] to promulgate or enforce any rule, ruling, order, decision, determination or directive restricting, abridging or limiting Petitioner's right or ability to file motions, petitions or other applications before Judge Fasanya or any other judge of the Family Court or any other court, including but not limited to any exclusionary rule requiring that Petitioner present all applications to Judge Fasanya for review prior to filing them or that Petitioner only move the Family Court by Order to Show Cause including denying the Petitioner the right to oppose Judge Fasanya's AFC orders.

4. That the Petitioner recover all payments delivered to Judge Fasanya on his orders on behalf of his judicial appointee in violation of Judge Fasanya's statutory requirements under the Family Court Act's Article 2 and the other statutory violations demonstrated herein and damages incidental to the primary relief sought herein.

5. That pending the hearing and determination of this special proceeding, all further proceedings upon the part of Judge Fasanya or of any of the judges of the Family Court, of the parties to the action or of the AFC be stayed; and

6. That Petitioner have such other, further, or different relief as to the Court may seem just and proper; and

for such other and further relief as may be just, proper and equitable.

PLEASE TAKE FURTHER NOTICE, that a demand is hereby made for the Respondents to file verified answers that must state pertinent and material facts showing the grounds of the Respondent's action complained of in accordance to CPLR 7804[d] and that service of the verified answer and supporting affidavits, if any, be made within time allowed, pursuant to the CPLR, before the aforesaid return date.

The Petitioner designates New York County as place of trial. The basis of venue is the residence of petitioner, which is 400 E. 54th Street, Apt. 29B, New York, NY 10022.

8

Dated:  July 28, 2017
New York, New York

Respectfully submitted,

Manuel P. Asensio
Petitioner [Pro Se]
400 E. 54th Street, Apt. 29B
New York, NY  10022
(917) 515-5200


TO:    Hon. Adetokunbo O. Fasanya
       60 Lafayette Street, Part 5, 10th Floor
       New York, NY 10013 New York County Family Court
       (646) 386-5285
       bdewire@nycourts.gov


       Eric T. Sheniderman, Attorney General of the State of New York
       James Cooney, Assistant Attorney General,
       NYS Office of the Attorney General Litigation Bureau (NYC)
       120 Broadway, 24th Floor
       New York, NY 10271-0332
       (212) 416-6082
       james.cooney@ag.ny.gov

       Emilie Marie Bosak
       355 East 72st Street, Apartment 17C
       New York, NY 10021
       (917) 579-1413
       emilie.bosak@gmail.com

       Carmen Restivo, Attorney for the Child
       Appointed by Judge Fasanya
       299 Broadway, Suite 1415
       New York, NY 10007
       (718) 767-3798
       crestivoesq@AOL.com

9

## VERIFICATION OF NOTICE OF PETITION

I, Manuel P. Asensio, swear under oath and penalty of perjury that I am the Petitioner in the Article 78 proceeding filed under Index No.: 156692/2017 and that the statements contained in this Notice of Petition are true and correct to the best of my own personal knowledge, expect as to matters stated based on knowledge and belief and to those I solemnly swear that I believe them to be true.

_____
Manuel P. Asensio

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF NEW YORK        )

Sworn to before me this the 28th day of July 2017

_____
Notary Public

MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6299565
Qualified in New York County
Commission Expires March 24, 2018

10

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

-------------------------------------------------------------------x

MANUEL P. ASENSIO,

                                             AFFIDAVIT IN SUPPORT OF
                                             LEAVE TO APPEAL AND
                                             FOR STAY PENDENTE LITE

                          Petitioner-Appellant,

     -against                             File No. 128425

EMILIE BOSAK,                        Docket No. V-43839-13/13A
                                                  V-38917-15/15A

                        Respondent-Respondent.

-------------------------------------------------------------------x

STATE OF NEW YORK      )
                                 ) ss:
COUNTY OF NEW YORK    )

     MANUEL P. ASENSIO, being duly sworn, deposes and says:

1.    I am the Petitioner-Appellant in the above referenced matter. I am fully

familiar with the facts and documents of this action. I make this affidavit from

personal knowledge under pain of perjury.  I submit the within affidavit (a) for leave

to appeal the June 30, 2017 Order/Decision of the Hon. Adetokunbo O. Fasanya

(henceforth "Judge Fasanya") issued from the bench dismissing holding Petitioner

in contempt of court and the subsequent written order of the same date committing

Petitioner to the NYC Department of Correction (henceforth the "June 30, 2017

1

Orders") (b) staying hearing and determination of all proceedings in the matter of

<u>Asensio v. Bosak</u>, Family Court of the State of New York, County of New York,

File No. 128425, Docket Numbers V-43839-13/13A and V-38917-15/15A, and (c)

for such other and further relief as this Court deems just and proper.

2.     On June 1, 2017 Judge Fasanya commenced a hearing on the applications by

order to show cause of attorney for the child Carmen Restivo (henceforth the "AFC")

as to whether I should be held in contempt of court to compel payment of her AFC

invoices.

3.     I never consented to the AFC fees.   I have opposed the AFC's appointment

since May 14, 2014 on statutory and factual grounds.   Judge Fasanya has denied me

discovery and a hearing.   The AFC has sought to compel me by order to show cause

to pay her invoices on twelve separate occasions and has expended over eighty-three

percent (83%) of her billable time according to her own records collecting those

invoices.

4.     The contempt hearing took place on seven days from June 1, 2017 to July 5,

2017.  I testified inter alia that I had never been personally served with a copy of the

original May 19, 2014 AFC Order, the December 8, 2016 Corrected AFC Order or

the May 13, 2017 Sua Sponte AFC Order which Judge Fasanya issued from the

bench.

5.      I also testified at length as to my financial situation and made it clear to Judge

Fasanya that I had not been given the opportunity to conduct discovery against the

AFC and my opponent and that he has failed to create rules by which to regulate the

AFC's bills.  This makes the AFC's bills impossible to gauge the value of the AFC's

services or to contest her fees and impossible to appeal.  I also provide ample

evidence include state and federal income tax returns and financial disclosure did

not have the financial ability to pay the amount of money sought by the AFC, which

was $30,367.40 and demand repayment of the amount the AFC had received.

6.      On June 30, 2017 Judge Fasanya found me in contempt of court.  He ignored

my argument that the AFC or my daughter had no rights in the custody case that any

actions by me impeded or defeated. He never issued a written order holding me in

contempt stating what act or what right I impeded by exercising my right to contest

the AFC fees but simply announced his finding from the bench.

7.      I had with me a surety bond and Notice to Appeal, which I served and filed

after Judge Fasanya denied my legal arguments. The Surety Bond was for the full

amount sought by the AFC in her orders to show cause, which was $30,367.40 and

attempted assiduously eight times to tender that surety bond to Judge Fasanya. I did

this prior to the commencement of the penalty phase of the proceedings since it was

my understanding that the tender of a surety bond in the full amount of the obligation

together with a notice of appeal would stay any further proceedings. Judge Fasanya ignored me and refused to even discuss the surety bond, let alone accept it.

8.      When Judge Fasanya made it clear that he would not accept the surety bond, he order that I pay immediately and in cash. Judge Fasanya demanded payment immediately and rejected my offer to return in the afternoon with it. I pleaded with him and told him in clear and unequivocal terms "I would like to make the payment" as I has 10 times before. Each time he acted summarily and refused to grant me a reviewable decision.

9.      Notwithstanding my pleading, Judge Fasanya not only ordered me to pay the amount sought by the AFC, $30,367.40 but added to that amount an additional retainer in her favor of $25,000 and required me to pay the total of $55,367.40 or be incarcerated. As I had bought the Surety Bond and Notice of Appeal and understood CPLR laws that allowed a stay to protect the funds for restitution, I did not have $55,367.40 on my person. I was not given an opportunity to call to have some bring the funds to court immediately.

10.      Judge Fasanya remanded me to the NYC Department of Correction for incarceration for a period of no more than 150 days. This happened during the afternoon of June 30, 2017, the Friday before the long July 4 holiday.

11.      I was incarcerated for a period of over 15 hours before my life partner, Ms. Hatun Aytug, provided Judge Fasnaya and the AFC with a total of $45,000.00 in

4

certified funds which Judge Fasanya accepted as substantial compliance.  Judge Fasanya thereupon adjourned the hearing until July 5, 2017 for me to provide the balance, which I did.

12.     Since the commencement of the contempt hearing on June 1, 2017, I have filed three pro se Article 78 proceedings against Judge Fasanya.  The first only sought a stay.  Judge Fasanya opposed the stay saying through his counsel that my fears of his ordering me to jail were unrealistic.  Two of these pro se Article 78 proceedings are pending.

13.     The allegations in these two Article 78 proceedings and the various prohibitions I seek related to Judge Fasanya's denial of a hearing and then misusing his general powers under Judiciary Law 2(b)(3) to summarily vitiate my rights without hearing or evidence and create undue financial burdens and prejudicial circumstances that affect the final judgment.  I consider both of these Article 78 proceedings to be of the utmost seriousness and have filed both interrogatories and a jury trial demand in connection with these Article 78 petitions.

14.     Judge Fasanya has failed to file an answer and requested adornments 3 times.  Judge Fasanya has failed to answer discovery demands and to file answers to motions by their return dates.

15.     The underlying proceeding before Judge Fasanya must therefore be stayed.

16.     Not only have I been incarcerated once after being denied the right to appeal Judge Fasanya's AFC appointment and fee orders and have a realistic fear that Judge Fasanya will incarcerate me again to compel me to pay the AFC. But I have withdraw my Petition and have a right to be heard in Supreme Court under Article 78 in a special proceeding that is an allowed "interlocutory, collateral attack on Judge Fasanya's pending proceedings."

17.     My relationship with Judge Fasanya is has been completely adversarial in a deeply personal matter, my rights to administer natural and legal right parental rights. The factual allegations in the Petition strike at the heart of Judge Fasanya's individual actions to interfere without reason or right in my relationship with my daughter. I believe it is impossible for him to preside in an unbiased manner over any matter in which I appear.

18.     In light of the foregoing, it is essential that this Court grant me leave to appeal the June 30, 2017 Orders, that it stay all proceedings pending before Judge Fasanya below pending the final determination of this motion and of my Article 78 petitions, and that it grant me such other and further relief as it deems just and proper.

_____
MANUEL P. ASENSIO

Sworn to before me this
15 day of September, 2017

_____
Notary Public

MATTHEW EDWARD BEATUS
Notary Public, State of New York
No. 02BE6299565
Qualified in New York County
Commission Expires March 24, 2018

6

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date __Sept 15 2017__

Title
of
Matter __Asensio v. Bosak__

Docket #
Index/Indict # __V-~~438~~ 438398__
__38917__
__File# 128425__

Appeal
by __Petitioner__ from

(order)
(judgment) of
decree

Supreme
Surrogate's
(Family)

County __New York__

Court entered on __June 30__ 20 __17__

Name of
Judge __Adetokunbo Fasanya__

Notice of Appeal
filed on _____, 20 __17__

If from administrative determination, state agency _____

Nature of
action
or proceeding __Custody Proceeding in Family Court__

Provisions of

(order)
judgment appealed from
decree
__Order holding Petitioner in contempt of Court & remanding him to the Dept of Corrections__

This application by __(appellant) respondent__ is for __leave to appeal Family Court order & for stay of underlying Proceedings__

If applying for a stay, state reason why requested __Petitioner fears further incarceration & has filed a pro se Article 78 proceedings against Judge Fasanya.__

Has any undertaking been posted __No__ If "yes", state amount and type _____

Has application been made to
court below for this relief __No__

If yes, state
Disposition _____

Has there been any prior application
herein in this court __Yes__

If "yes", state dates
and nature __There have been 6 applications to this court although only one of them on May 26 2017, sought to stay the contempt hearing in Family Court__

Has adversary been advised
of this application __Yes__

Does he/she
consent __No__

Attorney for Movant      Attorney for Opposition

Name _Mitchell Cantor_     _Carmen Restivo, Esq_

Address _355 Lexington Ave_    _299 Broadway Suite 1415_

_Suite 401_      _New York, NY 10007_

_NY NY 10017_     _(718) 467-3998_

Tel. No. _(212) 679-7820_

Appearing by _Mitchell Cantor_     _Carmen Restivo_

**(Do not write below this line)**

**DISPOSITION**    _Application denied._

_motion for leave to appeal and for stay submitted for_
_expedited decision as below._

_MarcelMc_      _9/15/17_

Justice   MLK      Date

Motion Date _10/13_    Opposition _10/6_    Reply _10/13_

EXPEDITE _✓_    PHONE ATTORNEYS _____    DECISION BY _____

_EW_

ALL PAPERS TO BE SERVED PERSONALLY.      Court Attorney

"Revised 02/01"