JUDGE FAILLA

APR 1 6 2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Manuel P. Asensio, individually and as the parent
of Eva Asensio, a minor child,
                         Plaintiffs,
   -against-

The Hon. John G. Roberts, Jr., Chief Justice of the United
States and Presiding Justice of the Judicial Conference of
the United States, the Hon. Robert A. Katzmann ("Judges
Katzmann"); the Chief Judge of the United States Court of
Appeals for the Second Circuit; and the Hon. Ronnie
Abrams, a justice of the US District Court for the Southern
District of New York.
                  Defendants.

19 CV 03384

CV_____

**CIVIL RIGHTS COMPLAINT**

**JURY TRIAL DEMANDED**

---

## I.    INTRODUCTION AND SUMMARY

1.    The Plaintiff, Manuel P. Asensio, files this complaint individually and on behalf of his daughter, Eva Asensio. Eva was born on October 14, 2004. Eva is a baptized Christian and received Reconciliation and the Eucharist in the Catholic Church. Eva is preparing for her Confirmation.

2.    On April 5, 2019, Manuel P. Asensio, the Plaintiff, filed a Notice of his 28 U.S.C. §§ 351–364 complaint dated March 5, 2019[1] ("March 5, 2019 Complaint") with the Chief Justice of the United States, John G. Roberts, Jr., in his capacity as Presiding Justice of the Judicial Conference of the United States. The April 5, 2019 Notice states that neither the Hon. Chief Justice nor his representative had acknowledged receipt of the March 5, 2019 Complaint.

3.    The March 5, 2019 Complaint concerns *ultra vires* actions that were taken under the cover of the so-called <u>domestic relations exception to [Article III and] federal subject matter jurisdiction</u>. The April 5, 2019 Notice begins with the following statement:

> The undersigned has not received an acknowledgment of his March 5, 2019 Complaint. This matter is time sensitive. It concerns basic human rights in America. These rights were systematically abrogated through judicial misconduct and *ultra vires* actions. The government action is ongoing and deliberate. The

---

[1] The March 5, 2019 Complaint and the April 5, 2019 Notice are attached hereto as Exhibits 1 and 2.

actions are being taken for the exact and explicit purpose of affecting a minor child's religious, moral and political beliefs.

4.      The actions referred to above are being executed by the Hon. Robert A. Katzmann[2] ("Judge Katzmann"), the Chief Judge of the United States Court of Appeals for the Second Circuit, and the Hon. Ronnie Abrams ("Judge Abrams"), a justice of the US District Court for the Southern District of New York.   Their actions are the subject matter of the March 5, 2019 Complaint.

5.      Paragraph 3 of the April 5, 2019 Notice consist of the following:

With all due respect, the undersigned requests that the Hon. Chief Justice take emergency action to denounce, condemn and admonish Judges Katzmann and Abrams' conduct and give them warning, in the strongest terms possible, that they must immediately cease their deliberate misconduct and mismanagement of *Asensio et al. v. DiFiore et al.*[3] (hereinafter "Asensio v. DiFiore"). The March 5, 2019 Complaint demonstrates that Judges Katzmann and Abrams are making a concerted and collaborative effort to prevent the *Asensio v. DiFiore* case from being heard by a jury. These judges are aware that the *Asensio v. DiFiore* case exposes massive corruption in New York County's domestic relations business and that this business will not survive if it is exposed in the press. Accordingly, they engaged in ex parte communications with Janet Marie DiFiore ("DiFiore"), the Chief Judge of New York State to plant a negative story about the undersigned, and the *Asensio v. DiFiore* case, in the New York *Daily News*.  The Hon. Chief Justice must take immediate action to remedy the harm they caused the undersigned, and his daughter, and their case, through their behavior to plant their story in the *Daily News*.

6.      *Asensio v. DiFiore*'s cause of action originates from DiFiore's retaliation against the Plaintiff. As alleged in the *Asensio v. DiFiore* complaint's opening paragraph:[4]

---

[2] Judge Katzmann is a member of the US Judicial Conference. The Hon. Chief Justice appointed Justice Katzmann to the US Judicial Conference Committee on the judicial branch, where he serves as chair. Justice Katzmann is also a member of the Executive Committee of the US Judicial Conference and chair of the Supreme Court Fellows Commission.

[3] The Defendants in *Asensio v. DiFiore* are Janet Marie DiFiore, chief judge of New York State; Barbara Underwood, former attorney general of New York State; Andrew M. Cuomo, governor of New York State; Adetokunbo O. Fasanya, New York County Family Court magistrate; and Emilie Marie Bosak, Eva Asensio's mother.

[4] A copy of the complaint's first page is including in Exhibit 1 Exhibit 2 of the March 5, 2019 Complaint, which itself in hereto.

It is an indisputable and undeniable fact that New York State Chief Judge Janet Marie DiFiore ("Defendant DiFiore") retaliated against the Plaintiffs as a direct response to the Plaintiff's investigations into Defendant DiFiore's ongoing malicious use of the federal courts' so-called "domestic relations exception to Article III or federal subject matter jurisdiction." The Plaintiffs define the acronym "DRE" as the "domestic relations exception." Defendant DiFiore uses the DRE to protect her ability to use her powers[5] wantonly, as she has done in the Plaintiff's post-divorce judgment actions against Emilie Marie Bosak ("Defendant Bosak") and to protect her impermissible 'use tax' scheme and her malicious domestic relations process. The process is entirely based on deliberate and malicious fabrications that are created without legitimate jurisdiction, rules, controls, standards, or codes. The process' central purpose is the fabrication of charges, evidence, fees and judgments based on concealed impermissible ideological rules. The Plaintiff defines the acronym "PIDRP" to mean Defendant DiFiore's "prohibited and impermissible domestic relations process." The DRE is a counterintuitive, counterfactual, prejudicial and unsupported blind sanctioning of Defendant DiFiore's wanton crimes against the public.

7.      Paragraph 9 of the *Asensio v. DiFiore* complaint states that:

The Plaintiff is challenging the federal courts' use of the so-called "domestic relations exception to Article III or federal subject matter jurisdiction" ("DRE") in this case involving  conscious government wrongdoing in a simple, normal, routine, post-divorce judgment child custody dispute exclusively concerning private matters, such as religion and private moral and political beliefs, where government jurisdiction is legally most limited and where there are allegations of government action … [to] fabricate jurisdiction…

8.      As demonstrated in the March 5, 2019 Complaint, Judges Katzman and Abrams purpose in planting their story in the New York *Daily News* was to sanction DiFiore's scheme to fabricate jurisdiction over strictly private family matters. The *Daily News* story is their communion with DiFiore. The commune is a group of New York federal judges that are allowing DiFiore to deliberately cause misunderstanding for political purposes. They use agitation, aggravation,

---

[5] Defendant DiFiore is the Chief Judge of the State and the Court of Appeals. She is also the Chair of the Administrative Board of the Courts, which sets the state's judicial standards and policies, the Head of the Office of Court Administration, and the sole state official responsible for the supervision of the Justice Department's ethics and judicial conduct education. She holds the state's only power under Judiciary Law §212(1) (h) to directly investigate judicial misconduct, while controlling, along with the governor, the state's commission for the adjudication of judicial misconduct.

disturbances and disruptions in civil, peaceful, good American lives, such as that of the Plaintiffs, to create income streams for their political schemes.  They fabricate conflict and confrontation. As a result, Judges Katzman and Abrams have made themselves material witnesses in the *Asensio v. DiFiore* case. Specifically, Judges Katzman and Abrams' misconduct is evidence that a basic part of DiFiore's retaliation against the Plaintiffs is her role in the fabrication of her December 29, 2015 story.

## THE DRE IS A SHIELD FOR *ULTRA VIRES* ACTIONS
## AND THE ANTITHESIS OF FAIR AND EFFECTIVE ADMINISTRATION OF JUSTICE

9.      The *Asensio v. DiFiore* case is not about the distinction between what is truly national and what is truly local.  The *Asensio v. DiFiore* case is about what it strictly non-economic, private, moral, and religious, which must be free from what any government, state or federal, has any right to regulate and what it does not.  The federal state process to establish this clear line between the political and the legal in private lives has been disturbed by the DRE.

10.     The March 5, 2019 Complaint demonstrates that the Hon. Chief Justice has taken *ultra vires* actions. These *ultra vires* actions are not only beyond the power of the Chief Justice but exceed the power of the US Congress.  It is US law that citizens must have the right to access US Courts to protect themselves from state government actors that pretend to regulate the "habitations…the chambers and nurseries of private families, and … the morals and habits and affections or antipathies of the members of every household."[6]  By allowing federal judges to use the DRE to protect *ultra vires* state actions in US courts, the Hon. Chief Justice is allowing New York federal judges (Judges Katzmann and Abrams) to use his own strictly administrative authority to allow DiFiore to operate the PIDRP. The PIDRP is essentially a process that allows New York State family court judges, which in the *Asensio v. DiFiore* case are appointed by New York City's Mayor, to act as a general political police power within New York State.

11.     *Asensio v. DiFiore* reveals that DiFiore, who was a member of the Republican party, is not truly interested in "social" justice, but economics. The unlawful usurping of parental authority, and the aggravation, agitation, disruptions and disturbances that New York State caused the Plaintiffs' in the *Asensio v. DiFiore* case was profitable for New York State and its political agents.

12.     The March 5, 2019 Complaint demonstrates the gravity of the harms that the politically fabricated DRE is causing to America's constitutionally protected rights and civil private life.

---

[6] See pages 13 and 14, paragraphs 45 thru 47 of the March 5, 2019 Complaint.

**THE 18-B LAWYERS' ROLE IN CAUSING PROBLEMS THAT MAKE THE STATE MONEY**

13.     The *Asensio v. DiFiore* case is that DiFiore is operating a post-divorce judgement system to process complaints by non-custodial parents that deliberately causes problems for families and that New York State makes money on this process. Nationally in over 80% of cases the non-custodial parent is the male.[7]  The essence of the complaint is that DiFiore supplements her family court funding by illegally[8] and grossly overcompensating 18-b lawyers in private cases and then having those same lawyers provide her with free and low-cost services in her public family court cases.[9]  This is an example of the extent of the corruption that the DRE has allow DiFiore to create in New York State.

14.     DiFiore's process not only illegally charges parents but allows the 18-b lawyers to set their own rates and their own agenda without agreements with the parents on the extent of the services or budgets, or any government supervision or control.  DiFiore's process allows the 18-b lawyers to claim contempt even though these 18-b lawyers are not and cannot be parties to the action. Then DiFiore allows the family court magistrates to issue summary contempt and arrest orders to collect fees without process.

15.     DiFiore's process imposes 18-b lawyers on parents in run-of-the-mill straight forward cases; for the purpose of ignoring clear violations by the custodial parents to cause problems between parents and fabricate fees in which the state has an interest.

16.     DiFiore's process imposes 18-b lawyers on parents without confirming that their ethical, moral, political or religious beliefs are suitable for the family.  This is an extremely serious problem in New York City where the Mayor appoints is a declared socialist with a child with a drug addiction problem that is an advocate of smoking marijuana in public even in front of infants and minors.[10]

17.     DiFiore's process does not allow appeals of the illegal 18-b lawyer appointment orders until after the case is final at the trial level.  This is an obvious fraud. By the end of the trial, which is conducted without a jury, the damage has been done. In any case, an appeal is certainly not at all a fair or economic solution to parents faced with DiFiore's 18-b gobbledygook circumstances.

---

[7] DiFiore has refused to make any disclosure about awards of full custody in pre-divorce contested custody cases. DiFiore has blocked the Plaintiff's attempts to obtain this information through administrative and legal processes.

[8] New York State requires the county to pay the cost of any 18-b lawyer appointed in a family county court.  Half the state (the 3rd and 4th Ads) respects that law. The other half (the 1st and 2nd Ads) ignores the law.

[9] These are child abuse, child neglect, child abandonment, juvenile delinquents and parental rights termination cases.

[10] The March 5, 2019 Complaint contains a full disclosure on the Plaintiff's background and the origins of this federal case.

18.     DiFiore's process allows ex parte communications between family court magistrates and the 18-b lawyers. These are individuals with irregular law practices to begin with, they are already dealing with the family court in other public cases.  This creates an enormous bias and conflict for the parents, this is a government *ultra vires* that is being forced on parents due to the DRE. It is a normalization of an extremely controversial *ultra vires* intrusion in private life by government.

19.     For all the above reasons, the Plaintiff withdraw from the process, and on May 15, 2014 commenced formal a family court magistrate and an 18-b lawyer in New York County Family Court. At the time, the Plaintiff was not aware both the family court magistrate and 18-b lawyer were acting under the protection of Judge Katzmann and the DRE.

20.     The above example of the corruption that the DRE has created in New York State is the money-motive for New York State.  It is malicious under the Judicial Conferences' standards for justice, and just and fair process.[11]

## II.     BASIS FOR JURISDICTION

21.     This complaint is brought pursuant to 18 U.S.C.A. §241; 28 U.S.C.A. §1443 and 42 U.S.C.A. §1983; §1985; §1988 and Federal Rules of Civil Procedure Rule 9 and Rule 38 and demands a trial by jury on all issues contained herein pursuant to the Seventh Amendment of the U.S. Constitution to recover compensatory and punitive damages from the Defendants for intentionally depriving the Plaintiff of his civil, property and due process rights as provided in the Fourteenth Amendment of the U.S. Constitution and New York State laws including his legal rights to seek protection and redress in the US Courts, and New York State, and for conspiring and intentionally using prohibited and impermissible processes, false manufactured evidence and prohibited, impermissible and intentional conduct to deny and disparage the Plaintiff's unenumerated rights as provided in the Ninth Amendment of the U.S. Constitution.

22.     Among the Plaintiff's most important federal rights is the right to be protected against an state *ultra vires* action, state government using executive power to fabricate subject matter jurisdiction, to fabricate charges that do not exist in the state's law texts, to manufacture evidence to intentionally deprive the Plaintiff of his private property and to conceal their misconduct through  prohibited and impermissible procedural manipulations and brute in-court police force for the sole and intentional purpose of avoiding federal jurisdiction. This action is brought pursuant to 42 U.S.C. §1983, §1985 and §1986 and Fourth and Fourteenth Amendments.  Jurisdiction is

---

[11] The March 5, 2019 Complaint contains reference to the Judicial Conferences' justice issues, goals and strategy to achieve effective administration of justice.

founded on 28 U.S.C.A. §1331 and §1343(1) (2) (3) (4) and the statutory and constitutional provisions.

23.     Plaintiff further invokes the pendent jurisdiction of this court to consider claims arising for the denial of rights under state law including New York State's CPLR §136, §600.6, §600.3, §640, §640.10, §640.9, §3016, §3200 and §5015 and Judiciary Law ("JL") §35, §36, §36.2, §604.1, §604.2, §753, §756, § 770, §772, and §773 and Family Court Act ("FCA") §145, §245 and §248 and §424-a, and Domestic Relations Law §245, and New York Penal Code §10 containing the definitions of an offense, crime, felony, public servant and benefit, §15.05 defining culpability and culpable mental states, §20.00 Criminal liability for conduct of another, § culpability, corrupt use of position, public corruption, official misconduct, conspiracy, coercion, scheme to defraud and larceny. New York Constitution Article 6 §23(a) and New York Executive Law Article 5 §63 and §63-a (8) that are applicable to the inherent duties of the state official towards the Plaintiffs.

1
2
3

**II. <u>THE PARTIES</u>**

4

**A.       PLAINTIFF INFORMATION**

5
6       Plaintiff 1:    Manuel                 P.                    Asensio                          .
7                       First Name           Middle Initial         Last Name

8                       400 East 54th Street, Apt. 24-B                                              .
9                       Street Address

10                      New York                              NY                    33131            .
11                      County, City                          State                 Zip Code

12                      (917) 515-5200                  mpa@asensio.com                              .
13                      Telephone Number               Email Address (if available)

14

15      Plaintiff 2:    Eva                   V.                    Asensio        ("Plaintiffs Daughter")
16                      First Name           Middle Initial         Last Name

17                      355 East 72nd Street,  Apartment 17C                                         .
18                      Street Address

19                      New York               New York           10021                             .
20                      County, City           State              Zip Code

**B.      DEFENDANT INFORMATION**

Defendant 1:      John      G.      Roberts, Jr.                                    .
                  First Name    Middle Initial     Last Name

                  Chief Justice of the US Supreme Court and Presiding Judge of the US Judicial
                  Conference.
                  Current Job Title (or other identifying information)

                   1 First Street, NE
                  Current Work Address (or other address where defendant may be serviced)

                  Washington, DC                              20543.
                  County, City                 State              Zip Code


Defendant 2:   Robert  A.            Katzmann.
               First Name            Last Name

               Chief Judge of the US Court of Appeals for the Second Circuit                  .
               Current Job Title (or other identifying information)

                40 Center Street (40 Foley Square)
               Current Work Address (or other address where defendant may be serviced)

               New York              New York         10007                      .
               County, City              State              Zip Code


Defendant 2:   Ronnie              Abrams                              .
               First Name          Last Name

               US District Court Judge, New York Southern District of New York          .
               Current Job Title (or other identifying information)

                40 Center Street (40 Foley Square)
               Current Work Address (or other address where defendant may be serviced)

               New York              New York         10007                      .
               County, City              State              Zip Code

### III.     FEDERAL SUBJECT MATTER JURISDICTION

### A.     FEDERAL QUESTION JURISDICTION

24.     The March 5, 2019 Complaint demonstrates that the Hon. Chief Justice, or his deputy or representative action under his authority at the Judicial Conference, has taken *ultra vires* actions to allow the Article III exclusion of civil rights by New York federal judges. These *ultra vires* actions are not only beyond the power of the Chief Justice but exceed the power of the US Congress.

25.     The Plaintiff claims Federal Question Jurisdiction over these pleadings pursuant to 28 U.S.C. § 1331, to address ongoing violations of Federal Law.

### B.  FEDERAL FACT ISSUES

26.     By allowing Judges Katzmann and Abrams to use the DRE the *Asensio v. DiFiore* case as a shield they have secretly sanctioned DiFiore to use her administrative powers under New York Constitution Article VI § 28 [Administrative supervision of the courts] and New York Constitution Article VI § 30 [Regulation of jurisdiction, practice and procedure of the courts] to thwart the Plaintiff's actions against Judge Abrams.  Together they have acted and continue to act in an impermissibly, dilatory, evasive, obstructive, contumacious and unauthorized manner to conceal and stifle the *Asensio v. DiFiore* case.

27.      By allowing Judges Katzmann and Abrams to use the DRE the *Asensio v. DiFiore* case as a shield DiFiore has denied the Plaintiff's rights under FCA § 145, which deliberately, unequivocally and unambiguously abrogates the immunity of family court judges in New York Family Court and under FCA §§ 245 and 248, which is legislation enacted to deliberately, unequivocally and unambiguously command family court magistrates in New York Family Court to charge the state for the cost of an attorney they appoint to represent a child.

28.     By allowing Judges Katzmann and Abrams to use the DRE the *Asensio v. DiFiore* case as a shield for deliberate violations of FCA §§ 245 and 248, DiFiore not only manufactures taxes without legislation or representation but can make payments to judicial appointees that provide the UCS with services in other matters.

29.     By allowing Judges Katzmann and Abrams to use the DRE the *Asensio v. DiFiore* case as an shield to allow abuse of the discretion on FCA § 1112 under an unpublished administrative order,

DiFiore yields extraordinary power to prolong and complicate simple, routine, private, normal post-divorce judgment custody cases to subsidize the cost of family court cases.

30.    By allowing Judges Katzmann and Abrams to use the DRE the *Asensio v. DiFiore* case as an shield collusion New York State has created an absolute power within the state government that is allowed through appointment process of the Chief Judge and all of the members of the New York State's Administrative Board of the Courts ("ABC"), the control of the New York State Commission on Judicial Conduct, vesting in the Chief Judge who individually controls the UCS' Office of Court Administration ("OCA"), the New York State Judicial Institute, State Advisory Committee on Judicial Ethics ("NYSACJE") and UCS Department of Public Safety ("NYSDPS").

31.    By allowing Judges Katzmann and Abrams to use the DRE the *Asensio v. DiFiore* case as a shield, the New York District Attorney ("NYDA") has two different roles in PIDRP. The NYDA's Public Corruptions Unit is refraining from processing complaints against judges in family court and in the Supreme Court who protected the family court judges, and the NYDA's Domestic Violence Unit ("DVU") that manufactured the December 29, 2015 false charges against the Plaintiff.

32.    By allowing Judges Katzmann and Abrams to use the DRE the *Asensio v. DiFiore* case as a shield DiFiore has made it obvious to the Plaintiff that she will not restrain herself from using corruption to commit unconstitutional seizures of money from the Plaintiff, and she will not restrain other judges from using corruption to restrain, intimidate, and instill fear in the Plaintiff for acting to exercise his parental rights.

## IV.    DAMAGES AND RELIEF SOUGHT

33.    Against all the Defendants for breaching a ministerial duty, civil rights violations, due process violations, unauthorized enterprise, obstruction of justice, tampering with evidence and witnesses, conspiracy, malicious abuse of legal process, extortion and subornation the *Asensio v. DiFiore* case. Plaintiff prays to recover $15,000,000.00 in compensatory damages and $30,000,000.00 in punitive damages.

34.    Against all the Defendants for fraud, civil rights violations, due process violations, criminal enterprise, obstruction of justice, tampering with evidence and witnesses, conspiracy, malicious abuse of legal process, extortion and subornation the *Asensio v. DiFiore* case. Plaintiff prays to recover $15,000,000.00 in compensatory damages and $30,000,000.00 in punitive damages.

## V.    STATEMENT OF CLAIMS FOR THE DAMAGES AND RELIEF SOUGHT

35.    The Plaintiff firmly, without doubts or apprehensions, advised Judge Abrams in the *Asensio v. DiFiore* case that DiFiore is using New York State's Constitution Article 6 §28 [Administrative supervision of the courts] and Article 6 §30 [Regulation of jurisdiction, practice, and procedure of the courts] ("Article IV") to fabricate the PIDRP and to abrogate the Part 100 Rules so that the family court magistrates and the superior trial and appeal judges in the New York Supreme Court take *ultra vires* actions against the Plaintiffs.  This process, the PIDRP, is being protected by the DRE and Judge Katzmann and Abrams mismanagement of the DRE and the March 5, 2019 Complaint.

**FIRST CLAIM FOR DAMAGES AND RELIEF**

18 U.S.C.A. §241 – Conspiracy against civil rights
(Against Both Defendants)

36.    Plaintiff repeats the foregoing allegations in all preceding paragraphs as if set forth fully at length herein.

37.    The Defendants conspired to violate the Plaintiff's civil and due process rights by deliberately and maliciously refraining for performing duties that are inherent to their official positions and their common sense, natural, inherent duties to the Plaintiff in the *Asensio v. DiFiore* case and as a  noncustodial parent, the ignoring, disregarding and acting to thwart and stifle the Plaintiff's complaints.

38.    WHEREFORE, Plaintiff prays to recover $5,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages.

### A.  SECOND CLAIM FOR DAMAGES AND RELIEF

42 U.S.C.A. §1983; §1985 and § 1986 – Civil action for deprivation of rights protected by 9th and 14th Amendments
(Against All Defendants)

39.    Plaintiff repeats the foregoing allegations in all preceding paragraphs as if set forth fully at length herein.

40.     Acting under color of State law, the Hon. Chief Justice has negligently failed to instruct, supervise, control and discipline his employees in the Judicial Conference of their duties to refrain from allowing the DRE to be used to:

    a.) unlawfully and maliciously harassing citizens and residents in New York State's Family Court in New York County who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

    b.) unlawfully and maliciously assault citizens and residents in New York State's Family Court in New York County, who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

    c.) conspiring to violate the rights, privileges and immunities guaranteed to citizens and residents by the Constitution and laws of the United States and the laws of the State of New York in New York State's Family Court in New York County; and

    d.) Otherwise depriving citizens and residents of their constitutional and statutory rights, privileges and immunities in New York State's Family Court in New York County.

41.     Defendants had actual knowledge that its judges and judicial employees had committed acts substantially like those described in this the *Asensio v. DiFiore* case, but failed to diligently exercise their responsibilities to instruct, supervise, control, and discipline its agents and employees.  Defendants knew or should have known of deprivations of constitutional rights and violations of laws alleged herein were likely to continue to take place.  Defendants had power to prevent or aid in the prevention of the commission of said wrongs, could have done so with reasonable diligence, but grossly and recklessly neglected, failed or refused to do so.

42.     Defendants had authority and were required by statute and ordinance to exercise due diligence to instruct, supervise control and discipline its DiFiore on a continuing basis, but intentionally, recklessly or negligently failed to perform such duties as required by law and ordinance.

43.     Defendants, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of defendants' judges and judicial employees and Defendant DiFiore in the *Asensio v. DiFiore* case and failed to exercise their duties and responsibilities, as aforesaid.

44.     The acts and omissions of Defendants constitute intentional conduct or gross negligence under § 1983, §1985 and § 1986 of Title 42 of U.S. Code.

45.     As a direct and proximate result of the acts, conduct and omissions of the Defendants as set forth above, Plaintiff suffered economic, financial, physical and verbal abuse, medical and other expenses, severe mental anguish and emotional distress in connection with the deprivation of plaintiff's constitutional and statutory rights guaranteed by the Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution -of the United States and protected by Title 42 United States Code §1983, § 1985 and 1986 and the Constitution and the laws of the Commonwealth.

46.     WHEREFORE, Plaintiff prays to recover $5,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages.

### B.  THIRD CLAIM FOR DAMAGES AND RELIEF

42 U.S.C.A. §1985 – Conspiracy to interfere with civil rights
(Against All Defendants)

47.     Plaintiff repeats the foregoing allegations in all preceding paragraphs as if set forth fully at length herein.

48.     Defendants acted together in a conspiracy to allow DiFiore to violate state and federal law under the protection of the DRE and to harm Plaintiff.

49.     The unlawful actions of the Defendants are continuing and should be enjoined.

50.     WHEREFORE, Plaintiff prays to recover $5,000,000.00 in compensatory damages and $10,000,000.00 in punitive damage.

### C.  FOURTH CLAIM FOR DAMAGES AND RELIEF

42 U.S.C.A. §1985 – Conspiracy to interfere with civil rights
(Against All Defendants)

51.     The Hon. Chief Justice's acts, or the acts of others without the Hon. Chief Justice's consent, with the Judicial Conference's members, including Judge Katzmann, directly caused the Plaintiffs' damages including those suffered after Asensio v. DiFiore was files.

52.     The unlawful actions in the Judicial Conference are continuing and should be enjoined.

53.     WHEREFORE, Plaintiff prays to recover $5,000,000.00 in compensatory damages and $10,000,000.00 in punitive damage.

## VI.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

   April 12, 2018                                                                            
        Dated                                                Plaintiff's Signature

Manuel                         P.                        Asensio                          .
First Name                Middle Initial              Last Name

641 Lexington Avenue, Suite 1533   .
Street Address

New York                                  NY                          10022            .
County, City                           State                      Zip Code

(917) 515-5200                    mpa@asensio.com                            .
Telephone Number              Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.