UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent of Eva Asensio, a minor child,

        Plaintiffs,

-against-

Janet DiFiore, Chief Judge of New York State; Barbara Underwood, Attorney General of New York State Andrew M. Cuomo, Governor of New York State; Adetokunbo O. Fasanya, New York County Family Court Magistrate; and Emilie Marie Bosak, individually,

        Defendants.

**18-CV-10933**

**JURY TRIAL DEMANDED**

---

**OPPOSITION TO MOTION TO DISMISS:
AFFIDAVIT ACCUSING THE HON. RONNIE ABRAMS OF COLLUSON AND
CRIMINAL INDIFFERENCE TO CIVIL RIGHTS
AND CONDEMNATION OF THE DRE**

1. I, Manuel P. Asensio, swear that I am the Plaintiff in the above cited federal civil rights complaint, and the affiant in this Affidavit. I solemnly swear that I am fully familiar with the facts, factors and circumstances contained in this affidavit. I solemnly swear that the statements I make here are complete and true to the best of my knowledge including any matters stated upon personal information and belief, and that I consider all facts, factors and circumstances that are necessary to consider in making any statement based on personal information and belief.

2. Today, Defendant Bosak's attorney entered the following statement into the record: "today it has been made clear to me that **my client has intentionally misrepresented her plan to proceed pro se**, and instead has sought to retain the services of another law firm…[an email from Defendant Bosak's new attorney] is **indisputable evidence that Ms. Bosak has no intention whatsoever as proceeding pro se** and is simply continuing to avoid compensating me for my services provided to her…despite Ms. Bosak's instance that she does not have money to pay me for my legal services, I **have considerable evidence that demonstrates otherwise."**

3. Defendant Bosak has had Susan Moss and Alexis Wolff at her beck and call since August 2010. Before this she employed a Joel Burnstien, who is Stefano Chitis' $1,000 an hour former attorney. Defendant Fasanya action to conceal Mr. Chitis' agreement with Defendant Bosak is clear evidence of his collusion with Defendant Bosak.

4.     Judge Abrams is supposed to be a national US Constitutional leader. Instead, Judge Abrams, an individual privileged by birth, has reduce her office to collude with Defendant DiFiore, who in turn has been colluding with Defendant Fasanya, a magistrate sitting in the inferior limited jurisdiction New York County Family Court. Defendant DiFiore has been colluding with Defendant Bosak effectively since she was sworn into office in January 2016. Defendant DiFiore has done so with increasing gravity and seriousness until today. There is clear evidence that Defendant Fasanya is unfit to have been appointed a judge, that he was engaged in a kick-back scheme with his wife, and that Fern Fischer, the former New York Deputy Chief Administrative Judge, protected Defendant Fasanya. The fact is that Defendant Fasanya was an 18-b family court lawyer who is unqualified to serve as a judge and should never have been appointed by Mayor DeBlasio as a family court judge and should never have been used to retaliate against the Plaintiff. The fact that Judge Abrams reduce herself and her office to fabricate a news story based is the product of illegal and criminal conduct by Defendant Fasanya and Defendant Bosak.

5.     In September 2015, Defendants Fasanya and Bosak colluded to create the appearance that Defendant Bosak could not afford to continue to pay Susan Moss and Alexis Wolf and was going to proceed pro se. From September 2015 to January 2016, Defendants Fasanya and Bosak colluded to effectively terminate the Plaintiff's parenting and civil rights. On January 15, 2016, Susan Moss and Alexis Wolff surfaced with a fabricated motion to suspend the Plaintiff's parenting rights, which were already effectively non-existing. The application was based on hogwash fabrications about December 29, 2015. I appeared. When I referred to Defendant Fasanya's proceeding that had allowed Susan Moss and Alexis Wolff to withdraw, Defendant Fasanya screamed at the top of his lungs into the microphone so loudly that the speakers in the courtroom crackled. With his eyebrows pushed down and towards the middle, his forehead wrinkled, his nostrils flared he screamed that this was his business not mine. I froze but I was determined. I calmly stated on the record the facts that Defendant Bosak's application was fatally flawed because she was on a beach in Mexico smoking marijuana sitting and posting pictures of herself naked on Instagram and that she had left the country without notice in clear violation of the Plaintiff's rights under the State's judgement of divorce at all times relative to the matters concerning December 29, 2015. Defendant Fasanya, in an act of clear collusion with Defendant Bosak, ignored the Plaintiff shamelessly, and with his mouth smiling, and slightly raised eyebrows and head lifted, he laughingly and proudly showed off the fact that he was colluding with Defendant Bosak, that he was fully informed of the scheme, that he was getting revenge against the Plaintiff.

6. For the record, I once again, repeat. I withdrew myself and my petitions that were before Defendant Fasanya on May 15, 2014, in direct and immediate response to Defendant Fasanya's collusion with Defendant Bosak on May 15, 2014. Nonetheless, Defendant Fasanya continued the proceedings sole and exclusively to harass, intimidate me by colluding with Defendant Bosak and Carmen Restive in fabricating fake invoices and unauthorized contempt and summary arrest orders against the Plaintiff.

7. The Plaintiff's appearance on January 15, 2016 was to protect himself from Defendant Fasanya continuing fraudulent acts to financially destroy and emotionally destroy him. However, the Plaintiff was determined to protect his daughter. He did not know at the time that the corruption he had witnessed in family court originated with the Hon. John G. Roberts, Jr., the Chief Justice of the US Supreme Court. It is Chief Justice Roberts that has secretly fabricated a federal family law policy that illegally keeps US citizens out of federal court. He did so without authority or notice to anyone. Chief Justice Roberts' family court policy consciously allows the states to profit from peremptorily trampling on US citizens' most unilateral rights and most comprehensive freedoms. The operation of Chief Judge Roberts' family law policy requires the design and operation of a massive and extremely dangerous organization of corrupt federal judges.

8. As a matter of fact, and absolute truth, Judge Abrams has acted dishonestly and prejudicially against the Plaintiff and his daughter, Eva Asensio. Is Judge Abrams going to pretend that she didn't collude with Defendant DiFiore by deliberately fabricating an order filled with falsehoods? Is Judge Abrams going to pretend that she doesn't know and doesn't understand that Defendant DiFiore used her order to defame and slander the Plaintiff in the New York Daily News? Is Judge Abrams going to deny the plain fact that the December 29, 2015 fabrications are absolutely central to the New York Daily News article? Is Judge Abrams going to deny the fact that the December 29, 2015 fabrications are the single most damaging piece of evidence against <u>all</u> of the Defendants proving beyond a reasonable doubt their collusion and proving that they acted in clear absence of jurisdiction and without a state purpose? Is Judge Abrams simply certain that Judge Katzmann will protect her? Or is Judge Abrams planning to perjure herself when and if she is questioned about his and her motives of fabricating a one-sided stay, ignoring the Plaintiff's prayer to narrow the DRE and immunity issues, the December 29, 2015 fabrications? Is Judge Abrams going to argue that she does not see, does not believe that Judge Katherine Polk Failla acted to protect her and Defendant DiFiore when she fabricated a dismissal of *Asensio v. Roberts*?

9. Judge Abrams' denied the Plaintiff's recusal motion that is based on strict and commanding instruction contained in federal law, in a Judicial Conference Cannon and a Legal Advisory Opinion entered by the Judicial Conference's Committee of Judge Conduct. She did do in clear and deliberate violation of reason, the truth and law. She has NO authority to engage in factual or legal interruption of these commanding three laws that are binding on ALL federal judges and intend to protect public from corrupt acts by federal judges. Judge Abrams' decision deny this mandated recusal is evidence of her state of mind, her motives to continue to act against the Plaintiff and his daughter, Eva Asensio.

10. Undeniable proof of Judge Abrams' prejudicial conduct is her joining with the Defendants to interfere with the Plaintiff's relationship with his daughter, Eva Asensio. Judge Abrams' ignored the Plaintiff's letter motion pleadings for mercy by referring to Judge Abrams' and her brother's close and loving relationship with their father.

11. Judge Collen McMahon was also raised in a beautiful family.[1] Yet Defendant DiFiore, Judge Abrams and Judge McMahon are colluding against the Plaintiff a productive citizen that raised himself and his family, that could not have been a kind, more attentive, supporting husband to Defendant Bosak and more loving dedicated father.

12. Eva is the Plaintiff's daughter. Eva is the victim of New York State's corrupt politics and financial corruption in its post-divorce judgment enforcement system. Eva's damages are a direct result of the collusion between Defendant Bosak, her own mother, and Defendant Fasanya, and Defendant DiFiore's collusion with them. Without the protection from Defendant Cuomo and James' there would be no protection under which Defendant DiFiore could operate her $350,000,000 a year fraudulent post-divorce judgment enforcement scheme.

13. Due to Judge Abrams' prejudicial acts and dishonest conduct executed in clear absence of her jurisdiction and her illegal use of her official position, and Eva's damage have been greatly exacerbated. Does Judge Abrams worry about the impact on Eva of her collusion with Defendant DiFiore to plant a story filled with falsehoods in the New York Daily News?

14. The domestic relations exception to federal subject matter jurisdiction ("DRE") is an act of conscious concerted federal judicial wrongdoing for corrupt purposes. It allows state judicial

---

[1] http://www.fedbar.org/PDFs/Past-Judicial-Profiles/Second-Circuit_1/McMahon-Hon-Colleen.aspx

corruption against state citizens' most unilateral rights and most comprehensive freedoms and liberties. The DRE is the origins of this complaint. A testament of the audacity of the federal judges dishonesty is their claim that in some mysterious way, they had a right to deny the American People to their Article III right to access federal constitution justice because the US Congress hadn't caught on to their scheme. This US Supreme Court itself deliberately misrepresents the origins of the DRE claiming that Barber v. Barber gives them authority.  First, nothing can give the federal judges to fabricate a scheme to deny US citizens their Article III to defend their freedom against state corruption.  Second, Barber v. Barber stand for the direct opposite.

15. In fact, Barber v. Barber the 1858 US Supreme Court case claimed to be the origins of the DRE decrees a clear and stern warning to federal judges against the disclaiming of jurisdiction over the design and operation of a state's custody process stating:

> It is not in accordance with the design and operation of a [state] Government . . . [to] assume to regulate the domestic relations of society . . . [to take an] inquisitorial authority, [in order to] enter the habitations and even into the chambers and nurseries of private families, and inquire into and pronounce upon the morals and habits and affections or antipathies of the members of every household . . . [this is the case] whether [a state statute] expressly conferred upon the State courts, or tacitly assumed by them, their example and practice cannot be recognized as sources of authority by the courts of the United States. The origin and the extent of their jurisdiction must be sought in the laws of the United States. Barber v. Barber, 62 US 582 (1858)

16. The DRE is a profound and monumental betrayal by the federal judges of the American People's most unilateral rights and most comprehensive freedoms and liberties, and of their duty to the US Constitution, US Congress and US President. All of the federal trial and appeal judges, and administrators are culpable. Plainly speaking the DRE is illegal and unconstitutional. It is an act of criminal indifference to all US citizens' civil rights. It was created and exists solely and exclusively through coordinated and concerted dishonest efforts of the federal judiciary acting wrongfully, without authority. It was fabricated privately at the US Judicial Conference.

17. This complaint is against the DRE and names the DRE as the origins of all of the Plaintiffs' damages, the harm done to the Plaintiff and his daughter, Eva Asensio by the State Defendants.  The complaint could not be a clearer, more explicit and direct condemnation and challenge to the DRE

and the New York federal judges' dishonest use of immunity doctrines to protect the New York State corruption that the New York federal judges themselves allowed to come into existence.

18. Since she was assigned this case, the Hon. Ronnie Abrams devoted herself to protect the DRE by colluding with the State Defendants in this action. This has substantially and deliberately aggravated the Plaintiff's damages and harms. Adding insult to injury, US Court of Appeals for the Second Circuit Chief Judge Robert Katzmann intervene to defend Judge Abrams' decision not to recuse herself as commanded by federal law by authorizing

19. The Plaintiff swears based on real, demonstrative and verified documentary evidence, and based on his personal knowledge, information and belief, that Janet DiFiore, Chief Judge of New York State, and her agents working in the Office of Court Administration, acted to collude with Defendant Fasanya against the Plaintiff under the belief that the federal courts will provide them with cover and protection under an agreement with Judge Katzmann will allow the New York federal judges to act dishonestly by deliberately misapplying the DRE and immunity doctrine to cases to this complaint.

20. The Plaintiff swears based on real, demonstrative and verified documentary evidence and based on personal knowledge, information and belief, that Janet DiFiore, Chief Judge of New York State, and her agents working in the Office of Court Administration, conspired and colluded with each and every one of the 26 judges classified, listed and identified in this affidavit, to deliberately act in clear absence of their jurisdiction, without a legitimate state purpose, to illegally collude and agree to violate laws and judicial conduct rules, and to agree to act dishonestly, to protect Defendant DiFiore, Defendant Fasanya, and Defendant Fasanya's collusion with Defendant Bosak and to protect the design and operation of Defendant DiFiore's "<u>prohibited and impermissible domestic relations process</u>," which the Plaintiff defines by acronym "PIDRP" in this complaint.

                                              I do so swear:

                                              _____/s/_____
                                              Manuel P. Asensio

**CLASS ONE - CHIEF JUDGE OF STATE AND JUDGES OF THE COURT OF APPEALS**

1. The Hon. Justice Janet DiFiore, Chief Judge (2016-Present)
2. The Hon. Jonathan Lipmann, Chief Judge (2014-2015)

**CLASS TWO – ADMINISTRATIVE BOARD OF THE COURTS[2]**

3. The Hon. Justice Ronaldo T. Acosta, Presiding Justice of the Appellate Division, First Dept.[3]
4. The Hon. Justice Alan D. Scheinkman, Presiding Justice of the Appellate Division, Sec. Dept.
5. The Hon. Justice Elizabeth A. Garry, Presiding Justice of the Appellate Division, Third Dept.
6. The Hon. Justice Gerald J. Whalen, Presiding Justice of the Appellate Division, Fourth Dept.

**CLASS THREE – APPELLATE DIVISION, ORIGINAL PROCEEDING-CONSTIUTIONAL[4]**

1. The Hon. Justice Dianne T. Renwick (O.P. 130)
2. The Hon. Justice Sallie Manzanet-Daniels[5] (O.P. 130)
3. The Hon. Justice Judith J. Gische (O.P. 130)
4. The Hon. Justice Marcy L. Kahn (O.P. 130)
5. The Hon. Justice Anil C. Singh (O.P. 130)

**CLASS FOUR – APPELLATE DIVISION, ORIGINAL PROCEEDINGS-REFRAINING[6]**

6. The Hon. Justice Peter Tom[7] (O.P. 124/125)
7. The Hon. Justice Ellen Gesmer (O.P. 124/125)
8. The Hon. Justice David Friedman (O.P. 124/125)

---

[2] These are the judges that "horse traded" with Defendant DiFiore to allow her to sanction family court judges to illegal charge New York citizens for the cost of 18-b lawyers at fabricated market rates in the First and Second Department.

[3] He personally operated the scheme to deny the Plaintiff's motions to appeal his withdrawal and deliberatedly and consciously allowed Defendant Fasanya to fabricated 13 fee "18-b" private pay orders all after his withdrawal.

[4] Special Original Proceeding under Article 78 rules and under Article 10 seeking relief from Defendant DiFiore's illegal unpublished rules that she uses to operate the PIDRP. Denied and dismissed without consideration of any fact, factors or circumstances, or reasoning so as to have no value and to operate to prevent a review or appeal. The COA including Defendant DiFiore then denied a motion to review the deliberate malicious act execute with full knowledge that Defendant DiFiore was and is in fact operating the PIDRP illegally, without authority.

[5] Sitting next to the Assistant State Attorney General, screamed and glared at the Plaintiff immediately upon he appeared before her blatantly stating that she was going to deny his application and then did so without any process.

[6] Special Original Proceeding under Article 78 seeking relief from Defendant DiFiore's collusion with Judge Silver to appoint Judge Bannon while denying the Plaintiff against to any process to address his custody issue. Denied and dismissed without consideration of any fact, factors or circumstances, or reasoning so as to have no value and to operate to prevent a review or appeal. The COA including Defendant DiFiore then denied a motion to review the deliberate malicious act execute with full knowledge that Defendant DiFiore was and is in fact operating the PIDRP illegally, without authority.

[7] former Presiding Justice of the Appellate Division, First Dept

**CLASS FIVE – APPELLATE DIVISION (EX PART/MISCONDUCT COMMUNICATIONS)[8]**

The Hon. Justice Peter Tom[9]
The Hon. Justice Sallie Manzanet-Daniels[10]
9. The Hon. Justice Paul G. Feinman, Justice of the Court of Appeals[11]
10. The Hon. Justice Barbara R. Kapnick, Justice, Appellate Division, First Department[12]

**CLASS SIX – SUPREME COURT ADMINISTRATIVE DECISIONS**

11. The Hon. Justice George J. Silver, Deputy Chief Administrative Judges for NYC Courts[13]
12. The Hon. Justice Fern A. Fisher, former Deputy Chief Administrative Judges for NYC Courts
13. The Hon. Justice Deborah Kaplan, Administrative Judge, NY County Supreme Court, Civil

**CLASS SEVEN – NEW YORK CITY AND COUNTY FAMILY COURT, ADMINSTRATIVE ACTIONS**

14. The Hon. Justice Jeanette Ruiz, Administrative Judge, New York City Family Courts[14]

---

[8] Does not include the judges that were involved with the 18 denial of motions to stay and appeal to address Magistrate Fasanya's deliberate and malicious May 15, 2015, January 15, 2016 and September 17 and 21, 2016, and March 13, 2017, June 1 thru 30, 2017 and June 8, 2018 fabrication of ongoing jurisdiction after the Plaintiff's withdrawal and commence of his investigation. Denied and dismissed without consideration of any fact, factors or circumstances, or reasoning so as to have no value and to operate to prevent a review or appeal. The COA including Defendant DiFiore then denied a motion to review the deliberate malicious act execute with full knowledge that Defendant DiFiore was and is in fact operating the PIDRP illegally, without authority.

[9] Consciously allowed ex parte communications between Justice Barbara R. Kapnick and Defendant Fasanya to collude to deny the Plaintiff's motion for leave to appeal Defendant Fasanya fraudulent scheme to deny the Plaintiff's access to his daughter for her birthday and Christmas.

[10] Acted immediately with openly with sinister toward the Plaintiff and denied a motion to stay the appearance of Richard Spitzer based on Magistrate Fasanya's denial of the Plaintiff's right to depose Mr. Spitzer, Mr. Spitzer's refusal to respond to the Plaintiff's discovery demands in the Plaintiff's plenary action in Supreme Court against Mr. Spitzer and based on Magistrate Fasanya's effective admission of guilt by voluntarily withdrawing of his Sua Sponte Order to Show Cause against Rosemarie Barnett seeking to hold her in contempt for accusing Magistrate Fasanya of colluding with Mr. Spitzer. Magistrate Fasanya withdrew his motion when faced with evidence proving his in fact did collude with Mr. Spitzer.

[11] Twice acted in the matter as an associate justice of the Appellate Division for the First Department. Deliberately denied the Plaintiff's motion for stay and leave to appeal Defendant Fasanya's decisions on the Plaintiff's legal arguments based on Judiciary Law and the Family Court Act that were decisive during the Plaintiff's June 2017 proceedings with full knowledge that Defendant Fasanya intended to deny the Plaintiff's right to post a surety bond with a Notice to Appeal for a stay execution and to deny the Plaintiff's right to purge the alleged contempt and deliberately and maliciously execute an illegal in court arrest to collect illegal, unauthorized fees for his judicial appointees Carmen Restivo.

[12] Colluded with Defendant Fasanya and engaged in ex-parte communications with Defendant Fasanya's judicial appointee, Carmen Restivo.

[13] Dismissed without process, reasoning or explanation the Plaintiff's motion to Judge Assigned the Plaintiff's Article 78s to Judge Nancy Bannon

[14] Allowed Defendant Fasanya to continue proceeding without jurisdiction after the Plaintiff withdraw and ingored the Plaintiff's complaints.

15. The Hon. Justice Karen Lupuloff, Supervising Judge, NY County Family Court[15]
16. The Hon. Justice Douglas E. Hoffman, former Supervising Judge, NY County Family Court[16]

### CLASS EIGHT- SUPREME COURT, CIVIL PART SPECIAL PROCEEDINGS

17. The Hon. Justice Barbara Jaffe, Justice of the Supreme Court, Civil Part[17]
18. The Hon. Justice Nancy M. Bannon, Justice of the Supreme Court, Civil Part[18]
19. The Hon. Justice Paul A. Goetz, Justice of the Supreme Court, Civil Part[19]

### CLASS TEN – SUPREME COURT, MATRIMONIAL PART

20. The Hon. Justice Laura E. Drager, Justice of the Supreme Court, Matrimonial Part[20]

### CLASS NINE – SUPREME COURT, CIVIL PART TORT ACTIONS

21. The Hon. Justice Lynn R. Kotler, Justice of the Supreme Court, Civil Part[21]

---

[15] Allowed Defendant Fasanya to continue proceeding without jurisdiction after the Plaintiff withdraw and ingored the Plaintiff's complaints.

[16] Allowed Defendant Fasanya to continue proceeding without jurisdiction after the Plaintiff withdraw and ingored the Plaintiff's complaints.

[17] Knowingly and deliberately set the Plaintiff up to be arrested on June 30, 2017 to protect the state 18-b fraudulent scheme.

[18] Told the Plaintiff from the bench without a court report in a threatening manner that he has no rights and she knew what the Plaintiff was doing and that he was not going to get it in front of the same Assistant State Attorney that appeared in all of the Plaintiff's state cases.

[19] Allowed the New York State Attorney General to represent Defendant Fasanya, Defendant Bosak and Susan Moss and Alexis Wolf in other to protect Support Magistrate Serena Rosario, who is turn was protecting Defendant Bosak's agreement with Stefano Chitis from disclosure. See footnote to SM Rosio.

[20] Engaged in ex parte communications with Magistrate Fasanya and took his ex parte reports and orally incorporated his reports into the record to justify summarily dismissing the Plaintiff's custody petition. Engaged in ex parte communications with Defendant Bosak's attorney, Susan Moss, and put on the record that there was an issue with services based on her ex parte communications, which was false. After refusing to enter a default order against Defendant Bosak for failing to reply to and appear for 3 consecutive custody petition court dates in a row and then dismissing the Plaintiff's petitions Sua Sponte including those for Thanksgiving and Christmas parent-child time and through calendaring decisions, repeatedly adjourning hearing dates, Judge Drager instructed her court guard to inflict pain on the Plaintiff's wrist with hand cuffs based solely on her will and ill temper and desire to communicate freely to avoid making a trustworthy record, which in reality would be useless under Defendant DiFiore's political administration.

[21] The fact that Defendant Fasanya colluded with Richard Spitzer, and that Defendant Bosak colluded with both Defendant Fasanya and Mr. Spitzer, is extremely well-established in the record. In fact, Defendant Fasanya filed a Motion to Hold Rosemarie Barnett in contempt for accusing him of colluding with Mr. Spitzer and Defendant Fasanya was forced to withdraw his motion in the fact of the proof that he in fact did collude with Mr. Spitzer. Defendant Fasanya collude with Mr. Spitzer and Defendant Bosak to fabricate an allegation that the Plaintiff was responsible for not attending a supervised visitation when in fact it was Defendant Bosak and Mr. Spitzer that deliberately violated the visitation order and it was Defendant Fasanya that allowed it. Furthermore, even after Defendant Fasanya was forced

**CLASS ELEVEN –NEW YORK COUNTY FAMILY COURT, TRIAL COURT**

22. Adetokunbo O. Fasanya, Magistrate, NY County Family Court, Juvenile Delinquency Part[22]
23. Serena Rosario, Support Magistrate, Queens County Family Court[23]

---

by the truth to withdraw his motion for contempt against Ms. Barnett, Defendant Fasanya continued to impose Mr. Spitzer on the Plaintiff and his daughter.

Judge Kotler wrongfully dismissed the tort action against Richard Spitzer for have touched the Plaintiff's chin in the Plaintiff's home in front of Eva and for have "body blocked" the Plaintiff and yelled at Eva to prevent the Plaintiff from speaking to his daughter about the Magna Carta. She did so in a concerted and coordinated effort by Defendant Fasanya, Support Magistrate Rosario, Deputy Chief Administrative Judge George Silver and Judge Paul Goetz.

Judge Kotler's dismissal of the action against Mr. Spitzer is a central piece of evidence showing not only the corrupt that exist in New York County between Mr. Spitzer's private company and its family court but the extent to which there were in this case ex parte communication between Defendant DiFiore, her staff at the OCA and her deputies in order to operate her retaliation against the Plaintiff.

While the central accusation in this complaint centers around the illegal and corrupt use of 18-b lawyer for collusion and as a tool to punish non-custodial parents and a corrupt "pay-to-play" scheme, the same is true for Mr. Spitzer that effectively has a monopoly "contract" in New York County under which he routinely engages in ex parte communication with New York County family court judges to design scheme to harass perfectly normal, good parents that have violated no law, done no wrong and imposed themselves on no other citizen's rights with undue and unnecessary intrusion in their most private family matters.

[22] Defendant Fasanya colluded with Defendant Bosak to execute acts that are fraudulent under Civil Practice Law and Rules ("C.P.L.R.")  § 3013, § 3016 and § 5015, malicious and deliberate under Family Court Act §145 and criminal under NYC Criminal Court Act§ 59 and NYS Penal Code§ 10 (17), § 95 and§ 496.06. The alleged acts are also violations of Judiciary Law 100 and violations of fundamental jurisprudence prohibiting the use of general administrative and ministerial powers under Judiciary Law 2-b (3) for making judgments or prejudicing rights and denying hearings. The alleged acts include violations of the exact and explicit statutory requirements of C.P.L.R. § 5104, and § 5523, NY City Rules of Court § 604.2, F.C.A. §245 and§ 249, D.R.L. § 236 and§ 249, Judiciary Laws § 753, § 756, §770,§772 and § 773 and applicable common law standards governing contempt for the deliberate and malicious purpose of issues a fraudulent commitment order.

[23] Colluded with Defendant Bosak by deliberately and openly violating FCA 424-a and DRL 242 for the corrupt purpose of protecting the tripartite agreement between Defendant Bosak, Susan Moss and Stefano Chitis from disclosure, which dates back to August 2010.  SM Rosario became a central player in Judge Kotler's scheme to dismiss the Plaintiff's action against Richard Spitzer.