USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/8/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL P. ASENSIO, *individually*;
MANUEL P. ASENSIO *as the parent of E.A., a minor child*,

                Plaintiff,

v.

JANET DiFIORE, *Chief Judge of New York States*; BARBARA UNDERWOOD, *Attorney General of New York State*; ANDREW M. CUOMO, *Governor of New York States*; ADETOKUNBO O. FASANYA; *New York County Family Court Magistrate Judge*; EMILIE MARIE BOSAK,

                Defendants.

No. 18-CV-10933 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Rachel Ambats, an attorney who previously represented Defendant Emilie Bosak in this matter, seeks leave to file a summary judgment motion against Ms. Bosak arising from her alleged failure to pay Ms. Ambats' legal fees. For the following reasons, Ms. Ambats' motion is denied.

## BACKGROUND

In her letters filed on May 18–20, 2019, Ms. Ambats sought to be relieved as counsel for Defendant Bosak. *See* Dkts. 76, 77, 79, 81. Ms. Ambats asserted that Ms. Bosak had stopped paying her legal fees due in connection with this case, and that their attorney-client relationship had irretrievably broken down. Ms. Ambats also requested that the Court order Ms. Bosak to pay the outstanding legal fees. Dkt. 81. The following day, the Court granted Ms. Ambats' request to be relieved as counsel, pursuant to Local Civil Rule 1.4, and directed her to submit a letter articulating the legal basis upon which this Court could exercise jurisdiction over the fee dispute.

Ms. Ambats filed such a letter on May 28th, in which she further alleged that Ms. Bosak had breached two of their agreements—a "Retainer Agreement, dated December 17, 2018 and [a] Payment Plan Agreement, dated April 9, 2019." Dkt. 83. After submitting two additional letters concerning her recent communications with Ms. Bosak, Ms. Ambats filed another two letters on June 15 and 24th, requesting leave to file a motion for summary judgment seeking the allegedly unpaid attorney's fees. Dkt. 96. The Court denies that request.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "[A]ny party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Contsr. Co., Inc. v. Housing Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

As an initial matter, there is no independent basis to exercise subject matter jurisdiction over Ms. Ambats' fee dispute. While jurisdiction over the underlying claims brought by Mr. Asensio exists pursuant to 28 U.S.C. § 1331, Ms. Ambats' breach of contract claim does not arise under federal law. Nor does she establish that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have been met. Accordingly, the only possible basis for the Court's exercise of jurisdiction over Ms. Ambats' claim against Ms. Bosak, is ancillary to Mr. Asensio's underlying claims.

The doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378. Ancillary jurisdiction is generally asserted "for two separate,

though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379–80 (internal citations omitted). In the context of a fee dispute, ancillary jurisdiction may thus be asserted when the resolution of the fee dispute is necessary to effectuate disbursement of a settlement award. *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977). Ancillary jurisdiction over a fee dispute may also be appropriate when the dispute "relates to the main action," such that the court's familiarity with the subject matter, its responsibility to protect its officers, the convenience of the parties, and judicial economy support the exercise of jurisdiction. *Levitt v. Brooks*, 669 F.3d 100, 103–04 (2d Cir. 2012) (citing *Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc.*, 863 F.2d 251, 256 (2d Cir. 1988)).

The Court declines to exercise ancillary jurisdiction over Ms. Ambats' fee dispute with Ms. Bosak. Unlike in many of the cases Ms. Ambats cites, *see* Ambats May 28, 2019 Ltr. at 2, she has no charging lien to enforce over potential settlement funds or any other recovery in Mr. Asensio's underlying action, because she represented a defendant who is not seeking any proceeds. *See DeCastro v. Kavadia*, No. 12-CV-1386 (JMF), 2018 WL 4771528, at *3 (S.D.N.Y. Oct. 3, 2018) (explaining that the creation of a charging lien requires that the client assert a claim that can result in proceeds payable to or for the benefit of the client).

Nor is the Court persuaded that it would be proper to exercise ancillary jurisdiction pursuant to the factors set forth in *Levitt v. Brooks*, 669 F.3d at 103–04. It is, of course, true that the Court has familiarity with the underlying suit brought by Mr. Asensio against Ms. Bosak and others. But Ms. Ambats' fee dispute concerns a different subject matter—namely, the terms and obligations of two agreements between her and Ms. Bosak, neither of which the Court has seen,

3

and both of which are unrelated to the claims brought by Mr. Asensio. *Levitt*, by contrast, concerned a fee dispute between a criminal defendant and his former counsel, in which the defendant had "put his legal fees in controversy by moving for the release of . . . assets" that had been seized—as a result of his conviction in the underlying proceeding—for the purpose of paying his legal bills. *Id.* at 103. The court there exercised ancillary jurisdiction over the fee dispute in part because the defendant's legal fees were "relevant to the district court's management of its case." *Id.* As no such connection exists between the fees at issue here and the Court's management of the underlying litigation, the Court's general familiarity with the litigation is of little moment. The Court, moreover, has only limited familiarity with Ms. Ambats' work as no conferences or arguments have been held, and other than her submissions regarding the fee dispute, she has filed only one motion—a motion to dismiss. *Cf. Clover v. Shiva Realty of Mulberry, Inc.*, No. 10 CV 1702(RPP), 2011 WL 4530536, at *2 (S.D.N.Y. Sept. 30, 2011) (exercising ancillary jurisdiction over fee dispute between defendants and their former counsel where, in the underlying Fair Labor Standards Act case, defense counsel had filed a motion to dismiss, in addition to having opposed plaintiff's motion for collective action, engaged in settlement negotiations, and opposed the plaintiff's motion for fees).

With respect to the convenience of the parties and promoting judicial economy, these factors too weigh against exercising ancillary jurisdiction over the fee dispute. As both Ms. Ambats and Ms. Bosak appear to reside in New York, litigating in New York state court is no more inconvenient than litigating in this one. And because the fee dispute is premised on specific contracts not at issue in this case—in addition to the Court's limited familiarity with Ms. Bosak and her work on this matter—little, if any, judicial economy would be conserved if the fee dispute were litigated in this Court.

The remaining factor—the responsibility of the Court to protect its officers—does weigh in Ms. Ambats' favor. But when balancing the *Levitt* factors in their totality, the Court concludes that it should not exercise ancillary jurisdiction over the fee dispute.

Finally, to the extent Ms. Ambats argues that supplemental jurisdiction exists over the fee dispute, that argument is also rejected. "Ancillary jurisdiction and supplemental jurisdiction, though related, are distinct." *Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 511–12 (S.D.N.Y. 2015). "Ancillary jurisdiction extends to 'related *proceedings* that are technically separate from the initial case that invoked federal subject matter jurisdiction.'" *Id.* (quoting 13 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3523.2 (3d ed. 2008)). Pursuant to 28 U.S.C. § 1367(a), however, supplemental jurisdiction applies only to "*claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." (emphasis added). Because, in the underlying litigation, Ms. Ambats has asserted no claims, nor have any been asserted against her—indeed, she is not a party nor a pendent party in Mr. Asensio's case—there is no basis to exercise supplemental jurisdiction over her fee dispute with Ms. Bosak. *See Reserve Intern. Liquidity Fund, Ltd. v. Caxton Intern Ltd.*, 721 F. Supp. 2d 253, 260 (S.D.N.Y. 2010) (noting that supplemental jurisdiction could not apply to an entity that was neither a party nor a pendent party to the initial suit). The Court thus lacks subject matter jurisdiction to entertain Ms. Ambats' fee dispute.[1]

---

[1] Ms. Ambats' reliance on *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, in support of her position that the Court should exercise supplemental jurisdiction over her fee dispute is misplaced. 140 F.3d 442 (2d Cir. 1998). In *Itar-Tass*, the Second Circuit held that the district court abused its discretion in declining to exercise supplemental jurisdiction over a fee dispute that was pendent to a claim for attorneys' fees for which the court had entered judgment. As no such judgment exists here, *Itar-Tass* is inapposite.

## CONCLUSION

For the foregoing reasons, Ms. Ambats' requests for leave to file a summary judgment motion against Ms. Bosak are DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 96 and 100.

SO ORDERED.

Dated: July 8, 2019
       New York, New York

Ronnie Abrams
United States District Judge