**Manuel P. Asensio**
400 East 54th St., Apt. 29B
New York, NY 10022
Office: 212-702-8001 Cellular: 917-515-5200
mpa@asensio.com

**EMERGENCY**

January 15, 2019

*VIA ECF and Email to Abrams_NYSDChambers@nysd.uscourts.gov*

The Honorable Justice Ronnie Abrams
US District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom: 1506
New York, NY 10007

Re: *Asensio et al. v. DiFiore et al.*, no. 1:18-cv-10933-RA
Pending Letter Motion to vacate three So Orders ("So Orders") and reaffirmation of Motion 1 for Interim Relief, Due Diligence on DiFiore-Fasanya Investigation and Article III jurisdiction, or in the alternative, for Your Honor to recuse herself.

Third anniversary of Fasanya's January 15, 2016 illegal, baseless and retaliatory parenting suspension order against the Plaintiffs' unalienable rights and US Supreme and New York State laws (See Exhibits 1 and 2).

Dear Judge Abrams:

1. Today marks the third anniversary of Fasanya's January 15, 2016 so called "interim" parenting suspension order. This complaint is supported by an attorney's legal opinion and fact finding that this so called "interim" order is "illegal." DiFiore has, and continues to this day, to defend this order through private acts that are outside-of-law. This order was created entirely outside-of-law through acts that no state official or judge is authorized to execute. Fasanya's outside-of-law acts cannot be legally authorized by DiFiore because they are not authorized by statute or other legal text, by general ethical legal principle or precedent, and are diametrically the opposite of widely shared social goals for family law and justice. This order has deeply and adversely affected the most private parts of Plaintiffs' religious and personal lives and family matters. These are matters that are outside of government's jurisdiction under New York State and US Supreme law and cannot be adjudicated through the application of a neutral principles. This order was entered without authority, evidence, a trustworthy record, a hearing or fact-finding, and without any reasoning or basis. Fasanya entered this order solely through his raw will based on his own interest, desires and preferences, and deliberately and maliciously knowing that the order was unreviewable and unappealable.

2. Fasanya entered his January 15, 2016 so called "interim" parenting suspension order on a "short order form." The order was set to expire on January 27, 2016. This was the return date on

Bosak's motion seeking the suspension, which was actually entered in the Plaintiff's case against Bosak. On the January 27, 2016 return date the Plaintiff appeared ready for a hearing. Fasanya had ignored him and his reply and cross-motion to vacate the suspension, which sought sanctions against Bosak. However, the hearing would have been futile since Fasanya is Bosak's collaborator and is a conscious wrongdoer who controlled what could occur in the courtroom through his and court officers' malicious inferences, and was the finder of facts. On February 8th, 2016 Fasanya continued to deny the Plaintiffs' demand for a hearing and refused to give the Plaintiff any reason for the suspension. On that day, Fasanya again said "no" to a hearing, and shamelessly added "you may ask [why I suspended you], but I am not responding" to any questions about the so called "interim" suspension.

3. Fasanya fabricated the January 15, 2016 "interim" parenting suspension against the Plaintiffs, a father and daughter, after the Plaintiff had withdrawn on April 21, 2015 based on Fasanya's gross misconduct on May 15, 2014. May 15, 2014 is the commencement date of the Plaintiff's actions against Fasanya and the Plaintiff's investigation into New York County Family Court's corrupt and unauthorized use years-long delays follows by "interim" suspensions against non-custodial parents in post-divorce judgement enforcement actions. This investigation led to the Plaintiff's investigation of DiFiore's policies of training, directing, authorizing, instructing, coordinating, and advising over 120 senior state officials that operate a prohibited and impermissible outside-of-law domestic relations process in New York State, which the Plaintiff identifies by using the acronym "PIDRP" in this complaint. DiFiore's outside-of-law sanctioning and protection of Fasanya's January 15, 2016 "interim" parenting suspension led to this action.

4. DiFiore has deliberately acted clearly outside-of-law against the Plaintiffs to abrogate the principles and polices that are deeply embedded in US society and US law, which are meant to protect our constitution, democracy, family privacy, and parent-child rights. DiFiore's actions are plain malicious acts of retaliation for challenging the PIDRP and for working to expose an estimated $350 million a year pay-to-play fee scheme that is in direct violation of explicit law and based entirely on deliberate and malicious violations of rights that are precious and *more significant than other essential constitutional rights*. DiFiore has acted with criminal indifference by violating this long line of US Supreme Court and the New York State's Court of Appeal law honoring the right of a child to be raised without government intrusion by both parents and finding that neither decisional rule nor statute can displace a parent, that courts and law are powerless to supplant a parent and that plainly incorporate US Supreme Court law holding parental rights to be essential liberty rights that should have protected the Plaintiffs from government tyranny.

5. Federal courts have no power or right, no constitutional or statutory authority, to disclaim their Article III jurisdiction over the above rights and factual allegations against DiFiore. Your Honor's So Orders are materially prejudicial, counterfactual and obstruct truthful honest communications and civil processes. Therefore, on this undeniably important anniversary, the Plaintiffs respectfully re-affirm their request that Your Honor vacate her So Orders and grant the Plaintiffs' interim relief and a speedy trial, or in the alternative that Your Honor recuse herself.

I do so swear the above to be true,

*[signature]*
Manuel P. Asensio, Plaintiff

2

Distribution:

Emilie Marie Bosak

The Honorable New York State Attorney General Letitia James, Chief of Staff and Deputy State Attorney General Attorney, Brian K. Mahanna, tasha.bartlett@ag.ny.gov

The Honorable Governor Andrew M. Cuomo, Governor's Chief Counsel and Principal Legal Advisor, Alphonso David, alphonso.david@exec.ny.gov

The Honorable Chief Judge Janet M. DiFiore, ucs-correspondence@nycourts.gov, Head of the Office of Court Administration, John W. McConnell, lcgreen@nycourts.gov

Jonathan D. Conley, Esq., jonathan.conley@ag.ny.gov

Rachel Ambats, Esq., rachel.ambats.esq@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent
of Eva Asensio, a minor child,

                Plaintiffs,

-against-

Janet DiFiore, Chief Judge of New York State; Barbara Underwood, Attorney General of New York State Andrew M. Cuomo, Governor of New York State; Adetokunbo O. Fasanya, New York County Family Court Magistrate; and Emilie Marie Bosak, individually,

                Defendants.

CV 10933-RA

CIVIL RIGHTS COMPLAINT

JURY TRIAL DEMANDED

## VERIFICATION

I, Manuel P. Asensio, swear that I am the Plaintiff in the above cited civil rights complaint, and the movant in the attached letter dated January 15, 2019 furthering the Plaintiffs' letter motion dated January 8, 2019 seeking to vacate the three So Orders ("So Orders") that contain an unauthorized endorsement, termination and stay that Your Honor entered on December 17 and 18, 2018, against the Plaintiffs' December 14, 2018, Motion for a Pretrial Conference and Scheduling Order under the Federal Rules of Civil Procedure 16 (a) (2) and (4) and Rule 78 (a) and the Plaintiffs' Objections and Opposition to the Defendants' Request for an Extension of Time of the Defendants' deadline to answer of December 17, 2018 ("Plaintiffs' Motion 1 and Opposition"), interim relief or in the alternative for Your Honor to recuse herself. I swear that I am fully familiar with the facts, factors, circumstances and records contained in the January 15, 2019 letter, the civil rights complaint and the deliberate and malicious legal violations by New York State Chief Judge, governor, state attorney general against the Plaintiffs. I solemnly swear that the statements I make are complete and true to the best of my knowledge including any matters stated upon personal information and belief.

I do so swear:

_____
Manuel P. Asensio

Sworn to before me this the 15st Day of January 2019

_____
Notary Public

AMBER MORALES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MO6365062
Qualified in New York County
My Commission Expires 09-25-2021

Page **1** of 1