UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel P. Asensio, individually and as the parent
of Eva Asensio, a minor child,

     Plaintiffs,
 -against-

Janet DiFiore, Chief Judge of New York State; Barbara Underwood, Attorney General of New York State Andrew M. Cuomo, Governor of New York State; Adetokunbo O. Fasanya, New York County Family Court Magistrate; and Emilie Marie Bosak, individually,

     Defendants.

18 CV 10933

AFFIDAVIT IN SUPPORT OF MOTION SEQ. NO. 1

CIVIL RIGHTS COMPLAINT

JURY TRIAL DEMANDED

---

1.  This is an action predominantly against Chief Judge Janet M. DiFiore for deliberately taking unauthorized and impermissible actions, in clear absence of jurisdiction, against Plaintiff. Defendant DiFiore affected the Plaintiff's legal rights in proceedings against Adetokunbo O. Fasanya, New York County Family Court Magistrate and the Plaintiff's domestic relations case against his former spouse, Emilie Marie Bosak, based on New York State's Judgment of Divorce. Defendant DiFiore, her deputies, employees and agents' malicious violations of law have gone to the extent of manufacturing charges and evidence to fabricate jurisdiction[1] and punitive fees.[2] None of these exist in the state's law text. This action concerns Defendant DiFiore wrongful use of her powers in a plain, simple normal post-divorce custody enforcement actions for malicious financial purposes based on malicious operational policies that authorize illegal conduct by judges. The acts at issue are based entirely on dishonesty and shared dishonest norms by these judges and no one else. Thus, the acts are illegally organized and illegally executed through protected, coordinated and deliberate judicial misconduct that has maliciously caused harm to the Plaintiffs' legal and natural parental-child relationship. Time is running out. New York State has been covering up this matter since May 15, 2014.

---

[1] This is exemplified by Defendant DiFiore's collusion with the Chief of the New York County District Attorney's Office Domestic Violence Unit, Lawrence Newman, to knowingly fabricate the December 29, 2015 false charges (which were dismissed and are meaningless in any regard) in an after-the-fact attempt to justify Defendant Fasanya's January 15, 2016 so called "interim suspension," and her collusion with Judge Kotler and Judge Bannon to protect Richard Spitzer.

[2] The Plaintiff presents a manifest threat to Defendant DiFiore's organized violation of the state's commanding statutes laws to collect prohibited payments to 18-b attorneys in normal simple post-divorce judgement enforcement actions who then provide the Court's with services at cut-rate prices.

2. The fact is that adjudication of domestic relations matters requires unbiased codified standards and principles and that questions of religion, character, morality and political ideology, which are the bedrock of parenting, cannot be legally adjudicated. Thus instead of simply enforcing the existing custody stipulation and judgment, or taking custody from Defendant Bosak when she refused to comply, Defendant DiFiore authorized the deliberate and malicious judicial and official misconduct by her deputies and agents against the Plaintiff. This is clearly utterly intolerable conduct by Defendant DiFiore.

3. Defendant DiFiore has and continues to take actions against the Plaintiffs under the cover of the federal courts' disclaimer of their Article III jurisdiction over domestic relations matters ("DRE") and under an understanding with Barbara Underwood, Attorney General of New York State and Andrew M. Cuomo, Governor of New York State that provides her with public relations, political and legal protection regardless of any harm she has caused or continues to cause the Plaintiffs. The verified administrative judicial misconduct application before Defendant DiFiore shows that the Plaintiff came to New York as a political refugee from a communist country, worked as a bag boy in a Waldbuam's, selling ice cream in a Carvel's and newspaper delivery boy in Brooklyn where he graduated from the City's Catholic parochial schools and has two Ivy League degrees and that he has made meaningful contributions to society and is an outstanding caring father who was extremely generous and kind to Defendant Bosak. Most importantly, Defendant DiFiore is conscious of the fact that Defendant Fasanya's January 15, 2016 so called "interim suspension" is not authorized and is in fact a fraudulent fabrication, a deliberate and malicious act of retaliation against the Plaintiff for his investigation and campaign to have Defendant Fasanya removed from the bench for his misconduct on May 15, 2014 and his actions subsequent to this date.

4. In Sir John Dalberg-Acton's noted letter of April 5, 1887 to Archbishop Mandell Creighton where the term "power tends to corrupt and absolute power corrupts absolute" first appears, Sir Dalberg-Acton also wrote that "there is no worse heresy than that the office sanctifies the holder of it." The Plaintiff prays that this court recognizes that Defendant DiFiore has sanctified the Office of Chief Judge and herself in the Plaintiffs' most scared private matters. Therefore, the Plaintiff prays for a Pretrial Conference and Scheduling Order, pursuant to Federal Rules of Civil Procedure Rule 16(a)(2)(4) and Rule 78(a), that requires the following:

    i.) That the state defendants acknowledge that Defendant Fasanya's May 15, 2014 misconduct and his consequent actions affecting a minor, Eva Asensio, including his January 15, 2016 manufactured so called "interim" suspension and unauthorized, unnecessary and prejudicial contact with the minor and the Governor, State Attorney and Chief Judge's sanctioning of Defendant Fasanya's actions <u>were not</u> and <u>are not</u> lawful or in the child's best interest;

    ii.) Granting the Plaintiff full and free access to his daughter or in the alternative access without conflict or disturbance by the state to oppose the state's control his daughter's, Eva Asensio, feelings and beliefs and to provide Eva Asensio with private direct parental care, understanding, stability and security through parental spiritual and moral guidance, advice and comforting without government interference;

    iii.) Prohibiting the Governor and State Attorney from using of their official positions to defend Defendant DiFiore and Defendant Fasanya's individual deliberate acts that are not authorized by any article, principle or statute contained in New York State's constitution, laws, or rules, are impermissible and that do not involve an authorized judicial or government function or purpose and do not conform to any widely held ethical principle of law or norm in our civil society;

    iv.) and prohibiting the filing of a motion to dismiss or in the alternative arguing that that they are acting as state officials and are entitled to immunity under any legal concept of judicial independence or executive discretion;

    v.) The state defendants are prohibited from filing a motion to dismiss based on any decision concerning federal courts' past disclaimer of their Article III jurisdiction over domestic relations matters;

    vi.) The state defendants to answer the Plaintiffs' complaints on an expedited basis, prohibit filings for extensions and expedite discovery and trial date; and

    vii.) Vacating or modifying the Order of Protection.

5. The Plaintiff has alleged that the Plaintiffs' problems originate from the lack of federal supervision in the past over domestic matters in New York State, which is continuously allowing Defendant DiFiore to destroy the Plaintiffs' father-daughter relationship and cause substantial damages to the Plaintiffs.

6. The Plaintiff's daughter has been imperiled and harmed by Defendant DiFiore's indoctrination since January 15, 2016 while deliberately blocking the Plaintiff from providing his own minor daughter with his parental views, guidance and teachings and with parental protection. The Attorney General and Governor of New York State are deliberately using their individual control over the state's awesome resources to order state officials to engage in delay tactics, and frivolous and unnecessary protracted litigation against the Plaintiff instead of addressing the serious plainly obvious factual allegations that Defendant DiFiore is operating a system that appoints political 18-b lawyers unnecessarily to fabricate fees through the political 18-b program for budgeting processes and to politically indoctrinate the Plaintiff's daughter and destroy her religious faith and moral beliefs and to teach his daughter that the State's fabricated slanderous false accusations against the Plaintiff are real and the reason for their separation, which accusations that have been dismissed and which are in the end entirely meaningless in any regard. The Plaintiff has been denied numerous applications to vacate or modification of an Order of Protection. This order is based on the state's manufactured and then dismissed charges. It effectively allows Defendant Bosak to ignore the state's own judgment and justifies and rewards her violations and creates a sense of false empowerment in Defendant Bosak and a malicious paternalization of the state in private family matters.

7. New York State's Administrative Rules of the Unified Court System & Uniform Rules of the Trial Courts: Rules of the Chief Administrative Judge, Part 100 titled Judicial Conduct apply to domestic relations matter equally to all other state legal proceedings. There is no exception allowing deliberate and malicious judicial misconduct in domestic relations matters:

1. A judge does not violate this Rule to make reasonable efforts to facilitate the ability of unrepresented litigants to have their matters fairly heard;

2. A judge shall not make unnecessary appointments and shall exercise the power of appointment impartially and on the basis of merit, shall avoid favoritism; shall not approve compensation of appointees beyond the fair value of services rendered.

3. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary;

4. A judge shall be faithful to the law and maintain professional competence in law by requiring order and decorum in proceedings, being patient, dignified and courteous to litigants who subject to the judge's direction and control and accord to every person who has a legal interest in a proceeding the right to be heard according to law;

5. A judge shall perform judicial duties without bias or prejudice against or in favor of any person or by words or conduct, manifest bias or prejudice, including but not limited to bias or prejudice based upon race, age, sex, religion, national origin, or socioeconomic status;

6. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding;

7. A judge will give no party a procedural or tactical advantage as a result of the ex parte communication;

8. A judge shall dispose of all judicial matters promptly, efficiently and fairly;

9. A judge shall not make pledges or promises of conduct that are inconsistent with the impartial performance of the adjudicative duties or make commitments that are inconsistent with the impartial performance of the adjudicative duties of the office;

10. A judge shall require staff, court officials and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties; and

11. A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where the judge has a personal bias or prejudice concerning a party or the judge has personal knowledge of disputed evidentiary facts concerning the proceeding. To the extent that any provision of the Code of Judicial Conduct as adopted by the New York State Bar Association is inconsistent with any of these rules, these rules shall prevail.

8. The Plaintiff has creditable evidence of Defendant Fasanya "actually advertising to Chinese non-custodial parents who wish to have a change of custody hearing, that they can shop their cases to Judge Fasanya" and that Defendant Fasanya "accepts bribes." The Plaintiff received this information from an attorney after he filed his May 15, 2014 administrative complaint against Defendant Fasanya. The Plaintiff interviewed the counsel for one of these alleged cases. At that time, New York County Family Court judges knew when they would be assigned new filings of custody petitions. The Hon. Justices Jeanette Ruiz, Douglas Hoffman and Karen Lupuloff, and former Chief Judge Jonathan Lippman's Deputy, the Hon. Justice Fern Fischer, ignored the Plaintiff's reports concerning the May 15, 2014 incident. However, simultaneously Defendant Fasanya was demoted and the intake procedures for custody petitions was completely reorganized. During this same period, Defendant Fasanya threatened the Plaintiff's lawyer, Christopher J. Battagalia, for attempting to protest his cooperation with Carmen Restivo and Defendant Bosak on May 15, 2014 to engage in dishonesty.

9. By engaging in exalted legal games among themselves rather than dealing with the true fact that the Domestic Relations Exception to Federal Subject Matter Jurisdiction has created rampant open organized prohibited and impermissible state post-divorce custody processes, the nation's federal court scholars[3] and lawyers have miserably failed Americans for their own reasons. This shameful situation is personified in Defendants DiFiore's actions towards the Plaintiffs, but most seriously and shamelessly in Defendant Underwood joining Defendant DiFiore as her protector. This denies the Plaintiffs their basic human rights including access to any form of justice.

10. The Plaintiff files a copy his New York Supreme Court May 10, 2017 Notice of Motion with a supporting Attorney Affirmation and its exhibits addressing Defendant Fasanya's misconduct, Defendant Bosak's violations and the Plaintiff's custody concerns. These were never processed and not heard or answered to in New York State. On the contrary, Defendant DiFiore sanctioned Defendant Fasanya to continue his fabricated counterfeit January 15, 2016 interim suspension without hearing the Plaintiff motion to vacate the suspension and being denied reviews under Article 78, Article 10, appeals and motions and constitutional pleadings to the Court of Appeals.

11. I, Manuel P. Asensio, swear that I am the Plaintiff in the above cited civil rights complaint, and the affiant in this Affidavit dated December 13, 2018. I swear that I am fully familiar with the facts, factors and circumstances contained in this affidavit. I solemnly swear that the statements I make are complete and true to the best of my knowledge including any matters stated upon personal information and belief.

I do so swear:

_____
Manuel P. Asensio

Sworn to before me this the 13th Day of December 2018

_____
Notary Public

SAMUEL T RICHMAN
Notary Public, State of New York
No. 01RI6339167
Qualified in Kings County
Commission Expires March 28, 2020

---

[3] Custody cases cannot be adjudicated by any general standard and present questions that can be adjudicated through the application of codified unbiased neutral principles. Thus the DRE is clearly an entirely impermissible authorization for New York State to impose its own political preferences into law. In the end, federal court academics are conflicted by their need to maintain relations with the federal courts.