PRESENT: THE HON. JUSTICE JAMES M. BURKE
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 81

----------------------------------------------------------------------------x

 THE PEOPLE OF THE STATE OF NEW YORK,

                                                      INDEX NO. 0616/2016

        -against-

   MANUEL P. ASENSIO,

      Defendant Movant.

----------------------------------------------------------------------------x

## FURTHER AFFIDAVIT IN RESPONSE TO LAWRENCE NEWMAN'S DISHONEST AND MALICIOUS OPPOSITION, HIS DENIAL OF REALITY AND COMMON SENSE, HIS CRIMINAL CONDUCT THAT CAUSED HARM TO A CHILD AND AIDED AND ABETED EMILIE MARIE BOSAK'S CHILD ENDANGERMENT AND CHILD KIDNAPPING SCHEME.

1.      I am Manuel P. Asensio, I am the Movant and Defendant in the above captioned action.  I am familiar with the facts of this case and swear that the statements contained herein are true, correct  and complete to the best of my knowledge and that I have considered all the facts, factors and circumstances related to any statement I make herein based upon information and belief.  I make this affidavit in further support of the Movant's Motion filed with this Court on January 14, 2019, based on fraud, wherein the Movant prays that the Court:

I.    Vacate or modifies this Courts' September 8, 2016 Order of Protection in favor of Emilie Marie Bosak and against the Defendant-Movant, that expires on September 7, 2021, pursuant to New York Criminal Procedure Law §440.10 and §440.20;

II.    In the alternative, granting the Defendant-Movant a copy of or full and open access to the entire record of the Grand Jury in this matter; and

III.    For such other relief as this Court may deem just and proper.

2.    Lawrence Newman is responsible for the actions he and Stephen MacArthur took to aid and abet Emilie Marie Bosak's scheme to take unauthorized control, to plainly kidnap, the Movant's daughter.

3.    Without Newman and MacArthur's willful and criminal use of their official positions to collude, aid and abet Bosak in her scheme, Bosak would not have been

able to convert her false, preposterous, irrational and backwards story[1] about the

reality of December 29, 2015 into manufactured evidence and fabricated criminal

charges.

4.      December 29, 2015's true facts, factors and circumstances are meaningless.

Common sense and reality destroy the validity of Bosak's accusations. They were

hearsay hogwash. Newman is the only official positioned to convert Bosak's

unbelievable fictional hearsay account into whatever story he told the Grand Jury

to get the indictment.

5.      If not for Newman's cold-blooded corruption and collusion with Bosak,

December 29, 2015 would be an uneventful day in the life of the Movant and his

daughter.  It would simply represent another violation of the custody terms of New

York State's Judgement of Divorce.[2]

6.      The above would also be true if not for Judge DiFiore's material interest in

causing the Movant harm. Her motive comes from her desire to protect her

---

[1] A story even the liberal *New York Daily News* called "wacky" August 24, 2016.
https://www.nydailynews.com/new-york/nyc-crime/investor-accused-burglarizing-ex-wife-home-offered-plea-deal-article-1.2764394

[2] It would represent another serious meaningful violation that the State would pay no attention to.

fabricated unauthorized "polices" of generating profits for the court system by fabricating agitation, conflict, disturbances and disruptions in families.

7.      Newman colluded with Bosak and her mother, Anita Bedard, to fabricate the December 29, 2015 criminal charges knowing that New York State had no other way to separate the Movant from his daughter.

8.      Newman must also be held accountable for aiding and abetting New York State Chief Judge Janet Marie DiFiore's fabrication of a so-called Domestic Relations policy at the Administrative Board of the Courts.[3]

9.      Under Judge DiFiore's illegal policy, she has abrogated the rule of law and justice in domestic relations matters. This includes the abrogation of New Yorkers' unenumerated, due process and equal protection, and natural God given and legal parenting liberties and rights.

---

[3] Judge DiFiore's December 5, 2015 determination to absolve Magistrate Fasanya, and other fictitious official state documents fabricated to protect Magistrate Fasanya in New York State and federal court prove beyond reasonable doubt the existence of DiFiore's illegal policy.

10.    Among the unenumerated rights is the right to be protected from the chief

judge and a county prosecutor colluding with a custodial parent to manufacture

evidence and fabricate criminal charges against a non-custodial parent.

11.    Newman is a central figure in the execution of Judge DiFiore's unauthorized

policy as is proven by his horrific misconduct in this case.

12.    Newman knows that at all times related to this case the Movant was taking

actions to expose and terminate Judge DiFiore's unauthorized policy of imposing

government operatives on New York families without regulation or accountability,

and to cost New York parents untold millions of dollars a year through this scheme.

13.    Newman knows that the family court judges, and their government

operatives have no right, authority or legitimate power to interfere in private family

affairs without neutral principles, and the strictest adherence to the highest due

process and equal protection rights standards; and that in New York the exact

opposite is true.

14.    Thus, Newman was aware at all times relative to this case that Judge DiFiore

had to retaliate against the Movant, to protect New York County Family Court

Magistrate Fasanya and his operative, Carmen Restivo, and had to use Bosak to retaliate against the Movant.

15.    Newman knew that Magistrate Fasanya had paid no attention to the facts, factors and circumstances of the Movant's case and that the Movant elected to withdraw from family court and prosecute his criminal claimants against Magistrate Fasanya.

16.    Newman knew that Magistrate Fasanya would be protected by the other state trial and appeal judges that had jurisdiction over the Movant's charges against Magistrate Fasanya.

17.    Newman knows that Bosak has serious emotional and characterological problems that drive her to post soft porn videos and naked pictures of herself on the Internet with no financial purpose; not that earning money from this despicable conduct would ever justify the glorification of drug use and promiscuity.

18.    Newman knows that Bosak has no interest in peaceful conflict resolution with the Movant. He knows that Bosak has no interest in education, religion, current affairs, social good works, work or development of any professional or trade skill. Newman knows that the Movant and his family believe in education, are

politically involved, are persons of faith, worship and sacrifice, hardworking, law abiding citizens.

19.     Thus, Newman knows by fabricating false criminal charges against the Movant he harmed a child's faith in her father, her religious beliefs, education and work ethic, and placed a child in a drug filled environment with sexually promiscuous atheists and drug users without the influence and protection of her father and his family.

20.     The Movant prays this Court vacates or modifies the dangerous and fraudulently obtained protective order that is of no good purpose and grants other remedies to provide the Movant and his minor child redress Newman's sinister, fraudulent and dangerous use of his official position.

I DO SO SWEAR:

_____/s/_____
Manuel P. Asensio

August 14, 2019

TO:   The Hon. CYRUS R. VANCE, JR.,  District Attorney of New York County

Lawrence Newman,. Esq., Chief of DVU,  newmanl@dany.nyc.gov
(212) 335-4243

Stephen Thomas Macarthur, Esq. Assistant District Attorney, MacArthurS@dany.nyc.gov,  (212) 335-4296